UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                :
                                                     :           Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA     :
COMPANY, INC., *et al.*,                    :           Case No. 15-23007 (RDD)
                                                     :
       Debtors.[1]                              :           (Jointly Administered)
------------------------------------------------------------------x

**INTERIM ORDER PURSUANT 11 U.S.C. §§ 105(a), 363, 364,
503, AND 507 REQUESTING AUTHORITY TO (I) CONTINUE USING
EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS
FORMS, (II) IMPLEMENT CHANGES TO THE CASH MANAGEMENT SYSTEM
IN THE ORDINARY COURSE OF BUSINESS, (III) CONTINUE INTERCOMPANY
TRANSACTIONS, (IV) PROVIDE ADMINISTRATIVE EXPENSE PRIORITY FOR
POSTPETITION INTERCOMPANY CLAIMS, AND FOR RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, 364, 503, and 507 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors to (a) continue their existing cash management system, bank accounts, and business forms, (b) implement changes to their cash management system in the ordinary course of business, including, without limitation, opening or closing existing bank accounts, (c) continue to perform under and honor intercompany transactions, in their business judgement and at their sole

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

discretion, (d) provide administrative expense priority for postpetition intercompany claims, and for related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given to the Notice Parties as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion on July 20, 2015 (the "**Hearing**"); and upon the Declaration of Christopher W. McGarry Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis to the extent set forth herein; and it is further

ORDERED that the Debtors are authorized and empowered pursuant to sections 105(a), 363, 364, 503, and 507 of the Bankruptcy Code to continue using their integrated cash management system described in the Motion (the "**Cash Management System**") and to collect,

2

concentrate, and disburse cash in accordance with the Cash Management System, including intercompany funding among Debtor affiliates; and it is further

ORDERED that the Debtors are authorized to implement changes to the Cash Management System in the ordinary course of business, including, without limitation, the opening of any new bank accounts and the closing of any existing bank accounts (the "**Bank Accounts**") as they may deem necessary and appropriate in their sole discretion, so long as any such new account is (A) with a bank that is (i) insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation and (ii) designated as an authorized depository by the U.S. Trustee pursuant to the U.S. Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, and (B) the Debtors provide notice to the U.S. Trustee of the opening of such account; and it is further

ORDERED that the relief, rights, and responsibilities provided for in this Interim Order shall be deemed to apply to any and all Bank Accounts[3] maintained in the Debtors' names, including, without limitation, any new bank accounts, whether or not such Bank Accounts are identified on **Exhibit "C"** to the Motion, and any Banks at which new accounts are opened shall be subject to the rights and obligations of this Interim Order; and it is further

ORDERED that the Debtors are authorized to (a) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Commencement Date, including, without limitation, those accounts identified on **Exhibit C** to the Motion, (b) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession, (c) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders, and invoices) (collectively, the "**Business Forms**"), as well as

---

[3] The Debtors shall use the Bank Account at Lake Region State Bank only as it has been used, as described in the Motion.

checks and all other documents related to the Bank Accounts existing immediately before the Commencement Date, without reference to the Debtors' status as debtors in possession; provided that in the event the Debtors generate new Business Forms and/or checks during the pendency of these chapter 11 cases, such Business Forms and checks shall include a legend referring to the Debtors as "Debtors-In-Possession," and, to the extent practicable, the Debtors shall laser print such legend on any Business Forms and checks electronically generated during these cases; and it is further

ORDERED that the Debtors are authorized and empowered to continue performing under and honoring Intercompany Transactions; provided that the Debtors shall (a) keep records of all postpetition Intercompany Transactions that occur during the chapter 11 cases and (b) implement accounting procedures to identify and distinguish between all prepetition and postpetition Intercompany Transactions; and it is further

ORDERED that in accordance with sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code, all Intercompany Claims arising after the Commencement Date shall be accorded administrative expense priority; and it is further

ORDERED that except as otherwise expressly provided in this Interim Order, all banks at which the Bank Accounts are maintained (collectively, the "**Banks**") are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, and ACH Payments issued by the Debtors and drawn on the Bank Accounts after the Commencement Date to the extent the Debtors have sufficient funds standing to their credit with such Bank; provided that any payments drawn, issued or made prior to the Commencement Date (prior to the commencement of these chapter

4

11 cases) shall not be honored absent direction of the Debtors and a separate order of the Court authorizing such payment; and it is further

ORDERED that the Banks are authorized to charge and the Debtors are authorized to pay and honor, both prepetition and postpetition service and other fees, costs, charges, and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with Debtors (collectively, the "**Service Charges**"); and it is further

ORDERED that each of the Banks is authorized to debit the Debtors' accounts in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtor's accounts that are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of the Petition, (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtor's accounts with such Bank prior to Commencement Date that have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such costs and fees prior to Commencement Date, and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as Service Charges for the maintenance of the Cash Management System; and it is further

ORDERED that the Banks may rely on the representations of the Debtor(s) with respect to whether any check, item, or other payment order drawn or issued by the Debtor(s) prior to filing of the Petition should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor(s) as provided for herein, and shall not be liable to any party on account of (a) following

5

the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry), (b) honoring of any prepetition checks, drafts, wires or ACH Payments in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, wire or ACH Payments or (c) an innocent mistake made despite implementation of reasonable handling procedures; and it is further

ORDERED that the Debtors' credit and debit card providers are authorized and directed to transfer all credit card receivables payable to the Debtors and to deduct any Service Charges, whether arising before or after the Commencement Date, payable by the Debtors from such transfers; and it is further

ORDERED that nothing contained herein shall prevent the Banks from modifying or terminating any Bank Accounts or related services in accordance with the agreements governing such accounts or services subject to their compliance with applicable law; and it is further

ORDERED that as soon as practicable after the entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on those Banks that make disbursements pursuant to the Debtors' Cash Management System; and it is further

ORDERED that that nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**"); and it is further

ORDERED that nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver

6

of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; and it is further

ORDERED that the requirements of Bankruptcy Rule 6003(b) have been satisfied; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Final Hearing on the Motion shall be held on **August 10, 2015, at 10:00 a.m. (Prevailing Eastern Time)**, and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Garrett A. Fail, Esq. and Sunny Singh, Esq.); (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014; (iii) the attorneys for Wells Fargo Bank, National Association, as agent under that certain Amended and Restated Senior Secured Revolving Credit Agreement, dated as of September 17, 2014, Choate, Hall & Stewart LLP, 2 International Place, Boston, MA 02110 (Attn: Kevin J. Simard, Esq., John F. Ventola, Esq.); (iv) the attorneys for Wells Fargo Bank, National Association, as agent under that certain Amended and Restated Senior Secured Term Credit Agreement, dated as of September 17, 2014, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Johnathan N. Helfat); (v) U.S. Bank National Association, as trustee under that certain Indenture for Senior

Secured PIK Toggle Notes due 2017 (the "**Prepetition PIK Notes**") and as trustee under that certain Indenture for Senior Secured Convertible Notes due 2018 (the "**Prepetition Convertible Notes**"), 100 Wall Street, New York, NY 10005 (Attn: Corporate Trust Department); (vi) the attorneys for the holders of a majority of the Prepetition PIK Notes, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York NY 10037 (Attn: Joshua M. Siegel); (vii) the attorneys for the holders of a majority of the Prepetition Convertible Notes, Schulte Roth & Zabel LLP. 919 3rd Avenue, New York, NY 10022 (Attn: Adam Harris); (viii) the attorneys for the DIP Agent, Jones Day, 222 E. 41st Street, New York, New York 10017 (Attn: Scott J. Greenberg); (ix) the attorneys for The Yucaipa Companies, LLC and their affiliated funds, 9130 Sunset Boulevard, Los Angeles, CA 90069; and (x) the attorneys for the United Food and Commercial Workers Union International, Cohen, Weiss and Simon LLP, 330 W. 42nd St., New York, NY 10036 (Attn: Richard M. Seltzer), in each case so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on August 5, 2015**; and it is further

ORDERED that this Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; <u>provided</u> that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to carry out this Interim Order; and it is further

ORDERED that any payment made or to be made under this Interim Order, and any authorization contained in this Interim Order, shall be subject to the terms of the DIP Orders; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

| | |
|---|---|
| Dated: July 20, 2015 | /s/Robert D. Drain |
| White Plains, New York | UNITED STATES BANKRUPTCY JUDGE |