**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                                    :
                                                                            :    **Chapter 11**
**THE GREAT ATLANTIC & PACIFIC TEA**            :
**COMPANY, INC.**, *et al.*,                                  :    Case No. 15-23007 (RDD)
                                                                            :
          Debtors.[1]                                                 :    (Jointly Administered)
                                                                            :
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R.
BANKR. P. 1015(c), 2002(m), AND 9007 IMPLEMENTING
<u>CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES</u>**

Upon the motion (the "**Motion**")[2] of The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1015(c), 2002(m), and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order approving and implementing the notice, case management, and administrative procedures therein (collectively the "**Case Management Procedures**"), all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion on July 20, 2015 (the "**Hearing**"); and upon the Declaration of Christopher W. McGarry Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that the Case Management Procedures set forth herein are approved and shall govern all aspects of these chapter 11 cases, except as otherwise ordered by the Court or agreed to by mutual consent of the parties:

ORDERED that Debtors' claims and noticing agent (the "**Claims and Noticing Agent**") is authorized, but not directed, to establish a case website (the "**Case Website**"), where, among other things, the Case Management Procedures, and also key dates and information about these chapter 11 cases, will be posted.

**Filing of Documents**

1. All documents filed in these cases, including but not limited to all notices, motions, applications, other requests for relief, and documents filed in support thereof (collectively, the "**Pleadings**"), objections or responses to Pleadings ("**Objections**"), and replies to Objections (the "**Replies**," and together with the Pleadings and the Objections, the "**Documents**") shall be filed electronically with the Court on the docket of *In re The Great Atlantic & Pacific Tea Company, Inc., et al.*, Ch. 11 Case No. 15-23007 (RDD) (the "**Docket**"), pursuant to the Court's General Order M-399 (available at *www.nysb.uscourts.gov/sites/default/files/m399.pdf*), by users of the Court's electronic filing system in searchable portable document format ("**PDF**"), Microsoft Word, or any other Windows-based word processing format.

**Parties Entitled to Service of Documents**

2. All Documents shall be served, in the manner described herein, on the following parties (collectively, the "**Standard Parties**"):

   i. the Chambers of the Honorable Judge Robert D. Drain ("**Chambers**"), United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601;

   ii. the Debtors, c/o The Great Atlantic & Pacific Tea Company, Inc., Two Paragon Drive, Montvale, New Jersey 07645 (Attn: Christopher McGarry, Matthew Bennett);

   iii. Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Garrett A. Fail, Esq. and Sunny Singh, Esq.), proposed attorneys for the Debtors;

   iv. the attorneys for the statutory committee of unsecured creditors appointed in the Chapter 11 Cases (the "**Creditors' Committee**");

   v. the Office of the United States Trustee for Region 2 (the "**U.S. Trustee**"), 201 Varick Street, Suite 1006, New York, New York 10014;

vi. Choate, Hall & Stewart LLP, 2 International Place, Boston, MA 02110 (Attn: Kevin J. Simard, Esq., John F. Ventola, Esq.), attorneys for Wells Fargo Bank, National Association, as agent under that certain Amended and Restated Senior Secured Revolving Credit Agreement, dated as of September 17, 2014

vii. Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Johnathan N. Helfat), attorneys for Wells Fargo Bank, National Association, as agent under that certain Amended and Restated Senior Secured Term Credit Agreement, dated as of September 17, 2014

viii. U.S. Bank National Association, 100 Wall Street, New York, NY 10005 (Attn: Corporate Trust Department), as trustee under that certain Indenture for Senior Secured PIK Toggle Notes due 2017 (the "**Prepetition PIK Notes**") and as trustee under that certain Indenture for Senior Secured Convertible Notes due 2018 (the "**Prepetition Convertible Notes**");

ix. Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York NY 10037 (Attn: Joshua M. Siegel), as attorneys for the holders of a majority of the Prepetition PIK Notes;

x. Schulte Roth & Zabel LLP. 919 3rd Avenue, New York, NY 10022 (Attn: Adam Harris), as attorneys for the holders of a majority of the Prepetition Convertible Notes;

xi. Jones Day, 222 E. 41st Street, New York, New York 10017 (Attn: Scott J. Greenberg), as attorneys for the DIP Agent (as defined in the McGarry Declaration);

xii. The Yucaipa Companies, LLC and their affiliated funds, 9130 Sunset Boulevard, Los Angeles, CA 90069;

xiii. Cohen, Weiss and Simon LLP, 330 W. 42nd St., New York, NY 10036 (Attn: Richard M. Seltzer), attorneys for the United Food and Commercial Workers Union International;

xiv. the attorneys for any other official committee(s) that may be appointed in these chapter cases; and

xv. any person or entity with a particularized interest in the subject matter of a certain Document.

3. In addition to the Standard Parties, Pleadings, but no other Document, must be served on all persons and entities that have formally appeared and requested service in

4

these cases pursuant to Bankruptcy Rule 2002 and the Case Management Procedures (the "**Rule 2002 Parties**").  Documents filed in adversary proceedings do not need to be served on the Rule 2002 List.

        4.      The Claims and Noticing Agent shall maintain a master service list (the "**Master Service List**"), which shall include the Standard Parties and the Rule 2002 Parties.  The Master Service List shall contain addresses, facsimile numbers (to the extent used by the relevant party), and e-mail addresses.  The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days.  The Claims and Noticing Agent shall provide a copy of the most up-to-date version of the Master Service List to any party in interest requesting a copy of the same and a copy of the Master Service List shall be posted on the Case Website commencing as of the date that is ten (10) days from the date hereof.

        5.      The proceedings with respect to which notice is limited to the Master Service List (including any person or entity with a particularized interest in the subject matter of the Document) shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of (a) a meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and a chapter 11 plan; and (ii) notice and transmittal of ballots for accepting or rejecting a chapter 11 plan, which notices would be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

**Method of Service of Documents**

6. The Debtors and the Creditors' Committee shall serve the Standard Parties by U.S. mail, overnight delivery, hand delivery, or, with the exception of Chambers, and with the parties' consent email or facsimile (the choice of the foregoing being in the Debtors' or the Creditors' Committee's sole discretion). Parties other than the Debtors and the Creditors' Committee shall serve Documents on the Standard Parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; provided that service by facsimile by such parties shall not be effective. No party is permitted to serve the Standard Parties by e-mail and such service shall not be effective; provided that (a) the Standard Parties (with the exception of Chambers) may agree to serve Documents on each other by e-mail, (b) parties are authorized to serve parties on the 2002 Service List by e-mail; provided that if a party entitled to notice of a Pleading does not have an e-mail address or an e-mail address is not available, the party shall be served by U.S. mail, overnight delivery, facsimile (if agreed by such party), or hand delivery, the choice of the foregoing being in the sole discretion of the serving party in accordance with the Case Management Procedures and (b) any other party may agree to accept service by email.

7. If service is authorized and completed by e-mail, paper copies of the Documents shall not be required to be served on interested parties by any other method and e-mail service shall satisfy the Court's rules for service.

8. Service by e-mail shall be effective as of the date the Document is sent to the e-mail address provided by a party.

9. All Documents served by e-mail shall include the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in "**.pdf**" format, readable by Adobe Acrobat or an equivalent program. The relevant

Document shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format.  Notwithstanding the foregoing, if a Document cannot be attached to an e-mail (because of its size, technical difficulties, or otherwise), the party serving the Document may, in its sole discretion (i) serve the entire Document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials or (ii) e-mail the party being served and include a notation that the Document cannot be attached and will be (a) mailed if requested or (b) posted on any website maintained in connection with these chapter 11 cases.

10. Any of the Standard Parties may request service by e-mail, and if such request is made, such party shall thereby be served in accordance with the Case Management Procedures.

11. Pursuant to Local Rule 9070-1, a hard copy of all papers filed with the Court, including those filed electronically, other than proofs of claim, shall be submitted to the U.S. Trustee.

12. Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within five (5) business days either an affidavit of service or a certification of service attaching the list of parties that received notice.

## Requesting Notice

13. Any creditor, equity interest holder, or party in interest that wishes to receive notice in these cases and is not otherwise entitled to notice pursuant to these Case Management Procedures shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) (a "**Notice of Appearance**").

14. A Notice of Appearance shall include the following information: (i) the party's name and address; (ii) the name of the client, if applicable; (iii) an e-mail address at which the requesting party may be served; (iv) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery; and (v) a facsimile number, if any, for the requesting party at which it may be served. Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in these cases shall have any effect unless the foregoing requirements are satisfied.

15. Any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same. Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile, in the sole discretion of the serving party in accordance with the Case Management Procedures.

### Scheduling of Hearings

16. The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("**Omnibus Hearings**") at which Pleadings and other requests for relief shall be heard. Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website. The Court shall schedule additional Omnibus Hearings on request of the Debtors, and, upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus hearing on the Case Website. Entities may contact the Claims and Noticing Agent for information concerning all scheduled Omnibus Hearings.

17. Pre-trial conferences for adversary proceedings shall be scheduled on Omnibus Hearing dates; provided that initial pre-trial conferences scheduled in connection with

adversary proceedings involving the Debtors shall be set on a date that is at least 30 days after the filing of the complaint.

18. Pleadings filed in, and trials related to, adversary proceedings shall be scheduled upon request of a party to the adversary proceeding and approval of the Court. After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court. Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference. A request for such conference should be made by letter, filed electronically on the Court's website, http://ecf.nysb.uscourts.gov, setting forth the issues to be presented under the summary judgment motion.

19. Hearings on Pleadings (other than Pleadings filed in adversary proceedings, which shall comply with paragraph 18 above) filed by a non-Debtor must be scheduled for an Omnibus Hearing except as permitted under the Expedited Relief Procedures (as defined below).

20. If a Document is filed by a non-Debtor party and purports to set a hearing date inconsistent with the Case Management Procedures, the hearing shall be scheduled, without the necessity of Court order, for the first applicable hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended.

21. If a movant or applicant determines that a motion or application requires emergency or expedited relief, the movant or applicant shall telephonically contact the adverse party's attorneys requesting that the motion or application be considered on an expedited basis (the "**Expedited Relief Procedures**"). If such party disagrees with the movant or applicant's

9

determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by telephone and thereafter (ii) arrange for a chambers conference, telephonic or in-person, to be held among the Court and the parties to discuss the disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may, by order to show cause, request an expedited hearing. The parties shall otherwise comply with the procedures set forth on the Chambers website: (http://www.nysb.uscourts.gov/content/judge-robert-d-drain).

22. If a Motion to extend the time to take any action is filed consistent with this Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

### Filing Deadlines

23. Except as provided with respect to Pleadings requesting relief pursuant to Bankruptcy Rules 2002(a)-(b), Pleadings filed in adversary proceedings or the Presentment Procedures (as defined below), Pleadings shall not be considered unless filed, noticed, and served in accordance with the Case Management Procedures at least fourteen (14) calendar days before the applicable hearing date; provided that if the parties served with the Pleading include parties being served (i) by U.S. mail, the Pleading must be filed and served at least seventeen (17) calendar days before the next applicable hearing, or (ii) by overnight delivery, the Pleading must be filed and served at least fifteen (15) calendar days before the next applicable hearing; provided further that subject to the Expedited Relief Procedures, nothing in the Case

10

Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c).

24. If a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)-(b), the relevant hearing shall be set after the passage of the time period set forth in such rule; provided that pursuant to Bankruptcy Rule 9006(f), if service is by overnight delivery or U.S. mail, one (1) or three (3) calendar days, respectively, shall be added to the time period set forth in Bankruptcy Rule 2002(a) or (b).

25. Notwithstanding anything contained herein, a party may settle or present a proposed order for approval by the Court as provided by Local Rule 9074-1; provided the presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar administrative or standard order, must be filed and served at least seven (7) calendar days before the presentment date and Objections thereto must be filed and served at least one (1) calendar day before presentment date (the "**Presentment Procedures**"), and the presenting party shall comply with the procedures on the Chambers website:
(http://www.nysb.uscourts.gov/content/judge.robert-d-drain).

26. The deadline to file an Objection to any Pleading, including any joinder to an Objection, or any statement in respect of a Pleading (the "**Objection Deadline**") shall be (i) 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days before the applicable hearing date or (ii) any date and time otherwise ordered by the Court; provided that if a Pleading is filed in advance of the deadline for the filing of a Pleading pursuant to the paragraphs 23 and 24 above (the "**Filing Deadline**"), then the Objection Deadline for such Pleading may be set for a date that is more than seven (7) calendar days before the applicable hearing date, such date being equal to seven (7) calendar days plus the number of calendar days

11

such Pleading was filed in advance of the Filing Deadline; <u>provided further</u> that notwithstanding anything to the contrary herein, the Debtors, the Creditors' Committee, and the U.S. Trustee, but no other party, are authorized to file statements in support of Pleadings by the Reply Deadline (defined below).  The Objection Deadline may be extended with the consent of the movant or applicant and Chambers.  An Objection will not be considered timely unless filed with the Court and received by the Standard Parties in accordance with the manner of service prescribed herein on or before the applicable Objection Deadline.  All parties filing an Objection (i) shall include their telephone and facsimile numbers in the signature block on the last page of the Objection and (ii) are required to attend the hearing, and failure to appear may result in the relief being granted or denied upon default.

27. Unless otherwise ordered by the Court, Replies, if any, shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 noon (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing (the "**Reply Deadline**").

28. Sur-replies shall be not permitted or considered unless authorized by the Court.

### Motions for Relief from the Automatic Stay and/or to Compel Assumption or Rejection of an Executory Contract

29. Notwithstanding anything contained herein, motions for relief from the automatic stay ("**Stay Relief Motions**") in accordance with section 362 of the Bankruptcy Code and/or to compel assumption or rejection of an executory contract shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty-one (21) days after the motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court,

12

the objection deadline with respect thereto shall be 4:00 p.m. (Prevailing Eastern Time) on the date that this seven (7) calendar days prior to the applicable hearing.

30. Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the thirtieth day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

31. Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the motion, the Court determines that it requires a response, and/or a hearing, it will notify the parties accordingly.

## Hearing Procedures

32. The initial hearing on all Pleadings will be a non-evidentiary hearing, unless: (i) the motion is of a type specified in Local Rule 9014-2(b), (c), (d), or (e) or (ii) the Court otherwise directs in advance of the hearing. If, upon or after the filing of a motion, any party seeks an evidentiary hearing on a motion not covered under Local Rule 9014-2, such party must confer with all other parties involved to determine whether there is agreement that an evidentiary hearing is appropriate. In the absence of an ability to agree, the Court will consider requests for an evidentiary hearing by conference call. Notwithstanding Local Rule 9014-2, the Court may, upon advance request and for cause shown, order that the initial hearing on a motion of the type specified in Local Rule 9014-2(c), (d), or (e) will be a non-evidentiary hearing. Generally, interests of judicial economy and the absence of disputed material issues of fact will collectively suggest that a non-evidentiary hearing is appropriate on motions subject to Local Rule 9014-2(c), (d) or (e).

33. Concurrently with any determination that an evidentiary hearing is necessary or desirable, Chambers must be notified with an estimate of expected trial time; parties may be informed that a different return date is necessary if the available time on the requested day is insufficient. Any motion noticed as an evidentiary hearing must prominently state, just below the return date in the upper right-hand corner, "Evidentiary Hearing Requested."

34. A request for relief in a Pleading may be granted without a hearing provided that, after the passage of the Objection Deadline, the attorney for the entity who has filed the Pleading (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Case Management Procedures; (ii) serves the declaration via email upon the attorneys for the Debtors and the Creditors' Committee one (1) business day prior to submission thereof to the Court; and (iii) delivers by email to

(rdd.Chambers@nysb.uscourts.gov) the proposed order (in Word or WordPerfect format only), the declaration described in subsection (i) above (the "**No Objection Declaration**"), the underlying request for relief (with all exhibits), and the certificate of service.  Upon receipt of the foregoing, the Court may grant the relief requested in the Pleading without further submission, hearing, or request.  If the Court does not grant the relief, the Pleading will be heard at the Omnibus Hearing that is at least six (6) calendar days after the date the No Objection Declaration is received by the Court; provided that if the Court does not grant the relief requested in a Pleading without a hearing, such action shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief.

35. In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

### Form of Documents

36. A "**Notice of Hearing**" shall be affixed to all Pleadings and shall include the following:  (i) the title of the Pleading; (ii) the parties upon whom any Objection to the

Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as defined below); (iv) the date of the Omnibus Hearing (as defined below) at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Case Management Procedures.

37. The applicable Objection Deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading and each Objection thereto.

38. Nothing in these Case Management Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in these cases.

### Discovery and Evidence

39. Expedited discovery in contested matters in the Chapter 11 Cases is authorized without further Court order. This authorization is without prejudice to the rights of any party or witness to seek protective order relief if the time to respond or appear, or the burden of the requested discovery, is unreasonable or for other cause shown. Parties are expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation. Document requests by letter, facsimile (if available), or e-mail (if available) are authorized.

40. Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers. Such calls will not be scheduled until and unless the parties have first tried and failed to resolve the disputed matters themselves. Unless otherwise ordered by the Court, no Motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it and also sought to resolve the matter by conference call with the Court.

41. Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in contested matters in the Chapter 11 Cases, other than duly designated deposition testimony and testimony by witnesses not under the party's reasonable control, must be submitted by affidavit, and all cross-examination and subsequent examination will be taken live. Unless otherwise ordered by the Court, all affidavits and any designated testimony must be submitted to the adversary and the Court no later than three (3) full business days before the hearing.

42. Parties may, if they are so advised, introduce the testimony of witnesses who reasonably can be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct." The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court generally will regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis. In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so

17

advising Chambers in advance and taking such steps (*e.g.*, subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses.  The parties shall also meet and confer to agree on the admissibility of as many proposed exhibits as possible and shall submit a joint exhibit book to Chambers no later than three (3) business days before the hearing.

### Miscellaneous

43.    By approximately 12:00 noon (Prevailing Eastern Time) on the day before a scheduled hearing, the Debtors shall file with the Court a letter (the "**Agenda Letter**") setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by e-mail or facsimile on:  (i) Chambers; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; and (iv) any parties filing Documents to be heard at the hearing; provided that an Agenda Letter shall not be required where the Debtors have less than forty-eight (48) hours' notice of a hearing.

44.    Matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

45.    If a party desires to participate in a hearing by telephone, such party must request permission from Chambers by email and notify attorneys for the Debtors at least forty-eight (48) hours prior to the scheduled hearing.  If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by the Judge assigned to these chapter 11 cases and supply the dial-in details to the Debtors' attorneys.

46. Any party in interest may seek to amend the Case Management Procedures from time to time throughout the Chapter 11 Cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

47. Within three (3) business days of entry of this Order, the Claims and Noticing Agent shall serve a printed copy of this Order upon all parties on the Master Service List and post a copy of this Order on the Case Website.

48. To the extent the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules for the United States Bankruptcy Court for the Southern District of New York, the Case Management Procedures shall govern these chapter 11 cases.

49. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: July 20, 2015
      White Plains, New York

                                                /s/Robert D. Drain
                                                UNITED STATES BANKRUPTCY JUDGE

WEIL:\95408189\2\50482.0004