WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **THE GREAT ATLANTIC & PACIFIC TEA** | : | |
| **COMPANY, INC.,** *et al.*, | : | **Case No. 15-23007 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Joint Administration Pending)** |
| | : | |

-------------------------------------------------------------x

**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a),**
**FED. R. BANKR. P. 2014(a) AND 2016 AND LOCAL RULES 2014-1**
**AND 2016-1 FOR AUTHORITY TO RETAIN AND EMPLOY**
**WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE**
**<u>DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as

debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the

"**Debtors**" or "**A&P**"), respectfully represent:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599).  The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

**<u>Background</u>**

1.      On the date hereof (the "**Commencement Date**"), the Debtors each

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States

Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has

been appointed in these chapter 11 cases.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting

joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      Information regarding the Debtors' business, capital structure, and the

circumstances leading to the commencement of these chapter 11 cases is set forth in the

Declaration of Christopher W. McGarry Pursuant to Rule 1007-2 of the Local Bankruptcy Rules

for the Southern District of New York (the "**McGarry Declaration**"), sworn to on the date

hereof, which has been filed with the Court contemporaneously herewith.

**<u>Jurisdiction</u>**

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

**Relief Requested**

5.    Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors request authority to retain and employ Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**") as attorneys for the Debtors, *nunc pro tunc* to the Commencement Date.

6.    The Debtors request that the Court approve the retention of Weil, under a general retainer, as their attorneys to perform the extensive legal services that will be required during these chapter 11 cases in accordance with Weil's normal hourly rates in effect when services are rendered and Weil's normal reimbursement policies.  In support of this Application, the Debtors submit the declaration of Ray C. Schrock, P.C., a member of Weil, which is attached hereto as **Exhibit "A"** (the "**Schrock Declaration**"), and the declaration of Christopher W. McGarry, Chief Restructuring Officer of A&P, which is annexed hereto as **Exhibit "B."**  A proposed form of order approving the retention and employment of Weil is annexed hereto as **Exhibit "C."**

**Weil's Qualifications**

8.    The Debtors have selected Weil as their attorneys because of the Firm's extensive knowledge of the Debtors' business and financial affairs, its extensive general experience and knowledge, and, in particular, Weil's recognized expertise in the field of debtors' protections, creditors' rights, and the administration of cases under chapter 11 of the Bankruptcy Code.  For example, Weil currently represents or has represented, among others, the following debtors and their affiliates:    Chassix, Inc., Endeavour Operating Corporation, SIGA Technologies, Inc., RDA Holdings, Inc., LodgeNet Interactive Corporation, Southern Air Holdings, Inc., Daffy's Inc., AMR Corporation, Lehman Brothers Holdings Inc., General Motors

Corporation n/k/a Motors Liquidation Company, General Growth Properties, Inc., Global Crossing Ltd., WorldCom, Inc., Enron Corp., Aleris International, Inc., Washington Mutual, Inc., Pilgrim's Pride Corp., BearingPoint, Inc., SemCrude, L.P., Vertis Holdings, Inc., LandSource Communities Development, LLC, Silicon Graphics, Inc., Atkins Nutritionals, Inc., Footstar, Inc., Parmalat USA Corp., Loral Space & Communications Ltd., Armstrong Worldwide Industries, Adelphia Business Solutions, Inc., APW Ltd., Regal Cinemas, Inc., Sunbeam Corporation, Bethlehem Steel Corporation, Genesis Health Services Corp., and Grand Union Corporation.

9.      The Debtors have been informed that Ray C. Schrock, P.C. and Garrett A. Fail, members of Weil, as well as other members of, counsel to, and associates of Weil, who will be employed in these chapter 11 cases, are members in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York.  In addition, Ray C. Schrock, P.C. has past experience representing A&P, having serve as a named partner in its prior chapter 11 case.  Accordingly, the Debtors believe that Weil is both well qualified and uniquely able to represent the Debtors in their chapter 11 cases in an efficient and timely manner.

## Scope of Services

11.      The employment of Weil under a general retainer, and in accordance with its normal hourly rates and disbursement policies in effect from time to time, is appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession and to prosecute their chapter 11 cases.  Subject to further order of this Court, it is proposed that Weil be employed to render the following professional services:

a.      prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

4

b.     take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

c.     take all necessary actions in connection with any chapter 11 plan and related disclosure statement, and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

d.     perform all other necessary legal services in connection with the prosecution of these chapter 11 cases.

12.     It is necessary to employ attorneys under a general retainer to render the foregoing professional services.  Weil has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Debtors.

## Weil's Disinterestedness

13.     To the best of the Debtors' knowledge, the members of, counsel to, and associates of Weil do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Schrock Declaration.

14.     Based upon the Schrock Declaration, the Debtors submit that Weil is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that Weil will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  If any new relevant facts or relationships are discovered, Weil will supplement its disclosure to the Court.

## Professional Compensation

15.     As set forth in the Schrock Declaration, prior to the Commencement Date, Weil received total payments in the amount of $9,465,888.36, for services performed and

5

expenses incurred, and also to be performed and incurred, including in preparation for the commencement of this chapter 11 case.  As of the Commencement Date, Weil held an advance payment retainer of $2,000,000.00.  Weil intends to apply this advance to any outstanding amounts relating to the period prior to the Commencement Date that were not processed through Weil's billing system as of the Commencement Date and to retain the balance on account of services rendered and expenses incurred subsequent to the Commencement Date.

16.       The Debtors understand and have agreed that Weil hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with General Order M-412 (Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further orders of the Court (the "**Orders**") for all professional services performed and expenses incurred after the Commencement Date.

17.       Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Weil for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Schrock Declaration, and to reimburse Weil according to its customary reimbursement policies.  The Debtors respectfully submit that Weil's rates and policies stated in the Schrock Declaration are reasonable.

6

## Notice

18.      Notice of this Application has been provided to (i) the Office of the United States Trustee for Region 2; (ii) the holders of the four largest secured claims against the Debtors (on a consolidated basis); (iii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the attorneys for Wells Fargo Bank, National Association, as agent under that certain Amended and Restated Senior Secured Revolving Credit Agreement, dated as of September 17, 2014; (v) the attorneys for Wells Fargo Bank, National Association, as agent under that certain Amended and Restated Senior Secured Term Credit Agreement, dated as of September 17, 2014; (vi) U.S. Bank National Association, as trustee under that certain Indenture for Senior Secured PIK Toggle Notes due 2017 (the "**Prepetition PIK Notes**"); (vii) U.S. Bank National Association, as trustee under that certain Indenture for Senior Secured Convertible Notes due 2018 (the "**Prepetition Convertible Notes**"); (viii) the attorneys for the holders of a majority of the Prepetition PIK Notes; (ix) the attorneys for the holders of a majority of the Prepetition Convertible Notes; (x) the attorneys for the DIP Agent; (xi) the attorneys for The Yucaipa Companies, LLC and their affiliated funds; (xii) the attorneys for the United Food and Commercial Workers Union International; (xiii) the Securities and Exchange Commission; (xiv) the Internal Revenue Service; and (xv) the United States Attorney's Office for the Southern District of New York.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

19.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: July 19, 2015
        New York, New York

                        THE GREAT ATLANTIC & PACIFIC TEA
                        COMPANY, INC.
                        (for itself and on behalf of its affiliates
                        as Debtors and Debtors in Possesion)


                        /s/ Christopher W. McGarry
                        NAME:  Christopher W. McGarry
                        TITLE:  Chief Restructuring Officer

**Exhibit A**
**Schrock Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                    :
                                                         :        **Chapter 11**
**THE GREAT ATLANTIC & PACIFIC TEA**                      :
**COMPANY, INC.,** *et al.,*                              :        **Case No. 15-23007 (RDD)**
                                                         :
        **Debtors.**[1]                                   :        **(Joint Administration Pending)**
                                                         :
------------------------------------------------------------------x

**DECLARATION AND DISCLOSURE STATEMENT ON BEHALF OF**
**WEIL, GOTSHAL & MANGES LLP PURSUANT TO 11 U.S.C. §§ 327,**
**329, AND 504 AND FED. R. BANKR. P. 2014(a) AND 2016(b)**

Ray C. Schrock, P.C. makes this declaration under 28 U.S.C. § 1746:

   1. I am a member of the firm of Weil, Gotshal & Manges LLP ("**Weil**" or the

"**Firm**"), an international law firm with principal offices at 767 Fifth Avenue, New York, New

York 10153; regional offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida;

Boston, Massachusetts; Princeton, New Jersey; Providence, Rhode Island; Redwood Shores,

California; and foreign offices in London, United Kingdom; Budapest, Hungary; Warsaw,

Poland; Frankfurt and Munich, Germany; Prague, Czech Republic; Paris, France; Beijing, Hong

Kong and Shanghai, China; and Dubai, United Arab Emirates.

   2. I submit this Declaration in connection with the Application submitted on

the date hereof (the "**Application**"), of The Great Atlantic & Pacific Tea Company, Inc. and

certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

cases (collectively, the "**Debtors**"), for authority to employ and retain Weil as their attorneys in the above-captioned chapter 11 cases, *nunc pro tunc*, to the date hereof (the "**Commencement Date**"), at its normal hourly rate in effect from time to time and in accordance with its normal reimbursement policies, in compliance with sections 329 and 504 of title 11 of the United States Code (the "**Bankruptcy Code**"), and to provide the disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Weil's completion of further review, or as additional party in interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

3.       Neither I, Weil, nor any member of, counsel to, or associate of the Firm represents any entity other than the Debtors in connection with these chapter 11 cases.  In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, Weil, nor any member of, counsel to, or associate of the Firm represents any party in interest in these Chapter 11 cases in matters related to these chapter 11 cases.

## Weil Disclosure Procedures

4.       Weil, which employs approximately 1,000 attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.  Weil has, in the past, represented, currently represents, and may in the future represent, entities that are claimants or interest holders of the Debtors in matters unrelated to these chapter 11 cases.  Some of those entities are, or may consider themselves to be, creditors or parties in interest in these chapter 11 cases or otherwise have interests in these cases.

2

5.      In preparing this Declaration, I used a set of procedures developed by Weil to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") regarding the retention of professionals by a debtor under the Bankruptcy Code (the "**Firm Disclosure Procedures**").  Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain Weil's connection to such parties:

a.      A comprehensive list of the types of entities who may have contacts with the Debtors was developed through discussions with the Weil attorneys who have provided services to the Debtors and in consultation with the advisors to and senior management of the Debtors (the "**Retention Checklist**").  A copy of the Retention Checklist is attached hereto as **Annex "A**."

b.      Weil obtained information responsive to the Retention Checklist through several inquiries of the Debtors' senior management and advisors and review of documents provided by the Debtors to Weil.  Weil then used that information, together with other information identified by Weil, to compile a list of the names of entities that may be parties in interest in these chapter 11 cases (the "**Potential Parties in Interest**").

c.      Weil maintains a master client database as part of its conflict clearance and billing records.  The master client database includes the names of the entities for which any attorney time charges have been billed since the database was first created (the "**Client Database**").  The Client Database includes the name of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the Weil personnel who are or were responsible for current or former matters for such client.  It is the policy of Weil that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties, and, in some cases, parties related to the client or to an adverse party.  Accordingly, the database is updated for every new matter undertaken by Weil.  The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

d.      Weil compared the names of each of the Potential Parties in Interest to
client matters in the Client Database for which professional time was
recorded during the two years prior to the comparison.[2] Any matches to
names in the Client Database generated by the comparison were compiled,
together with the names of the respective Weil personnel responsible for
the identified client matters (the "**Client Match List**").

e.      A Weil attorney then reviewed the Client Match List and deleted obvious
name coincidences and individuals or entities that were adverse to Weil's
clients in both this matter and the matter referenced on the Client Match
List.

f.      Using information in the Client Database concerning entities on the Client
Match List and making general and, if applicable, specific inquires of
Weil personnel, Weil verified that it does not represent and has not
represented any entity on the Client Match List in connection with the
Debtors or these chapter 11 cases.

g.      In addition, a general inquiry to all Weil personnel (attorneys and staff)
was sent by electronic mail to determine whether any such individual or
any member of his or her household (i) owns any debt or equity securities
of A&P or any of its affiliates or subsidiaries; (ii) holds a claim against or
interest adverse to A&P or any of its affiliates or subsidiaries; (iii) is or
was an officer, director, or employee of A&P or any of its affiliates or
subsidiaries; (iv) is related to or has any connections to Bankruptcy Judges
in the Southern District of New York; or (v) is related to or has any
connections to anyone working in the Office of the United States Trustee
for the Southern District of New York (the "**U.S. Trustee**").

## Weil's Connections with the Debtors

6.      Weil compiled responses to the foregoing inquiries for the purpose of
preparing this Declaration.  Responses to the inquiry described in paragraph 5(g) above reflect
that, as of the Commencement Date, no Weil personnel or member of the household of any Weil
personnel holds any claims against, stock of, or other interests in the Debtors and that no such
individuals held significant employment with the Debtors.[3]  Furthermore, the spouse of a Weil

---

[2] For purposes of the Firm Disclosure Procedures, Weil considers an entity a "former client" if professional time
was recorded within the past two years, but all matters for such client have since been closed.  Because the Firm
Disclosure Procedures only reflect client activity during the past two years, matches to client matters outside that
timeframe are not reflected in this Declaration.

[3] Certain Weil personnel or members of the household of Weil personnel may unknowingly hold stock or other
interests in the Debtors in blind or discretionary accounts.  In addition, a Weil partner holds a limited interest in a

partner is a Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, and certain Weil attorneys clerked or otherwise worked with certain Bankruptcy Judges in the Southern District of New York, including Sunny Singh, who clerked for the Honorable Robert D. Drain, Candace Arthur, who clerked for the Honorable Robert E. Gerber, and Brian Wells, who clerked for the Honorable Stuart M. Bernstein.  Weil has provided the necessary services to enable the Debtors to commence the instant cases under Chapter 11.  Weil was primarily responsible for the preparation of the chapter 11 petitions and initial motions and applications relating to these chapters 11 case and their commencements.

### Weil's Connections with Parties in Interest in Matters Unrelated to These Chapter 11 Cases

7.       Either I, or an attorney working under my supervision, reviewed the connections between Weil and the clients identified on the Client Match list, and the connections between those entities and the Debtors.  After such review, either I, or an attorney working under my supervision, determined, in each case, that Weil does not hold or represent an interest that is adverse to the Debtors' estates and that Weil is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1007(b) of the Bankruptcy Code, for the reasons discussed below.

8.       Weil previously represented, currently represents, and may represent in the future the entities described below (or their affiliates), in matters unrelated to the Debtors. These disclosures, attached hereto as **Annex "B,"** are the product of implementing the Firm Disclosure Procedures.  An entity is listed as a "Current Client" on **Annex "B"** if Weil has any open matters for such entity or a known affiliate of such entity and attorney time charges have

---

real estate investment trust that invests in shop marts, many of which include grocery store tenants; however, this partner has no control over the trust and is not aware of whether any of its holdings implicate the Debtors.

been recorded on any such matters within the past two years. An entity is listed as a "Former Client" on **Annex "B"** if Weil represented such entity or a known affiliate of such entity within the past two years based on recorded attorney time charges on a matter, but all matters for such entity or any known affiliate of such entity have been formally closed. Weil has not represented, does not represent, and will not represent any entities list on **Annex "B"** in matters directly related to the Debtors or these chapter 11 cases.

9.      To the best of my knowledge and information, the annual fees for the last twelve months paid to Weil by any entity listed on **Annex "B"** did not exceed 1% of the annual gross revenue of Weil.

10.      In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b), and Bankruptcy Rule 2014(a), between Weil and (i) the U.S. Trustee or any person employed by the U.S. Trustee, (ii) any attorneys, accountants, or financial consultants in these chapter 11 cases, or (iii) any investment bankers who represent or may represent the Debtors, claimants, or other parties in interest in these chapter 11 cases, except as set forth herein.[4] As part of its practice, Weil appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, represent claimants and other parties in interest in these cases. Weil has not represented, and will not represent, any of such parties in relation to the Debtors or their chapter 11 cases. Weil does not have any relationship with any such attorneys, accountants, financial consultants, or investment bankers that would be adverse to the Debtors or their estates.

---

[4] Certain family members or members of the household of Weil personnel are affiliated with investment banking firms that may represent the Debtors in the future. Weil submits that should such investment banking firms become parties in interest in these chapter 11 cases, such a *de minimis* connection, if any, would not affect Weil's disinterestedness.

11.     Additionally, Weil has represented, and may currently represent, entities

that hold, or may in the future hold, certain of the Debtors' debt in beneficial accounts on behalf

of unidentified parties.  Because distressed debt is actively traded in commercial markets, Weil

may be unaware of the actual holder of such debt at any given moment.  Weil also represents

numerous entities in unrelated matters that may buy and/or sell distressed debt or claims of

chapter 11 debtors.

12.     Despite the efforts described herein to identify and disclose Weil's

connections with the parties in interest in these chapter 11 cases, because the Debtors have

numerous relationships, Weil is unable to state with certainty that every client relationship or

other connection has been disclosed.  In this regard, Weil will continue to apply the Firm

Disclosure Procedures.  If any new material, relevant facts, or relationships are discovered or

arise, Weil will promptly file a supplemental disclosure with the Court.

### Weil Is Disinterested

13.     Based on the foregoing, insofar as I have been able to ascertain after

diligent inquiry, I believe Weil does not hold or represent an interest adverse to the Debtors'

estates in the matters upon which Weil is to be employed, and Weil is "disinterested" as such

term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the

Bankruptcy Code.

### Weil's Retainer, Rates, and Billing Practices

14.     Weil is not a creditor of the Debtors.  During the ninety (90) day period

prior to the Commencement Date, Weil received payments in the amount of $8,968,407.49 for

services performed and expenses incurred, and also to be performed and incurred, including in

preparation for the commencement of these chapter 11 cases.[5]  As of the Commencement Date,

Weil held an advance payment retainer of $2,000,000.00.

15.     Weil intends to charge the Debtors for services rendered in these chapter

11 cases at Weil's normal hourly rates in effect at the time the services are rendered.  Weil's

current customary hourly rates, subject to change from time to time, are $865.00 to $1,250.00 for

members and counsel, $465.00 to $850.00 for associates, and $195.00 to $350.00 for

paraprofessionals.

16.     Weil also intends to seek reimbursement for expenses incurred in

connection with its representation of the Debtors in accordance with Weil's normal

reimbursement policies, subject to any modifications to such policies that Weil may be required

to make to comply with the General Order M-412 (Order Establishing Procedures for Monthly

Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010

(Gonzalez, C.J.)), Administrative Order M-447 (Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated

January 29, 2013 (Morris, C.J.)), and the U.S. Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in

Larger Chapter 11 Cases, effective November 1, 2013 (collectively, the "**Fee Guidelines**"),

sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any

further order of the Court.  Weil's disbursement policies pass through all out-of-pocket expenses

at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For

example, with respect to duplication charges, Weil will charge $.10 per page because the actual

cost is difficult to determine.  Similarly, as it relates to computerized research, Weil believes that

---

[5] Weil has received total payments in the amount of $9,465,888.36 for services performed and expenses incurred, and also to be performed and incurred.

it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by Weil in-house or through a third-party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees.

17.    No promises have been received by Weil, or any member, counsel, or associate of Weil, as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.  Furthermore, Weil has no agreement with any other entity to share compensation received by Weil or by such entity.

18.    The Application requests approval of Weil's retention on rates, terms, and conditions consistent with what Weil charges non-chapter 11 debtors, namely, prompt payment of Weil's hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable.  Subject to these terms and conditions, Weil intends to apply for allowance of compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses relating thereto in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.

**Coordination with Other Professionals for the Debtors**

19.    Weil is aware that the Debtors have submitted, or intend to submit, separate applications to retain, inter alia, Evercore Partners, as investment banker, FTI Consulting, Inc., to provide restructuring services, Hilco Real Estate LLC, as real estate advisors,

and Prime Clerk LLC, as claims and noticing agent and administrative advisor.  Weil, in

conjunction with the Debtors' Chief Restructuring Officer, intends to carefully monitor and

coordinate the efforts of all professionals retained by the Debtors in these chapter 11 cases and

will delineate their respective duties so as to prevent duplication of services whenever possible.

## ATTORNEY STATEMENT PURSUANT TO FEE GUIDELINES

20.    The following is provided in response to the request for additional

information set forth in Paragraph D.1 of the Fee Guidelines.

| | |
|---|---|
| **Question**: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Response**: | No. |
| **Question**: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Response**: | No. |
| **Question**: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| **Response**: | Weil represented the Debtors for approximately nine months prior to the Commencement Date.  Paragraph 17 herein discloses the billing rates used by Weil for the prepetition engagement.  Weil's billing rates and material financial terms with respect to this matter have not changed postpetition. |
| **Question**: | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| **Response**: | Yes, our client has approved a prospective budget in connection with its debtor-in-possession financing through the period ending October 10, 2015.  Our client is always involved in staffing decisions, and staffing remains the client's prerogative. |

10

21. The foregoing constitutes the statement of Weil pursuant to sections 327(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 19th day of July, 2015

/s/ Ray C. Schrock, P.C.
Ray C. Schrock, P.C.
Member, Weil, Gotshal & Manges LLP

**Annex A**
**Retention Checklist**

**Retention Checklist**

- Debtors and Affiliates
- Debtors' Trade Names and Aliases (up to 8 years) (a/k/a/, f/k/a/, d/b/a/)
- Current Officers and Directors
- Former Officers and Directors (2 years)
- Equity Ownership >5%
- Professional Service Providers to the Debtors
- Known Professional Service Providers to the non-debtor Parties-in-Interest
- Landlords
- Banks
- Revolver Parties
- Term Loan Parties
- 12.5% Second Lien PIK Toggle Note Creditors
- 12.5% Second Lien PIK Toggle Indenture Trustee
- 14.0% Third Lien Convertible Note Creditors
- 14.0% Third Lien Convertible Note Indenture Trustee
- Material Lienholders
- Top 90 Unsecured Creditors
- Utilities
- Major Insurers and Insurance Brokers
- Beneficiaries and Issuers of Letters of Credit and Surety Bonds
- Parties to Significant Contracts with the Debtors
- Critical Vendors
- Unions
- Major Third Party Administrators
- Major Competitors of the Debtors
- Joint Venture Counterparties
- Parties to Litigation
- United States Trustee, Judges, and Court Contacts for the Southern District of New York (and Key Staff Members)
- Regulatory Agencies (Federal, State, Local)
- Taxing Authorities (Federal, State, Local)

**Annex B**
**List of Current and Former Clients**

| Matched Entity | Relationship to Debtors | Relationship to WEIL |
|---|---|---|
| Goldman Sachs Convertible Opportunities Fund, LP | Term Loan Parties | Affiliate of Current Client |
| Goldman Sachs Palmetto State Credit Fund LP<br><br>Goldman Sachs TC Master Partnership LP | Term Loan Parties<br><br>12.5% Second Lien PIK Note Creditors<br><br>14.0% Third Lien Convertible Note Creditors | Affiliates of Current Client |
| Mount Kellett Master Fund II LP | Equity Ownership >5%<br><br>12.5% Second Lien PIK Note Creditors | Affiliate of Current Client |
| Mount Kellett Master Fund I LP | 14.0% Third Lien Convertible Note Creditors | Affiliate of Current Client |
| Wells Fargo Bank N.A. | Bank Account<br><br>Revolver Creditors<br><br>Term Loan Parties<br><br>Beneficiaries and Issuers of Letters of Credit and Surety Bonds | Affiliate of Current Client |
| Wells Fargo, N.A. | Beneficiaries and Issuers of Letters of Credit and Surety Bonds | Affiliate of Current Client |
| Great American Assurance Corporation | Major Insurers and Insurance Brokers | Affiliate of Current Client |
| XL Insurance America, Inc. | Major Insurers and Insurance Brokers | Affiliate of Current Client |
| Zurich American Insurance Company | Major Insurers and Insurance Brokers | Affiliate of Current Client |
| DirectTV | Utilities | Current Client |
| Cablevision | Utilities | Affiliate of Current Client |
| GDF Suez Energy Resources | Utilities | Affiliate of Current Client |
| Tennenbaum Capital | Term Loan Parties | Affiliate of Former Client |
| RBS Citizens Business Capital | Revolver Parties | Affiliate of Current Client |
| CIT Finance LLC | Revolver Parties | Affiliate of Current Client |
| CIT Bank | Term Loan Parties | Current Client |

| Matched Entity | Relationship to Debtors | Relationship to WEIL |
|---|---|---|
| TPG | Term Loan Parties | Affiliate of Current Client |
| Ally Bank | Revolver Parties | Affiliate of Current Client |
| Verizon Business<br>Verizon Core<br>Verizon Wireless | Utilities | Affiliate of Current Client |
| Time Warner | Utilities | Current Client |
| UGI Energy Services, Inc. | Utilities | Affiliate of Current Client |
| Citibank, NA | Banks | Affiliate of Current Client |
| Bank of America | Banks | Current Client and Affiliate of Current Client |
| Evercore Partners | Professional Service Providers to the Debtors | Current Client |
| Pepsi Metro Bottling Co<br>Pepsi-Cola Bottlg Co<br>Pepsi-Cola Bottling-Pennsauk<br>Pepsi-Cola- Bristol<br>Pepsi-Cola Btlng of NY<br>Pepsi-Cola of Newburgh<br>Pepsi-Cola-Hasbrouch Heights | Top 90 Unsecured Creditors<br>Critical Vendors | Affiliate of Current Client |
| PricewaterhouseCoopers LLP | Professional Service Providers to the Debtors | Affiliate of Current Client |
| Coremark/Klein Wholesale Dist. | Critical Vendors | Affiliate of Current Client |
| Liberty Mutual Insurance Company, H.O. Financial Credit | Beneficiaries and Issuers of Letters of Credit and Surety Bonds | Affiliate of Current Client |
| Amazon Web Services LLC | Parties to Significant Contracts with the Debtors | Affiliate of Current Client |
| First Data Corp AFA Protective Syst Inc. | Parties to Significant Contracts with the Debtors | Affiliate of Current Client |
| Transperfect Translation International, Inc. | Parties to Significant Contracts with the Debtors | Affiliate of Current Client) |

| Matched Entity | Relationship to Debtors | Relationship to WEIL |
|---|---|---|
| Wolters Kluwer Health Inc. | Parties to Significant Contracts with the Debtors | Affiliate of Current Client |
| The Kroger Co.<br>Kroger | Affiliation of Board Member/Officer | Current Client |
| Fairway | Major Competitors | Affiliate of Current Client |
| Tokio Marine | Major Insurers and Insurance Brokers | Affiliate of Former Client |

**Exhibit B**
**McGarry Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                              :
                                                   :        **Chapter 11**
**THE GREAT ATLANTIC & PACIFIC TEA**               :
**COMPANY, INC.,** *et al.***,**                   :        **Case No. 15-23007 (RDD)**
                                                   :
            **Debtors.**[1]                        :        **(Joint Administration Pending)**

---------------------------------------------------------------x

### DECLARATION OF CHRISTOPHER W. McGARRY IN SUPPORT OF APPLICATION OF DEBTORS PURSUANT 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a) AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR AUTHORITY TO EMPLOY AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Christopher W. McGarry makes this declaration under 28 U.S.C. § 1746:

1.    I am the Chief Restructuring Officer of The Great Atlantic & Pacific Company, Inc. ("**A&P**") and certain of its affiliates.  In my current role at A&P, I am responsible for supervising outside counsel and monitoring and managing legal fees and expenses.

2.    On the date hereof (the "**Commencement Date**"), A&P and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  I submit this Declaration in support of the Debtors' application (the "**Application**"), pursuant to section 327(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2014-1 and 2016-1

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corp. (7132); APW Supermarkets, Inc. (9509); Borman's Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for authority to employ and retain Weil, Gotshal & Manges LLP ("**Weil**" of the "**Firm**"), as attorneys for the Debtors in the above-captioned chapter 11 cases *nunc pro tunc* to the Commencement Date, filed contemporaneously herewith.[2]

3.      This Declaration is provided pursuant to Paragraph D.2 of the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**").  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as General Counsel of the Debtors.  I am authorized to submit this Declaration on behalf of the Debtors.

4.      The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure their bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements.  The Debtors first engaged Weil in October 2014 to assist the Debtors in analyzing strategic alternatives with respect to the Debtors' capital structure and restructuring alternatives.  The Debtors chose Weil based upon Weil's reputation and experience in the restructuring field, upon the Debtors' particular circumstances, and upon discussions with Weil's attorneys who were proposed to work on this matter.  Since October 2014, Weil has assisted the Debtors in evaluating a number of potential restructuring alternatives and, in the

---

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

process, has become intimately familiar with the Debtors' capital structure and operations, as well as with the key creditors and other stakeholders in these chapter 11 cases.

5.    As Chief Restructuring Officer, I was actively involved in negotiating the terms of Weil's engagement on behalf of the Debtors.  Weil has confirmed to me that the Firm does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement.  Weil has advised me that its current customary U.S. hourly rates are $865 to $1,250 for members and counsel, $465 to $850 for associates, and $195 to $350 for paraprofessionals.  It is my understanding that Weil reviews and adjusts its billing rates annually, typically on January 1st of each year.[3]  Weil has advised me that it will inform the Debtors of any adjustment to its existing rate structure.

6.    I am informed by Weil that its attorneys' billing rates are aligned each year to ensure that its rates are comparable to the billing rates of its peer firms.  However, to the extent there is any disparity in such rates, I nevertheless believe that Weil's retention by the Debtors is warranted in these cases for the reasons set forth in the Debtors' Application.

7.    I understand that Weil's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of these chapter 11 cases by, among other parties, the Office of the United States Trustee, the Debtors, and any official committee appointed in these chapter 11 cases in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court governing the procedures for approval of interim compensation of professionals retained in chapter 11 cases.

8.    As Chief Restructuring Officer of the Debtors, I supervise and manage legal fees and expenses incurred by the Debtors' outside counsel.  I personally review the

---

[3] In January 2015, Weil adjusted its standard billing rates for its professionals in the normal course.

Debtors' outside counsel invoices and authorize all legal fees and expenses prior to the payment of such fees to outside counsel.  In doing so, I assure that all requested fees and expenses are not unreasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates.  The aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-bankruptcy cases.  Moreover, Weil has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by Weil.

9.       Additionally, on behalf of the Debtors, I have approved a prospective staffing plan.  I will continue to review the invoices that the Debtors submit and, together with Weil, amend such invoices as necessary.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 19th day of July, 2015

/s/ Christopher W. McGarry
Christopher W. McGarry
Chief Restructuring Officer,
The Great Atlantic & Pacific
Company, Inc.

4

**Exhibit C**
**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re                                          :
                                               :    Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA               :
COMPANY, INC., *et al.*,                       :    Case No. 15-23007 (RDD)
                                               :
         Debtors.[1]                           :    (Jointly Administered)
                                               :

------------------------------------------------------------------x

### ORDER PURSUANT 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a) AND 2016, AND LOCAL RULE 2014-1 AND 2016-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application (the "**Application**"),[2] of The Great Atlantic & Pacific Tea

Company, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**" or "**A&P**"), pursuant to section 327(a) of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rules Rule 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") for

an order authorizing the employment of Weil, Gotshal & Manges LLP ("**Weil**") as attorneys for

the Debtors, effective as of July ___, 2015 (the "**Commencement Date**"), under a general

retainer, all as more fully described in the Application; and upon the declaration of Ray C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599).  The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Schrock, P.C., a member of Weil, annexed to the Application as **Exhibit "A"** (the "**Schrock Declaration**") and the declaration of Christopher W. McGarry, Chief Restructuring Officer for the Debtors, annexed to the Application as **Exhibit "B"** (the "**McGarry Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Schrock Declaration, that Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Weil represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

3

ORDERED that pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Weil as their attorneys in these chapter 11 cases under a general retainer, in accordance with Weil's normal hourly rates and disbursement policies, all as contemplated by the Application, *nunc pro tunc* to the Commencement Date; and it is further

ORDERED that Weil is authorized to render the following professional services:

a. Prepare on behalf of the Debtors, as debtors and debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

b. Take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

c. Take all necessary actions in connection with a chapter 11 plan and related disclosure statement(s), and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

d. Perform all other necessary legal services in connection with the prosecution of these chapter 11 cases;

and it is further

ORDERED that Weil shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any further order of the Court; and it is further

ORDERED that Weil shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines; and it is further

ORDERED that Weil shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases; and it is further

ORDERED that notice of the Application as provided therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2015
        White Plains, New York

_____
UNITED STATES BANKRUPTCY JUDGE

5