> **THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY. PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR LEASE(S) ARE LOCATED IN THE MOTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR LEASE(S).**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **THE GREAT ATLANTIC & PACIFIC TEA** | : | |
| **COMPANY, INC.,** *et al.*, | : | **Case No. 15-23007 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------------x

**NOTICE OF OMNIBUS MOTION OF DEBTORS**
**PURSUANT TO 11 U.S.C. § 365, FED. R. BANKR. P. 6006,**
**AND LOCAL RULE 6006-1 TO REJECT CERTAIN UNEXPIRED**
**LEASES AND RELATED SUBLEASES OF NONRESIDENTIAL REAL PROPERTY**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "**Motion**")

of The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for approval, pursuant to 11 U.S.C. § 365, Fed. R. Bankr. P. 6006, and Local Rule 6006-1 to Reject Certain Unexpired Leases and Related Subleases of Nonresidential Real Property, will be held before the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601 (the "Bankruptcy Court"), on **August 10, 2015 at 10:00 a.m. (Eastern Time)** (the "**Hearing**").

PLEASE TAKE FURTHER NOTICE that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at [www.nysb.uscourts.gov](www.nysb.uscourts.gov)), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 on (i) the Chambers of the Honorable Judge Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601; (ii) the Debtors, c/o The Great Atlantic and Pacific Tea Company, Inc., 2 Paragon Drive, Montvale, New Jersey 07645 (Attn: Christopher W. McGarry and Matthew Bennett); (iii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Garrett A. Fail, Esq., and Sunny Singh, Esq.); (iv) the proposed attorneys for the Official Committee of Unsecured Creditors; (v) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York,

WEIL:\95411906\11\50482.0004

New York 10014 (Attn: Brian Masumoto, Esq. and Richard Morrissey, Esq.); (vi) the attorneys for Wells Fargo Bank, N.A., as agent under that certain Amended and Restated Senior Secured Revolving Credit Agreement, dated as of September 17, 2014, Choate, Hall & Stewart LLP, 2 International Plan, Boston, MA 02110 (Attn: Kevin J. Simard, Esq. and John F. Ventola, Esq.); (vii) the attorneys for Wells Fargo Bank, N.A., as agent under that certain Amended and Restated Senior Secured Term Credit Agreement, dated as of September 17, 2014, Otterbourg P.C., 230 Park Avenue, New York, New York 10169 (Attn: Johnathan N. Helfat); (viii) U.S. Bank N.A. as trustee under that certain Indenture for Senior Secured PIK Toggle Notes due 2017 (the "**Prepetition PIK Notes**") and as trustee under that certain Indenture for Senior Secured Convertible Notes due 2018 (the "**Prepetition Convertible Notes**"), 100 Wall Street, New York, New York 10005 (Attn: Corporate Trust Department); (ix) the attorneys for the holders of a majority of the Prepetition PIK Notes, Stoock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10037 (Attn: Joshua M. Siegel); (x) the attorneys for the holders of a majority of the Prepetition Convertible Notes, Schulte Roth & Zabel LLP, 919 3rd Avenue, New York, New York 10022 (Attn: Adam Harris); (xi) the attorneys for the DIP Agent (as defined in the McGarry Declaration), Joes Day, 222 E. 41st Street, New York, New York 10017 (Attn: Scott J. Greenberg); (xii) The Yucaipa Companies, LLC and their affiliated funds, 9130 Sunset Boulevard, Los Angeles, CA 90069; (xiii) the attorneys for the United Food and Commercial Workers Union International, Cohen, Weiss and Simon LLP, 330 W. 42nd Street, New York, New York 10036 (Attn: Richard M. Seltzer); and (xiv) the attorneys for any other official committee(s) that may be appointed in these chapter 11 cases, so as to be so filed and received no later than **August 3, 2015 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

WEIL:\95411906\11\50482.0004

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 24, 2015
New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

WEIL:\95411906\11\50482.0004

THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY.  PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR LEASE(S) ARE LOCATED IN THE MOTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE MOTION AFFECTS THEIR LEASE(S).

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| | : | |
| **THE GREAT ATLANTIC & PACIFIC TEA** | : | |
| **COMPANY, INC.,** *et al.*, | : | **Case No. 15-23007 (RDD)** |
| | : | |
| | : | **(Jointly Administered)** |
| **Debtors.**[2] | : | |

-------------------------------------------------------------x

## OMNIBUS MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 365, FED. R. BANKR. P. 6006, AND LOCAL RULE 6006-1 TO REJECT CERTAIN UNEXPIRED LEASES AND RELATED <u>SUBLEASES OF NONRESIDENTIAL REAL PROPERTY</u>

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599).  The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") respectfully represent:

## Background

1. On July 19, 2015 (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. On July 24, 2015, the United States Trustee for the Southern District of New York appointed the Official Committee of Unsecured Creditors (the "**Creditors Committee**").

4. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of Christopher W. McGarry Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), sworn to on the Commencement Date (ECF No. 4).

WEIL:\95411906\11\50482.0004

## Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

## Relief Requested

6.      The Debtors seek authority, pursuant to section 365 of the Bankruptcy Code, Bankruptcy Rule 6006 and Local Rule 6006-1, to reject certain unexpired leases and related subleases (each, a "**Lease**" or "**Sublease**" and, collectively, the "**Leases**"), effective as of the earlier of the date the Debtors have surrendered the premises to the landlord or the entry of an order granting the Motion (the "**Effective Date**").  The Debtors also request that the deadline to file a proof of claim with respect to any claim for damages arising from the rejection of a Rejected Lease be the date fixed by this Court as the deadline to file other general unsecured proofs of claim.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit "A"** (the "**Proposed Order**").  A schedule identifying and describing the Leases is attached to the Proposed Order as **Exhibit "1."**

## The Leases

7.      The Debtors have reviewed and analyzed their leases of nonresidential real property to identify those leases that are burdensome to the Debtors.  The Debtors have identified the leases and subleases in six "dark store" locations where the Debtors have already ceased ongoing operations or a subtenant is party to a Sublease that is not profitable to the Debtors.  As such, the Leases are an unnecessary expense to the Debtors' estates.  In many instances, as indicated in Exhibit 1, the Debtors have already physically vacated the properties and sent the keys to the premises and a notice of surrender to the landlords.  However, as an accommodation to the landlords, and to facilitate the orderly transfers of all alarm and utility accounts, the

WEIL:\95411906\11\50482.0004

Debtors will continue to maintain services where keys were delivered postpetition until Wednesday, July 29, 2015. In certain cases, the rent obligations are above market. In all cases, the Debtors have decided, in their business judgment, that the Leases are no longer advantageous assets and seek to reject the Leases in order to eliminate further financial burden and postpetition administrative costs to the estates.

8.       Prior to the Commencement Date, a Debtor assigned an interest in one lease with Kimco Westmont 614, Inc. ("**Kimco**"), for the property located at 650 Cuthbert Boulevard, Westmont, NJ 08108, to Joraja, Inc. ("**Joraja**"). The Debtors no longer have a possessory interest in the lease with Kimco. Pursuant to this motion, the Debtors seek to reject the lease with Kimco and the assignment agreement with Joraja as the Debtors no longer occupy the premises and no longer wish to be responsible for the partial rent obligations of the assignee.

### Rejection of the Leases is in the
### Best Interests of the Debtors and Their Estates and Creditors

9.       Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The standard applied to determine whether the rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard. *See In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008); *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009).

10.       Courts defer to a debtor's business judgment in rejecting an executory contract, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts or unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Products,*

WEIL:\95411906\11\50482.0004

*Inc.*), 78 F.2d 38, 42–43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected).

11.     The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtors' estate. *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.'") (citation omitted); *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2009) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995)).  Further, under the business judgment standard "a debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

12.     As set forth above, the Debtors have determined that the Leases are no longer necessary for, or beneficial to, the Debtors' businesses, and create unnecessary and burdensome expenses for the Debtors' estates.  In addition, the Debtors have determined that there are no current opportunities to assume and assign the Leases and that no meaningful value would be realized by the Debtors by any such assumption or assignment.  Accordingly, the Leases should be rejected.

13.     Pursuant to section 365 of the Bankruptcy Code, the Debtors seek to effectuate rejection of the Leases prior to the date an order approving rejection is entered by the Court.  An order approving rejection of these Leases as of such date will expedite the Debtors' relief from onerous obligations, and is fair and equitable to all parties because the Debtors will

WEIL:\95411906\11\50482.0004

surrender the premises to the landlord as of the Effective Date. Permitting the rejection to occur as of the Effective Date is consistent with prior rulings in this and other circuits. *See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602 (2d Cir. 2007) (upholding a bankruptcy court ruling that a rejection of an unexpired lease was retroactive to the date of the hearing on the motion to reject, even though the order to reject was not entered until nearly 33 months later); *In re The Great Atl. & Pac. Tea Co., Inc.*, No. 10-24549 (Bankr. S.D.N.Y. Dec. 15, 2010) (authorizing retroactive rejection of dark leases where the debtors had surrendered the keys to the lease counterparties); *In re The Reader's Digest Ass'n, Inc.*, No. 09-23529 (Bankr. S.D.N.Y. Sept. 17, 2009) (approving retroactive rejection of unexpired leases); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) (finding that retroactive rejection is valid when the balance of the equities favor such treatment); *In re Jamesway Corp.*, 179 B.R. 33, 36 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions on the manner in which the court can approve rejection"); *see also Thinking Mach. Corp. v. Mellon Fin. Servs. (In re Thinking Mach. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (approving retroactive orders of rejection where the balance of the equities favors such relief); *Pacific Shores Development, LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064 (9th Cir. 2004) (applying the *In re Thinking Mach. Corp.* ruling and approving a retroactive order to reject an unexpired lease even though the lessor has not retaken the premises).

14.     In view of the foregoing, the Debtors respectfully request that the Court approve the rejection of the Leases pursuant to section 365(a) of the Bankruptcy Code in the manner requested herein.

## **Notice**

15.     No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to all parties in interest in accordance with the procedures set forth in

WEIL:\95411906\11\50482.0004

the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bank. R. 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case Management Procedures* (ECF No. 62).  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

16.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
      July 24, 2015

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

WEIL:\95411906\11\50482.0004

**Exhibit A**

**Proposed Order**

WEIL:\95411906\11\50482.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | |
|---|---|
| **In re**                  : | |
|              : | **Chapter 11** |
| **THE GREAT ATLANTIC & PACIFIC TEA**   : | |
| **COMPANY, INC.,** *et al.*,        : | **Case No. 15-23007 (RDD)** |
|              : | |
|           **Debtors.**[1]     : | **(Jointly Administered)** |
|              : | |

-------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 365, FED. R. BANKR. P. 6006,**
**AND LOCAL RULE 6006-1 APPROVING REJECTION OF**
**CERTAIN UNEXPIRED LEASES AND RELATED**
**SUBLEASES OF NONRESIDENTIAL REAL PROPERTY**

Upon the motion (the "**Motion**")[2] of The Great Atlantic & Pacific Tea Company,

Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365 of title

11, United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Local Bankruptcy

Rules of the Southern District of New York, for entry of an order authorizing the Debtors to

reject certain unexpired leases and related subleases (each, a "**Lease**" and, collectively, the

"**Leases**"), all as more fully described in the Motion; and the Court having jurisdiction to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given to the Notice Parties as provided in the Motion; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of Christopher W. McGarry Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (ECF No. 4), the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to section 365 of the Bankruptcy Code, each of the Leases listed on **Exhibit "1"** attached hereto is hereby rejected by the Debtors with such rejection being effective as of the Effective Date specified on Exhibit 1; and it is further

ORDERED that the deadline to file a proof of claim to assert any damage claim arising from the rejection of a Lease shall be the date fixed by this Court as the deadline to file general unsecured proofs of claim in these cases; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: White Plains, New York
_____, 2015

 

United States Bankruptcy Judge

**Exhibit 1**

**Schedule of Unexpired Leases of Nonresidential Real Property to be Rejected**

| STORE ID NO. | COUNTERPARTY- LANDLORD | COUNTERPARTY- SUBTENANT/ASSIGNEE | DEBTOR | PROPERTY ADDRESS | LEASE EXPIRATION DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|---|---|
| 036-9729 | CF E 86 LLC<br>404 Fifth Avenue<br>6th Floor<br>New York, NY 10018 | | A&P Real Property, LLC | 305 East 86th Street<br>New York, NY 10028 | 9/30/17 | 7/24/2015 |
| 036-9767 | 32nd Street Realty LLC<br>C/O Donald Zucker Company<br>101 West 55th Street<br>New York, NY 10019 | | A&P Real Property, LLC | 200 East 32nd Street<br>New York, NY 10016 | 9/30/22 | 7/24/2015 |
| 072-6546 | Jay Birnbaum – Cherry Hill LLC<br>ILF-Cherry Hill LLC<br>400 Andrews Street<br>Rochester, NY 14614 | | A&P Real Property, LLC | 949 Church Road<br>Cherry Hill, NJ 08034 | 4/30/19 | Earlier of the date the Debtors have surrendered the premises to the Landlord or the entry of an order granting the Motion[1] |
| 072-6546 | | Big Lots Stores, Inc<br>300 Phillipi Road<br>Columbus, OH 43228<br>(Subtenant) | A&P Real Property, LLC | 949 Church Road<br>Cherry Hill, NJ 08034 | 4/29/19 | Earlier of the date the Debtors have surrendered the premises to the Landlord or the entry of an order granting the Motion |

---

[1] To the extent that the Debtors still maintain inventory or FF&E at this location, such property will be disposed of in accordance with the procedures set forth in the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 363, 365, and 554 for Approval of (I) Global Procedures for (A) Store Closings, (B) The Expedited Sale, Transfer, or Abandonment of De Minimis Assets, and (C) Rejecting Unexpired Nonresidential Real Property Leases, and (II) Entry Into a Liquidation Consulting Agreement* (ECF No. 20).

WEIL:\95411906\11\50482.0004

| STORE ID NO. | COUNTERPARTY-LANDLORD | COUNTERPARTY-SUBTENANT/ASSIGNEE | DEBTOR | PROPERTY ADDRESS | LEASE EXPIRATION DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|---|---|
| 072-6579 | Androse Associates of Allaire LLC<br>1680 Route 23<br>Suite 330<br>Wayne, NJ 07470 | | A&P Real Property, LLC | 1933 Highway 35<br>Wall, NJ 07719 | 6/30/17 | 7/24/2015 |
| 072-6579 | | Lowe's Home Centers, Inc.<br>1605 Curtis Bridge Road<br>Wilkesboro, NC 28697<br>(Subtenant) | A&P Real Property, LLC | 1933 Highway 35<br>Wall, NJ 07719 | 6/30/17 | 7/24/2015 |
| 022-2981 | Centre Limited Partnership<br>C/O Foulgar Pratt Companies<br>9600 Blackwell Road<br>Suite 200<br>Rockville, MD 20850 | | A&P Real Property, LLC | 13813 Foulger Square<br>Woodbridge, VA 22192 | 11/30/17 | 7/24/2015 |
| 022-2981 | | Global Food LLC<br>13813 Foulger Square<br>Woodbridge, VA 22192<br>(Subtenant) | A&P Real Property, LLC | 13813 Foulger Square<br>Woodbridge, VA 22192 | 11/29/17 | 7/24/2015 |
| 025-2468 | Kimco Westmont 614, Inc.<br>1954 Greenspring Drive<br>Suite 330<br>Lutherville Timonium, MD 21093 | | A&P Real Property, LLC | 650 Cuthbert Boulevard<br>Westmont, NJ 08108 | 11/30/17 | 7/18/2015 |
| 025-2468 | | Joraja, Inc.<br>C/O Raymond E. McFall Jr.<br>650 Cuthbert Boulevard<br>Westmont, NJ 08108<br>(Assignee) | A&P Real Property, LLC | 650 Cuthbert Boulevard<br>Westmont, NJ 08108 | 11/30/17 | 7/18/2015 |

WEIL:\95411906\11\50482.0004