Presentment Date and Time: August 4, 2015 at 10:00 a.m. (Eastern Time)
Objection Deadline: August 3, 2015 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objection Filed): August 10, 2015 at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                    :
                                         :    **Chapter 11**
**THE GREAT ATLANTIC & PACIFIC TEA**     :
**COMPANY, INC.**, *et al.*,             :    **Case No. 15-23007 (RDD)**
                                         :
        Debtors.[1]                      :    **(Jointly Administered)**
                                         :
------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF ORDER DIRECTING
### UNITED STATES TRUSTEE TO APPOINT CONSUMER PRIVACY OMBUDSMAN

**PLEASE TAKE NOTICE** that The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") have filed motions for approval of various procedures to facilitate (a) the sales of core stores on a going concern basis through a bidding and auction process anchored by certain stalking horse agreements, (b) the going concern sales or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

rationalizations of other stores and non-core assets on an ad hoc basis, and (c) the orderly wind-downs of certain stores, including the liquidations of certain assets related to those stores.[2]

**PLEASE TAKE FURTHER NOTICE** that the Debtors anticipate that certain sales may include sales of "personally identifiable information," as such term is defined in 11 U.S.C. § 101(41A) ("PII"), whether in combination with other assets or on a stand-alone basis. To facilitate sales of PII and to assist the Court in connection therewith, the Debtors seek the appointment of a disinterested person to serve as consumer privacy ombudsman in these chapter 11 cases pursuant to 11 U.S.C. § 332 (the "Ombudsman").

**PLEASE TAKE FURTHER NOTICE** that on **August 4, 2015 at 10:00 a.m. (Eastern Time)** the undersigned will present to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature, the annexed order directing the United States Trustee for Region 2 to appoint an Ombudsman and seeking related relief (the "Order").

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Order is filed and served in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 62] by **August 3, 2015 at 4:00 p.m. (Eastern Time)**, there will not be a hearing and the Order may be signed.

---

[2] *See* Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 363, 365 and 503 and Fed. R. Bankr. P. 2002, 6004 and 6006 for Approval of: (I) (A) Global Bidding Procedures, (B) Bid Protections, (C) Form and Manner of Notice of Sale Transactions and Sale Hearing, and (D) Assumption and Assignment Procedures; and (II) (A) Purchase Agreements, (B) Sale of Certain of the Debtors Assets Free and Clear of Liens, Claims, Interests and Encumbrances, and (C) Assumption and Assignment of Certain Executory Contracts and Leases [Docket No. 26]; Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 for Approval of Global Sale and Lease Rationalization Procedures [Docket No. 27]; Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 363, 365 and 554 for Approval of (I) Global Procedures for (A) Store Closings, (B) the Expedited Sale, Transfer, or Abandonment of De Minimus Assets, and (C) Rejecting Unexpired Nonresidential Real Property Leases, and (II) Entry into a Liquidation Consulting Agreement [Docket No. 20].

2

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served, a hearing (the "Hearing") will be held to consider the Order on **August 10, 2015 at 10:00 a.m. (Eastern Time)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: July 27, 2015
      New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Proposed Attorneys for Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                          :
                                                               :       Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA                               :
COMPANY, INC., *et al.*,                                       :       Case No. 15-23007 (RDD)
                                                               :
Debtors.                                                       :       (Jointly Administered)
------------------------------------------------------------x

### ORDER DIRECTING UNITED STATES TRUSTEE
### TO APPOINT CONSUMER PRIVACY OMBUDSMAN

This matter having come before the Court upon the Notice of Presentment of Order Directing United States Trustee to Appoint Consumer Privacy Ombudsman, dated July 27, 2015 (the "Notice"), filed by The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"); and the Court having jurisdiction to enter this Order in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Order having been given in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 62], and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having found and determined that entry of this Order is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the United States Trustee for Region 2 is hereby directed to appoint a consumer privacy ombudsman (the "Ombudsman") in accordance with 11 U.S.C. § 332(a) within seven (7) days of entry of this Order; and it is further

ORDERED that the Ombudsman shall (a) perform the functions set forth in 11 U.S.C. § 332(b), subject to the terms of this Order, and (b) at all times comply with 11 U.S.C. § 332(c); and it is further

ORDERED that the Ombudsman shall be compensated pursuant to 11 U.S.C. § 330, provided that this Order shall have no effect on any agreement between one or more of the Debtors and one or more third parties that provides for the responsibility or any allocation of costs or expenses of the Ombudsman, rights of reimbursement or recoupment, or any similar rights related thereto; and it is further

ORDERED that the Debtors will provide notice, as promptly as possible, to the Ombudsman of any proposed sales of "personally identifiable information," as such term is defined in 11 U.S.C. § 101 (41A) ("PII"), if (i) the Debtors in connection with offering a product or a service disclosed to an individual a policy prohibiting the transfer of such PII to persons that are not affiliated with the Debtors, (ii) such policy was in effect on July 19, 2015, and (iii) the proposed sale might be inconsistent with such policy; and it is further

ORDERED that the Ombudsman may appear and be heard at a hearing to approve any such sale of PII and may submit a report or recommendation in advance of any such hearing; and it is further

ORDERED that any report or recommendation of the Ombudsman must be submitted prior to (a) in cases where the procedures governing a sale provide for notice and objections, the applicable objection deadline, or (b) in cases where the procedures governing a

sale do not provide for notice and objections, seven (7) days after the Debtors provide notice to the Ombudsman; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2015
      White Plains, New York

                                              _____
                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE