WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : |  |
|  | : | **Chapter 11** |
| **THE GREAT ATLANTIC & PACIFIC TEA** | : |  |
| **COMPANY, INC.,** *et al.*, | : | **Case No. 15-23007 (RDD)** |
|  | : |  |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------------x

**NOTICE OF MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 327 AND 330**
**FOR AUTHORITY TO EMPLOY PROFESSIONALS USED IN THE ORDINARY**
**COURSE OF BUSINESS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

      **PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**")

of The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for

approval, pursuant to 11 U.S.C. §§ 105(a), 327 and 330 for Authority to Employ Professionals

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

Used in the Ordinary Course of Business *Nunc Pro Tunc* to the Commencement Date, will be held before the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601 (the "Bankruptcy Court"), on **August 10, 2015 at 10:00 a.m. (Eastern Time)** (the "**Hearing**").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the Order Pursuant to 11 U.S.C. § 105(a) and Fed. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated July 20, 2015 (ECF No. 62), so as to be so filed and received no later than **August 3, 2015 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 27, 2015
      New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **THE GREAT ATLANTIC & PACIFIC TEA** | : | |
| **COMPANY, INC.,** *et al.*, | : | **Case No. 15-23007 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

### MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 327, AND 330 FOR AUTHORITY TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as

debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the

"**Debtors**" or "**A&P**") respectfully represent:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

## Background

1.     On July 19, 2015 (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.     On July 24, 2015, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**").

4.     Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of Christopher W. McGarry Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), sworn to on the Commencement Date (the "**McGarry Declaration**") (ECF No. 4).

## Jurisdiction

5.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

**Relief Requested**

6.      Pursuant to sections 105(a), 327(e) and 330 of the Bankruptcy Code, the Debtors seek authority to (i) establish certain procedures to retain and compensate those professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Commencement Date, without (a) the submission of separate employment applications or (b) the issuance of separate retention orders for each individual Ordinary Course Professional, and (ii) compensate and reimburse such professionals without individual fee applications.  A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit "A"** (the "**Proposed Order**").  An initial list of Ordinary Course Professionals is attached to the Proposed Order as **Exhibit "1."**

**Proposed Procedures for
Employment of Ordinary Course Professionals**

7.      The Debtors seek to employ Ordinary Course Professionals to render professional services to the Debtors' estates in the same manner and for the same or similar purposes as Ordinary Course Professionals were retained prior to the Commencement Date.  In the past, Ordinary Course Professionals provided to the Debtors professional services relating to labor and employment litigation, intellectual property, commercial litigation, real estate, as well as other issues and matters that have a direct and significant impact on the Debtors' day-to-day operations.  It is essential that the employment of Ordinary Course Professionals, many of whom are familiar with the Debtors' businesses, be continued to avoid disruption of the Debtors' operations.

8.      The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "**Procedures**") are in the best interests of their estates and creditors.  The relief

requested will save the Debtors the expense and time associated with applying separately to retain each Ordinary Course Professional and will avoid the incurrence of additional fees for the preparation and prosecution of interim and final fee applications during these cases.

9.    The Debtors propose the following Procedures:

(a) Within thirty (30) days of the later of (i) the entry of an order granting this Motion and (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional will provide the following to the Debtors' attorneys: (a) an affidavit (the "**OCP Affidavit**"), substantially in the form annexed to the Proposed Order as **Exhibit "2,"** certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed and (b) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed to the Proposed Order as **Exhibit "3."**

(b) Upon receipt of the OCP Affidavit and Retention Questionnaire, the Debtors will file the same with the Court and serve a copy upon (collectively, the "**Reviewing Parties**"): (i) the U.S. Trustee; and (ii) the attorneys for the Creditors' Committee.

(c) The Reviewing Parties will have seven (7) days following the date of service to notify Debtors' counsel, in writing, of any objection to the retention based on the contents of the OCP Affidavit and/or Retention Questionnaire (the "**Retention Objection Deadline**").  If no objection is filed and served before the Retention Objection Deadline, the retention and employment of such Ordinary Course Professional shall be deemed approved without further order of the Court.

(d) If an objection is filed by the Retention Objection Deadline and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the matter will be set for hearing before the Court.

(e) No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(f) Once the Debtors retain an Ordinary Course Professional in accordance with these Procedures, the Debtors may pay such Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services

rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); <u>provided</u> that the Ordinary Course Professional's total compensation and reimbursements will not exceed $50,000 for each month starting from the first full month following the Commencement Date (the "**Monthly Cap**").

(g) In the event that an Ordinary Course Professional seeks more than the Monthly Cap for any month during these chapter 11 cases, such Ordinary Course Professional will file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees and disbursements exceeded the Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines promulgated by the U.S. Trustee, and all Orders of the Court, <u>provided</u> that the Debtors may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to the amount of the Monthly Cap for each month so long as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the Court.

(h) Payment to any one Ordinary Course Professional will not exceed $250,000 for the entire period in which this chapter 11 case is pending, subject to further Order of the Court. In the event that an Ordinary Course Professional's fees and expenses exceed $250,000 for the entire period in which this chapter 11 case is pending, such Ordinary Course Professional will be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code.

(i) Within 30 days after the end of each quarterly period, the Debtors will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional (i) the name of such Ordinary Course Professional and (ii) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursements of expenses incurred by such Ordinary Course Professional.

(j) If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit "1"** to the Proposed Order during these chapter 11 cases, the Debtors will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant OCP Affidavits and Retention Questionnaires.

(k) If no objection to the Supplemental Notice of Ordinary Course professionals is filed with the Court and served upon the Debtors' counsel, as set forth above, so as to be actually received within seven (7) days after the service thereof, the list will be deemed approved by the Court in accordance with the provisions of this Motion and without the need for a hearing or further Court order. Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals will be paid in accordance with the terms and conditions set forth in the paragraphs above.

10. The Debtors reserve their right to (i) dispute any invoice submitted by an Ordinary Course Professional and (ii) retain additional Ordinary Course Professionals from time to time as the need arises.

**Employment of Ordinary Course Professionals Should be Authorized**

11. A debtor is required to obtain bankruptcy court approval before it is permitted to hire certain professionals and compensate them with funds from property of the estate. As explained below, however, the Bankruptcy Code allows a debtor to retain professionals in the ordinary course of business when they are not representing or assisting the debtor in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a). The Debtors submit that most, if not all, of the Ordinary Course Professionals subject to this Motion may be retained and paid by the Debtors in the ordinary course of business, without Court approval. To provide the Court and parties in interest an opportunity to object, and to provide assurance to Ordinary Course Professionals of the Debtors' authority to compensate them for postpetition work, however, the Debtors have proposed the Procedures set forth herein.

12.     Section 327(a) of the Bankruptcy Code provides as follows:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).  Section 327(e) of the Bankruptcy Code further provides that, "with the court's approval," a debtor may employ

for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

*Id.* § 327(e).

13.     Section 330 of the Bankruptcy Code authorizes the court to award reasonable compensation for actual and necessary services rendered by retained professionals. 11 U.S.C. § 330.  Further, the Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing.  11 U.S.C. § 105(a).

14.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors, or other parties in interest that should preclude such professionals from continuing to represent the Debtors.   Further, section 328(c) of the Bankruptcy Code excludes attorneys retained pursuant to section 327(e) from the requirement that such professional persons be "disinterested."  *Id.* § 328(c).  Accordingly, pursuant to the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

15.     In light of the additional costs associated with the preparation of employment applications for professionals that will receive relatively small fees, it is impractical and economically inefficient for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional.  Accordingly, the Debtors requests that the Court dispense with the requirement of individual employment applications and retention orders with respect to each Ordinary Course Professional.

16.     Other than the Ordinary Course Professionals, all professionals employed by the Debtors to assist in the prosecution of these chapter 11 cases will be retained by the Debtors pursuant to separate retention applications.  Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and other orders of this Court.

17.     Based on the foregoing, the Debtors submit that the requested relief is necessary and appropriate, is in the best interests of their estates, and should be granted in all respects.

**<u>Reservation of Rights</u>**

18.     Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

<u>**Notice**</u>

19.     Notice of this Motion has been provided in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. Bankr. P. 1015(c), and 9007 Implementing Certain Notice and Case Management Procedures, dated July 20, 2015 (ECF No. 62) (the "**Case Management Order**").  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

20.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: July 27, 2015
       New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------x
In re                                                 :
                                                      :          Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA                      :
COMPANY, INC., et al.,                                :          Case No. 15-23007 (RDD)
                                                      :
                          Debtors.[1]                 :          (Jointly Administered)
----------------------------------------------------------------x
```

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327 AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "**Motion**")[2] of The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 327 and 330 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtors to (i) establish certain procedures for the Debtors to retain and compensate those professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Commencement Date, without (a) the submission of separate employment applications or (b) the issuance of separate retention orders for each individual Ordinary Course Professional, and (ii) compensate and reimburse such professionals without individual fee applications, all as more fully described in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given in accordance with the Case Management Order as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of Christopher W. McGarry Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (ECF No. 4), the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to sections 105(a), 327 and 330 of the Bankruptcy Code, to the extent deemed necessary by the Debtors, the Debtors are authorized to employ the Ordinary Course Professionals listed on **Exhibit "1"** annexed hereto in the ordinary course of their businesses in accordance with the following procedures (the "**Procedures**"), *nunc pro tunc* to the Commencement Date:

> (a) Within thirty (30) days of the later of (i) this Order and (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional will provide the following to the Debtors' attorneys: (a) an affidavit (the "**OCP Affidavit**"),

substantially in the form annexed hereto as **Exhibit "2,"** certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed and (b) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed hereto as **Exhibit "3."**

(b) Upon receipt of the OCP Affidavit and Retention Questionnaire, the Debtors will file the same with the Court and serve a copy upon (collectively, the "**Reviewing Parties**"): (i) the U.S. Trustee; and (ii) the attorneys for the Creditors' Committee.

(c) The Reviewing Parties will have seven (7) days following the date of service to notify Debtors' counsel, in writing, of any objection to the retention based on the contents of the OCP Affidavit and/or Retention Questionnaire (the "**Retention Objection Deadline**"). If no objection is filed and served before the Retention Objection Deadline, the retention and employment of such Ordinary Course Professional shall be deemed approved without further order of the Court.

(d) If an objection is filed by the Retention Objection Deadline and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the matter will be set for hearing before the Court.

(e) No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(f) Once the Debtors retain an Ordinary Course Professional in accordance with these Procedures, the Debtors may pay such Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); provided that the Ordinary Course Professional's total compensation and reimbursements will not exceed $50,000 for each month starting from the first full month following the Commencement Date (the "**Monthly Cap**").

(g) In the event that an Ordinary Course Professional seeks more than the Monthly Cap for any month during these chapter 11 cases, such Ordinary Course Professional will file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees and disbursements exceeded the Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines

promulgated by the U.S. Trustee, and all Orders of the Court; <u>provided</u> that the Debtors may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to the amount of the Monthly Cap for each month so long as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the Court).

(h) Payment to any one Ordinary Course Professional will not exceed $250,000 for the entire period in which this chapter 11 case is pending, subject to further Order of the Court. In the event that an Ordinary Course Professional's fees and expenses exceed $250,000 for the entire period in which this chapter 11 case is pending, such Ordinary Course Professional will be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code.

(i) Within 30 days after the end of each quarterly period, the Debtors will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional (i) the name of such Ordinary Course Professional and (ii) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursements of expenses incurred by such Ordinary Course Professional.

(j) If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit "1"** hereto during these chapter 11 cases, the Debtors will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the list of Ordinary Course Professionals (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant OCP Affidavits and Retention Questionnaires.

(k) If no objection to the Supplemental Notice of Ordinary Course professionals is filed with the Court and served upon the Debtors' counsel, as set forth above, so as to be actually received within seven (7) days after the service thereof, the list will be deemed approved by the Court in accordance with the provisions of this Motion and without the need for a hearing or further Court order. Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals will be paid in accordance with the terms and conditions set forth in the paragraphs above.

ORDERED that entry of this Order and approval of the Procedures does not affect the Debtors' ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtors reserve all of their rights with respect thereto; and it is further

ORDERED that the form of OCP Affidavit and Retention Questionnaire are approved; and it is further

ORDERED that nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently; and it is further

ORDERED that the Debtors are authorized to take all steps necessary to carry out this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2015
      White Plains, New York

                                    _____
                                    United States Bankruptcy Judge

**Exhibit 1**

**List of Ordinary Course Professionals**

**List of Ordinary Course Professionals**

| Professional | Address | Contact | Services Performed by Professional |
|---|---|---|---|
| Ballard Spahr LLP | 1735 Market Street, 51st Floor Philadelphia, PA 19103-7599 | Craig Circosta | General Corporate; Commercial Litigation; Labor & Employment Law |
| Buchman Law Firm LLP | 510 Thornall Street, Suite 200 Edison, NJ 08837 | Mark Koslowe | Regulatory Law |
| Cowan, Liebowitz & Latman, P.C. | 1133 Avenue of the Americas New York, NY 10036-6799 | Deborah Squires | Intellectual Property Law |
| Epstein Becker & Green, P.C. | 250 Park Avenue New York, NY 10177 | Robert Groban | Immigration Law |
| Gibbons, P.C. | One Gateway Center Newark, NJ 07102 | Phillip Duffy | Commercial Litigation |
| Kenny Nachwalter, P.A. | 1100 Miami Center 201 South Biscayne Boulevard Miami, FL 33131 | William Blechman | Antitrust Litigation |
| The Law Offices of Richard Malagiere, P.C. | 250 Moonachie Road, Suite 102 Moonachie, NJ 07074 | Richard Malagiere | Construction Litigation; Compliance |
| Pryor Cashman, LLP | 7 Times Square New York, NY 10036 | James O'Brien | Commercial Litigation |
| Riker, Danzig, Scherer, Hyland & Perretti LLP | One Speedwell Avenue Headquarters Plaza Morristown, NJ 07962-1981 | Nicholas Racioppi | Real Estate; Commercial Litigation |
| Vincent Trovini, P.C. | 250 Moonachie Road, Suite 102 Moonachie, NJ 07074 | Vincent Trovini | Real Estate Litigation; Compliance |

**Exhibit 2**

**Ordinary Course Professional Affidavit**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                    :
                                                         :          Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA          :
COMPANY, INC., *et al.*,                           :          15-23007 (RDD)
                                                         :
              Debtors.                             :          (Jointly Administered)
                                                         :
-----------------------------------------------------------------x

**AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,**

**ON BEHALF OF _____**

STATE OF _____      )
                                   ) s.s.:
COUNTY OF _____)


_____, being duly sworn, upon his oath, deposes and says as follows:

1.      I am a _____ of _____, located at

_____ (the "**Firm**").

2.      The Great Atlantic & Pacific Tea Company, Inc. ("**A&P**") and certain of its

affiliates as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), have requested that the Firm provide

_____ services to the Debtors, and the Firm has

consented to provide such services (the "**Services**").

3.      The Services include, but are not limited to, the following:

_____

_____.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

7. As of the commencement of these chapter 11 cases, the Debtors owed the Firm $_____ in respect of prepetition services rendered to the Debtors.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on _____, 2015, at _____.

_____
Affiant Name

SWORN TO AND SUBSCRIBED before
Me this ____ day of _____, 2015

_____
Notary Public

**Exhibit 3**

**Retention Questionnaire**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re                                          :

                                          :        **Chapter 11**

**THE GREAT ATLANTIC & PACIFIC TEA**           :

**COMPANY, INC.,** *et al.,*                   :        **15-23007 (RDD)**

                                          :

      **Debtors.**    :        **(Jointly Administered)**

                                          :

----------------------------------------------------------------x

## <u>RETENTION QUESTIONNAIRE</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by The Great Atlantic & Pacific Tea Company, Inc. ("**A&P**") and certain of its affiliates as debtors and debtors in possession (collectively, the "**Debtors**").

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.    Name and Address of firm:

    _____

    _____

    _____

2.    Date of retention: _____

3.    Type of services to be provided:

    _____

    _____

4.    Brief description of services to be provided:

    _____

    _____

    _____

5.    Arrangements for compensation (hourly, contingent, etc.):

    _____

    (a)    Average hourly rate (if applicable): _____

(b)     Estimated average monthly compensation based on prepetition retention (if company was employed prepetition): _____

6.     Prepetition claims against the Debtors held by the company:

Amount of claim: $ _____

Date claim arose: _____

Nature of claim: _____

7.     Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the company:

Name: _____

Status: _____

Amount of claim: $_____

Date claim arose: _____

Nature of claim: _____

_____

_____

8.     Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the company is to be employed:

_____

_____

_____

_____

9.     Name and title of individual completing this form:

_____

**Dated: _____, 2015**