CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
Elizabeth M. Aboulafia, Esq.

*Attorneys for New York Community Bank*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*, | Case No. 15-23007 (RDD) |
| Debtors. | |

-----------------------------------------------------------------x

### RESERVATION OF RIGHTS WITH RESPECT TO MOTION FOR APPROVAL OF GLOBAL BIDDING PROCEDURES, BID PROCEDURES AND SALE OF ASSETS UNDER 11 U.S.C. § 363

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

New York Community Bank ("NYCB"), by and through it counsel, Cullen and Dykman LLP, as and for its reservation of rights with respect to the Debtor's Motion for Approval of Global Bidding Procedures, Bid Procedures and Sale of Assets Under 11 U.S.C. § 363 [Docket No. 26], respectfully alleges as follows:

#### INTRODUCTION

1. On July 20, 2015 (the "Petition Date"), the Debtors in the above-captioned case filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the

1

"Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York.

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases.

3. By motion dated July 20, 2015, the Debtors are seeking approval of Global Bidding Procedures, Bid Procedures and Sale of Assets Under 11 U.S.C. § 363 (the "Motion") with respect to 126 of their store locations.

4. While NYCB does not necessarily object to the relief sought in the Motion, as set forth below, NYCB hereby reserves its rights as follows.

### RESERVATION OF RIGHTS

5. NYCB is a licensee of the Debtors, operating NYCB bank branches in nine (9) of the store locations subject to the Motion.

6. It is unclear as to whether NYCB is included within the entities to receive notices of the sales contemplated by the Motion. For avoidance of doubt, NYCB asserts an interest in nine (9) of the locations as a licensee and requests that all notices provided under the Motion be served upon NYCB through its counsel.

7. NYCB reserves its right to object to any particular sale brought before the Court pursuant to the procedures set forth in the Motion.

8. Finally, NYCB reserves its right to assert entitlement to the protections of section 365(h) of the Bankruptcy Code in connection with the licensed locations in accordance with, among other statutory provisions, section 365(m) of the Bankruptcy Code.

WHEREFORE, NYCB hereby reserves its rights as set forth above with respect to the Motion, requests all notices under the Motion, and requests that it be granted such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
August 3, 2015

        CULLEN AND DYKMAN LLP

        By: _s/ *Bonnie L. Pollack*_
        Matthew G. Roseman, Esq.
        Bonnie L. Pollack, Esq.
        Elizabeth M. Aboulafia, Esq.
        Attorneys for New York Community Bank
        100 Quentin Roosevelt Boulevard
        Garden City, New York 11530