CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
Elizabeth M. Aboulafia, Esq.

*Attorneys for New York Community Bank*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                                        :   Chapter 11
                                                              :
THE GREAT ATLANTIC & PACIFIC TEA                              :   Case No. 15-23007 (RDD)
COMPANY, INC., *et al.*,                                      :
                                                              :
                    Debtors.                                  :
                                                              :
                                                              :
-------------------------------------------------------------x

**RESERVATION OF RIGHTS WITH RESPECT TO MOTION FOR APPROVAL OF
GLOBAL SALE AND LEASE RATIONALIZATION PROCEDURES**

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

New York Community Bank ("NYCB"), by and through it counsel, Cullen and Dykman LLP, as and for its reservation of rights with respect to the Debtor's Motion for Approval of Global Sale and Lease Rationalization Procedures [Docket No. 27], respectfully alleges as follows:

### INTRODUCTION

1. On July 20, 2015 (the "Petition Date"), the Debtors in the above-captioned case filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the

1

"Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York.

2.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases.

3.  By motion dated July 20, 2015, the Debtors are seeking approval of global sale and lease rationalization procedures (the "Motion") with respect to the sale and/or lease of the Tier II Stores (as defined in the Motion).

4.  While NYCB does not necessarily object to the relief sought in the Motion, as set forth below, NYCB hereby reserves its rights as follows.

### RESERVATION OF RIGHTS

5.  NYCB is a licensee of the Debtors, operating NYCB bank branches in twenty (20) of the store locations subject to the Motion.

6.  It is unclear as to whether NYCB is included within the entities deemed to be "Transaction Notice Parties" in the Motion, which parties would receive notices of the sales contemplated by the Motion. For avoidance of doubt, NYCB asserts an interest in twenty (20) of the Tier II Stores as a licensee and requests that all notices provided to Transaction Notice Parties under the Motion be served upon NYCB through its counsel.

7.  NYCB reserves its right to object to any particular sale and/or lease brought before the Court pursuant to the procedures set forth in the Motion.

8.     Finally, NYCB reserves its right to assert entitlement to the protections of section 365(h) of the Bankruptcy Code in connection with the licensed locations in accordance with, among other statutory provisions, section 365(m) of the Bankruptcy Code.

WHEREFORE, NYCB hereby reserves its rights as set forth above with respect to the Motion, requests notice as a Transaction Notice Party under the Motion, and requests that it be granted such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
       August 3, 2015

CULLEN AND DYKMAN LLP

By: _s/ *Bonnie L. Pollack*_
Matthew G. Roseman, Esq.
Bonnie L. Pollack, Esq.
Elizabeth M. Aboulafia, Esq.
Attorneys for New York Community Bank
100 Quentin Roosevelt Boulevard
Garden City, New York 11530