NIXON PEABODY LLP
Christopher M. Desiderio
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111
cdesiderio@nixonpeabody.com

*Counsel to Jay Birnbaum – Cherry Hill LLC and ILF-Cherry Hill, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,** *et al.* | Case No. 15-23007 (RDD) |
| | (Jointly Administered) |
| **Debtors.** | |

**LIMITED OBJECTION TO OMNIBUS MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 365, FED. R. BANKR. P. 6006, AND LOCAL RULE 6006-1 TO REJECT CERTAIN UNEXPIRED LEASES AND RELATED SUBLEASES OF NONRESIDENTIAL REAL PROPERTY**

Jay Birnbaum – Cherry Hill LLC and ILF-Cherry Hill, LLC (collectively "Cherry Hill"), by and through their undersigned counsel, submit this limited objection (the "Objection") to the *Omnibus Motion of Debtors Pursuant to 11 U.S.C. § 365, Fed. R. Bankr. P. 6006, and Local Rule 6006-1 to Reject Certain Unexpired Leases and Related Subleases of Nonresidential Real Property* [Docket No. 173] (the "Motion"),[1] and in support thereof respectfully state as follows:

**LIMITED OBJECTION**

1. Pursuant to a certain lease (the "Lease"), A&P Real Property, LLC ("A&P") leases a premises located at 949 Church Road, Cherry Hill, New Jersey (the "Premises") from Cherry Hill. Pursuant to the Lease, A&P exercised its right to sublease (the "Sublease") a portion of the Premises to Big Lots Stores, Inc. (the "Subtenant").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

2. Upon information and belief, A&P still has certain property located at the Premises in the portion of the Premises that is not subject to the Sublease. In addition, the Subtenant still remains in place pursuant to the Sublease.

3. Pursuant to the Motion, the Debtors seek to reject the Lease and Sublease effective "Earlier of the date the Debtors have surrendered the premises to the Landlord or the entry of an order granting the Motion."

4. However, the Motion also provides that "To the extent that the Debtors still maintain inventory or FF&E at this location, such property will be disposed of in accordance with the procedures set forth in the Motion of Debtors Pursuant to 11 U S.C. 105, 363, 365, and 554 for Approval of (I) Global Procedures for (A) Store Closings, (B) The Expedited Sale, Transfer; or Abandonment of De Minimis Assets, and (C) Rejecting Unexpired Nonresidential Real Property Leases, and (II,) Entry Into a Liquidation Consulting Agreement" [Doc. 20] (the "Liquidation Motion").

5. The Liquidation Motion, in turn, provides, in relevant part:

> The [Effective Date] for any unexpired lease not sublet to a third party **shall not be before the later of**: (i) service of the Rejection Notice; (ii) the Debtors' unequivocal surrender of the leased premises in broom clean condition with all property that is not owned by the lease or sublease counterparty removed from the premises including any and all hazardous (as such term is defined in any federal, state or local law, rule, regulation or ordinance) materials and the delivery of the keys, key codes, and alarm codes to the premises to the applicable lease counterparty; or (iii) five (5) days after the Notice of Abandonment (as defined herein) is sent to applicable third parties. The [Effective Date] for any unexpired lease sublet to a third party and any related sublease shall not be before ten (10) days after the service of the Rejection Notice.

Liquidation Motion, ¶29(b) (emphasis added).

2

6. These two provisions appear to be wholly inconsistent with one another and will greatly prejudice Cherry Hill's rights as long as the Debtors' property and the Subtenant remain at the Premises.

7. Neither the Motion nor the Liquidation Motion provide any guidance as to when the Premises will be surrendered by the Debtors and Subtenant and left "broom clean."

8. As such, it is not clear as to when the Effective Date will occur. Accordingly, Cherry Hill requests that the Effective Date be consistent with what is provided for in the Liquidation Motion (*i.e.* "the date on which the Debtors provide the unequivocal surrender of the Premises in broom clean condition with all property that is not owned by Cherry Hill and the Subtenant removed from the premises including any and all hazardous (as such term is defined in any federal, state or local law, rule, regulation or ordinance) materials and the delivery of the keys, key codes, and alarm codes to the premises to Cherry Hill").

9. Finally, Cherry Hill reserves their rights to assert an administrative expense claim against the Debtors for any unpaid rents due through the Effective Date and pursue all remedies available at law against the Subtenant until such date that the Premises is surrendered to Cherry Hill and left broom clean by the Debtors and Subtenant.

WHEREFORE, Cherry Hill respectfully requests that any order granting the Motion provide that the Effective Date for the Lease be the date on which the Debtors provide the unequivocal surrender of the Premises in "broom clean" condition with all property that is not owned by Cherry Hill and the Subtenant removed from the premises including any and all hazardous (as such term is defined in any federal, state or local law, rule, regulation or ordinance) materials and the delivery of the keys, key codes, and alarm codes to the Premises to Cherry Hill.

4822-4562-4102.3

Respectfully Submitted,

Dated: August 3, 2015    NIXON PEABODY, LLP

  /s/Christopher M. Desiderio
NIXON PEABODY LLP
Christopher M. Desiderio
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111
cdesiderio@nixonpeabody.com

*Counsel to Jay Birnbaum – Cherry Hill LLC and ILF-Cherry Hill, LLC*