Hearing Date: August 10, 2015 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: August 3, 2015 at 4:00 p.m. (prevailing Eastern Time)

Lara P. Emouna
Gleich, Siegel & Farkas LLP
36 South Station Plaza
Great Neck, New York  11021
Tel. (516) 482-4436
Fax (516) 482-8916 (fax)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
In Re:

THE GREAT ATLANTIC &   Chapter 11
PACIFIC TEA COMPANY, INC., et al.   Case No. 15-23007 (RDD)
  (Jointly Administered)

                Debtors.
------------------------------------------------------------------- X

# LIMITED OBJECTIONS OF CENMOR ASSOCIATES, STALTAC ASSOCIATES, and SPA 77 N L.P TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 363 AND 365 AND FED. R. BANKR. P. 2002, 6004 AND 6006 FOR APPROVAL OF GLOBAL SALE AND LEASE RATIONALIZATION PROCEDURES

The limited objections of CENMOR ASSOCIATES, STALTAC ASSOCIATES, and SPA 77 N L.P (collectively, the "Landlords") to Debtors' motion pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 for Approval of Global Sale and Lease Rationalization Procedures are as follows:

1.   CENMOR ASSOCIATES is the landlord of the debtor APW SUPERMARKETS, INC. for the site known as 812 MONTAUK HWY, CENTER MORICHES, New York (referred to as store no. 70229 on the Schedule annexed as Exhibit "1" to the debtors' motion).

2. STALTAC ASSOCIATES is the landlord of the debtor APW SUPERMARKETS, INC. for the site known as 4560 SUNRISE HWY, OAKDALE, New York (referred to as store no. 70288 on the Schedule annexed as Exhibit "1" to the debtors' motion).

3. SPA 77 N L.P is the landlord of the debtor APW SUPERMARKETS, INC. for the site known as SUNSET AVENUE, WESTHAMPTON BEACH, New York (referred to as store no. 70232 on the Schedule annexed as Exhibit "1" to the debtors' motion).

4. The debtors each filed a petition for relief under the Bankruptcy Code on July 20, 2015 (collectively, the "Debtors").

5. By motion filed July 20, 2015, the Debtors now move pursuant to Sections 105, 363 and 365 of the Bankruptcy Code for an order authorizing the Debtors' motion pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 for Approval of Global Sale and Lease Rationalization Procedures (the "Motion"), including relief requested as to the leases of the Landlords (collectively, the "Leases").

6. Landlord object to any general release of all pre-assumption lease obligations. Such a release, conflicts with the well settled Bankruptcy principle, "If an executory contract is assumed, it is said to be assumed cum onere, with all of its benefits and burdens." In re Leslie Fay Companies, Inc., 166 B.R. 802, 808 (Bkrtcy.S.D.N.Y.,1994); In re Kopel, 232 B.R. 57, 63 (Bkrtcy.E.D.N.Y.,1999)("It is axiomatic that an executory contract generally must be assumed cum onere.")

7. "The law is clear that a debtor who assumes a lease or other executory contract assumes the contract cum onere, without any diminution in its obligations or impairment of the rights of the lessor in the present or the future." In re Texaco Inc., 254 B.R. 536, 550 (Bkrtcy.S.D.N.Y.,2000); see also In re Mortensen, 444 B.R. 225, 231 (Bkrtcy.E.D.N.Y.,2011)("In exchange for the right to retain the lessor's property for her use, the Debtor cannot assert that the Debtor has been discharged of her obligations under the Lease—the discharge injunction simply does not apply." [personal property lease]).

8. Here too the Lease Assumption and Assignment Procedures must provide that the Leases be assumed *cum onere*, with all their benefits and burdens, "without any diminution in its obligations or impairment of the rights of the lessor in the present or the future" (citing In re Texaco Inc., *supra)*, including any pending, known or unknown, "defaults, claims, interest or other default penalties" (citing text from Paragraph 7 of the proposed Order).

9. Specifically, by way of example (and not limitation) there are executory obligations for insurance, indemnity, environmental responsibility, compliance with law, and a myriad of other executory obligations. These must be assumed as of the origin of the Lease, and not solely as of the assumption date. Any order must be clear in this respect.

10. The Landlords join in any objections asserted by other landlords, and specifically incorporate the objections set forth at Docket No. 255, to the extent the foregoing are not inconsistent herewith.

11.     The Landlords reserve the right to assert other and further objections.

**WHEREFORE**, CENMOR ASSOCIATES, STALTAC ASSOCIATES, and SPA 77 N L.P request that the GLOBAL SALE AND LEASE RATIONALIZATION PROCEDURES be modified to incorporate the objections raised herein to adequately protect the rights of the Landlords, and grant such other and further relief as the Court deems appropriate.

Dated:  Great Neck, New York
        August 3, 2015

                                              /s/ Lara P. Emouna
LARA P. EMOUNA
GLEICH, SIEGEL & FARKAS LLP
Attorneys for Cenmor Associates,
Staltac Associates, and
SPA 77 N L.P.
36 South Station Plaza
Great Neck, New York  11021
Tel. (516) 482-4436
Fax (516) 482-8916