Hearing Date and Time: August 10, 2015 at 10 a.m.
Objection Deadline: August 3, 2015

**ALSTON & BIRD LLP**
William Hao
90 Park Avenue
New York, NY 10016
Tel: (212) 210-9400
Fax: (212) 210-9444

David A. Wender (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000

*Attorneys for Bank of America, National Association*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-23007 (RDD)<br><br>**Jointly Administered** |

**LIMITED OBJECTION OF BANK OF AMERICA, NATIONAL ASSOCIATION TO (I) MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 363, 365 AND 503 AND FED. R. BANKR. P. 2002, 6004 AND 6006 FOR APPROVAL OF: (I) (A) GLOBAL BIDDING PROCEDURES, (B) BID PROTECTIONS, (C) FORM AND MANNER OF NOTICE OF SALE TRANSACTIONS AND SALE HEARING, AND (D) ASSUMPTION AND ASSIGNMENT PROCEDURES; AND (II) (A) PURCHASE AGREEMENTS (B) SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, AND (C) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES AND (II) MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 363 AND 365 AND FED. R. BANKR. P. 2002, 6004 AND 6006 FOR APPROVAL OF <u>GLOBAL SALE AND LEASE RATIONALIZATION PROCEDURES</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corp. (7132); APW Supermarkets, Inc. (9509); Borman's Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599).

Bank of America, National Association, ("**Bank of America**"),[2] by its undersigned counsel, hereby files its Limited Objection to the (i) *Motion Of Debtors Pursuant To 11 U.S.C. §§ 105, 363, 365 and 503 and Fed. R. Bankr. P. 2002, 6004 and 6006 for Approval of: (I)(A) Global Bidding Procedures, (B) Bid Protections, (C) Form and Manner of Notice of Sale Transactions and Sale Hearing, and (D) Assumption And Assignment Procedures; and (II)(A) Purchase Agreements (B) Sale Of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, and (C) Assumption and Assignment Of Certain Executory Contracts and Leases* (Docket No. 26; the "**Tier I Sales Procedures Motion**") and (ii) *Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 for Approval of Global Sale and Lease Rationalization Procedures* (Docket No. 27; the "**Tier II Sales Procedures Motion**," together with the Tier I Sales Procedures Motion, the "**Sales Procedures Motions**").[3]  In support of the Limited Objection, Bank of America respectfully submits as follows:

## LIMITED OBJECTION

1.     Bank of America is party to certain leases (the "**Leases**") with Debtors wherein Bank of America leases space from Debtors for the purpose of providing ATMs.  Bank of America is thus a lessee of real property from the Debtors pursuant to the Leases.  It is unclear from the Sales Procedures Motions what the Debtors' intentions are with respect the Leases.  For example, on one hand, the Tier I Sales Procedures Motion provides that there will be "no sale free and clear of leases."  Tier I Sales Pro. Mot. ¶ 32(f) ("At this time, the Debtors are not aware

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Sales Procedures Motions, as applicable.

[3] As counterparties to the Leases, the Debtors are in possession of the relevant documents.  To the extent a party-in-interest, including a proposed purchaser, requires a copy of a Lease, such will be provided pursuant to the terms of a confidentiality agreement between the parties.

1

of any proposed sale of property free and clear of a possessory leasehold interest."). On the other hand, at least one of the proposed APAs, which applies to four of the Leases, contemplates a sale free and clear of any applicable Leases. *See* ACME APA, Tier I Sales Pro. Mot., Ex. C, at 9 (defining "Excluded Assets" to include "any lease, sublease . . . or other Contract relating to the installation, use or operation of ATM or similar banking machines . . . at the Stores or as part of the operations of the Stores (and any interest of Sellers in such equipment)").

2. Bank of America thus lodges this Limited Objection to the extent the Sales Procedures Motions seeks authority for the Debtors to sell property free and clear of any Leases. As discussed further below, section 365(h) of the Bankruptcy Code prohibits any such sale. Moreover, even if the Debtors could establish that Section 363(f) provides them with the authority sell property free and clear of Bank of America's leasehold interests, notwithstanding Section 365(h), they bear the burden of (i) proving that they can satisfy one of the "gatekeeping" provisions of section 363(f)(1)-(5), a threshold Bank of America does not believe the Debtors can overcome, and (ii) providing Bank of America with adequate protection of its interest as required by section 363(e).

## ARGUMENT[4]

**I.    SECTION 365(h) PROHIBITS A SALE "FREE AND CLEAR" OF THE LEASES**

3. Section 365(h) of the Bankruptcy Code provides, in relevant part, that:

> (1)(A) If the trustee rejects an unexpired lease of real property under which the debtor is the lessor and—

> \* \* \*

---

[4] Bank of America reserves its rights to make further arguments in this regard, by supplementing this Limited Objection or otherwise, in the event the Debtors do seek a sale "free and clear" of the Leases.

2

> (ii) if the term of such lease has commenced, the lessee may retain its rights under such lease (including rights such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation) that are in or appurtenant to the real property for the balance of the term of such lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law.

11 U.S.C. § 363(h).

4. Thus, section 365(h) specifically provides lessees with the ability to remain in possession, and retain other appurtenant rights, upon the rejection of a lease by a debtor-lessor. While section 363(f) of the Bankruptcy Code authorizes debtors to sell property "free and clear" of "interests in property," section 363(f) may not be utilized to end-run the statutory protections afforded to lessees by Congress pursuant to section 365(h). *See In re LHD Realty Corp.*, 20 B.R. 717, 719 (Bankr. S.D. Ind. 1982); *see also In re Samaritan Alliance, LLC*, 2007 Bankr. LEXIS 3896, *4 (Bankr. E.D. Ky. Nov. 21, 2007); *In re Haskell L.P.*, 321 B.R. 1, 9 (Bankr. D. Mass. 2005) (holding that permitting a section 363(f) sale "free and clear" of leasehold interest would "eviscerate" the provisions of section 365(h)); *In re Churchill Props. III, Ltd. P'ship*, 197 B.R. 283, 287-88 (Bankr. N.D. Ill. 1996) (finding that allowing a sale "free and clear" of a lessee's interests would render section 365 "nugatory"); *In re Taylor*, 198 B.R. 142, 167-68 (Bankr. D.S.C. 1996); *In re Crumbs Bake Shop, Inc.*, 522 B.R. 766, 778 (Bankr. D.N.J. 2014) (observing that 363(f) cannot override interests protected by 365(h)). Indeed, as courts have observed, the "exclusive remedy available to the debtor in an executory lease situation" is section 365(h) of the Bankruptcy Code. *In re LHD Realty Corp.*, 20 B.R. at 719. Accordingly, to the extent the Debtors seek to sell property "free and clear" of any Leases pursuant to section 363(f), the Sales Procedures Motions must be denied.

**II.    THE DEBTORS WILL BE UNABLE TO SATISFY THE SECTION 363(f) GATEKEEPING PROVISIONS**

5. Although the Debtors will likely contend that section 363(f) provides them with the authority to sell free and clear of Bank of America's leasehold interests, this argument is unavailing here because the Debtors cannot satisfy any of the section 363(f) "gatekeeping" provisions. Section 363(f) provides that a debtor may sell property free and clear of interests in such property *only if*:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

6. It is thus the Debtors' burden to show that at least one of these provisions can form the basis for a sale "free and clear" of Bank of America's interests. It is unlikely that subsections (2)-(4) will provide such a basis as the Debtors have not sought, and Bank of America has not provided, its consent to a free and clear sale, the leasehold interests at issue are not liens, and no dispute has been raised with respect to the Leases. Further, it is also highly unlikely that either subsection (1) or (5) could be applicable here. As a recent decision by the District Court for the Southern District of New York held, those provisions should be construed narrowly and do not provide grounds for a sale free and clear of leasehold interests. *See Dishi & Sons v. Bay Condos LLC*, 510 B.R. 696, 708-711 (S.D.N.Y. 2014). Accordingly, the Debtors would be unable to effectuate a sale "free and clear" of the Leases pursuant to section 363(f).

### III. THE DEBTORS MUST PROVIDE BANK OF AMERICA WITH ADEQUATE PROTECTION WITH RESPECT TO ITS INTERESTS

7. Lastly, and importantly, in the event the Debtors do seek a sale "free and clear" of the Leases, the Debtors must provide Bank of America with adequate protection of those interests. Section 363(e) provides that the court "*shall* prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." There is no doubt that the Leases constitute interests in property that require adequate protection. *See In re Taylor*, 198 B.R. 142, 162 (Bankr. D.S.C. 1996) (finding that "a leasehold is a type of 'interest' that fits within the plain text of the § 363(f)(4) statute"). Thus, if the Debtors contemplate any sale of property "free and clear" of Bank of America's interests, they must also provide Bank of America with adequate protection in connection with such sale.

Dated: August 3, 2015
     New York, New York

**ALSTON & BIRD LLP**

By: s/ William Hao
   William Hao
   90 Park Ave.
   New York, New York 10016
   Telephone: (212) 210-9400

   -and-

   David A. Wender (admitted *pro hac vice*)
   One Atlantic Center
   1201 West Peachtree Street
   Atlanta, Georgia 30309-3424
   (404) 881-7000

*Attorneys for Bank of America, National Association*