Richard J. McCord, Esq.
Carol A. Glick, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
90 Merrick Avenue
East Meadow, New York 11554
Telephone: (516) 296-7000
Facisimile: (516) 296-7111

Hearing Date: August 10, 2015
Time:  10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

THE GREAT ATLANTIC & PACIFIC TEA
COMPANY, INC., *et al.*,

                      Debtors.
-----------------------------------------------------------------X

Chapter 11

Case No. 15-23007 (RDD)

Jointly Administered

**STATEMENT BY M&K REAL ESTATE ASSOCIATES, LLC AND FEINROSE
ASSOCIATES IN RESPONSE TO DEBTORS'MOTION FOR APPROVAL
OF (I)(A) GLOBAL BIDDING PROCEDURES, (B) BID PROTECTIONS,
(C) FORM AND MANNER OF NOTICE OF SALE TRANSACTONS AND SALE
HEARING, AND (D) ASSUMPTION AND ASSIGNMENT PROCEDURES; AND
(II)(A) PURCHASE AGREEMENTS, (B) SALE OF CERTAIN OF THE DEBTORS'
ASSETS FREE AMD CLEAR OF LIENS, CLAIMS, INTERESTS AND
ENCUMBRANCES, AND (C) ASSUMPTION AND ASSIGNMENT OF
<u>CERTAIN EXECUTORY CONTRACTS AND LEASES</u>**

       M&K Real Estate Associates, LLC ("M&K") and Feinrose Associates ("Feinrose") (M&K and Feinrose, collectively, the "Landlords" and each, a "Landlord"), by their attorneys, Certilman Balin Adler & Hyman, LLP, hereby object and/or reserve their respective rights in connection with the Debtors' Motion for Approval of (I)(A) Global Bidding Procedures, (B) Bid Protections, (C) Form and Manner of Notice of Sale Transactions and Sale Hearing, and (D) Assumption and Assignment Procedures; and (II)(A) Purchase Agreements, (B) Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, and (C) Assumption and Assignment of Certain Executory Contracts and Leases (Dkt. No. 26) (the "Motion") and represent as follows:

1

1. Pursuant to the Motion, the Debtors intend to sell approximately 120 of their most profitable and marketable "core" stores, including certain leases and other assets (collectively, the "Tier I Stores," and each a "Tier I Store") to certain third-party bidders on a going concern basis, the terms of which sales are set forth in certain stalking horse agreements annexed to the Motion.

### A. *The M&K Lease for Store No. 72637*

2. M&K is the landlord under a lease with A&P Real Property, LLC, as tenant, dated November 30, 1967, as amended from time to time, with respect to premises located at 1525 Albany Ave., Brooklyn, New York (the "M&K Lease"). The M&K Lease is a lease for a term of 25 years, with five (5) separate options to extend the term of the lease for five (5) years each. The Debtor is currently occupying this Tier I Store under the last five (5) year option. The M&K Lease terminates by its terms on December 31, 2018 ("M&K Termination Date").

3. The M&K Lease is one of the assets included in the stalking horse bid submitted by Key Food Stores and which the Debtors propose to assume and assign to Key Food Stores, in the event it is the successful bidder. M&K objects to the Motion on the basis that the Debtors failed to disclose to Key Food Stores (and perhaps to other potential bidders) the existence and nature of prepetition negotiations between M&K and representatives of the Debtors in which the Debtors were advised that M&K will not extend the term of the M&K Lease under any circumstances and that, as such, it will terminate pursuant to its terms on the M&T Termination Date.

### B. *The Feinrose Lease for Store No. 72637*

4. Feinrose is the landlord under a lease with A&P Real Property, LLC, as tenant, dated April 16, 1970, as amended from time to time, with respect to premises located at 31-06

Farrington St., Whitestone, New York (the "Feinrose Lease"). The Feinrose Lease is a lease for a term of 25 years, with six (6) separate options to extend the term of the lease for five (5) years each. The Feinrose Lease terminates on January 1, 2018, at which time there will be two (2) remaining options to extend the lease for five (5) years each. If the tenant exercises its options, the Feinrose Lease would terminate on January 1, 2028 (the "Feinrose Termination Date").

5. The Feinrose Lease is one of the assets included in the stalking horse bid submitted by The Stop & Shop Supermarket Company, LLC ("Stop & Shop") and which the Debtors propose to assume and assign to Stop & Shop in the event it is the successful bidder. Feinrose objects to the Motion on the basis that the Debtors failed to disclose to Stop & Shop the existence and nature of prepetition negotiations between Feinrose and representatives of the Debtors in which the Debtors were advised that Feinrose will not agree to any further options to extend the term of the Feinrose Lease and that, as such, it will terminate pursuant to its terms on the Feinrose Termination Date.

6. The Landlords reserve their respective rights to assert a Cure Objection, an Adequate Assurance Objection, and/or any and all claims they may have for the Debtors' prepetition and continuing obligations under the M&K Lease and the Feinrose Lease, including, without limitation, Debtors' obligations to pay end-of-year adjustments; obligations that have accrued prior to entry of the Order approving the Motion but are not yet fixed, liquidated or payable; indemnity and defense obligations incurred prior to the Hearing on the Motion; and the ability to assert any additional amounts or pecuniary losses that may accrue (including attorneys' fees) prior to entry of the Order approving the Motion.

7. The Landlords join in any objection asserted by other landlords that are not inconsistent with this objection.

**WHEREFORE**, for the foregoing reasons, the Landlords respectfully request that the Bidding Procedures Order to be entered by the Court provide (i) that M&K and Feinrose have advised the stalking horse bidders and any other prospective bidder for the M&K Lease and/or the Feinrose Lease that the Landlords do not intend to grant any options to further extend the term of the leases; (ii) for a hearing in the event the Landlords and the Debtors cannot resolve any Cure Objection and/or Adequate Assurance Objection asserted by the Landlords; and (iii) for such other, further and related relief as the Court deems just and proper.

Dated:  East Meadow, New York
       August 3, 2015

                                      CERTILMAN BALIN ADLER & HYMAN, LLP
                                      Attorneys for M&K Real Estate Associates, LLC,
                                      Feinrose Associates Hamilton Plaza Associates

                                      By:  /s/ Richard J. McCord
                                           Richard J. McCord, Esq.
                                           Carol A. Glick, Esq.
                                           90 Merrick Avenue
                                           East Meadow, New York 11554
                                           (516) 296-7000