Niclas A. Ferland, Esq.
Ilan Markus, Esq.
LeClairRyan, A Professional Corporation
545 Long Wharf Drive, Ninth Floor
New Haven, Connecticut  06511
Telephone:  (203) 672-3211
Facsimile:  (203) 672-3232

Counsel to the Landlords set forth on Schedule A

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Case No. 15-23007 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION BY CARDINAL CAPITAL PARTNERS, INC., BENENSON CAPITAL COMPANY LLC, AND CERTAIN OF THEIR RESPECTIVE AFFILIATES TO ENTRY OF ORDER APPROVING PROPOSED "GLOBAL BIDDING PROCEDURES" PURSUANT TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C § § 105, 363, 365 AND 503 AND FED. R. BANKR.P. 2002, 6004 AND 6006 FOR APPROVAL OF: (I)(A) GLOBAL BIDDING PROCEDURES, (B) BID PROTECTIONS, (C) FORM AND MANNER OF NOTICE OF SALE TRANSACTIONS AND SALE HEARING, AND (D) ASSUMPTION AND ASSIGNMENT PROCEDURES; AND (II) (A) PURCHASE AGREEMENTS (B) SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, AND (C) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES [DOC. ID 26]**

Cardinal Capital Partners, Inc., Benenson Capital Company LLC, and certain of their Respective Affiliates (the "Landlords") hereby submit this Limited Objection to Entry of Order approving the Proposed "Global Bidding Procedures" pursuant to Motion of Debtors pursuant to 11 U.S.C. §§ 105, 363, 365 and 503 and Fed. R. Bankr.P. 2002, 6004 and 6006 for Approval of: (I)(A) Global Bidding Procedures, (B) Bid Protections, (C) Form and Manner of Notice of Sale

Transactions and Sale Hearing, and (D) Assumption and Assignment Procedures; and (II) (A) Purchase Agreements (B) Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, and (C) Assumption and Assignment of Certain Executory Contracts and Leases [Doc. Id. 26], the "Bid Procedures Motion"), and in support thereof, state as follows:

I.   BACKGOUND

1.   On July 19, 2015 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.   The Landlords are the landlords and certain of the Debtors are the tenants pursuant to eight (8) unexpired leases (the "Leases") of nonresidential real property for retail supermarkets (the "Premises") at single tenant properties in New York, New Jersey and Connecticut, and a Wyoming property subleased to third party (collectively, the "Properties").

3.   Pursuant to the Bid Procedures Motion, the Debtors seek approval of an Order for the purpose of establishing auction procedures for the possible assumption and assignment of certain of their real property leases, including the Leases, to one or more proposed assignees for the Debtors' leases (the "Proposed Assignees") either as part of a "Stalking Horse Sale Package" (as such term is defined in the Bid Procedures Motion), or via individual bids for Leases (the "Auction Procedures").

2

**II.    OBJECTIONS**

    **(i)    <u>The Debtors' Proposed Auction Procedures Should be Modified.</u>**

4.    The Auction Procedures are generally acceptable, however, there are a number of ambiguities and specific issues that should be changed. All references below are to paragraphs of the proposed form of Order granting the Bid Procedures Motion:

    i.   Order ¶ 4(a): The Global Sale Notice should be filed on the Bankruptcy Court docket (so as to provide electronic notice to all parties of record) and the Sale Notice Parties should include counsel of record to each contract counterparty.

    ii.  Order ¶ 18: Any Additional Cure Notice should be filed on the Bankruptcy Court docket (so as to provide electronic notice to all parties of record – posting a copy on the website maintained by the noticing agent will not necessarily generate electronic notice to all parties of record) and counsel of record to each Additional Contract counterparty.

    iii. Order ¶¶ 15 and 18: simultaneously with the filing of a Cure Notice or an Additional Cure Notice, contract counterparties should be provided with all materials that will be offered as evidence and a summary of any proposed testimony in connection with the Debtors' efforts to meet their burden of proof as to adequate assurance of future performance of Lease terms pursuant to 11 U.S.C. § 365(b)(1)(C).

    iv.  Order ¶ 18 provides that, with respect to Additional Contracts, cure objections are due within 7 days of the September 21, 2015 deadline for the Debtors to provide such notice and Adequate Assurance objections are due two days before the Sale Hearing. However, the "Summary of Important Dates" in the Global Bidding

3

      Procedures to be annexed to the Order as Exhibit 1, as ¶ 18, provides that adequate assurance objections are due at the Sale Hearing and is silent as to cure objections. Adequate Assurance objections and cure objections with respect to Additional Contracts should both be due as of the Sale Hearing.

    v.   The Sale Hearing as to Additional Contracts should go forward on October 1, 2015 as to consensual assignments only as affected contract counterparties will have had very little advance notice of the identity of the proposed assignee and, given the slow pace at which leases will be assumed and assigned under the Stalking Horse Agreements, there does not appear to be a reason for the Bankruptcy Court to hear contested lease assignments on very little notice.

**(ii)**   **The Landlords Request an Evidentiary Hearing and the Establishment of a Discovery Schedule for Contested Lease Assignments in Accordance with the Federal Rules of Bankruptcy Procedure**

5.   Pursuant to Rule 6006(a) of the Federal Rules of Bankruptcy Procedure, the Bid Procedures Motion initiated a contested matter under Rule 9014. See Fed. R. Bankr. P. 6006(a) ("[a] proceeding to assume, reject, or assign an . . . unexpired lease, other than as part of a plan, is governed by Rule 9014").

6.   Rule 9014(c) contemplates the applicability of most of the discovery-related rules that govern adversary proceedings. See Fed. R. Bankr. P. 9014(c).

7.   Additionally, pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure, the Court "shall provide procedures that enable parties to ascertain at a reasonable time before any scheduled hearing whether the hearing will be an evidentiary hearing at which witnesses will testify." Fed. R. Bankr. P. 9014(e).

4

8. To the extent the Landlords cannot reach agreement with the Debtors and any proposed assignee(s) regarding a consensual assumption and assignment of any of the Leases, the Landlords may wish to take discovery before an evidentiary hearing on any proposed assumption and assignment of any of the Leases.

9. Accordingly, with respect to any non-consensual requests to assume and assign any Leases, the Landlords respectfully ask this Court to use the Sale Hearing as a status conference to establish a discovery schedule and an appropriate date for a final evidentiary hearing on such contested assignments of Leases.

### III.    JOINDER IN OTHER LANDLORD OBJECTIONS

10. The Landlords join in the objections of other landlords to the extent not inconsistent with the objections raised herein.

WHEREFORE, the Landlords respectfully request that this Court enter an order:

a. Sustaining this Objection;

b. Establishing a fair and appropriate discovery and evidentiary hearing schedule in connection with any non-consensual request to assume and assign any of the Leases;

c. Requiring changes to the proposed "Global Bidding Procedures" and proposed form of Order consistent with the specific requests set forth herein; and

d. Granting the Landlords such other and further relief as the Court deems appropriate.

Dated:  August 3, 2015

/s/ Ilan Markus
Niclas A. Ferland, Esq.
Ilan Markus, Esq.
LeClairRyan, a Professional Corporation
545 Long Wharf Drive, 9th Floor
New Haven, CT  06511
Tel:  (203) 672-3211
Fax: (203) 672-3232
Email:  niclas.ferland@leclairryan.com
           ilan.markus@leclairryan.com

Counsel to:   Cardinal Capital Partners, Inc., Benenson Capital Company LLC, and certain of their respective affiliates as set forth on Schedule A attached hereto

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2015, this Objection was sent via (i) the Court's electronic filing system and via electronic mail to Debtors' counsel, Ray C. Schrock (ray.schrock@weil.com) and Garrett Fail (garrett.fail@weil.com), and to the Office of the United States Trustee, Brian Masumoto (nbank60@hotmail.com) and Richard Morrissey (Richard.Morrissey@usdoj.gov), and (ii) Federal Express overnight mail to the Debtors, c/o/ The Great Atlantic and Pacific Tea Company, Inc., 2 Paragon Drive, Montvale New Jersey 07645 (Attn: Christopher W. McGarry and Matthew Bennett).

/s/ Ilan Markus
Ilan Markus, Esq.