Niclas A. Ferland, Esq.
Ilan Markus, Esq.
LeClairRyan, A Professional Corporation
545 Long Wharf Drive, Ninth Floor
New Haven, Connecticut  06511
Telephone:  (203) 672-3211
Facsimile:  (203) 672-3232

Counsel to the Landlords set forth on Schedule A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Case No. 15-23007 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION BY CARDINAL CAPITAL PARTNERS, INC., BENENSON CAPITAL COMPANY LLC, AND CERTAIN OF THEIR RESPECTIVE AFFILIATES TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 363 AND 365 AND FED. R. BANKR. P. 2002, 6004 AND 6006 FOR APPROVAL OF GLOBAL SALE AND LEASE RATIONALIZATION PROCEDURES [DOC. ID. 27]**

Cardinal Capital Partners, Inc., Benenson Capital Company LLC, and certain of their Respective Affiliates (the "Landlords") hereby submit this Limited Objection to Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr.P. 2002, 6004 and 6006 for Approval of Global Sale and Lease Rationalization Procedures [Doc. Id. 27] (the "Sale Procedures Motion"), and in support thereof, state as follows:

**I.    BACKGOUND**

1.    On July 19, 2015 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The Landlords are the landlords and certain of the Debtors are the tenants pursuant to eight (8) unexpired leases (the "Leases") of nonresidential real property for retail supermarkets (the "Premises") at single tenant properties in New York, New Jersey and Connecticut, and a Wyoming property subleased to third party (collectively, the "Properties").

3. Pursuant to the Sale Procedures Motion, the Debtors seek approval of an Order for the purpose of establishing auction procedures for the possible assumption and assignment of certain of their real property leases for Tier II Stores,[1] including at least one of the Leases, to one or more proposed assignees (the "Proposed Assignees") for the Debtors' leases (the "Sale Procedures").

## II. OBJECTIONS

### (i) The Debtors' Proposed Sale Procedures Should be Modified.

4. The Sale Procedures are generally acceptable, however, there are a number of ambiguities and specific issues that should be changed. All references below are to paragraphs of the Global Sale and Lease Rationalization Procedures attached to the proposed form of Order granting the Sale Procedures Motion:

  i. ¶ II: ¶ II: The definition of Transaction Notice Parties should be expanded to include counsel of record to each contract counterparty.

  ii. ¶ VI.B.: The definition of Cure Notice Parties should be expanded to include counsel of record to each contract counterparty.

---

[1] Capitalized terms that are used but not defined, herein, shall have the meanings ascribed to such terms in the Sale Procedures Motion.

2

  iii. ¶¶ IV.A., V.A., and VI.A.:  Simultaneously with the filing of a Transaction Notice, a Transaction Motion, or an Assumption and Assignment Notice, contract counterparties should be provided with all materials that will be offered as evidence and a summary of any proposed testimony in connection with the Debtors' efforts to meet their burden of proof as to adequate assurance of future performance of Lease terms pursuant to 11 U.S.C. § 365(b)(1)(C).

  iv. ¶¶ IV.B., V.B., and VI.D.:   These subsections provide that the deadline for parties to object to a Transaction Notice, a Transaction Motion, or an Assumption and Assignment Notice is seven (7) days after service of such notice.  As in the Debtors' prior bankruptcy case, where the deadline to object to assumption and assignment of Leases was ten (10) days, the deadline to object to a Transaction Notice, a Transaction Motion, or an Assumption and Assignment Notice in this case should be ten (10) days after service of such notice

**(ii)** **The Landlords Request an Evidentiary Hearing and the Establishment of a Discovery Schedule for Contested Lease Assignments in Accordance with the Federal Rules of Bankruptcy Procedure**

5. Pursuant to Rule 6006(a) of the Federal Rules of Bankruptcy Procedure, the Bid Procedures Motion initiated a contested matter under Rule 9014.  <u>See</u> Fed. R. Bankr. P. 6006(a) ("[a] proceeding to assume, reject, or assign an . . . unexpired lease, other than as part of a plan, is governed by Rule 9014").

6. Rule 9014(c) contemplates the applicability of most of the discovery-related rules that govern adversary proceedings.  <u>See</u> Fed. R. Bankr. P. 9014(c).

7. Additionally, pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure, the Court "shall provide procedures that enable parties to ascertain at a reasonable

time before any scheduled hearing whether the hearing will be an evidentiary hearing at which witnesses will testify." Fed. R. Bankr. P. 9014(e).

8. To the extent the Landlords cannot reach agreement with the Debtors and any proposed assignee(s) regarding a consensual assumption and assignment of any of the Leases, the Landlords may wish to take discovery before an evidentiary hearing on any proposed assumption and assignment of any of the Leases.

9. Accordingly, with respect to any non-consensual requests to assume and assign any Leases, the Landlords respectfully ask this Court to use the preliminary hearing as a status conference to establish a discovery schedule and an appropriate date for a final evidentiary hearing on such contested assignments of Leases.

### III.   JOINDER IN OTHER LANDLORD OBJECTIONS

10. The Landlords join in the objections of other landlords to the extent not inconsistent with the objections raised herein.

WHEREFORE, the Landlords respectfully request that this Court enter an order:

a. Sustaining this Objection;

b. Establishing a fair and appropriate discovery and evidentiary hearing schedule in connection with any non-consensual request to assume and assign any of the Leases;

c. Requiring changes to the proposed Global Sale and Lease Rationalization Procedures and proposed form of Order consistent with the specific requests set forth herein; and

d. Granting the Landlords such other and further relief as the Court deems appropriate.

Dated: August 3, 2015

/s/ Ilan Markus
Niclas A. Ferland, Esq.
Ilan Markus, Esq.
LeClairRyan, a Professional Corporation
545 Long Wharf Drive, 9th Floor
New Haven, CT  06511
Tel:  (203) 672-3211
Fax: (203) 672-3232
Email:  niclas.ferland@leclairryan.com
            ilan.markus@leclairryan.com

Counsel to:   Cardinal Capital Partners, Inc., Benenson Capital
                      Company LLC, and certain of their respective
                      affiliates as set forth on Schedule A attached hereto

# CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2015, this Objection was sent via (i) the Court's electronic filing system and via electronic mail to Debtors' counsel, Ray C. Schrock (ray.schrock@weil.com) and Garrett Fail (garrett.fail@weil.com), and to the Office of the United States Trustee, Brian Masumoto (nbank60@hotmail.com) and Richard Morrissey (Richard.Morrissey@usdoj.gov), and (ii) Federal Express overnight mail to the Debtors, c/o/ The Great Atlantic and Pacific Tea Company, Inc., 2 Paragon Drive, Montvale New Jersey 07645 (Attn: Christopher W. McGarry and Matthew Bennett).

/s/ Ilan Markus
Ilan Markus, Esq.