FOX ROTHSCHILD LLP
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900

and

FOX ROTHSCHILD LLP
Michael Viscount (*admitted pro hac vice*)
Raymond Patella (*admitted pro hac vice*)
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, New Jersey 08401
(609) 348-4515

and

FOX ROTHSCHILD LLP
Marie C. Dooley (*admitted pro hac vice*)
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103
(215) 299-2000

*Attorneys for MCB Landlords and MCB Real Estate LLC as authorized representative for the MCB Landlords*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 |
| : | |
| THE GREAT ATLANTIC & PACIFIC : | Case No. 15-23007 (RDD) |
| TEA COMPANY, INC., *et al.*, : | |
| : | (Jointly Administered) |
| Debtors[1]. : | |

---------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors federal tax identification number, are as follows: Two Thousand Eight Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, In c. (9612); Plainbridge LLC (5965); Shopwell, Inc. (3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

**LIMITED OBJECTION OF THE MCB LANDLORDS AND MCB REAL ESTATE LLC, AS AUTHORIZED REPRESENTATIVE FOR THE MCB LANDLORDS, TO (1) MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105,363, 365 AND 503 AND FED. R. BANKR. P. 2002, 6004 AND 6006 FOR APPROVAL OF: (I) (A) GLOBAL BIDDING PROCEDURES, (B) BID PROTECTIONS, (C) FORM AND MANNER OF NOTICE OF SALE TRANSACTIONS AND SALE HEARING, AND (D) ASSUMPTION AND ASSIGNMENT PROCEDURES; AND (II) (A) PURCHASE AGREEMENTS (B) SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, AND (C) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES AND (2) MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 363 AND 365 AND FED. R. BANKR. P. 2002, 6004 AND 6006 FOR APPROVAL OF GLOBAL SALE AND LEASE RATIONALIZATION PROCEDURES**

MCB Real Estate LLC, for itself and as agent for the MCB Landlords more particularly identified herein (collectively "MCB" or "Objector"), by and through its attorneys, Fox Rothschild LLP, respectfully submits this limited objection (the "Objection") to (1) the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 363, 365 and 503 and Fed. R. Bankr. P. 2002, 6004 and 6006 for Approval of (I)(A) Global Bidding Procedures, (B) Bid Protections, (C) Form and Manner of Notice of Sale Transactions and Sale Hearing, and (D) Assumption and Assignment Procedures; and (II) (A) Purchase Agreement (B) Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, and (C) Assumption and Assignment of Certain Executory Contracts and Leases* [Docket No. 26] (the "Global Sale Motion") and (2) *the Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 for Approval of Global Sale and Lease Rationalization Procedures* [Docket No. 27] (the "Global Lease Assumption Motion" and together with the Global Bidding Motion herein called the "Motions").

**PRELIMINARY STATEMENT**

1. The MCB Landlords are: (i) OLP-MCB Philly-Cottman, LLC ("MCB Cottman") which owns the premises leased by the Debtors for a Pathmark store located at 840 Cottman

Avenue, Philadelphia, PA (the "Cottman Ave Store"); (ii) BOIV Belleville MCB, LLC ("MCB Belleville") which owns the premises leased by the Debtors for a Pathmark store located at 115 Belmont Avenue, Belleville, NJ (the "Belleville, NJ Store"); (iii) MCB East Brunswick, LLC which owns the premises leased by the Debtors for a the Pathmark store located at 50 Racetrack Road, East Brunswick, NJ (the "East Brunswick NJ Store"); and (iv) MCB Glenolden, LP ("MCB Glenolden") which owns the premises leased by the Debtors for a Pathmark store at 140 North MacDade Boulevard, Glenolden, PA (the "Glenolden PA Store"). For purposes of this Objection, the above referenced stores are called the "MCB Stores", and the respective leases are called the "MCB Leases". Each of the MCB Stores is located within a "shopping center" as that term is used in §365(b)(3) of the Bankruptcy Code.

2. On July 20, 2015 (the "Petition Date"), the Debtors filed their petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court"). Upon information and belief, to date the Debtors remain in possession of their assets and businesses.

3. On the Petition Date, the Debtors also filed the both of the Motions which in part seek to establish procedures for assumption and assignment of non-residential real property leases in conjunction with the sale by the Debtors of stores referred to in the Motions as Tier I Stores and Tier II Stores,[2] and sanction notice requirements proposed by the Debtors in connection with the sale and lease assumption and assignment process.

---

[2] Capitalized terms used herein without definition shall have the meanings assigned to them in the Motions unless the context clearly indicates to the contrary.

4. None of the MCB Landlords is currently identified as a Tier I or Tier II store, but the Glenolden PA Store remains subject to designation as a Tier II Store.[3]

## LIMITED OBJECTIONS

5. The following are objections to and proposed changes to be incorporated in (i) the Proposed Notice Requirements, and (ii) the Assumption and Assignment Procedures:

(a) Each affected landlord and its counsel, if know, should be given notice directly in connection with a proposed sale that includes the assumption and assignment of the lease of the landlord. Right now, as proposed, the affected landlord is not included within the definition of "Transaction Notice Parties" as that term is used in the Motions.

(b) The term "Lease Assumption and Assignment Procedures" is referred to and used in the Global Sale and Lease Rationalization Procedures, but that term is nowhere defined by the Debtors in their Motions. Instead, the Global Sale Motion uses the term "Assumption and Assignment Procedures." If the terms mean the same, one or the other should be used consistently in the Orders of the Court adopting procedures for assumption and assignment of leases. If the terms are not the same, the Debtors should be required to explain the difference.

(c) The Global Sale Motion refers to a "Cure Notice" and the Global Lease Assumption Motion refers to an "Assumption and Assignment Notice." The Court should require, and any final order approving procedures for assumption and assignment of leases should provide, that (1) there be a single notice to landlords of leases proposed for assumption and assignment, (2) the single notice include both (i) the proposed Cure Costs and (ii) the proposed adequate assurance of future performance offered by the Staking Horse or other

---

[3] The stores in shopping centers owned by the other three MCB Landlords are currently identified as Tier III stores that are expected to be rejected by the Debtors.

purchaser, and (3) the terminology used on all procedures remain consistent from document to document.

6. In addition to the foregoing, MCB joins in all other objections to the Motions filed by landlords, and posits that any variation on the procedures given to any landlord should also be given to the MCB Landlords and all other landlords.

WHEREFORE, MCB respectfully requests that the Court deny the relief sought by the Debtors in the Motion or that it grant relief in a modified form as set forth in this Objection, and also that the Court grant such other and further relief as is just and appropriate.

Dated: August 3, 2015

FOX ROTHSCHILD LLP

By: */s/ Michael Viscount*
Michael Viscount (*admitted pro hac vice*)
Raymond Patella (*admitted pro hac vice*)
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, New Jersey 08401
(609) 348-4515

and

Marie C. Dooley (*admitted pro hac vice*)
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103
(215) 299-2000

*Attorneys for MCB Landlords and MCB Real Estate LLC as authorized representative for the MCB Landlords*