ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 Third Avenue, 9th Floor
New York, New York 10022
(212) 603-6300
**Fred B. Ringel**
*Attorneys for Greenburgh Shopping Center*
*Associates, 255 Mall LLC and Feil Whitestone LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 11<br>Case No. 15-23007 (RDD) |

**The Great Atlantic & Pacific Tea Company, Inc.**
Et al

                                Debtors.

-------------------------------------------------------X

OBJECTION OF GREENBURGH SHOPPING CENTER ASSOCIATES, 255 MALL LLC AND FEIL-WHITESTONE LLC TO THE (I) MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 363, 365 AND 503 AND FED. R. BANKR. P. 2002, 6004 AND 6006 FOR APPROVAL OF: (I) (A) GLOBAL BIDDING PROCEDURES, (B) BID PROTECTIONS, (C) FORM AND MANNER OF NOTICE OF SALE TRANSACTIONS AND SALE HEARING, AND (D) ASSUMPTION AND ASSIGNMENT PROCEDURES; AND (II) (A) PURCHASE AGREEMENTS, (B) SALE OF CERTAIN OF THE DEBTORS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, AND (C) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES AND (II) THE DEBTORS' MOTIONPURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004 AND 6006 FOR APPROVAL OF GLOBAL SALE AND LEASE RATIONALIZATION PROCEDURES

TO THE HON, ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

       Greenburgh Shopping Center Associates, 255 Mall LLC and Feil-Whitestone

LLC (collectively, the "Landlords") by their undersigned counsel, hereby file its

objection to the (i) Motion Of Debtors Pursuant To 11 U.S.C. §§ 105, 363, 365 and

503 and Fed. R. Bankr. P. 2002, 6004 and 6006 for Approval of: (I)(A) Global Bidding Procedures, (B) Bid Protections, (C) Form and Manner of Notice of Sale Transactions and Sale Hearing, and (D) Assumption And Assignment Procedures; and (II)(A) Purchase Agreements (B) Sale Of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, and (C) Assumption and Assignment Of Certain Executory Contracts and Leases (Docket No. 26; the "Tier I Sales Procedures Motion") and (ii) the Debtors' Motion pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006 for the Approval of Global Sale and Lease Rationalization Procedures (the "Tier II Sales Procedure Motion")(the Tier I Sales Procedures Motion and the Tier II Sales Procedure Motion are sometimes collectively referred to herein as the "Motions") in support thereof, respectfully set forth and allege as follows:

1. The Great Atlantic & Pacific Tea Company, Inc., and it affiliated co-debtors (the "Debtors"), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on July 19, 2015. The Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. The Debtors lease retail space from the Landlords pursuant to unexpired leases of non-residential real property (the "Leases"). Each of the Leases is located in a shopping center as that term is used in section 365 of the Bankruptcy Code. Greenburgh Shopping Center Associates and 255 Mall LLC are owners of shopping centers designated as Tier 1 Stores. Feil-Whitestone is the owner of a shopping center designated as a Tier II store.

3. On July 20, 2015, the Debtors filed the Tier 1 Sale Procedure Motion

and the Tier II Sales Procedure Motion. While the Motion sets forth a compressed and aggressive time frame for the sales of the Tier I and Tier II leases (as defined in the Motion), such sales must be consistent with the due process rights of the Landlords and their rights under the Bankruptcy Code. In that regard, the Debtors two motions raise several concerns which have prompted the filing of this objection.

4. The Landlords note (and as also set forth in the limited objection filed by Brixmor Properties Group-ECF Docket. No 255) there was an enormous effort was expended in the Debtors' prior chapter 11 cases to consensually negotiate parameters for Motions such as these and there is nothing set forth in the Motions that leads the Landlords to believe that departing for the negotiated parameters set forth in the prior cases would be justified here. For example, there is no good reason for reducing the ten (10) calendar days to object to any proposed cure and assumption and assignment of a Tier II lease to the seven (7) provided in the Motion. Similar reductions are provided with respect to Tier I leases. Similarly, there is no reason to deviate from the prior orders provisions for service of the assumption and cure notices on Landlord's counsel by email, especially where the time frames are truncated to begin with. The order in the prior case provided that any assumption and assignment notice would include a delivery of adequate assurance information and a proposed form of order. Finally, the prior order provided that any hearing on unresolved objections would take place no earlier than ten (10) calendar days after the objection deadline. The order is this case should balance the party's rights by containing the same provisions.

5. Moreover, any order granting the assumption and assignment of a shopping center lease must assume the whole lease and must strictly comply with

{00743176.DOC;1 }3

the provisions of Section 365(b)(1)(C) with regard to adequate assurances of future performance. In addition, any potential assignee must comply with all of the provisions of the lease, including any use restrictions. The heightened adequate assurance requirements that the Debtors must satisfy under Section 365(b)(3) includes the following:

(i) the source of rent and that the financial condition and operating performance of the proposed assignee and its guarantors, if any, must be similar to the financial condition and operating performance of the debtor and its guarantor(s), if any, as of the time the debtor became the lessee. See 11 U.S.C. § 365(b)(3)(A);

(ii) that any percentage rent due under the lease will not decline substantially. See 11 U.S.C. § 365(b)(3)(B); • that assumption and assignment of the lease is subject to all provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach of any such provision in any other lease, financing agreement, or master agreement relating to such shopping center. See 11 U.S.C. § 365(b)(3)(C); and

(iii) that assumption and assignment of the lease will not disrupt the tenant mix or balance in the shopping center. See 11 U.S.C. § 365(b)(3)(D).

6. With respect to the Tier II stores, the Landlord's concern is heightened because the potential assignee is unknown. In the event that the proposed assignee is a newly formed entity, the Landlords intend to hold the proposed assignee to strict compliance with section 365(b)(1)(C) including the potential requirement of credit enhancement.

7. The Motion seeks authority for the assumption and assignment of the Leases to be free and clear of all claims. See Motion at ¶¶ 21 & 22. Landlords object to any assumption and assignment free and clear of Debtors' obligations to satisfy unbilled reconciliations and adjustments that have accrued under the Leases prior to assumption and assignment, but which have not yet been billed.

8. In the event an objection regarding the assumption and assignment of

any lease is unable to be resolved consensually with the Debtor, the Landlord should not be deemed to have waived its right to an evidentiary hearing on the issue of adequate assurances of future performance or any other relevant issue. In particular, the compressed time frame for both Motions seems intended or may have the affect of prejudicing the Landlord's right to seek discovery on any contested lease assumption issue. One example of this is the fact that there are only two business days between the conclusion of the auction and the deadline to object to adequate assurance information provided by buyers of Tier I leases who are not the stalking horse bidders.

9. The Landlords object to any waiver of requirements of Federal Rule of Bankruptcy Procedure ("Rule") 6004(g) and 6006(d), especially to the extent it adversely affects the Landlords' appellate rights there under. Such a waiver is unnecessary and inequitable. These subsections were added to the Rules specifically to protect the rights of the objecting parties, and thus eliminate the "rush to the courthouse" to obtain stay orders by those parties adversely affected by entry of orders under Sections 363 or 365. Landlords should not have their appellate rights compromised by an unnecessary and advance waiver of these protections, particularly since Debtors have not established any cause for such a waiver.

10. In addition to the above, Landlords reserve all rights with respect to any objections, including but not limited to: (i) raising all appropriate objections at the time of any proposed assumption and assignment of any Lease; (ii) raising all objections to deficiencies in the receipt of adequate assurance of future performance information; (iii) objecting to the form of any documents and order proposed in connection with any request for assumption and assignment; (iv) object to any

designation rights procedures that impacts that Leases; and (v) requiring any proposed assumption and assignment to comply with all lease terms.

11. To the extent consistent with the objections expressed herein, Landlords also join in the objections of other shopping center lessor to the Debtors' proposed relief.

**WHEREFORE**, the Landlords respectfully request that the Court should not grant the motion unless it is modified to address the objections raised above and adequately protect the rights of Landlords, and grant such further relief as the Court deems proper.

DATED: New York, New York
July 20, 2015

>ROBINSON BROG LEINWAND GREENE
>GENOVESE & GLUCK P.C.
>**Attorneys for Greenburgh Shopping Center Associates, 255 Mall LLC AND Feil-Whitestone LLC**
>875 Third Avenue, 9th Floor
>New York, New York 10022
>(212) 603-6309
>
>By /s/ Fred B. Ringel
>    Fred B. Ringel

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail and via email, postage pre-paid to:

Ray C. Schrock (ray.schrock@weil.com)
Garrett A. Fail (garrett.fail@weil.com)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007, P.C.
 Counsel for the Debtor;

on August 3, 2015

/s/ Fred B. Ringel
Robinson Brog Leinwand Greene
Genovese & Gluck, P.C.
 875 Third Avenue, 9th Floor
 New York, New York 10022
  Tele No. 212-603-6300