Hearing Date and Time: 8/10/2015 at 10:00 A.M.
Objection Deadline: 8/3/2015 at 5:00 P.M.

LAW OFFICE OF
MICHAEL H. LANDIS, LLC
By: Michael H. Landis, Esquire[1]
Two Neshaminy Interplex, Suite 204
Trevose, PA  19053
Phone: 215.244.0880
Fax: 215.244.0425
E-mail: mlandis@mlandislaw.com
*Attorney for Grays Ferry Partners, LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

THE GREAT ATLANTIC & PACIFIC
TEA COMPANY, INC., et al.

    Debtors

CHAPTER 11

Case No. 15-23007 (RDD)

(Jointly Administered)

**OBJECTION OF GRAYS FERRY PARTNERS, LP TO
DEBTORS' MOTIONS FOR APPROVAL OF: (1) LEASE ASSUMPTION
AND ASSIGNMENT PROCEDURES; AND (2) GLOBAL SALE
AND LEASE RATIONALIZATION PROCEDURES**

Grays Ferry Partners, LP f/k/a Grays Ferry Shopping Center Associates ("Landlord") responds to the Debtors' motions filed at Docket Nos. 26 and 27 (collectively, the "Motion") as follows:

1. Pursuant to a Lease dated June 29, 1988 (as amended and supplemented, the "Lease"), A&P Real Property, LLC (one of the Debtors) leases

---

[1] On July 27, 2015, Mr. Landis filed a Motion For Admission To Practice, Pro Hac Vice, in this bankruptcy case. This Motion is still pending before the Court.

1

certain retail space from Landlord (the "Premises") pursuant to an unexpired lease of non-residential real property at the Grays Ferry Shopping Center in Philadelphia, Pennsylvania. The Lease is guaranteed by Pathmark Stores, Inc. (another one of the Debtors) pursuant to a Guaranty dated March 13, 2012. The Debtors operate a Pathmark grocery store at the Premises (Pathmark Store No. 72532).

2. The Lease is a lease of real property in a shopping center as that term is used in Section 365(b)(3). *See In Re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

3. The Lease has been identified by the Debtors as a "Tier II Store" which may (or may not) be subject to the initial auction and sale described in the "Tier I Process" (as those terms are defined in the Motion and related filings by the Debtors).

4. Landlord objects to the Motion because, among other things, it seeks to require Landlord to lodge and pursue any and all objections to the Debtors' proposed disposition of the Lease before: (a) the proposed assignee of the Lease is identified; (b) adequate assurance of future performance has been demonstrated; (c) the intended use of the Premises has been disclosed; (d) the Debtors have met their burden of proof in connection with the proposed transfer; and (e) Landlord has been provided with all of the information necessary to determine whether to object to any proposed assumption and assignment of the Lease (collectively, the "Lease Transfer Information"). Any order entered in connection with the Motion should first require the Debtors to provide Landlord with the Lease Transfer Information before Landlord

is required to file a response to any proposed assumption and assignment of the Lease.

5.  Landlord incorporates herein by reference the objections to the Motion filed by other landlords with unexpired leases of non-residential real property in shopping centers, including but not limited to those objections filed at Docket Nos. 255 and 271.

6.  For the reasons set forth herein, any order entered in connection with the Motion should be modified to address the objections stated herein.

Respectfully submitted,

LAW OFFICES OF
MICHAEL H. LANDIS, LLC

Dated: 3 August 2015

By: *Michael H. Landis*
Michael H. Landis, Esquire

Two Neshaminy Interplex, Suite 204
Trevose, PA 19053
Phone: 215-244-0880
Fax: 215-244-0425
E-mail: mlandis@mlandislaw.com