WESTERMAN BALL EDERER MILLER
  ZUCKER & SHARFSTEIN, LLP
1201 RXR Plaza
Uniondale, New York 11556
 (516) 622-9200
John E. Westerman, Esq.
Thomas A. Draghi, Esq.
Mickee M. Hennessy, Esq.

*Counsel to Vets & Sparton, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

In re:                                                                                  Chapter 11
                                                                                        Case No. 15-23007 (RDD)

THE GREAT ATLANTIC & PACIFIC TEA
COMPANY, INC., *et al.*,                                                                 (Jointly Administered)

                              Debtors.
---------------------------------------------------------------------X

**JOINDER OF VETS & SPARTON, LLC TO LANDLORDS' LIMITED OBJECTIONS TO (I) THE DEBTORS' MOTIONS PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004 AND 6006 FOR APPROVAL OF GLOBAL SALE AND LEASE RATIONALIZATION PROCEDURES [DOCKET NOS. 26 AND 27]; (II) DEBTORS' MOTION FOR APPROVAL OF (I) GLOBAL PROCEDURES FOR (A) STORE CLOSINGS, (B) THE EXPEDITED SALE, TRANSFER, OR ABANDONMENT OF DE MINIMIS ASSETS, AND (C) REJECTING UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, AND (II) ENTRY INTO A LIQUIDATION CONSULTING AGREEMENT [DOCKET NO. 20] AND (III) FOR RELATED RELIEF**

Vets & Sparton, LLC ("**Landlord**"), by and through its counsel, Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, hereby joins in the objections filed by various landlords to the referenced Debtors' Motions Pursuant To Sections 105, 363, 365 and 554 Of The Bankruptcy Code (Docket Nos. 20, 26 and 27 collectively, the "**Sale/Liquidation Procedures Motions**"), and respectfully states as follows:

1. On July 20, 2015 (the "**Petition Date**"), the above captioned debtors (each a "**Debtor**", and collectively, the "**Debtors**") filed for relief under Chapter 11 of Title 11 of the

United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York. The Debtors' Chapter 11 cases are being jointly administered.

2. On the Petition Date, the Debtors also filed the referenced Sale/Liquidation Procedures Motions.

3. One of the Debtors leases retail space from the Landlord at the real property located at 1235 Veterans Memorial Highway, Hauppauge, New York ("**Leased Premises**") pursuant to a written lease of nonresidential real property dated as of April 10, 2000 (as amended, the "**Lease**"). The Lease has been identified by Debtors as a Tier II lease in the Sale/ Liquidation Procedures Motions.

4. Landlord hereby joins and incorporates by reference the objections filed by other landlords to the Sale/Liquidation Procedures Motions, as applicable to the Landlord's Lease, and any and all other objections by similarly situated landlords as applicable, including without limitation the *Limited Objection of Inland Commercial Real Estate Services, LLC* filed on July 24, 2015 [Docket No. 161] and the *Limited Objection of The Brixmor Properties Group, DLC Management Corp., Federal Realty Investment Trust, The Prudential Insurance Company of America, Acadia Realty Trust and Alecta Real Estate Investment, LLC* filed on August 3, 2015 [Docket No. 255] (and collectively with other objections, the "**Other Landlords Objections**"), incorporated by reference, together with all the reservations of rights set forth in the Other Landlords Objections.

5. Among other objections:

- Landlord objects to the extent the procedures proposed by the Debtors in the Sale/Liquidation Procedures Motions reduces any time periods within which Landlords may object to assumption and assignments of leases and/or cure amounts asserted by the Debtors, from those procedures previously approved by this Court in Debtors' prior bankruptcy cases (*i.e., In re The Great Atlantic and Pacific Tea Company, Inc., et al.,* Case No. 10-24549 (RDD), the "**Prior Case**");

- Landlord objects to the extent Debtors propose to limit or reduce any information concerning the proposed assignee of the Lease and adequate assurances of future performance from that approved in the Prior Case. In this regard, proposed assignees should be compelled to demonstrate to landlords (and not just Debtors) the financial wherewithal and willingness to perform under the operative leases, with reasonable time for landlords consider and if warranted object; and

- In the event Debtors ultimately determine to reject the Lease, Landlord objects to the Debtors' proposed store closure procedures as providing insufficient notice of intention to reject and liquidate with an opportunity for Landlord to object. Landlord further objects to the extent the Sale/Liquidation Motion Procedures fail to contemplate negotiation of mutually acceptable store closing procedures as between Landlord and Debtors.

6. The Landlord joins in the Other Landlords Objections and their requested relief and the objections of any other landlords of the Debtors to the extent that such objections are applicable to Landlord and this Lease, and not inconsistent with this Objection.

7. Nothing contained in this Objection is or will constitute a waiver of any rights or remedies of the Landlord under the Lease, the Bankruptcy Code, or other applicable law. The Landlord reserves all rights to supplement this Objection and to be heard before the Court regarding the subject matter of this Objection.

**Conclusion**

For the foregoing reasons, the Landlord respectfully requests that any order granting the Debtors' relief requested in the Sale/Liquidation Procedures Motions be conditioned upon the Debtors adequately addressing the objections raised herein and in the Other Landlords Objections, and that such other and further relief be granted as the Court deems just and proper.

Dated:  Uniondale, New York
        August 3, 2015

                                        **WESTERMAN BALL EDERER MILLER
ZUCKER & SHARFSTEIN, LLP**

                                        By:  */s/ Mickee M. Hennessy*
                                              Mickee M. Hennessy, Esq.
                                              Thomas A. Draghi, Esq.
                                        1201 RXR Plaza
                                        Uniondale, New York 11556
                                        (516) 622-9200

                                        *Counsel to Vets & Sparton, LLC*