BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000
Andrew Eckstein, Esq.

- and -

BLANK ROME LLP
1201 Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
Michael DeBaecke, Esq.
Victoria Guilfoyle, Esq.

Attorneys for Big Lots Stores, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE GREAT ATLANTIC & PACIFIC TEA | ) Case No. 15-23007 (RDD) |
| COMPANY, INC., *et al.*, | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Re: Dkt. No. 173** |

**RESPONSE AND RESERVATION OF RIGHTS OF BIG LOTS STORES, INC.**
**TO OMNIBUS MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 365, FED. R.**
**BANKR. P. 6006, AND LOCAL RULE 6006-1 TO REJECT CERTAIN UNEXPIRED**
**LEASES AND RELATED SUBLEASES OF NONRESIDENTIAL REAL PROPERTY**

Big Lots Stores, Inc. ("Big Lots") hereby files this Response and Reservation of Rights

with respect to the Omnibus Motion of Debtors Pursuant to 11 U.S.C. § 365, Fed. R. Bankr. P.

6006, and Local Rule 6006-1 to Reject Certain Unexpired Leases and Related Subleases of

Nonresidential Real Property [D.I. 173] (the "Motion") filed by the above-captioned debtors and

debtors in possession (collectively, the "Debtors"):

**BACKGROUND**

1.     On or about July 19, 2015 (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2.     On July 20, 2015, the Court entered an order authorizing joint administration of these cases. The Debtors continue to operate their businesses and manage their property as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     On July 24, 2015, the Debtors filed the Motion seeking, among other things, an order authorizing the Debtors to reject several lease and sublease agreements, including: (1) the lease (the "Master Lease") of certain nonresidential real property located at 949 Church Road, Cherry Hill, New Jersey (the "Premises") by and between Debtor A&P Real Property, LLC ("A&P"), on the one hand, and, upon information and belief, Jay Birnbaum – Cherry Hill LLC and ILF-Cherry Hill, LLC (together, the "Master Landlord"), on the other hand, and (2) the sublease agreement dated as of June 2, 2010 (the "Sublease") of a portion of the Premises (the "Sublet Premises") by and between A&P and Big Lots.

4.     Pursuant to the Master Lease, A&P leases the Premises, which is located in a shopping center owned by the Master Landlord. Pursuant to the Sublease, Big Lots leases the Sublet Premises from A&P. The term of the Sublease is not scheduled to expire until April 29, 2019.

5.     Pursuant to the Sublease, Big Lots pays to A&P monthly rent of $25,164.71. Upon information and belief, A&P, in turn, pays monthly rent to the Master Landlord pursuant to the Master Lease.

145702.06501/101269048v.1

## OBJECTION

6.      Big Lots objects to a rejection of the Sublease to the extent that Big Lots' election

rights under section 365(h) of the Bankruptcy Code are not adequately preserved.

7.      In cases where a debtor is a lessor of nonresidential real property and the term of the

subject lease has commenced, section 365(h)(1) of the Bankruptcy Code provides:

> the lessee may retain its rights under such lease (including rights such as
> those relating to the amount and timing of payment of rent and other
> amounts payable by the lessee and any right of use, possession, quiet
> enjoyment, subletting, assignment, or hypothecation) that are in or
> appurtenant to the real property for the balance of the term of such lease and
> for any renewal or extension of such rights to the extent that such rights are
> enforceable under applicable nonbankruptcy law.

Bankruptcy Code § 365(h)(1).

8.      Big Lots seeks to preserve all election rights under section 365(h) and applicable

nonbankruptcy law to remain in possession of the Sublet Premises and to adhere to the terms of the

Sublease, notwithstanding a rejection of the Sublease.  As such, Big Lots requests that the

following language be included in any order approving rejection of the Sublease.

> Pursuant to Section 365(h) of the Bankruptcy Code, nothing in this Order
> modifies, limits or otherwise affects Big Lots Stores, Inc.'s rights with
> respect to the continued occupancy and possession of the sublet property
> located at 949 Church Road, Cherry Hill, New Jersey.  Additionally, Big
> Lots Stores, Inc. shall retain all rights to pursue claims against the Debtors'
> estates and the Debtors retain the right to contest any such claims.

9.      Big Lots also takes issue with the requested effective date of any rejection of the

Sublease.  The Motion requests a rejection effective date of the earlier of the date the Debtors

surrender the Premises to the Master Landlord or the date of the entry of an order granting the

Motion.  The Debtors are not able to surrender the Premises to the Master Landlord given Big Lots

current possession of the Sublet Premises.  So, the effective date of any rejection should not be any

earlier than the date of entry of any order approving rejection of the Sublease.

3

**RESERVATION OF RIGHTS**

10.     At the time the Sublease was signed, Big Lots made substantial improvements to the Sublet Premises based on the understanding it would have the benefit of operating in the Sublet Premises through the term of the Sublease.  If Big Lots is dispossessed of the Sublet Premises, the resulting loss of such improvements and related expenses would be substantial.  Additionally, any dispossession of Big Lots would require Big Lots to wind down its current operations at the Sublet Premises, thereby resulting in significant claims.

11.     Accordingly, Big Lots reserves all rights to assert all claims, administrative priority or otherwise, against the Debtors' estates for, *inter alia*, any damages resulting from a rejection of the Sublease.

12.     Big Lots also reserves the right to amend or supplement this Objection at or prior to the hearing on the Motion.  Big Lots does not waive and hereby expressly preserves all rights, claims, defenses and arguments as to the Debtors and all third parties.


        WHEREFORE, Big Lots respectfully requests that any order approving a rejection of the Sublease (i) provide for the preservation of Big Lots' election rights under section 365(h) of the Bankruptcy Code and (ii) grant such other and further relief as appears equitable and just.


Dated:  August 3, 2015                                    **BLANK ROME LLP**

                                                           */s/ Andrew Eckstein*
                                                          Andrew Eckstein, Esq. (AE-6142)
                                                          The Chrysler Building
                                                          405 Lexington Avenue
                                                          New York, NY 10174-0208
                                                          (212) 885-5000

145702.06501/101269048v.1

and

Michael DeBaecke, Esq.
Victoria Guilfoyle, Esq.
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

*Attorneys for Big Lots Stores, Inc.*

5