FOX ROTHSCHILD LLP
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900

and

FOX ROTHSCHILD LLP
Michael Viscount (*admitted pro hac vice*)
Raymond Patella (*admitted pro hac vice*)
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, New Jersey 08401
(609) 348-4515

and

FOX ROTHSCHILD LLP
Marie C. Dooley (*admitted pro hac vice*)
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103
(215) 299-2000

*Attorneys for MCB Landlords and MCB Real Estate LLC as authorized representative for the MCB Landlords*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*, | : : | Case No. 15-23007 (RDD) |
| | : | (Jointly Administered) |
| Debtors[1]. | : | |

---------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors federal tax identification number, are as follows: Two Thousand Eight Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, In c. (9612); Plainbridge LLC (5965); Shopwell, Inc. (3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

ACTIVE 30963015v1 08/05/2015

**MCB REAL ESTATE LLC'S LIMITED OBJECTION TO MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105, 363, 365 AND 554 FOR APPROVAL OF (I) GLOBAL PROCEDURES FOR (A) STORE CLOSINGS, (B) THE EXPEDITED SALE, TRANSFER, OR ABANDONMENT OF DE MINIMIS ASSETS, AND (C) REJECTING UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, AND (II) ENTRY INTO A LIQUIDATION CONSULTING AGREEMENT**

MCB Real Estate LLC, for itself and as agent for the MCB Landlords more particularly identified herein (collectively "MCB" or "Objector"), by and through its attorneys, Fox Rothschild LLP, respectfully submits this limited objection (the "Objection") to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 363, 365 and 554 for Approval of (1) Global Procedures for (A) Store Closings, (B) the Expedited Sale, Transfer, or Abandonment of De Minimis Assets, and (C) Rejecting Unexpired Nonresidential Real Property Leases, and (II) Entry into a Liquidation Consulting Agreement* (Dkt. No. 20) (the "Motion").

### PRELIMINARY STATEMENT

1.      The MCB Landlords are: (i) OLP-MCB Philly-Cottman, LLC ("MCB Cottmon") which owns the premises leased by the Debtors for a Pathmark store located at 840 Cottman Avenue, Philadelphia, PA (the "Cottman Ave Store"); (ii) BOIV Belleville MCB, LLC ("MCB Belleville") which owns the premises leased by the Debtors for a Pathmark store located at 115 Belmont Avenue, Belleville, NJ (the "Belleville, NJ Store"); (iii) MCB East Brunswick, LLC which owns the premises leased by the Debtors for a the Pathmark store located at 50 Racetrack Road, East Brunswick, NJ (the "East Brunswick NJ Store"); and (iv) MCB Glenolden, LP ("MCB Glenolden") which owns the premises leased by the Debtors for a Pathmark store at 140 North MacDade Boulevard, Glenolden, PA (the "Glenolden PA Store").  For purposes of this Objection, the above referenced stores are called the "MCB Stores", and the respective leases are

called the "MCB Leases". Each of the MCB Stores with the exception of the Cottman Ave Store is located within a "shopping center" as that term is used in §365(b)(3) of the Bankruptcy Code. *In re Joshua Slocum LTD*, 922 F.2d 1081, 1086-1088 (3rd Cir. 1991); *see In re Ames Department Stores, Inc.* 348 B.R. 91, 94 (Bankr. S.D.N.Y. 2006 (follows *In re Slocum*).

2. On July 20, 2015 (the "Petition Date"), the Debtors filed their petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court"). Upon information and belief, to date the Debtors remain in possession of their assets and businesses.

3. Immediately upon entry into bankruptcy, the Debtors proposed a sale process whereby they expect to sell certain of their stores (and their underlying leases) on a going concern basis and conduct store closing sales at others. The Debtors have identified approximately 120 of their locations as "Tier I Stores" that are likely to be sold to certain third-party bidders pursuant to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 363, 365 and 503 and Fed. R. Bank. P. 2002, 6004 and 6006 for Approval of: (I) (A) Global Bidding Procedures, (B) Bid Protections, (C) Form and Manner of Notice of Sale Transactions and Sale Hearing, and (D) Assumption and Assignment Procedures; and (II) (A) Purchase Agreements, (B) Sale of Certain Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, and (C) Assumption and Assignment of Certain Executory Contracts and Leases* (Dkt. No. 26) (the "Global Bidding Procedures Motion"). The Global Bidding Procedures Motion provides procedures for bidding on the Tier I Stores and 176 other store leases as well as assumption and assignment procedures for the same. None of the MCB Stores are included among the Tier I

Stores, but the Glenolden Store is included as an "additional store" subject to the Global Bidding Procedures Motion.

4. The Motion was also filed immediately upon the commencement of the Debtors' bankruptcy cases to address the disposition of twenty-five "Tier III Stores" that are unlikely to be sold to a third-party bidder. As set forth in the Motion, the Debtors intend to conduct store closing sales at these locations and to reject the associated leases. The Debtors also seek authority to conduct store closing sales in the future at additional locations not currently identified but which none the less are to be governed by the store closing procedures approved with respect to the Tier III Stores.

5. By the Motion, the Debtors also seek authority to engage a "Liquidation Consultant," to conduct the store closing sales.

6. The Cottman Store, the Belleville NJ Store and the East Brunswick NJ Store are among the Tier III Stores that are to be closed with their respective leases rejected by the Debtors.

7. At a hearing on July 27, 2015 (the "Interim Hearing"), the Court approved on an interim basis and with some modification the store closing procedures proposed by the Debtors (the "Proposed Global Store Closing Procedures") as set forth within the Court's July 28, 2015 *Interim Order Pursuant to 11 U.S.C. §§ 105, 363, 365 and 554 Approving (I) Global Procedures for (A) Store Closings, (B) the Expedited Sale, Transfer, or Abandonment of De Minimis Assets, and (C) Rejecting Unexpired Nonresidential Real Property Leases, and (II) Entry into a Liquidation Consulting Agreement* (Dkt. No. 204) (the "Interim Store Closing Order").

8. Also under the Interim Store Closing Order, the Court approved on an interim basis the Liquidation Consulting Agreement proposed by the Debtors with Gordon Brothers

Retail Partners LLC ("Gordon Bros."), and on July 29, 2015 the Debtors filed an executed copy of the Liquidation Consulting Agreement at Dkt. 208 (the "Proposed Liquidation Consulting Agreement").

9. No action has been taken by the Court with regard to the global procedures for rejection of unexpired nonresidential real property leases proposed by the Debtors through the Motion (the "Proposed Global Rejection Procedures" and together with Proposed Global Store Closing Procedures herein called the "Proposed Global Procedures").

10. A final hearing on the (i) Proposed Store Closing Procedures, (ii) the Proposed Global Rejection Procedures and (iii) the Proposed Liquidation Consulting Agreement is scheduled to take place before the Court on August 10, 2015 at 9:00 a.m. local time in White Plains, New York (the "Final Hearing"), after which it is anticipate that the Court will enter its final order on the Motion (the "Final Order").

## LIMITED OBJECTION[2]

11. The following are objections to and proposed changes to be incorporated in (i) the Proposed Global Store Closing Procedures, (ii) the Proposed Liquidation Consulting Agreement, and (iii) the Proposed Global Rejection Procedures:

   (a) With regard to the sale of De Minimis Assets, whether the price is equal to or greater than $250,000, the De Minimis Asset Sale Procedures should require that a Di Minimis Asset Sale Notice be given directly to any landlord at an affected location, and

---

[2] Capitalized terms used herein without definition shall have the respective meanings assigned to them in the Motion and in the Interim Store Closing Order unless the context clearly indicates to the contrary.

their counsel, if known. This was addressed at the Interim Hearing, but no such requirement was specifically included in the Interim Order.

(b)     In connection with the sale of all Store Closing Assets, Liens and Claims attach to proceeds. The Final Order should specifically reference that the term "Liens" as referenced therein shall include, without limitation, "*all consensual and statutory liens and rights of landlords under applicable non-bankruptcy la*w."

(c)     With regard to the abandonment of De Minimis Assets, whether the price is equal to or greater than $250,000, the De Minimis Asset Abandonment Procedures should require that an Abandonment Notice be given directly to any landlord at an affected location, and their counsel, if known. This was addressed at the Interim Hearing, but no such requirement was specifically included in the Interim Order.

(d)     Also with regard to abandonment, certain provision of the Proposed Liquation Consulting Agreement raise the prospect that decisions regarding the abandonment of assets are left to the agreement of Gordon Bros and the Debtors. See e.g., Proposed Liquidation Consulting Agreement section 2(a)(ix) on page 3 and section 3(a)(x) on page 5. Accordingly, the Final Order should state clearly that as between the Debtors and the landlords, the terms of the Final Order shall govern the rights and obligations with regard to closing and turnover of possession of the stores, and that the landlords are not bound by any provisions of the Liquidation Consulting Agreement between Gordon Bros and the Debtors.

(e)     In line with the objection in part (d), above, section 3(a)(x) on page 5 of the Proposed Liquidation Consulting Agreement should be amended to add the phrase "*and any Excluded FF&E*" in part (1), line 3, after the words "unsold FF&E."

(f)     For notice of the sale, abandonment or rejection given to any of the MCB Landlords, a copy of each such notice should be addressed to MCB Real Estate, LLC, 2701 N. Charles Street, Suite 404, Baltimore, Maryland 21218, Attn: P. David Bramble, Managing Partner.

(g)     With regard to rejection, the procedures should require that the effective date of rejection cannot occur before the date when all post-petition monetary obligations of the Debtors have been paid in full to the affected landlord, including without limitation pro rated rent for the July 20 to July 30 "stub period". *See In re Stone Barn Manhattan LLC*, 398 B.R. 359, 365 (Bankr. S.D.N.Y. 2008) (holds "Debtors responsible for stub rent measured on a daily basis as it accrued after the order for relief … until the end of the month."); 11 U.S.C. §365(d)(3).

(h)     If and to the extent the Debtors have any ongoing non-monetary obligations owed to a landlord under a lease to be rejected, including specifically, but without limitation, obligations to complete ongoing environmental remediation projects at properties previously owned and or occupied by the Debtors, the Global Rejection Procedures should condition rejection on the prompt satisfaction by the Debtors of all such ongoing non-monetary obligations.

12.    In addition to the foregoing, MCB joins in all other objections to the Motion filed by landlords and posits that any variation on the Proposed Global Procedures given to any landlord should also be given to the MCB Landlords and all other landlords.

WHEREFORE, MCB respectfully requests that the Court deny the relief sought by the Debtors in the Motion or that it grant relief in a modified form as set forth in this Objection, and also that the Court grant such other and further relief as is just and appropriate.

                                                      Respectfully submitted,

Dated: August 5, 2015                        FOX ROTHSCHILD LLP

                                            By:  */s/ Michael Viscount*
                                                   Michael Viscount (*admitted pro hac vice*)
                                                   Raymond Patella (*admitted pro hac vice*)
                                                   1301 Atlantic Avenue
                                                   Midtown Building, Suite 400
                                                   Atlantic City, New Jersey 08401
                                                   (609) 348-4515

                                                          and

                                                   Marie C. Dooley (*admitted pro hac vice*)
                                                   2000 Market Street, 20th Floor
                                                   Philadelphia, Pennsylvania 19103
                                                   (215) 299-2000

                                                   *Attorneys for MCB Landlords and MCB*
                                                   *Real Estate as authorized representative*
                                                   *for the MCB Landlords*