MORGAN, LEWIS & BOCKIUS LLP
Neil E. Herman
James O. Moore
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Facsimile: (212 309-6001

Hearing Date: August 10, 2015 at 10:00 a.m.
Objection Deadline (ext.): August 5, 2015 at 4:00 p.m.

- and –

Crystal R. Axelrod
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5171
Facsimile: (713) 890-5001

*Attorneys for Kimco Realty Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                              ) Chapter 11
                                                    )
THE GREAT ATLANTIC & PACIFIC TEA                    )
COMPANY, INC., *et al.,*                            ) Case No. 15-23007 (RDD)
                                                    )
           Debtors.[1]                              ) (Jointly Administered)
---------------------------------------------------------------x

### OBJECTION OF KIMCO REALTY CORPORATION TO OMNIBUS MOTION OF DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES AND RELATED SUBLEASES OF NONRESIDENTIAL REAL PROPERTY

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

DB1/ 84234275.4

Kimco Realty Corporation and certain of its affiliates (collectively, "Kimco"), by its attorneys, hereby submits this Objection (the "Objection") to the *Omnibus Motion of Debtors Pursuant to 11 U.S.C. § 365, Fed. R. Bankr. P. 6006, and Local Rule 6006-1 to Reject Certain Unexpired Leases and Related Subleases of Nonresidential Real Property* (ECF. No. 173) (the "Lease Rejection Motion" or "Motion"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      The Debtors lease retail space from Kimco pursuant to certain leases for non-residential real property.  Kimco objects to the Motion's proposed rejection of the lease (the "Lease") associated with the non-residential real property known as Store No. 025-2468 located at 650 Cuthbert Boulevard, Westmont, NJ 08108 (the "Westmont Store").  Kimco also objects to the Motion in that it attempts to relieve the Debtors from its obligations to Kimco under the Guaranties (as defined below).[2]

2.      First, as the Debtors acknowledge in the Motion, they assigned away their interest in the Lease to a non-debtor entity called Joraja, Inc. ("Joraja") before the commencement of these bankruptcy cases, and they "no longer have a possessory interest in the lease with Kimco." Motion ¶ 8.  Nevertheless, the Debtors "seek to reject the lease with Kimco." *Id.*  The Debtors may not reject a lease to which they are not a party and in which they have no possessory interest.

3.      Second, the Debtors seek to reject the assignment agreement with Joraja "as the Debtors no longer occupy the premises and no longer wish to be responsible for the partial rent obligations of the assignee." *Id.*  To the extent that the Debtors "are responsible for the partial rent obligations" of Joraja under the Great Atlantic Guaranty (as defined below) or otherwise,

---

[2] Upon information and belief, the Debtors have copies of the Lease and the Great Atlantic Guaranty (as defined below).  Kimco will provide copies of both documents upon request.

2

such obligation does not arise from or constitute an executory contract that may be rejected under § 365.

## BACKGROUND

4.   On June 3, 1997, Kimco entered into a lease agreement for the Westmont Store with a former affiliate of the Debtors, Super Fresh Food Markets, Inc. ("Super Fresh"), which contained a guaranty by Debtor The Great Atlantic & Pacific Tea Company, Inc. ("Great Atlantic") to pay Super Fresh's obligations as tenant under the lease (the "Great Atlantic Guaranty").

5.   On March 12, 2012, Super Fresh assigned the Westmont Store lease to Debtor A&P Real Property, LLC ("A&P Real Property"), and Super Fresh signed a guaranty agreement in favor of Kimco in connection with this assignment.[3]

6.   On July 25, 2013, Debtor A&P Real Property assigned the Westmont Store lease to Joraja, along with all amendments and supplements thereto (the "Joraja Assignment").

7.   On July 24, 2015, the Debtors sent a letter to Kimco purporting to notify Kimco that A&P Real Property was effectively surrendering possession of the Westmont Store as of that date.  On that same date, the Debtors filed the Lease Rejection Motion.

8.   Upon information and belief, the Great Atlantic Guaranty remains in effect and is binding upon Debtor Great Atlantic.

9.   In addition, Debtor A&P Real Property became a guarantor of the Lease by operation of law when it assigned the Lease to Joraja because Kimco did not novate the Joraja Assignment or agree to release A&P Real Property from its obligations under the Lease (the

---

[3] Upon information and belief, Super Fresh is not a Debtor in these bankruptcy cases.  This Objection shall not in any way Kimco's rights against Super Fresh or relieve Super Fresh of its obligations under its separate guaranty of the Lease.  Kimco reserves all its rights to seek to recover from Super Fresh on its guaranty.

"<u>A&P Real Property Guaranty</u>" and together with the Great Atlantic Guaranty, the "<u>Guaranties</u>").

## **OBJECTION**

10.     The Motion improperly seeks to reject the Lease even though, as of the petition date, no Debtor is a party to that lease.  Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease *of the debtor*."  11 U.S.C. § 365(a) (emphasis added).  "'[An executory contract is] a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other.'"  *In re Furniture Brands Int'l, Inc.*, No. 13-12329 (CSS), 2013 WL 9065131, at *2 (Bankr. D. Del. Nov. 7, 2013) (citing *Enterprise Energy Corp. v. U.S. (In re Columbia Gas Sys. Inc.)*, 50 F.3d 233, 239 (3d Cir. 1995) (internal citations omitted)).

11.     The Debtors concede that they "no longer have a possessory interest in the lease with Kimco."  Motion ¶ 8.  The Debtors assigned away their interest in the Lease to Joraja before the commencement of these bankruptcy cases.  Nevertheless, the Debtors "seek to reject the lease with Kimco."  *Id.*  The Debtors may not reject a lease to which they are not a party and in which they have no possessory interest.  Because the Lease is not "of the debtor," as required by § 365, the Motion should be denied to the extent that it seeks to reject the Lease.

12.     The Motion also should be rejected to the extent that the Debtors are attempting to escape their obligations under the Guaranties.  The Motion makes a passing, unsubstantiated reference to "partial rent obligations."  *Id.*  To the extent that such obligations relate to those of the Guaranties owed by the Debtors to Kimco, the Guaranties cannot be rejected for two reasons.

4

13. First, a guaranty is not a lease or executory contract that can be rejected under § 365. "The general rule is that a contract is not executory where the only obligation of a party to a contract is the payment of money." *In re Furniture Brands,* 2013 WL 9065131, at *2 (citing *In re Leibinger–Roberts, Inc.*, 105 B.R. 208, 212 (Bankr. E.D.N.Y. 1989)); *see also In re Grayson–Robinson Stores, Inc.*, 321 F.2d 500, 502 (2d Cir. 1963) ("By his 'rejection' the guarantor would be relinquishing no benefits; he would merely be repudiating his obligations. A guarantor is therefore no more entitled to reject his agreement of guaranty than would any bankrupt be entitled to 'reject' his accrued debts.").

14. Second, to allow the Debtors to reject the Guaranties would be inequitable under the circumstances as it would allow them to use § 365 to relieve themselves of guaranty claims held by Kimco. "[T]here is a series of decisions in the Second Circuit that "hold that the trustee of one who has guaranteed the obligation of or become a surety for a lessee of real estate cannot reject his debtor's obligation after the lessee's default." *Id.*; *In re Unishops, Inc.*, 422 F. Supp. 75 (S.D.N.Y. 1975), aff'd, 543 F.2d 1017 (2d Cir. 1976) (finding agreement to guarantee debts of another is not executory). Accordingly, to the extent that the Debtors "are responsible for the partial rent obligations" of Joraja under the Guaranties, such Guaranties are not leases or executory contracts that may be rejected under § 365.

15. In sum, the Debtors cannot reject the Lease because they are no longer a counterparty thereto, and the Debtors cannot reject the Guaranties because they do not constitute a lease or executory contract that may be rejected under § 365. Furthermore, because the Guaranties are not leases, Kimco reserves its right to argue that § 502(b)(6) does not apply to Kimco's claims for amounts owed by the Debtors under the Guaranties, including any administrative claims for amounts owed post-petition, and those claim amounts will not be

5

subject to the statutory cap. *See* § 502(b)(6) (capping allowed amount of claim "if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property").

## RESERVATION OF RIGHTS

16.     Kimco reserves its right to amend or supplement this Objection and to make such other and further objections as may be necessary or appropriate. In addition, to the extent not inconsistent with the arguments made herein, Kimco hereby joins in the objections raised by any other landlords to the Motion.

## CONCLUSION

**WHEREFORE**, Kimco respectfully requests that this Court enter an order (i) denying the Debtors' Lease Rejection Motion as to the Lease, (ii) making clear that the Motion does not affect any claims that Kimco might have against the Debtors under Guaranties, and (iii) granting such further and other relief as this Court may deem just and proper.

Dated: August 5, 2015

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Neil E. Herman*

Neil E. Herman
James O. Moore
101 Park Avenue
New York, New York 10178
Tel:  212-309-6000
Fax:  212-309-6001
E-mail: nherman@morganlewis.com
E-mail: james.moore@morganlewis.com

 - and -

Crystal R. Axelrod
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Tel: (713) 890-5171
Fax: (713) 890-5001
E-mail: caxelrodf@morganlewis.com

*Attorneys for Kimco Realty Corporation*