Hearing Date and Time:  August 10, 2015 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline:  August 5, 2015 at 4:00 p.m. (prevailing Eastern Time)

**LEVY RATNER, P.C.**
Ryan J. Barbur, Esq.
80 Eighth Avenue, 8th Floor
New York, NY  10011-5126
(212)627 8100
(212)627-8182 (fax)
rbarbur@levyratner.com

*Attorneys for 1199SEIU United Healthcare Workers East*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-23007 (RDD)<br><br>(Jointly Administered) |

**RESERVATION OF RIGHTS OF 1199SEIU UNITED HEALTHCARE
WORKERS EAST IN RESPONSE TO DEBTORS' MOTION TO (A) OBTAIN
POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(c)(1),
364(c)(3), 364(d)(1) AND 364(e), (B) USE CASH COLLATERAL PURSUANT TO 11
U.S.C. § 363(c)(2), (C) GRANT CERTAIN PROTECTIONS TO PREPETITION
SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 361, 362, 363, AND 364, AND (D)
SCHEDULE A FINAL HEARING PURSUANT TO FED. R. BANKR. P. 4001(b) AND (c)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc. (3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599).

1

1199SEIU United Healthcare Workers East ("**1199**" or the "**Union**"), a creditor and party-in-interest in the above-referenced cases, by and through its undersigned counsel, Levy Ratner, P.C., hereby submits this reservation of rights (the "**Reservation of Rights**") in response to the Debtors' *Motion to Obtain PostPetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e), (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2), (C) Grant Certain Protections to PrePetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (D) Schedule a Final Hearing Pursuant to Fed. R. Bankr. P. 4001(b) and (c)* (the "**DIP Financing Motion**") [Docket No. 18]. In support of this Reservation of Rights, the Union respectfully states as follows:

1. The Union is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, as amended, 29 U.S.C. § 153(5) (the "**NLRA**") and maintains its principal place of business at 310 W. 43rd Street, New York, New York 10036.

2. Pursuant to Section 9(a) of the NLRA, 1199 is the exclusive representative of the approximately 375 Union bargaining unit employees currently and formerly employed by Pathmark Stores, Inc. and Blair Distributors (the "**GMDC Warehouse**") (collectively, "**Pathmark**").

3. Pathmark is party to a five-year collective bargaining agreement with 1199, which became effective on January 26, 2012, and expires on January 25, 2017 (the "**CBA**"). The CBA is the culmination of extensive negotiations with the Debtors in their previous Chapter 11 case. The CBA materially reduced the Debtors' labor expenses and required substantial sacrifices from the 1199-represented employees, including the following:

    a. wage reductions, a freeze on wage increases, and a waiver of contractual bonuses;

    b. reductions in paid time off;

  c. a two-year moratorium on contributions to the 1199SEIU Health Care Employees Pension Fund, during which time the employees are not accruing pension credits; and

  d. cessation of the employees' participation in the League/1199SEIU Training and Upgrading Fund, the 1199SEIU/Employer Child Care Fund and the League/1199SEIU/Health Care Industry Job Security Fund. <u>See</u> Debtors' Motion for Authority to Enter into Modifications to a Collective Bargaining Agreement with 1199SEIU United Health Care Workers East [The Great Atlantic & Pacific Tea Company, Inc., *et al*., Case No. 10-24549-RDD, Docket No. 3141].

4. The Debtors' DIP Financing Motion, and the DIP Credit Agreement attached as Exhibit C thereto, sets certain milestones for the interim modification and rejection of the Debtors' collective bargaining agreements.

5. To the extent that the Debtors seek to use the DIP Financing Motion and/or the DIP Credit Agreement to sidestep the procedural and substantive requirements of Section 1113 of the Bankruptcy Code and/or bolster their necessity arguments in any future litigation pursuant to Section 1113, such reliance is entirely inappropriate. The employees made enormous sacrifices in the first case, and the Union disputes the notion than any further CBA modifications are necessary now. Nevertheless, the Union fully intends to meet and negotiate in good faith with the Debtors. However, should these discussions fail to result in a negotiated agreement, it will remain the Debtors' burden to prove that any specific CBA modifications that it seeks are necessary under Section 1113 of the Bankruptcy Code.

**CONCLUSION**

The Union hereby respectfully reserves all of its rights with respect to any attempt of the Debtors to modify or reject the CBA, including, but not limited to, those rights arising under the CBA, the Bankruptcy Code, and federal and/or state labor and employment law.

Dated: August 5, 2015
New York, New York

> LEVY RATNER, P.C.
>
> By:  \_\_\_\_/s/ Ryan J. Barbur_____
> Ryan J. Barbur
> *Attorneys for 1199SEIU United Healthcare Workers East*
> 80 Eighth Avenue, 8th Floor
> New York, New York 10011
> (212) 627-8100
> (212) 627-8182 (fax)
> rbarbur@levyratner.com