UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re                                                            :

                                         :       **Chapter 11**

**THE GREAT ATLANTIC & PACIFIC TEA**                            :

**COMPANY, INC.,** *et al.*,                                    :       **Case No. 15-23007 (RDD)**

                                         :

            **Debtors.**[1]                                      :       **(Jointly Administered)**

                                         :

-------------------------------------------------------------------x

## ORDER APPROVING DISCRETE SALE
## AND LEASE RATIONALIZATION PROCEDURES

Upon the motion (the "**Motion**")[2] of The Great Atlantic & Pacific Tea Company,

Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105, 363 and 365 of title 11

of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004 and 6006 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for an order approving the

Discrete Sale and Lease Rationalization Procedures attached hereto as **Exhibit 1**, all as more

fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended

Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599).  The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in Exhibit 1 hereto.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been provided in accordance with the *Order*

*Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002 (m) and 9007 Implementing*

*Certain Notice and Case Management Procedures*, dated July 20, 2015 (ECF No. 62), and such

notice having been adequate and appropriate under the circumstances, and it appearing that no

other or further notice need be provided except as set forth herein; and upon all objections and

responses to the Motion; and the Court having held a hearing to consider the relief requested in

the Motion (the "**Hearing**"); and upon the Declaration of Gregory S. Apter, filed on July 31,

2015, the record of the Hearing, and all of the proceedings had before the Court; and all

objections to the Motion having been resolved as set forth herein, withdrawn or overruled; and

the Court having found and determined that the relief sought in the Motion and granted herein is

in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent set forth herein; and it is

further

ORDERED that the Discrete Sale and Lease Rationalization Procedures attached

hereto as **Exhibit 1** are hereby approved; and it is further

ORDERED that the Small Transaction Notice, in substantially the form attached

hereto as **Exhibit 2** is hereby approved; and it is further

ORDERED that all buyers shall take assets sold or otherwise disposed of by the

Debtors pursuant to the Discrete Sale and Lease Rationalization Procedures approved by this

Order "as is" and "where is," without any representations or warranties from the Debtors as to

quality or fitness of such assets for either their intended or any particular purpose; and it is

further

ORDERED that all buyers shall take assets sold or otherwise disposed of by the

Debtors pursuant to the Discrete Sale and Lease Rationalization Procedures approved by this

Order free and clear of liens, claims and encumbrances, pursuant to section 363(f) of the

Bankruptcy Code, and that all such liens, claims and encumbrances shall attach to the proceeds

of the sale or disposition; and it is further

ORDERED that the ten-day stays of Bankruptcy Rules 6004(h) and 6006(d) are

hereby waived, and, notwithstanding Bankruptcy Rules 6004(h) or 6006(d) or otherwise, the

terms and conditions of this Order shall be immediately effective and enforceable upon its entry;

and it is further

ORDERED that all Small Transactions as to which no objection is timely filed

pursuant to Section IV.F of the Discrete Sale and Lease Rationalization Procedures (each, an

"**Unopposed Small Transaction**"), including the assumption and assignment of any executory

contracts or unexpired leases in connection therewith, shall be deemed authorized and approved

pursuant to the terms of this Order and no further or additional waivers of the ten-day stays of

Bankruptcy Rules 6004(h) or 6006(d) shall be required for the Debtors to consummate such

Small Transaction, subject to compliance with the notice and other procedures set forth in the

Discrete Sale and Lease Rationalization Procedures; and it is further

ORDERED that all buyers of assets pursuant to an Unopposed Small Transaction

consummated pursuant to this Order shall be deemed to have purchased such assets in "good

faith" within the meaning of section 363(m) of the Bankruptcy Code and, as such, are entitled to

WEIL:\95422957\9\50482.0004

all protections afforded thereby in the event of a reversal or modification on appeal of such transaction; and it is further

ORDERED that, with respect to all Unopposed Small Transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and an Unopposed Small Transaction consummated pursuant to the Discrete Sale and Lease Rationalization Procedures approved by this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold or otherwise disposed of pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby; and it is further

ORDERED that nothing in this Order shall be construed to prevent the Debtors, in their sole discretion, from seeking this Court's approval at any time of any proposed sale or disposition of any of their stores, leases or related assets after notice and an opportunity for a hearing; and it is further

ORDERED that nothing in the Discrete Sale and Lease Rationalization Procedures shall relieve the Debtors of their obligations under any applicable law; and it is further

ORDERED that the time periods required by the Bankruptcy Rules and the Local

Rules for notice of any sale or auction of any of the Debtors' stores listed on Schedule 1 to the

Discrete Sale and Lease Rationalization Procedures (including certain leases and related assets)

or any procedures in connection therewith, are hereby shortened as set forth in the Discrete Sale

and Lease Rationalization Procedures; and it is further

ORDERED that the Debtors are authorized to take all action necessary to carry

out this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.

Dated:  August 11, 2015
      White Plains, New York

                          /s/ Robert D. Drain_____
                          UNITED STATES BANKRUPTCY JUDGE

WEIL:\95422957\9\50482.0004

## Exhibit 1

**Discrete Sale and Lease Rationalization Procedures**

## Discrete Sale and Lease Rationalization Procedures

On July 19, 2015, The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are operating businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Debtors are seeking to sell as many of their 271 operating stores for the highest or best offers.  On [_____], 2015, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order (the "**Global Bidding Procedures Order**"), which, among other things, authorized the Debtors to solicit bids and approved certain procedures (the "**Global Bidding Procedures**") for the consideration of the highest or best offers for **all** of their stores and related assets (each, a "**Store**"), on the terms set forth in the Global Bidding Procedures.  Copies of the Global Bidding Procedures Order and the Global Bidding Procedures are available at https://cases.primeclerk.com/aptea.

Pursuant to the Global Bidding Procedures, the Debtors have received three stalking horse bids for the purchase of non-overlapping groups of 118 Stores total (collectively, the "**Stalking Horse Packages**").  The Global Bidding Procedures also include procedures that allow for the sale of any of the Debtors' 149 other operating Stores not included in the Stalking Horse Packages (including certain executory contracts, unexpired leases and assets related thereto, the "**Additional Stores**").  The Additional Stores are listed on **Schedule 1** hereto. Pursuant to the Global Bidding Procedures, an auction for the Stalking Horse Packages and any Additional Stores is scheduled to take place on September 24 and 25, 2015.

In addition to the Global Bidding Procedures, these Discrete Sale and Lease Rationalization Procedures apply to the Additional Stores, and may be utilized by the Debtors with respect to any Additional Stores as an alternative to the Global Bidding Procedures, as determined by the Debtors in their reasonable discretion.

If you are interested in purchasing any of the Stores as a going concern, whether individually, in combination or in connection with a Stalking Horse Package, you are encouraged to contact the Debtors' advisors, Evercore Group LLC ("**Evercore**") and Hilco Real Estate, LLC ("**Hilco**"), by **no later than August 26, 2015** (the "**Global Indication of Interest Date**") in writing, expressing your interest and identifying the Stores in which you are expressing such interest to Stephen Goldstein, Paul Billyard and Gregory S. Apter (Stephen.Goldstein@Evercore.com, Billyard@Evercore.com and gapter@hilcoglobal.com).

If you are interested in purchasing any of the Stores' leases or designation rights associated with such leases, whether individually or in combination, you are encouraged to contact Hilco, by contacting Gregory S. Apter (gapter@hilcoglobal.com) no later than the Global Indication of Interest Date.

The submission of an indication of interest by the Global Indication of Interest Date is not a prerequisite to enter into a transaction for an Additional Store pursuant to these procedures.

I.      ***Marketing Process and Due Diligence***

The Debtors may provide confidential information regarding the Additional Stores to interested parties who execute a confidentiality agreement in form and substance satisfactory to the Debtors.

The Debtors may also require that interested parties submit:

A.      a statement identifying the Additional Stores sought to be acquired and the purchase price to be paid; and

B.      sufficient information, as reasonably determined by the Debtors, to allow the Debtors, in consultation with the Consultation Parties (defined below), to reasonably determine that the interested party has, or can obtain, the financial wherewithal and any required internal corporate, legal or other authorizations to close a transaction with respect to the identified Additional Stores, including but not limited to, current audited financial statements of the interested party (or such other form of financial disclosure reasonably acceptable to the Debtors in their discretion).

Each interested party shall comply with all reasonable requests for information and due diligence access by the Debtors or their advisors regarding the ability of such interested party, as applicable, to consummate its contemplated transaction

II.     ***Notice Parties***

For purposes of these Discrete Sale and Lease Rationalization Procedures, the "**Debtor Notice Parties**" are:  (i) The Great Atlantic and Pacific Tea Company, Inc., 2 Paragon Drive, Montvale, New Jersey 07645 (Attn: Christopher W. McGarry and Matthew Bennett); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C. and Garrett A. Fail, Esq.); (iii) Evercore, 55 East 52nd Street, New York, New York 10055 (Attn: Stephen Goldstein); and (iv) Hilco, 5 Revere Dr. Suite 320, Northbrook, IL 60062 (Attn: Gregory S. Apter).

For purposes of these Discrete Sale and Lease Rationalization Procedures, the "**Consultation Parties**" are:  (i) the attorneys for the official committee of unsecured creditors (the "**Creditors' Committee**"); (ii) the attorneys for Fortress Credit Corp., as the Debtors' proposed post-petition secured lender, (iii) the attorneys for Wells Fargo Bank, National Association, as agent under that certain Amended and Restated Senior Secured Revolving Credit Agreement, dated as of September 17, 2014; (iv) the attorneys for Wells Fargo Bank, National Association, as agent under that certain Amended and Restated Senior Secured Term Credit Agreement, dated as of September 17, 2014; (v) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for Senior Secured PIK Toggle Notes due 2017, dated as of March 13, 2012 (the "**Prepetition PIK Notes**"); (vi) the attorneys for U.S. Bank National Association, as trustee under that certain Indenture for Senior Secured Convertible Notes due 2018, dated as of March 13, 2012 (the "**Prepetition Convertible Notes**"); (vii) the attorneys for the holders of a majority of the Prepetition PIK Notes; (viii) the attorneys

2

for the holders of a majority of the Prepetition Convertible Notes;[1] and (ix) the United Food and Commercial Workers Union International.

For purposes of these Discrete Sale and Lease Rationalization Procedures, the "**Transaction Notice Parties**" are:  (i) the Consultation Parties; (ii) the U.S. Trustee; (iii) all parties who have requested notice under Bankruptcy Rule 2002; (iv) all entities known or reasonably believed by the Debtors to have asserted a lien, encumbrance, claim or other interest in any of the Additional Stores that are the subject of the proposed transaction (for whom identifying information and addresses are available to the Debtors); (v) all entities known by the Debtors to have expressed an interest to the Debtors in a transaction with respect to any of the assets offered for sale during the past twelve (12) months; (vi) all of the labor unions that represent employees of any Additional Store that is the subject of the proposed transaction; and (vii) all non-Debtor parties to any executory contracts or unexpired leases proposed to be assumed and assigned pursuant to the proposed transaction, and their counsel of record, if any, including counsel for the New York Community Bank ("**NYCB**"), to the extent the proposed transaction includes a Store in which NYCB asserts an interest as licensee.

III.    *Auction Procedures*

A.    If the Debtors determine, in consultation with the Consultation Parties, to hold an auction in connection with a one or more sale or disposition transactions in connection with one or more of the Additional Stores with the same party or related parties (a "**Transaction**"), the Debtors shall file and serve on the Transaction Notice Parties an Auction Notice and shall schedule an auction on a date that is at least fourteen (14) days after service of the Auction Notice.

B.    The Auction Notice shall set forth (i) the date, time and location of the auction and (ii) any rules for the auction that the Debtors determine, in their reasonable business judgment, and in consultation with the Consultation Parties, are appropriate to promote a spirited and robust auction, including without limitation, a deadline for submitting bids, criteria bidders must meet in order to participate in the auction (including a requirement to make a good faith deposit of 10% of the proposed purchase price or such other amount as the Debtors, in consultation with the Consultation Parties, may determine in their sole discretion),[2] the purchase price and terms on which the bidding at the auction will start and the criteria for minimum overbids.

---

[1] To the extent any of the secured Consultation Parties have been paid in full, such parties shall no longer be Consultation Parties for purposes of these procedures.

[2] In the event the Debtors require bidders to make a good faith deposit, the landlord for any lease proposed to be assumed and assigned in connection with the applicable Transaction shall be permitted to deduct from any such deposit the amount of any undisputed monetary obligations that constitute the cure amount for such lease.

WEIL:\95422957\9\50482.0004

C.     In connection with any auction, subject to section C(1)-C(3) below, the Debtors may, but are not obligated to, designate a stalking horse (the "**Stalking Horse**") and offer a breakup fee and/or expense reimbursement to the stalking horse (the "**Bid Protections**"); provided that the Bid Protections shall not exceed 3% of the cash portion of the Stalking Horse's bid.  In the event the Debtors determine to designate a Stalking Horse, the Auction Notice shall identify the material terms of the Debtors' agreement with the Stalking Horse, including the terms and conditions of any Bid Protections.

1.     Any objections to the Bid Protections (the "**Bid Protection Objections**") must be filed with the Court and served on the Debtor Notice Parties and the Creditors' Committee within five (5) business days after service of the Auction Notice.

2.     If a Bid Protection Objection is timely filed with the Court and served on the Debtor Notice Parties and the Creditors' Committee, the auction shall not be conducted until such time as the Bid Protection Objection is resolved consensually, by agreement of the objecting party and the Debtors, in consultation the Consultation Parties, or by order of the Court.

3.     In the event no Bid Protection Objections are timely filed with the Court and served on the Debtor Notice Parties and the Creditors' Committee, the Bid Protections shall be deemed approved by the Court, without the need for further Court order.

D.     Before the conclusion of the auction, the Debtors shall determine, in consultation with the Consultation Parties, the highest or otherwise best offer or collection of offers (the "**Successful Bid**").[1]

E.     A scheduled auction may be adjourned or cancelled as the Debtors deem appropriate, in consultation with the Consultation Parties.  In the event that an auction is cancelled, the Debtors will proceed to file a Transaction Notice (defined below) or Transaction Motion (defined below), as applicable.

Notwithstanding the foregoing, the Debtors may, in their reasonable discretion, enter into a Transaction without an auction, subject to the Transaction Approval Procedures set forth below.

---

[1] In evaluating bids, the Debtors may take into consideration the non-binding factors set forth in the Global Bidding Procedures.

IV.    *Transaction Approval Procedures*

    A.    <u>Small Transactions – $10,000,000.00 or Less</u>.  If, with respect to a Transaction, (i) the Successful Bid or (ii) the consideration to be received by the Debtors pursuant to a private Transaction, as applicable, is less than $10,000,000.00 (a "**Small Transaction**"), the Debtors, in consultation with the Consultation Parties, shall file a notice of such Small Transaction (a "**Small Transaction Notice**") with the Court, in the form attached to the Order as Exhibit 2.

    B.    <u>Large Transactions – Greater than $10,000,000.00</u>.  If, with respect to a Transaction, (i) the Successful Bid or (ii) the consideration to be received by the Debtors pursuant to a private Transaction, as applicable, is greater than $10,000,000.00 (a "**Large Transaction**"), the Debtors shall file with the Court a motion (the "**Large Transaction Motion**") for approval of the Large Transaction, which motion will be heard at a hearing on a date that is at least seventeen (17) days after service of the Large Transaction Motion.  The Large Transaction Motion shall describe the auction, if applicable, or explain why the Debtors believe an auction is not necessary to maximize the value the Debtors will receive pursuant to the Large Transaction.  The Large Transaction Motion will include a proposed order (the "**Proposed Transaction Order**") approving the Large Transaction, including the assumption and assignment of any executory contracts or unexpired leases in connection therewith.

    C.    <u>Assumption and Assignment Information</u>.  If the Debtors propose to assume and assign an executory contract or unexpired lease in connection with a Transaction, the Small Transaction Notice or Large Transaction Motion, as applicable, shall set forth the following information (the "**Assumption and Assignment Information**"), among other things: (i) the executory contract or unexpired lease to be assumed and assigned; (ii) the name(s) and address(es) of each counterparty to such executory contract or unexpired lease; (iii) the proposed effective date of the assumption and assignment for such executory contract or unexpired lease, which date shall be the effective date of the Transaction; (iv) the proposed cure amount, if any; (v) the name(s), address(es), phone number and email address of the proposed assignee(s) of such executory contract or unexpired lease; (vi) a certification by the Debtors that the assignee has provided information to each affected counterparty of such executory contract or unexpired lease demonstrating the assignee's ability to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code, including, without limitation, the assignee's financial wherewithal and willingness to perform under such executory contract or unexpired lease (such information, the "**Adequate Assurance Information**"); and (vii) the deadlines and procedures for filing objections

to the assumption and assignment of any executory contracts or unexpired leases in connection with the Transaction.

D.     <u>Service of the Small Transaction Notice or the Large Transaction Motion and the Adequate Assurance Information</u>.  The Debtors shall serve the Small Transaction Notice or the Large Transaction Motion, as applicable, on the Transaction Notice Parties by email or facsimile (if email address or facsimile number is known; otherwise, by overnight mail).  In addition, the Debtors shall cause to be served by email (if email address is known; otherwise, by overnight mail) on each non-Debtor counterparty to an executory contract or unexpired lease proposed to be assumed and assigned pursuant to the Transaction and their counsel of record, if any (collectively, the "**Cure Notice Parties**") the Adequate Assurance Information.  The Cure Notice Parties shall review the Adequate Assurance Information on a confidential basis.  Any objection which discloses confidential, non-public Adequate Assurance Information must be filed under seal unless disclosure of such confidential, non-public information is authorized by the Debtors and the applicable assignee(s).  The Order approving these Discrete Sale and Lease Authorization Procedures shall authorize the filing of any such objections under seal, and on the docket with such non-public information redacted, without further order of the Court; <u>provided</u> that unredacted versions of such objections shall be served upon the Debtors and the Court.

E.     <u>Objection Procedures</u>.  Parties objecting to a Transaction, including the proposed assumption and assignment of an executory contract or unexpired lease in connection therewith, including to the proposed cure amount, must file and serve a written objection so that such objection is filed with the Court and is actually received by the Debtor Notice Parties and the Creditors' Committee no later than ten (10) days after the date the Debtors serve the relevant Small Transaction Notice or Large Transaction Motion, as applicable (the "**Objection Deadline**").

F.     <u>Event of No Objection</u>.  If an objection is not timely filed and served by the Objection Deadline, then:

1.     with respect to the assumption and assignment of any executory contract or unexpired lease pursuant to the Transaction, (i) the Debtors' proposed cure amount shall be binding upon each non-Debtor party to such executory contract or unexpired lease for all purposes in the Debtors' chapter 11 cases and will constitute a final determination of the assumption and no additional cure amounts shall be due; (ii) each non-Debtor party to such executory contract or unexpired lease will be deemed to have received adequate assurance of future performance; (iii) the effective date of such assumption and assignment will be the effective date of the Transaction; (iv) any provisions in such executory contract or

6

unexpired lease that prohibit or condition assignment thereof or, as a result of such assignment, allow the parties thereto to terminate, recapture, impose any penalty or fee, place a condition on renewal or extension, or modify any term or condition upon the assignment thereof, constitute unenforceable anti-assignment provisions that are void and of no force and effect with respect to the Small Transaction or Large Transaction, as the case may be; (v) to the extent such executory contract or unexpired lease is actually assigned to the proposed assignee, in accordance with section 365 of the Bankruptcy Code, such assignee shall be deemed to be substituted for the Debtors, and shall be fully and irrevocably vested with all rights, title, and interest of the Debtors thereunder, and such executory contract or unexpired lease shall be in full force and effect and enforceable in accordance with its respective terms; and (vi) pursuant to section 365(k) of the Bankruptcy Code, after the assignment by the Debtors of such executory contract or unexpired lease, the Debtors shall have no liability for any breach thereof that occurs after such assignment.

2.      with respect to a Small Transaction, such Small Transaction, including the assumption and assignment of any executory contract or unexpired lease in connection therewith, will be deemed final and fully authorized by the Court under the terms of the Order approving these Discrete Sale and Lease Authorization Procedures, and no further notice or Court approval to consummate the Small Transaction or such assumption and assignment, will be required or necessary; and

3.      with respect to a Large Transaction, the Debtors shall certify to the Court that there were no timely objections to the Large Transaction Motion and request entry of the Proposed Transaction Order.

G.      <u>Unresolved Objections</u>.  If any objections are timely filed and served by the Objection Deadline, the Debtors shall try to negotiate a consensual resolution with the objecting parties.  If the Debtors are unable to consensually resolve all objections within three (3) days after the Objection Deadline:

1.      with respect to a Small Transaction, the objection will be deemed a request for a hearing on the Transaction and the Debtors will file a notice for a hearing for the Court to consider the Transaction at a hearing that is at least seven (7) days after service of the objection (<u>provided</u> that the Debtors reserve the right to seek a hearing on the Transaction and objection prior to such time), and such notice will include a proposed form of order approving such Small Transaction, including the assumption and assignment of any executory contracts or unexpired leases in connection therewith;

7

2.     with respect to a Large Transaction, the objection will be heard on the hearing date set forth in the Large Transaction Motion;

3.     the Debtors may file a reply at least two (2) days before any such hearing;

4.     the Transaction may not proceed absent (a) withdrawal of the objection or (b) entry of an order by the Court specifically approving the Transaction;

5.     if any objection to the assumption or assignment of an executory contract or unexpired lease is overruled or withdrawn, such executory contract or unexpired lease shall be assumed with the effective date of such assumption and assignment to be the effective date of the Transaction; and

6.     to the extent an objection relates solely to a disputed cure amount, the Court may enter an order approving the Transaction, including the assumption and assignment of the executory contract or unexpired lease, subject to (i) the counterparties' right to be heard at a later hearing date on the cure and (ii) the below requirements regarding payment of the cure amount.

H.     <u>Payment of Cure Amount</u>.  All undisputed cure amounts shall be paid at the closing of the relevant Transaction.  Any disputed cure amount must be paid by the earlier of (i) when the Debtors and the non-Debtor counterparty agree to a cure amount or (ii) within five (5) days after the date of the entry of a final order by the Court determining an amount.  In the event that a cure amount relative to any assumed and assigned executory contract or unexpired lease, whether disputed or undisputed, is not paid in accordance with this subsection (H), then the assumption and assignment of such executory contract or unexpired lease shall be null and void five (5) days after the filing and service by either the assignor or a contract or lease counterparty of a Notice of Non-Payment of Cure Amount in this case, if such cure amount is not paid within the five (5) day period after the filing of the Notice of Non- Payment of Cure Amount. The party filing the Notice of Non-Payment of Cure Amount shall serve same (A) by overnight mail upon the non-Debtor executory contract or unexpired lease counterparties affected by the Assumption and Assignment Notice, if applicable; and (B) and by email on the applicable assignee, the Debtor Notice Parties and the Creditors' Committee.

8

## **Schedule 1**

**Additional Stores**

**Additional Stores**

| | Store | Banner | City | Address | State |
|---|---|---|---|---|---|
| 1 | 19243 | Liquor | New Canaan | 282 Elm Street | CT |
| 2 | 19254 | Liquor | Ridgefield | 46B Danbury Rd. | CT |
| 3 | 70074 | A&P | Danbury | 1 Padanaram Rd | CT |
| 4 | 19129 | Liquor | Old Lyme | 28A Halls Rd (P.O. Box 491) | CT |
| 5 | 70951 | A&P | Mt Olive | 7 Naughright Rd | NJ |
| 6 | 70806 | A&P | Califon | 431 County Road 513 | NJ |
| 7 | 72280 | Pathmark | Montclair | 35 Lackawanna Plaza | NJ |
| 8 | 72198 | Pathmark | Fairlawn | 22-00 Maple Avenue | NJ |
| 9 | 59036 | Food Basics | East Paterson | 498 East 30th St | NJ |
| 10 | 72578 | Pathmark | Brick Twp. | 1930 Route 88 | NJ |
| 11 | 72223 | Pathmark | Newark | 167 Bergen Street | NJ |
| 12 | 72609 | Pathmark | New York | 160 East 125th Street | NY |
| 13 | 70611 | Waldbaums | Rocky Point | 245 Route 25A | NY |
| 14 | 72624 | Pathmark | Brooklyn | 1245 61St Street | NY |
| 15 | 72603 | Pathmark | New York | 300 West 145th Street | NY |
| 16 | 72679 | Pathmark | Staten Island | 100 Greaves Lane | NY |
| 17 | 72653 | Pathmark | Bethpage | 3901 Hempstead Turnpike | NY |
| 18 | 72649 | Pathmark | New Hyde Park | 2335 New Hyde Park Road | NY |
| 19 | 72646 | Pathmark | Shirley | 800 Montauk Highway | NY |
| 20 | 72652 | Pathmark | Massapequa | 941 Carmans Road | NY |
| 21 | 70298 | Waldbaums | Melville | 890 Walt Whitman Road | NY |
| 22 | 72614 | Pathmark | Patchogue | 399 Route 112 | NY |
| 23 | 70232 | Waldbaums | West Hampton | 70 Sunset Ave | NY |
| 24 | 70279 | Waldbaums | Merrick | 1686 Merrick Rd. | NY |
| 25 | 70241 | Waldbaums | N. Patchoque | 440 W. Sunrise Highway | NY |
| 26 | 72642 | Pathmark | Brooklyn | 1-37 12th Street | NY |
| 27 | 72634 | Pathmark | Brooklyn | 111-10 Flatlands Avenue | NY |
| 28 | 70263 | Waldbaums | Mattituck | Rt.25 And Factory Ave. | NY |
| 29 | 72600 | Pathmark | Brentwood | 101 Wicks Road | NY |
| 30 | 70240 | Waldbaums | Brooklyn | 2149 Ralph Ave | NY |
| 31 | 70235 | Waldbaums | Brooklyn | 3100 Ocean Ave | NY |
| 32 | 70275 | Waldbaums | College Point | 133-11 20th Avenue | NY |
| 33 | 70229 | Waldbaums | Ctr Moriches | 812 Montauk Hwy. | NY |
| 34 | 70699 | Waldbaums | Deer Park | 1960 Deer Park Ave. | NY |
| 35 | 72611 | Pathmark | East Rockaway | 492 East Atlantic Avenue | NY |
| 36 | 70617 | Waldbaums | Great Neck | 40 Great Neck Road | NY |
| 37 | 36703 | Food Emporium | New York | 1175 3rd Avenue | NY |
| 38 | 36711 | Food Emporium | New York | 1331 1st Avenue | NY |
| 39 | 36727 | Food Emporium | New York | 452 West 43 St. | NY |
| 40 | 36732 | Food Emporium | New York | 810 8th Ave | NY |
| 41 | 36707 | Food Emporium | New York | 969 Second Ave | NY |

|     | Store | Banner | City | Address | State |
|-----|-------|--------|------|---------|-------|
| 42 | 36777 | Food Emporium | New York | 316 Greenwich St | NY |
| 43 | 36742 | Food Emporium | New York | 1066 3rd Avenue | NY |
| 44 | 36706 | Food Emporium | New York | 1450 3rd Avenue | NY |
| 45 | 36783 | Food Emporium | New York | 405 East 59th St. | NY |
| 46 | 36708 | Food Emporium | New York | 2415 Broadway | NY |
| 47 | 70662 | Waldbaums | Selden | 211 Middle Country Road | NY |
| 48 | 72678 | Pathmark | Staten Island | 2730 Arthur Kill Road | NY |
| 49 | 72682 | Pathmark | Staten Island | 2875 Richmond Avenue | NY |
| 50 | 70813 | Waldbaums | Tottenville | 6400 Amboy Road | NY |
| 51 | 70270 | Waldbaums | Whitestone | 153-01 10th Ave | NY |
| 52 | 72558 | Pathmark | Brookhaven | 5005 Edgemont Avenue | PA |
| 53 | 72569 | Pathmark | Glenolden | 140 North Mcdade Boulevard | PA |
| 54 | 72552 | Pathmark | Philadelphia | 330 Oregon Avenue | PA |
| 55 | 72550 | Pathmark | Philadelphia | 176-82 West Chelten Avenue | PA |
| 56 | 72522 | Pathmark | Philadelphia | 3399 Aramingo Avenue | PA |
| 57 | 19104 | Liquor | Bristol | 767 Pine Street | CT |
| 58 | 19110 | Liquor | Mystic | 25 Broadway Ave. | CT |
| 59 | 19119 | Liquor | Newington | 2400 Berlin Tpk. | CT |
| 60 | 19106 | Liquor | Newington | 40 Fenn Road | CT |
| 61 | 19246 | Liquor | Riverside | 1237 East Putnam Ave. | CT |
| 62 | 19121 | Liquor | Waterford | 117 Boston Post Rd | CT |
| 63 | 72593 | Pathmark | New Castle | 148 Sunset Boulevard | DE |
| 64 | 70586 | Superfresh | New Castle | 2044 New Castle Avenue | DE |
| 65 | 70888 | Superfresh | Ocean City | 12741 Ocean Gateway | MD |
| 66 | 70417 | A&P | Basking Ridge | 407 King George Road | NJ |
| 67 | 59506 | Food Basics | Belleville | 414 Main St. | NJ |
| 68 | 70936 | A&P | Belvidere | 525 East Route 46 | NJ |
| 69 | 70752 | A&P | Bloomfield | 19 Bellville Ave. | NJ |
| 70 | 70610 | A&P | Boonton | 550 Myrtle Ave | NJ |
| 71 | 70802 | A&P | Bricktown | 64 Brick Plaza | NJ |
| 72 | 70949 | A&P | Clinton | 49 Old Route 22 | NJ |
| 73 | 70515 | A&P | Edison | 1185 Amboy Ave | NJ |
| 74 | 72288 | Pathmark | Elizabeth | 211 Elmora Avenue | NJ |
| 75 | 70618 | A&P | Fairview | 425 Anderson Avenue | NJ |
| 76 | 70895 | A&P | Fanwood | 105 South Ave | NJ |
| 77 | 72450 | Pathmark | Garwood | 10 South Avenue | NJ |
| 78 | 72153 | Pathmark | Hackensack | 405 State Route 17 South | NJ |
| 79 | 37602 | Liquor | Hackettstown | 57 Route 46 | NJ |
| 80 | 37905 | Liquor | Haskell | 1069 Ringwood Ave | NJ |
| 81 | 72573 | Pathmark | Hazlet | 3020 Route 35 & Bethany Road | NJ |

2

|  | Store | Banner | City | Address | State |
|---|---|---|---|---|---|
| 82 | 72527 | Pathmark | Hopelawn | 95-101 New Brunswick Ave | NJ |
| 83 | 72224 | Pathmark | Irvington | 474-79 Lyons Avenue | NJ |
| 84 | 72114 | Pathmark | Jersey City | 420 Grand Street | NJ |
| 85 | 72261 | Pathmark | Landing | 175 Lakeside Boulevarde & Center | NJ |
| 86 | 37993 | Liquor | Ledgewood | 1103 Howard Blvd | NJ |
| 87 | 70956 | A&P | Marlboro | 460 County Line Road Route 520 | NJ |
| 88 | 37872 | Liquor | Metuchen | 45 Pearl Street | NJ |
| 89 | 72436 | Pathmark | Middlesex | 242 Lincoln Boulevard | NJ |
| 90 | 70924 | A&P | Navesink | 1002 Rte 36 | NJ |
| 91 | 59512 | Food Basics | North Bergen | 1425 Kennedy Blvd. | NJ |
| 92 | 70887 | A&P | North Brunswick | 510 Milltown Road | NJ |
| 93 | 70441 | A&P | Old Tappan | 216 Old Tappan Rd | NJ |
| 94 | 37995 | Liquor | Palisade Park | 534 Bergen Blvd. | NJ |
| 95 | 72282 | Pathmark | Parsippany | 1157 Route 46 East | NJ |
| 96 | 59501 | Food Basics | Passaic | 514 Van Houten Ave. | NJ |
| 97 | 70638 | A&P | Pompton Lakes | 47 Wanaque Avenue | NJ |
| 98 | 37866 | Liquor | Pt Pleasant | 1205 Richmond Ave | NJ |
| 99 | 72299 | Pathmark | Ramsey | 10 Triangle Plaza - Lake Road Ext. | NJ |
| 100 | 70688 | A&P | Randolph | 148 Center Grove Road | NJ |
| 101 | 37814 | Liquor | Summit | 23 Summit Ave | NJ |
| 102 | 70807 | A&P | Washington | 459 Route 31 South | NJ |
| 103 | 70439 | A&P | Washington Township | 315 Pascack Rd | NJ |
| 104 | 70668 | A&P | Wayne | 560 Valley Road | NJ |
| 105 | 70685 | A&P | West Milford | 1938 Union Valley Road | NJ |
| 106 | 37661 | Liquor | Westwood | 30 Irvington Ave | NJ |
| 107 | 72580 | Pathmark | Woodbridge | 1600 St Georges Avenue | NJ |
| 108 | 70701 | A&P | Woodland Park | 1730 Route 46 West | NJ |
| 109 | 72286 | Pathmark | Woodport | 757 Rt. 15 | NJ |
| 110 | 72602 | Pathmark | Bayshore | 2060 Sunrise Highway | NY |
| 111 | 70203 | Waldbaums | Commack | 84 Jericho Tpke | NY |
| 112 | 72664 | Pathmark | Dix Hills | 683 Old Country Road | NY |
| 113 | 70434 | Waldbaums | East Meadow | 1530 Front Street | NY |
| 114 | 70277 | Waldbaums | East Setauket | 4054 Nesconset Highway | NY |
| 115 | 70223 | Waldbaums | Garden City | 2475 Jericho Turnpike | NY |
| 116 | 70217 | Waldbaums | Greenlawn | 777 Pulaski Road | NY |
| 117 | 70769 | A&P | Hastings | 87 Main Street | NY |
| 118 | 70214 | Waldbaums | Hauppauge | 1236 Veterans Highway | NY |
| 119 | 72641 | Pathmark | Holbrook | 5801 Sunrise Highway | NY |
| 120 | 72639 | Pathmark | Islip | 155 Islip Avenue | NY |
| 121 | 70289 | Waldbaums | Jericho | 336 North Broadway | NY |

3

| | Store | Banner | City | Address | State |
|---|---|---|---|---|---|
| 122 | 70003 | A&P | Lagrange | 1642 Route 82 | NY |
| 123 | 70251 | Waldbaums | Lindenhurst | 50 E. Hoffman | NY |
| 124 | 70151 | A&P | Mamaroneck | 805 Mamaroneck Ave | NY |
| 125 | 70256 | Waldbaums | Massapequa | 5508 Sunrise Hwy | NY |
| 126 | 72292 | Pathmark | Nanuet | 195 Rockland Center East Rt 59 | NY |
| 127 | 72615 | Pathmark | North Babylon | 1251 Deer Park Avenue | NY |
| 128 | 70288 | Waldbaums | Oakdale | 4560 Sunrise Hwy | NY |
| 129 | 70126 | A&P | Patterson | 3101 Route 22 | NY |
| 130 | 70194 | A&P | Peekskill | 20 Welcher Ave | NY |
| 131 | 72297 | Pathmark | Port Chester | 130 Midland Avenue | NY |
| 132 | 72604 | Pathmark | Port Jeff.Sta. | 5145 Nesconset Highway | NY |
| 133 | 70192 | A&P | Scarsdale | 668 Central Park Avenue | NY |
| 134 | 72298 | Pathmark | Scarsdale | 2540 Central Park Avenue | NY |
| 135 | 72171 | Pathmark | Staten Island | 2660 Hylan Avenue | NY |
| 136 | 70601 | Waldbaums | Stony Brook | 2162 Nesconset Highway | NY |
| 137 | 19918 | Liquor | Unclassified | 1175 Third Ave Suite A | NY |
| 138 | 70794 | A&P | Valley Cottage | 14 Lake Ridge Plaza | NY |
| 139 | 72644 | Pathmark | West Babylon | 531 Montauk Highway | NY |
| 140 | 72293 | Pathmark | Yonkers | 1757 Central Park Avenue | NY |
| 141 | 72528 | Pathmark | Cheltenham | 1000 Easton Road | PA |
| 142 | 72529 | Pathmark | Fairless Hills | 500 Lincoln Highway | PA |
| 143 | 70718 | Superfresh | New Hope | 323 West Bridge Street | PA |
| 144 | 59530 | Food Basics | Philadelphia | 15501 Bustleton Ave. | PA |
| 145 | 70982 | Superfresh | Philadelphia | #N/A | PA |
| 146 | 59510 | Food Basics | Philadelphia | 8920 Frankford Avenue | PA |
| 147 | 72556 | Pathmark | Philadelphia | 4160 Monument Road | PA |
| 148 | 72553 | Pathmark | Philadelphia | 8700 Frankford Avenue | PA |
| 149 | 72532 | Pathmark | Philadelphia | 3021 Grays Ferry Avenue | PA |
| 150 | 72557 | Pathmark | Philadelphia | 2900 N. Broad St. & Glenwood Ave. | PA |
| 151 | 72568 | Pathmark | Upper Darby | 421 S. 69Th Street | PA |
| 152 | 59503 | Food Basics | Brooklyn | 2185 Coyle Street | NY |
| 153 | 72610 | Pathmark | New York | 410 West 207th Street | NY |

WEIL:\95422957\9\50482.0004

**<u>Exhibit 2</u>**

**Small Transaction Notice**

WEIL:\95422957\9\50482.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
THE GREAT ATLANTIC & PACIFIC TEA                   :
COMPANY, INC., *et al.*,                           :        Case No. 15-23007 (RDD)
                                                   :
         Debtors.[6]                               :        (Jointly Administered)
--------------------------------------------------------------x

## NOTICE OF PROPOSED TRANSACTION PURSUANT TO
## DISCRETE SALE AND LEASE RATIONALIZATION PROCEDURES

   **PLEASE TAKE NOTICE** that, on July 19, 2015 (the "**Commencement Date**"), The Great Atlantic & Pacific Tea Company, Inc. and its affiliates identified in footnote 1 below, as debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

   **PLEASE TAKE FURTHER NOTICE** that, on August [___], 2015, the Bankruptcy Court entered the *Order Approving Discrete Sale and Lease Rationalization Procedures* [Docket No. _____] (the "**Discrete Procedures Order**"). A copy of the Discrete Procedures Order may be found at:  https://cases.primeclerk.com/aptea.

   **PLEASE TAKE FURTHER NOTICE** that, in accordance with the Discrete Procedures Order, the Debtors hereby provide notice of their intent to enter into a Small Transaction[7] with respect to certain assets (the "**Assets**") with [_____] (the "**Counterparty**") pursuant to an agreement dated [_____], 2015 (the "**Agreement**"). The material terms of the Agreement are as follows:

- **Description of Assets**: The Assets consist of the lease(s) referenced below (the "**Lease(s)**") [and the additional assets referenced below (the "**Additional Assets**")]:

---

[6]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corp. (7132); APW Supermarkets, Inc. (9509); Borman's Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); Shopwell, Inc. (3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[7] Capitalized terms but not otherwise defined herein shall have the meanings ascribed to them in the Discrete Procedures Order.

| Lease(s) | |
|---|---|
| Landlord(s) Name(s) and Address(es) | |
| Real Property Address(es) | |
| Lease Expiration Date(s) | |
| **Additional Assets** | |
| Description | |
| Location | |

- **Liens and Encumbrances on and Other Interests in the Assets**.  The Debtors are aware of the following liens and encumbrances on or interests in the Assets: _____.  To the extent that any party has liens and encumbrances on or interests in the Assets, the Debtors believe that any such liens, encumbrances or interests would be subject to monetary satisfaction in accordance with section 363(f)(5) of the Bankruptcy Code.

- **Economic Terms and Conditions of the Proposed Transaction**.  The Debtors propose to sell or dispose of the Assets to Counterparty on an "as is" basis, free and clear of all liens, claims, encumbrances and other interests therein, pursuant to section 363(f) of the Bankruptcy Code (the "**Transaction**").

- **Purchase Price**.  The Purchaser has agreed to pay a purchase price of $_____ for the Assets.

PLEASE TAKE FURTHER NOTICE that, in connection with the Transaction, the Debtors seek to assume and assign the Lease(s) to Counterparty.  Pursuant to the Discrete Procedures Order, the Debtors hereby provide the following Assumption and Assignment Information:

| Proposed Effective Date of Assumption and Assignment | |
|---|---|
| Proposed Cure Amount | |
| Counterparty's Name, Address, Telephone Number and Email Address | |

PLEASE TAKE FURTHER NOTICE that the Debtors hereby certify that, contemporaneously with the filing of this Notice, the Debtors have caused to be served by email and overnight mail on the Cure Notice Parties demonstrating the Counterparty's ability to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code and, if applicable, section 365(b)(3) of the Bankruptcy Code, including, without limitation, Counterparty's financial wherewithal and willingness to perform under the Lease(s) (such information, the "**Adequate Assurance Information**").  The Adequate Assurance Information is being provided to the Cure Notice Parties on a confidential basis.  To the extent any of the Cure Notice Parties wish to disclose this non-public information

2

in an objection filed with the Bankruptcy Court, such Cure Notice Parties must file such objection under seal and serve unredacted versions of such objections upon the Debtors and the Court.  Pursuant to the Discrete Procedures Order, the Cure Notice Parties are not required to obtain separate authority from the Bankruptcy Court to file the objection under seal.

**PLEASE TAKE FURTHER NOTICE** that any objection to the proposed Transaction, (an "**Objection**") including to the assumption and assignment of the Lease(s) in connection therewith and/or the proposed cure amount(s) set forth in this Notice, must:  (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be filed with the Bankruptcy Court and served on (a) The Great Atlantic and Pacific Tea Company, Inc., 2 Paragon Drive, Montvale, New Jersey 07645 (Attn: Christopher W. McGarry and Matthew Bennett); (b) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C. and Garrett A. Fail, Esq.); (c) Hilco, 5 Revere Dr. Suite 320, Northbrook, IL 60062 (Attn: Gregory S. Apter) (the "**Debtor Notice Parties**")  and (d) the attorneys for the Creditors' Committee, Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn:  Robert J. Feinstein, Esquire, and Bradford J. Sandler, Esquire, rfeinstein@pszjlaw.com and bsandler@pszjlaw.com), so that it is actually received by the Debtor Notice Parties and the Creditors' Committee on or before _____, _____ (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if any Objections are timely filed and served by the Objection Deadline and the Debtors are unable to negotiate a consensual resolution with the objecting parties within three (3) days after the Objection Deadline, the Objections will be deemed a request for a hearing and the Debtors will file a separate notice of hearing with respect to the Transaction.

**PLEASE TAKE FURTHER NOTICE** that, if no Objections are timely filed with the Bankruptcy Court and served by the Objection Deadline, (i) the Transaction, including the assumption and assignment of the Lease(s) in connection therewith will be deemed fully and finally authorized by the Court under the terms of the Discrete Procedures Order and no further notice or Court approval to consummate the Transaction shall be required or necessary; (ii) the proposed cure amount(s) set forth in this Notice shall be binding upon each non-Debtor party to the Lease(s) for all purposes in the Debtors' chapter 11 cases and will constitute a final determination of the assumption and no additional cure amounts shall be due; (iii) each non-Debtor party to the Lease(s) will be deemed to have received adequate assurance of future performance; and (iv) the effective date of the such assumption and assignment of the Lease(s) will be the proposed effective date set forth in this Notice.

WEIL:\95422957\9\50482.0004

Dated: _____, 2015
      New York, New York

                                       _____

                                       WEIL, GOTSHAL & MANGES LLP
                                       767 Fifth Avenue
                                       New York, New York  10153
                                       Telephone:  (212) 310-8000
                                       Facsimile:  (212) 310-8007
                                       Ray C. Schrock, P.C.
                                       Garrett A. Fail

                                       *Proposed Attorneys for Debtors
                                       and Debtors in Possession*

WEIL:\95422957\9\50482.0004