UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                          :
                                                               :      Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA                               :
COMPANY, INC., *et al.*,                                       :      Case No. 15-23007 (RDD)
                                                               :
        Debtors.                                               :      (Jointly Administered)
-----------------------------------------------------------------x

## ORDER DIRECTING UNITED STATES TRUSTEE
## TO APPOINT CONSUMER PRIVACY OMBUDSMAN

This matter having come before the Court upon the motion, by Notice of Presentment of Order Directing United States Trustee to Appoint Consumer Privacy Ombudsman, dated July 27, 2015 (the "Motion"), filed by The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"); and the Court having jurisdiction to enter this Order in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice the Motion and the opportunity for a hearing thereon having been given in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 62], and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and there being no objections to the requested relief; and the Court having found and determined that entry of this Order is warranted under 11 U.S.C. § 332 and in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted and the United States Trustee for Region 2 is directed to appoint a consumer privacy ombudsman (the "<u>Ombudsman</u>") in accordance with 11 U.S.C. § 332(a) within seven (7) days of entry of this Order; and it is further

ORDERED that the Ombudsman shall (a) perform the functions set forth in 11 U.S.C. § 332(b), subject to the terms of this Order, and (b) at all times comply with 11 U.S.C. § 332(c); and it is further

ORDERED that the Ombudsman shall be compensated and reimbursed pursuant to 11 U.S.C. §§ 330 and 33 and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of the Court; provided, that this Order shall have no effect on any agreement between one or more of the Debtors and one or more third parties that provides for the responsibility or any allocation of costs or expenses of the Ombudsman, rights of reimbursement or recoupment, or any similar rights related thereto; and it is further

ORDERED that, if a report or recommendation of the Ombudsman is required to be submitted, any such report or recommendation must be submitted prior to (a) in cases where the procedures governing a sale provide for notice and objections, the applicable objection deadline, or (b) in cases where the procedures governing a sale do not provide for notice and objections, seven (7) days after the Debtors provide notice to the Ombudsman of such sale; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August 11, 2015
      White Plains, New York

                                           /s/ Robert D. Drain
                                       THE HONORABLE ROBERT D. DRAIN
                                       UNITED STATES BANKRUPTCY JUDGE