PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Robert J. Feinstein
Bradford J. Sandler

*Proposed Counsel to the*
*Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al*., | Case No. 15-23007 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF THE DEBTORS TO RETAIN**
**AND EMPLOY PACHULSKI STANG ZIEHL & JONES LLP**
**AS COUNSEL *NUNC PRO TUNC* TO JULY 24, 2015**

The Official Committee of Unsecured Creditors (the "Committee") of The Great

Atlantic & Pacific Tea Company, Inc. and its affiliated debtors (collectively, the "Debtors")

hereby submits its application (the "Application") for the entry of an order, pursuant to sections

328(a) and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the

Local Rules of the United States Bankruptcy Court for the Southern District of New York (the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599).  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

"Local Rules"), authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee in connection with the Debtors' jointly administered chapter 11 cases, *nunc pro tunc* to July 24, 2015. In support of the Application, the Committee submits the declaration of Robert J. Feinstein (the "Feinstein Declaration"), a partner of the Firm, attached hereto as Exhibit A and incorporated herein by reference. In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

3.       On July 19, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

4.       On July 24, 2015, the Office of the United States Trustee (the "UST") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of: (i) 1199SEIU Health Care Employees Pension Fund; (ii) Basser-Kaufman, Inc.; (iii) C&S Wholesale Grocers, Inc.; (iv) CBA Industries, Inc.; (v) McKesson Corporation; (vi) Pension Benefit Guaranty Corporation; and (vii) United Food and Commercial Workers International Union.

5.      On July 24, 2015, the Committee held its initial meeting and, among other things, voted to retain the Firm as its counsel, subject to court approval.

6.      The Firm's retention is requested as of July 24, 2015, insofar as that is the date the Committee first requested PSZJ to render legal services on behalf of the Committee, and the Firm has been actively advising the Committee since that date.

7.      The Firm has approximately 65 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters.  The Firm's attorneys have comprehensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases.  Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and others, including (i) Circuit City Stores, Inc., (ii) Neff Corp, (iii) The Christian Brothers' Institute, (iv) Salander O'Reilly Galleries, (v) AMF Bowling Worldwide, and (vi) Fresh & Easy Neighborhood Market, Inc.  The Firm has also served as conflicts counsel to the official committees of unsecured creditors in Residential Capital and Old Carco LLC (f/k/a Chrysler LLC).  Based on these facts, the Committee believes that the Firm is well-qualified to render the services described below.

**RELIEF REQUESTED**

8.      By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit B, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain the Firm as its bankruptcy counsel in these chapter 11 cases.

9.      The Committee has selected PSZJ as its counsel in furtherance of the efficient administration of the estates on behalf of the Committee.  The Committee seeks to retain the

Firm *nunc pro tunc* to July 24, 2015 because the Firm began providing services to the Committee as of such date. The Committee believes that such *nunc pro tunc* retention is appropriate in these chapter 11 cases because the Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of these chapter 11 cases, and the Firm has been providing services to the Committee since July 24, 2015.

## SERVICES TO BE RENDERED

10.    Subject to further order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

a.    Assisting, advising, and representing the Committee in its consultations with the Debtors regarding the administration of this case;

b.    Assisting, advising, and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

c.    Assisting, advising, and representing the Committee in connection with the transfers of any programs operated by the Debtors to different agencies;

d.    Assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

e.    Assisting, advising, and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to these cases or to the formulation of a plan;

f.    Assisting, advising, and representing the Committee in its participation in the negotiation, formulation, and drafting of a plan of liquidation or reorganization;

g.    Advising the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

h.      Assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

i.      Assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions and claims against directors and officers and any other party; and

j.      Providing such other services to the Committee as may be necessary in these cases.

## NO ADVERSE INTEREST OF PROFESSIONALS

11.      To the best of the Committee's knowledge, and based upon the Feinstein Declaration attached hereto, neither the Firm nor any of its attorneys have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Feinstein Declaration.

12.      To the best of the Committee's knowledge, except as provided in the Feinstein Declaration, neither the Firm, nor any of its attorneys represent any interest adverse to that of the Committee in the matters on which they are to be retained.

13.      While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should the Firm, through its continuing efforts or as these cases progress, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

14.      The Firm represents many debtors and committees in other bankruptcy cases, and those debtors, the members of those committees, or those estates may be creditors of the Debtors. However, the Firm will not represent any members of those debtors, committees or their members with respect to any claims that they may have collectively or individually against the Debtors.

8

## PROFESSIONAL COMPENSATION

15.     Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ.   The primary professionals and paralegals presently designated to represent the Committee and their current standard hourly rates are:

|   |   |   |
|---|---|---|
| a. | Robert J. Feinstein, Partner | $995.00 per hour |
| b. | Bradford J. Sandler, Partner | $825.00 per hour |
| c. | Shirley S. Cho, Of Counsel | $750.00 per hour |
| d. | Maria A. Bove, Of Counsel | $725.00 per hour |
| e. | Jason H. Rosell, Of Counsel | $525.00 per hour |
| f. | Paralegals | $305 per hour |

16.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.   PSZJ intends to provide ten (10) business days' notice to the Debtors, the Committee, and the UST before implementing any increases in PSZJ's rates for professionals working on these chapter 11 cases.   Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein.

17.     The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature.   These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.   It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.   The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including,

without limitation, envelopes and labels) provided by the Firm to outside copying services for

use in mass mailings, expenses for "working meals," computerized research, transcription costs,

as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will

charge the Committee for these expenses in a manner and at rates consistent with charges made

generally to the Firm's other clients and within the guidelines set forth in Local Rule 2014-1, and

all amendments and supplemental standing orders of the Court. PSZJ believes that it is more

appropriate to charge these expenses to the clients incurring them than to increase the hourly

rates and spread the expenses among all clients.

## **NOTICE**

18.    Notice of this Application has been given to:  (i) the Debtors; (ii) counsel

to the Debtors; (iii) the U.S. Trustee; (iv) the attorneys for any other official committee(s) that

may be appointed in these chapter 11 cases; (v) the attorneys for Wells Fargo Bank, National

Association, as agent under that certain Amended and Restated Senior Secured Revolving Credit

Agreement dated as of September 17, 2014; (vi) the attorneys for Wells Fargo Bank, National

Association, as agent under that certain Amended and Restated Senior Secured Term Credit

Agreement, dated as of September 17, 2014; (vii) U.S. Bank National Association, as trustee

under that certain Indenture for Senior Secured PIK Toggle Notes due 2017 (the "Prepetition

PIK Notes"); (viii) U.S. Bank National Association, as trustee under that certain Indenture for

Secnior Secured Convertible Notes due 2018 (the "Prepetition Convertible Notes"); (ix) the

attorneys for the holders of a majority of the Prepetition PIK Notes; (x) the attorneys for the

holders of a majority of the Prepetition Convertible Notes; (xi) the attorneys for the DIP Agent;

(xii) The Yucaipa Companies, LLC and their affiliated funds; (xiii) the attorneys for the United

Food and Commercial Workers Union International; and (xiv) all parties requesting notice in

these chapter 11 cases pursuant to Bankruptcy Rule 2002 and in accodance with any case management order of this Court entered for these cases.  The Committee submits that such notice is sufficient and requests that this Court find that no further notice of the relief requested herein is necessary.

## NO PRIOR REQUEST

19.    No prior Application for the relief requested herein has been made to this or any other Court.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Committee respectfully requests the entry of an order, substantially in the form attached hereto as <u>Exhibit B</u>, authorizing the Committee to employ and retain PSZJ as counsel effective as of July 24, 2015, and granting such other and further relief as is just and proper.

Date: August 26, 2015

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,** *et al.*

C&S Wholesale Grocers, Inc.
By:  William M. Boyd, III

Solely in its capacity as Co-Chair of the Official Committee of Unsecured Creditors of The Great Atlantic & Pacific Tea Company, Inc., *et al.*, and not in any other capacity

Pension Benefit Guaranty Corporation
By:  Michael Strollo

Solely in its capacity as Co-Chair of the Official Committee of Unsecured Creditors of The Great Atlantic & Pacific Tea Company, Inc., *et al.*, and not in any other capacity

Filed By:

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Robert J. Feinstein*
Robert J. Feinstein
Bradford J. Sandler
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com

Proposed Counsel for the Official Committee of Unsecured Creditors

DOCS_LA:291044.2

**WHEREFORE**, the Committee respectfully requests the entry of an order, substantially in the form attached hereto as <u>Exhibit B</u>, authorizing the Committee to employ and retain PSZJ as counsel effective as of July 24, 2015, and granting such other and further relief as is just and proper.

Date: August __, 2015

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,** *et al.*

_____

C&S Wholesale Grocers, Inc.
By: William M. Boyd, III

Solely in its capacity as Co-Chair of the Official Committee of Unsecured Creditors of The Great Atlantic & Pacific Tea Company, Inc., *et al.*, and not in any other capacity

_____

Pension Benefit Guaranty Corporation
By: Michael Strollo

Solely in its capacity as Co-Chair of the Official Committee of Unsecured Creditors of The Great Atlantic & Pacific Tea Company, Inc., *et al.*, and not in any other capacity

Filed By:

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Robert J. Feinstein*
_____
Robert J. Feinstein
Bradford J. Sandler
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com

Proposed Counsel for the Official Committee of Unsecured Creditors

# EXHIBIT A

## Declaration of Robert J. Feinstein

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Robert J. Feinstein
Bradford J. Sandler

*Proposed Counsel to the*
*Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*, | Case No. 15-23007 (RDD) |
| | (Jointly Administered) |
| Debtors.[1] | |

**DECLARATION IN SUPPORT OF APPLICATION OF**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF THE DEBTORS TO RETAIN AND EMPLOY PACHULSKI STANG**
**ZIEHL & JONES LLP AS COUNSEL *NUNC PRO TUNC* TO JULY 24, 2015**

I, Robert J. Feinstein, declare under penalty of perjury pursuant to 28 U.S.C. §
1746 and pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure
and Rule 2014-1 of the Local Rules that the following is true and correct:

1.       I am a partner with the law firm of Pachulski Stang Ziehl & Jones LLP

("PSZJ" or the "Firm"), with offices located at 780 Third Avenue, 34th Floor, New York, New

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599).  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

York 10017.  I am duly admitted to practice law in, among other places, the State of New York

and the United States District Court for the Southern District of New York.

2.     I am authorized to submit this declaration (the "Declaration") in support of

the *Application of the Official Committee of Unsecured Creditors of the Debtors to Retain and*

*Employ Pachulski Stang Ziehl & Jones LLP as Counsel Nunc Pro Tunc to July 24, 2015*.

3.     The Firm has approximately 65 attorneys with a practice concentrated on

corporate reorganizations, bankruptcy, litigation, and commercial matters.  The Firm's attorneys

have comprehensive experience representing creditors' committees, debtors, creditors, trustees,

and others in a wide variety of bankruptcy cases.  Attorneys of the Firm have extensive

experience representing creditors' committees in complex chapter 11 cases in this District and

others, including: (i) Circuit City Stores, Inc., (ii) Neff Corp, (iii) The Christian Brothers'

Institute, (iv) Salander O'Reilly Galleries, (v) AMF Bowling Worldwide, and (vi) Fresh & Easy

Neighborhood Market, Inc.  The Firm has also served as conflicts counsel to the official

committees of unsecured creditors in Residential Capital and Old Carco LLC (f/k/a Chrysler

LLC).  Accordingly, the Firm is well-qualified to render the services described below.

4.     Neither I, the Firm, nor any partner, of counsel or associate thereof,

insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or

any other parties in interest herein, or their respective attorneys and accountants, the U.S.

Trustee, or any person employed in the office of the U.S. Trustee or any Bankruptcy Judge

currently serving on the United States Bankruptcy Court for the Southern District of New York,

except as set forth herein.

5.     Section 1103(b) of the Bankruptcy Code does not incorporate the general

"disinterestedness" standard of section 327(a) on proposed counsel to an official committee of

unsecured creditors.    However, Bankruptcy Rule 2014 requires that an application for employment under section 1103 disclose all connections with the Debtors, their estates, professionals, and the Office of the United States Trustee.

6.    The Firm has made the following investigation of its connections prior to submitting this Declaration.  The Firm has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties in interest in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database.    Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation.  In particular, an employee of the Firm, under my supervision, entered the names of the Debtors, the creditors of the Debtors as disclosed by it in filings with the Court, and the U.S. Trustee through the Firm's database. The categories of the parties entered in the Firm's database with respect to the Firm's conflicts check in this case are set forth on Schedule 1 annexed hereto.

7.    Based on the Firm's conflict check within its database, the Firm has not encountered any creditors of the Debtors in which an actual conflict exists between the Firm and such creditors.  If, at any time during the course of this proceeding, the Firm learns of any representation which may give rise to a conflict, the Firm will promptly file with the Court, with a copy to the United States Trustee, an amended declaration identifying and specifying such involvement.

8.      PSZJ and certain of its attorneys have represented and in the future will likely represent creditors of the Debtors in connection with matters unrelated to the Debtors and these cases.  The following disclosures are the product of the Firm's conflicts report:

a.      The Firm represents a Fortress Credit Corp. affiliate as a secured creditor in connection with cases wholly unrelated to the Debtors' chapter 11 cases.  Revenues from this unrelated representation are a negligible part of the Firm's total revenues (less than $25,000 year to date).  The Firm does not represent Fortress Credit Corp. or its affiliates in these cases and will not represent Fortress Credit Corp. or its affiliates in these cases.

b.      The Firm was bankruptcy co-counsel to Core-Mark International, Inc. in its chapter 11 bankruptcy case, which representation concluded in 2004.  Core-Mark is a top 20 unsecured creditor in A&P's bankruptcy cases.  The Firm does not represent Core-Mark in these cases and will not represent Core-Mark in these cases.

c.      The Firm represents McKesson Corporation ("McKesson"), a member of the Committee in these cases, and its affiliates Gulf South Medical Supply, Inc., and PSS World Medical, Inc., in a wholly unrelated collection dispute with Foresight Management Services, LLC (and various affiliated entities and persons), regarding a delinquent promissory note and other unpaid invoices for pharmaceutical products, surgical devices and other medical equipment sold by McKesson to various skilled nursing facilities located in California.  The Firm's revenues from this unrelated representation are a negligible part of the Firm's annual revenues (less than $35,000 year to date).  In addition, an affiliated entity of McKesson is a member of the official committee of unsecured creditors appointed in the chapter 9 case of the Palm Drive Health Care District pending in the United States Bankruptcy Court for the Northern District of California.  The Firm represents the committee in the Palm Drive chapter 9 case.  Another affiliated entity of McKesson is a creditor with a claim of $6,746.38 in the chapter 9 case of the Mendocino Coast Health Care District also pending in the Northern District of California.  The Firm represents the debtor in the Mendocino Coast chapter 9 case.

9.      If the Firm identifies any further such representations, the Firm will make further disclosures as may be appropriate at that time.

10.     PSZJ represented, represents, and in the future will likely represent committees in matters unrelated to the Debtors and these cases, whose members may be creditors and/or committee members in these cases.  Except as set forth above, the Firm is not aware of any such representations.  If the Firm identifies any further such representations, the Firm will make further disclosures as may be appropriate at that time.

11.     The Firm has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtors and these cases wherein professionals retained in these cases have also served as professionals, including the Committee's proposed financial advisor, Zolfo Cooper, and the Debtors' proposed financial advisor, FTI Consulting, Inc.

12.     The Firm has not received any retainer or payment from the Debtors or the Committee.  Nor has the Firm received any promise of payment in connection with these cases during the one-year period prior to the filing of the Debtors' petitions.  No compensation has been paid or promised to be paid from a source other than the Debtors' estates in these cases.  No promises have been received by the Firm nor by any attorneys thereof as to compensation in connection with these chapter 11 cases, other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases, except among the partners, of counsel, and associates of the Firm.  Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by the Firm in its representation of the Committee.

13.     The Firm intends to apply for compensation for professional services rendered in connection with these cases subject to approval of this Court as stated in the

Application, and in compliance with applicable provisions of the Bankruptcy Code, on an hourly

basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

No compensation will be paid to the Firm except upon compliance with the Bankruptcy Code,

Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court.

The principal attorneys and paralegals presently designated to represent the Committee and their

current standard hourly rates are:

| | | |
|---|---|---|
| a. | Robert J. Feinstein, Partner | $995.00 per hour |
| b. | Bradford J. Sandler, Partner | $825.00 per hour |
| c. | Shirley S. Cho, Of Counsel | $750.00 per hour |
| d. | Maria A. Bove, Of Counsel | $725.00 per hour |
| e. | Jason H. Rosell, Of Counsel | $525.00 per hour |
| f. | Paralegals | $305 per hour |

14.     The hourly rates set forth above are subject to periodic adjustments to

reflect economic and other conditions.  PSZJ intends to provide ten (10) business days' notice to

the Debtors, the Committee, and the UST before implementing any increases in PSZJ's rates for

professionals working on these chapter 11 cases.  Other attorneys and paralegals may from time

to time serve the Committee in connection with the matters described herein.

15.     It is the Firm's policy to charge its clients in all areas of practice for all

other expenses incurred in connection with the client's case.  The expenses charged to clients

include, among other things, telephone and telecopier toll and other charges, mail and express

mail charges, special or hand delivery charges, document retrieval, photocopying charges,

charges for mailing supplies (including, without limitation, envelopes and labels) provided by the

Firm to outside copying services for use in mass mailings, expenses for "working meals,"

computerized research, transcription costs, as well as non-ordinary overhead expenses such as

secretarial and other overtime.  The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

16.    Subject to Court approval, the Committee may seek to retain various professionals during the pendency of this case.  PSZJ intends to work closely with any such professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed on behalf of the Committee or charged to the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   August 27, 2015                          */s/ Robert J. Feinstein*
                                                   Robert J. Feinstein

# **Schedule 1**

1.      Debtors and Affiliates
2.      Debtors' Trade Names and Aliases (up to 8 years)
3.      Current Officers and Directors
4.      Former Officers and Directors (2 years)
5.      Equity Ownership > 5%
6.      Professional Service Providers to the Debtors
7.      Known Professional Service Providers to the non-debtor Parties-in-Interest
8.      Landlords
9.      Banks
10.     Revolver Parties
11.     Term Loan Parties
12.     12.5% Second Lien PIK Toggle Note Creditors
13.     12.5% Second Lien PIK Toggle Indenture Trustee
14.     14.0% Third Lien Convertible Note Creditors
15.     14.0% Third Lien Convertible Note Indenture Trustee
16.     Material Lienholders
17.     Top 90 Unsecured Creditors
18.     Utilities
19.     Major Insurers and Insurance Brokers
20.     Beneficiaries and Issuers of Letters of Credit and Surety Bonds
21.     Parties to Significant Contracts with the Debtors
22.     Critical Vendors
23.     Unions
24.     Major Third Party Administrators
25.     Major Competitors of the Debtors
26.     Joint Venture Counterparties
27.     Parties to Litigation
28.     United States Trustee, Judges, and Court Contacts for the Southern District of New York
29.     Regulatory Agencies (Federal, State, Local)
30.     Taxing Authorities (Federal, State, Local)

# EXHIBIT B

**Proposed Order**

DOCS_LA:291044.2

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Robert J. Feinstein
Bradford J. Sandler

*Proposed Counsel to the*
*Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al*.,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 15-23007 (RDD)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING AND APPROVING**
**THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP**
**AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF**
**THE DEBTORS *NUNC PRO TUNC* TO JULY 24, 2015**

Upon consideration of the *Application of the Official Committee of Unsecured*

*Creditors of the Debtors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel*

*Nunc Pro Tunc to July 24, 2015* (the "Application")[2] and the declaration of Robert J. Feinstein in

support of the Application (the "Feinstein Declaration") filed by the Official Committee of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599).  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Unsecured Creditors (the "Committee") of The Great Atlantic & Pacific Tea Company, Inc. and

its affiliated debtors (collectively, the "Debtors"), pursuant to sections 328(a) and 1103(a) Title

11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local

Rules"), for an order authorizing and approving the retention and employment of Pachulski

Stang Ziehl & Jones LLP as counsel for the Committee in these chapter 11 cases; and the Court

having jurisdiction to consider the Application and the relief requested therein in accordance

with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the

Application is in the best interests of the Debtors' estates, their creditors and other parties-in-

interest; and the Committee having provided adequate and appropriate notice of the Application

under the circumstances; and after due deliberation and good and sufficient cause appearing

therefor;

### IT IS HEREBY ORDERED THAT:

1.        The Application is **GRANTED**.

2.        The Committee is authorized to retain and employ PSZJ as counsel to the

Committee *nunc pro tunc* to July 24, 2015.   Subject to Court approval, PSZJ may be

compensated for services rendered and reimbursed for expenses incurred beginning on July 24,

2015.

3.        PSZJ shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' cases as set forth in the

Application and in compliance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

4.     Before implementing any increases in PSZJ's rates for professionals

working on these cases, PSZJ shall provide ten (10) business days' notice to the Debtors, the

Committee, and the U.S. Trustee.

5.     The Committee and PSZJ are authorized and empowered to take all

actions necessary to implement the relief granted in this Order.

6.     PSZJ is authorized to sign and file electronically all notices, orders,

motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations,

replies and other documents filed in support of such documents and all objections and responses

related to any such documents filed by any party in these chapter 11 cases.

7.     The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Dated: September __, 2015

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE