UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                         :
                                                              :    Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA                              :
COMPANY, INC., *et al.*,                                      :    Case No. 15-23007 (RDD)
                                                              :
Debtors.[1]                                                   :    (Jointly Administered)
-----------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 330, 331, FED. R. BANKR. P. 2016, AND LOCAL RULE 2016-1 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "**Motion**")[2] of The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules of Bankruptcy Procedure for the Southern District of New York (the "**Local Rules**") for an order establishing an orderly, regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "**Interim Compensation Procedures**") for professionals whose services are authorized by the Court pursuant to sections 327, 328, or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2] Capitalized use but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) (the "**Retained Professionals**"), all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; in accordance with the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), and 9007 Implementing Certain Notice and Case Management Procedures*, dated July 20, 2015 (ECF No. 62), and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided except as set forth herein; and upon the Declaration of Christopher W. McGarry Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York filed on the Commencement Date, and the record of the hearing held by the Court on the Motion and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted to the extent set forth herein; and it is further

      ORDERED that except as otherwise may be provided by orders of this Court authorizing the retention of specific professionals, all Retained Professionals, members of the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and the Consumer

WEIL:\95447661\2\50482.0005

Privacy Ombudsman may seek interim compensation in accordance with the following Interim Compensation Procedures:

    a.    On or before the 30th day of each month following the month for which compensation is sought, each Retained Professional seeking compensation shall serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) The Debtors c/o The Great Atlantic & Pacific Tea Company, Inc., Two Paragon Drive, Montvale, New Jersey 07645 (Attn.: Matthew Bennett, Esq.); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn.: Ray C. Schrock, P.C., Garrett A. Fail, Esq., and Sunny Singh, Esq.); (iii) the U.S. Trustee, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn.: Brian Masumoto, Esq.); (iv) the attorneys for Fortress Credit Corp., as agent for the DIP Lender (the "**DIP Agent**"), Jones Day, 222 East 41st Street, New York, New York 100017 (Attn.: Scott J. Greenberg, Esq.); and (v) the attorneys for the Creditors' Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn.: Robert J. Feinstein, Esq.); 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Bradford J. Sandler, Esq.) (collectively, the "**Notice Parties**").

    b.    On or before the 30th day of each month following the month for which compensation is sought, each Retained Professional shall file a Monthly Statement with the Court; however, a courtesy copy need not be delivered to the Court because this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals still shall be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

    c.    Except as otherwise permitted by an order of the Court authorizing the retention of a Professional, each Monthly Statement shall contain a list of the individuals who provided services during the period covered by the Monthly Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour unless otherwise ordered by the Court.[1]

    d.    Each Notice Party shall have fifteen (15) days after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than fifteen (15) days following receipt of the Monthly Statement (the "**Objection Deadline**"), serve upon the Retained Professional whose Monthly Statement is the subject of an Objection, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee

---

[1] The Debtors may seek to modify this requirement in the retention application of certain Professionals.

3

        Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

e.    At the expiration of the Objection Deadline, the Debtors promptly shall pay eighty percent (80%) of the fees and 100% of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraph (d) above.

f.    If an Objection to a particular Monthly Statement is served, the Debtors shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

g.    If an Objection is resolved, the Retained Professional whose Monthly Statement was the subject of the Objection shall serve a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, and the Debtors promptly shall pay, in accordance with paragraph (e) above, that portion of the Monthly Statement that is no longer subject to the Objection.

h.    All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

i.    The service of an Objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or otherwise. Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind and shall not prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

j.    Commencing with the period ending November 30, 2015, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than forty-five (45) days after the end of the Interim Fee Period.

k.    The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**"). At least twenty-one (21) days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline. Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, of such Interim Fee Application three (3) business days before the filing deadline.

4

        The Debtors' attorneys shall file and serve such Interim Fee Application with the Court.

l. Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

m. The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

o. The attorneys for the Creditors' Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors Committee; provided that these reimbursement requests comply with the Bankruptcy Court's Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013, and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013.

ORDERED that the Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; provided that amounts paid to ordinary course professionals may be stated in the aggregate on any monthly operating reports; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that the Debtors shall serve a copy of this Order on each of the Retained Professionals; and it is further

5

ORDERED that notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in these chapter 11 cases; and it is further

ORDERED that, in the event that an ordinary course professional is required to file a fee application, then the Debtors' attorneys shall obtain a date from the Court for the hearing of such fee application, which shall be scheduled no earlier than twenty-one (21) days after the fee application is served on the Notice Parties; and it is further

ORDERED that the Debtors are authorized to take all action necessary to carry out this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: White Plains, New York
       September 1, 2015

                                              /s/Robert D. Drain
                                            UNITED STATES BANKRUPTCY JUDGE