UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                                    :
                                                                         :         Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA                                         :
COMPANY, INC., *et al.*,                                                 :         Case No. 15-23007 (RDD)
                                                                         :
          Debtors.[1]                                                    :         (Jointly Administered)
-----------------------------------------------------------------x

**INTERIM ORDER PURSUANT TO 11 U.S.C. § 1113(e) AUTHORIZING
DEBTORS TO MODIFY COLLECTIVE BARGAINING AGREEMENTS**

Upon the motion (the "**Motion**")[2] of The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 1113(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors to modify the obligations set forth in their collective bargaining agreements (the "**CBAs**") until, with respect to each of the CBAs, the earlier of (i) the rejection of such CBA, either by consensual agreement or by order of this Court, or (ii) three (3) months from the date of entry of this Order, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corp. (7132); APW Supermarkets, Inc. (9509); Borman's Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m) and 9007 Implementing Certain Notice and Case Management Procedures*, dated July 20, 2015 (ECF No. 62), and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and an evidentiary hearing having been held on August 17, 2015 and continued, for oral argument, on September 1, 2015 on the relief requested in the Motion (the "**Hearing**"); and upon the Declaration of Christopher W. McGarry Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York filed on the Commencement Date, the Declaration of Christopher W. McGarry in Support of Motion of Debtors Pursuant to 11 U.S.C. § 1113(e) for Interim Authority to Modify Collective Bargaining Agreements, the Declaration of Tim McDonagh in Support of Motion of Debtors Pursuant to 11 U.S.C. § 1113(e) for Interim Authority to Modify Collective Bargaining Agreements, and the Declaration of Ali Rizvi in Support of Motion of Debtors Pursuant to 11 U.S.C. § 1113(e) for Interim Authority to Modify Collective Bargaining Agreements, all annexed to the Motion; and upon the Corrected Declaration of Ali Rizvi in Support of Motion of Debtors Pursuant to 11 U.S.C. § 1113(e) for Interim Authority to Modify Collective Bargaining Agreements filed on August 14, 2015; and upon each of the objections to the Motion and the Debtors' reply thereto and all pleadings filed in connection with the Motion; and upon the record of the Hearing and all of the proceedings had before the Court; and the Debtors' having modified the relief requested by the Motion on the record of the Hearing on September 1, 2015; and for the reasons stated by the Court on the record of the Hearing, the Court having found and

concluded that the Motion, as modified, should be granted to the extent set forth herein and otherwise denied, it is

ORDERED that the Motion, as modified, is granted to the extent provided herein; and it is further

ORDERED that the Debtors are authorized, pursuant to section 1113(e) of the Bankruptcy Code, to modify the obligations set forth in the CBAs for the Initial Closing Stores through the earlier of (a) the rejection of such CBA and (b) October 19, 2015 as follows:

(i) each employee of the Debtors who is represented by a union shall have no right to participate in the employee-transfer practice referred to in the Motion as "bumping" and all rights to "bump" under any CBA shall be abrogated, except (a) as provided in subparagraph (ii) below or (b) for employees represented by United Food and Commercial Workers Union Local 1776 ("**Local 1776**"), for whom bumping shall be permitted, subject to approval by the Court, on the terms set forth in a separate stipulation between the Debtors and Local 1776;

(ii) if a union submits all necessary analyses and performs all administrative requirements to implement bumping to the Debtors by September 3, 2015, the Debtors may agree in their discretion to implement such bumping, provided that (A) any employee exercising a bumping right must assume the complete employment profile of the "bumped" employee (including, without limitation, with respect to wages, benefits, severance, paid time off, premiums, work rules, scheduling, and all other employment aspects) so that any bumping occurs at no incremental cost to the Debtors or a purchaser of a Debtor's store

3

over the cost of employing the "bumped" employee, and (B) any employee who exercises a bumping right shall thereafter have no further bumping rights during the period that the modifications approved by this Order are in effect;

(iii) each employee of the Debtors who is represented by a union shall be entitled, upon termination of employment by the Debtors, to payment of 52% of his or her contractual cash severance entitlement, which amount shall be determined in the ordinary course of business under the applicable CBA or corporate policy and paid in a single lump-sum payment (net of all deductions and withholdings for the period during which non-cash benefits will continue, including, for example, employee health and welfare contributions) to each applicable employee from cash collateral or DIP loan proceeds on the first pay period that severance otherwise would have commenced in the ordinary course of business under the applicable CBA or corporate policy, and receipt of such amount by an employee shall not constitute a waiver by the employee of the right to assert a claim against the applicable Debtor for any accrued and unpaid severance, subject to any applicable bar date;

and it is further

ORDERED that any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the terms of the DIP Orders (as defined in the McGarry 1007 Declaration); and it is further

ORDERED that nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors'

4

or any appropriate party in interest's rights to dispute any claim, or (c) an assumption or rejection under section 1113, or any other section of, the Bankruptcy Code of, or a postpetition re-affirmation of, any of the CBAs or any other agreement between the Debtors and any of their unions or any of such unions' locals or affiliates; and it is further

ORDERED that notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance or diminish the status of any claim held by, any party; and it is further

ORDERED that the Debtors are authorized to take all steps necessary to carry out this Interim Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

Dated: September 3, 2015
      White Plains, New York

                                                                               /s/Robert D. Drain
                                                      UNITED STATES BANKRUPTCY JUDGE