**Rubin LLC**
**345 Seventh Avenue, 21st Floor**
**New York, New York 10001**
**Tel:  212. 390.8054**
**Fax: 212.390.8064**
**E-mail:   prubin@rubinlawllc.com**
**Paul A. Rubin**

*Counsel for Old Bridge Plaza Associates, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **The Great Atlantic & Pacific Tea** | : | **Case No. 15-23007 (RDD)** |
| **Company, Inc., et al.,** | : | |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |

-------------------------------------------------------x

### LIMITED OBJECTION OF OLD BRIDGE PLAZA ASSOCIATES, LLC TO DEBTOR'S NOTICE OF REJECTION OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES

Old Bridge Plaza Associates, LLC, (the "Landlord"), by its undersigned counsel, hereby objects to the Notice of Omnibus Rejection of Certain Unexpired Leases dated September 10, 2015 [Doc. No. 850] (the "Rejection Notice") of the above-captioned debtors (the "Debtors"),  and in support thereof respectfully represents as follows:

1.        Landlord is the successor-in-interest to Old Bridge Plaza Associates, pursuant to that certain lease dated March 6, 1991, as amended (the Lease), as to which A&P Real Property, LLC (the "Debtor"), is the current tenant, as successor-in-interest to Pathmark Stores Inc., as successor-in-interest to Supermarkets General Corporation, regarding the premises located at 1043 Highway No. 9, Old Bridge, New Jersey.

2.        On August 13, 2015, this Court entered the Amended Final Order Pursuant to 11 U.S.C. §§ 105, 363, 365 and 554 Approving (I) Global Procedures for (A) Store Closings, (B) the

Expedited Sale, Transfer, or Abandonment of De Minimis Assets, and (C) Rejecting Unexpired

Nonresidential Real Property Leases, and (II) Entry into a Liquidation Consulting Agreement

[Doc. No. 546] (the "Global Procedures Order").

3.      The Global Procedures Order contains the following provision that governs the

designation of the effective date of Debtor's rejection of a lease, including its Lease with Landlord:

> Rejection Date.  The Rejection Date for any unexpired lease and/or
> sublease shall not be before the later of: (i) service of the Rejection
> Notice; or (ii) the delivery of the keys, key codes, and alarm codes
> to the premises to the applicable lease counterparty and (x) the
> Debtors' unequivocal surrender of the leased premises in broom
> clean condition with all property that is not owned by the lease and
> sublease counterparty removed from the premises including any and
> all hazardous (as such term is defined in any federal, state or local
> law, rule, regulation or ordinance) materials, or (y) five business (5)
> days after the Abandonment Notice is sent to applicable third
> parties, without further notice, hearing or order of this Court.  The
> Rejection Date for any unexpired lease sublet to a third party and
> any related sublease shall not be before ten (10) calendar days after
> the service of the Rejection Notice.

Global Procedures Order at p.14.

4.      The Global Procedures Order is clear that the effective date of Debtor's rejection

of a lease may not occur before (a) Debtor's delivery of the keys, key codes, and alarm codes to

the premises to Landlord and (b) either (i) the Debtor's unequivocal surrender of the leased

premises in broom clean condition with all property that is not owned by Landlord removed from

the subject premises or (ii) five business (5) days after an "Abandonment Notice" (as defined in

the Global Procedures Order) is sent to applicable third parties

5.      The Rejection Notice, however, states that in no event will the effective date of

Debtor's rejection of the Lease be later than September 28, 2015.  Specifically, it states in relevant

part as follows:

> **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms
> of the Order, the rejection of the Leases shall become effective (the
> "**Rejection Date**"), on the later of: (i) the expiration of the Objection

Period (as defined below); or (ii) the delivery of the keys, key codes, and alarm codes to the premises to the applicable lease counterparty and (x) the Debtor's unequivocal surrender of the leased premises in broom clean condition with all property that is not owned by the lease and sublease counterparty removed from the premises including any and all hazardous (as such term is defined in any federal, state or local law, rule, regulation or ordinance) materials, or (y) five business (5) days after the Abandonment Notice is sent to applicable third parties, without further notice, hearing or order of this Court; <u>provided</u>, that in no event shall the Rejection Date be later than September 28, 2015.

6.      The Rejection Notice improperly purports to designate September 28, 2015 as the latest possible date by which Debtor's rejection of the Lease will become effective, regardless of whether the aforementioned conditions to effectiveness of a lease rejection set forth in the Global Procedures Order have been fulfilled.

7.      It is currently not known whether the Debtor will have (a) delivered the keys, key codes, and alarm codes to the subject premises to Landlord on or before September 28, 2015 and (b) either (i) unequivocally surrendered to Landlord the leased premises in broom clean condition with all property that is not owned by Landlord removed from the subject premises on or before that date or (y) have delivered an "Abandonment Notice" (as defined in the Global Procedures Order) five business days before September 28, 2015.

8.      Landlord respectfully submits that the Debtor does not have the right to deviate unilaterally from the conditions precedent to effective of a lease rejection set forth in the Court's Global Procedures Order.  Accordingly, Landlord objects to the Rejection Notice to the extent it seeks to fix September 28, 2015 as the effective date of Debtor's rejection of the Lease with Landlord even if Debtor fails to satisfy the above-quoted conditions precedent to effectiveness of its proposed rejection of the Lease set forth in the Global Procedures Order.

9.      Landlord reserves the right to assert a post-petition administrative claim for the time period following the commencement of Debtors' cases until all of the conditions precedent to

effectiveness of rejection of a lease set forth in the Global Procedures Order are satisfied.  As of the date hereof, Debtor has failed to pay Landlord certain post-petition sums due under the Lease for fixed rent, common area maintenance escrow, insurance, real estate taxes and utilities. Landlord reserves all of its rights and remedies related thereto.

WHEREFORE, for the foregoing reasons, Landlord objects to the Debtors' Rejection Notice to the extent it seeks to fix the effective date of Debtor's rejection of the Lease for a date in contravention of the terms set forth in the Global Procedures Order, and Landlord further requests that the Court grant it any other appropriate relief consistent herewith.

Dated:  New York, New York
        September 18, 2015

RUBIN LLC

By:/s/ Paul A. Rubin        
      Paul A. Rubin

345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com

*Counsel for Old Bridge Plaza Associates, LLC*

## <u>Certificate of Service</u>

I hereby certify that on September 18, 2015, I caused a true and correct copy of the foregoing Limited Objection of Old Bridge Plaza Associates, LLC to Debtor's Notice of Rejection of Certain Unexpired Nonresidential Real Property Leases to be served upon the parties at the addresses set forth on the following service list via U.S. Mail, postage prepaid and via e-mail at the addresses provided below.

Dated: New York, New York
      September 18, 2015

                                      /s/ Paul A. Rubin
                                         Paul A. Rubin

## <u>Service List</u>

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn:   Ray C. Schrock, P.C.
         Garrett A. Fail, Esq.
         Sunny Singh, Esq.
([garrett.fail@weil.com](garrett.fail@weil.com))

Office of the United States Trustee for Region 2
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
Attn:   Brian Masumoto, Esq.
(nbank60@hotmail.com)

Pachulski, Stang, Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Attn:   Bradford J. Sandler, Esq.
        Robert Feinstein, Esq.
(rfeinstein@pszyj.com)