Objection Deadline: September 25, 2015 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objection Filed): To Be Determined

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :    **Chapter 11**
**THE GREAT ATLANTIC & PACIFIC TEA**                        :
**COMPANY, INC.,** *et al.***,**                            :    Case No. 15-23007 (RDD)
                                                            :
          Debtors.[1]                                       :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### NOTICE OF AUCTION PURSUANT TO DISCRETE
### SALE AND LEASE RATIONALIZATION PROCEDURES

**PLEASE TAKE NOTICE** that:

1. On July 19, 2015, The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

2. On August 11, 2015, the Bankruptcy Court entered the *Order Approving Discrete Sale and Lease Rationalization Procedures* [Docket No. 496] (the "**Discrete**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc. (3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

**Procedures Order**"). A copy of the Discrete Procedures Order may be found at: http://cases.primeclerk.com/aptea.

3. Pursuant to Section III.A of the Discrete Sale and Lease Rationalization Procedures attached to the Discrete Procedures Order as Exhibit 1 (the "**Discrete Procedures**"), the Debtors have determined to hold an auction (the "**Auction**") with respect to the following Additional Stores[2] (the "**Applicable Stores**"):

|    | Store | Banner | City | Address | State |
|----|-------|--------|------|---------|-------|
| 38 | 36711 | Food Emporium | New York | 1331 1st Avenue | NY |
| 40 | 36732 | Food Emporium | New York | 810 8th Avenue | NY |
| 43 | 36742 | Food Emporium | New York | 1066 3rd Avenue | NY |

4. Pursuant to the Global Bidding Procedures attached as Exhibit 1 to the *Order Approving (A) Global Bidding Procedures, (B) Bid Protections Granted to Certain Stalking Horse Purchasers, (C) the Form and Manner of Notice of Auctions, Sale Transactions and Sale Hearing, (D) the Assumption and Assignment Procedures, and (E) the Date for Auctions, if Necessary, and Sale Hearings* [Docket No. 495] (the "**Global Procedures**"), a Global Auction has been scheduled for **October 1 and 2, 2015 at 9:30 a.m.** at the offices of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York 10153 (the "**Global Auction**"). The Auction for the Applicable Stores will take place as part of the Global Auction.

5. In consultation with the Consultation Parties, the Debtors have determined that the auction rules and bidding procedures applicable to the Global Auction, as modified to the extent applicable and set forth on Exhibit 1 hereto (the "**Bidding Procedures**") are appropriate to promote a spirited and robust auction for the Applicable Stores.

6. Pursuant to Section III.C of the Discrete Procedures, the Debtors have designated a bidder ("**Bidder**") as a Stalking Horse with respect to the Applicable Stores. The material terms and conditions of the Bid Protections offered to Bidder (the "**Bid Protections**") are as follows:

|    | Store | Purchase Price | Breakup Fee | % of Purchase Price |
|----|-------|----------------|-------------|---------------------|
| 38 | 36711 | $10,500,000.00 | $315,000.00 | 3% |
| 40 | 36732 | $7,000,000.00  | $210,000.00 | 3% |
| 43 | 36742 | $4,750,000.00  | $142,500.00 | 3% |

As set forth in greater detail in the Bidding Procedures, the Bid Protections apply individually as to each Applicable Store.

7. The Debtors' designation of Bidder as a Stalking Horse with respect to the Applicable Stores and the Bid Protections are subject in all respects to the Debtors agreeing to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Discrete Procedures.

2

definitive documentation with Bidder.  The Debtors reserve the right to withdraw this notice at any time before the Objection Deadline (defined below).

8. Any objection to the Bid Protections (an "**Objection**") must:  (i) be in writing; (ii) state with specificity the nature of the Objection; and (iii) be filed with the Bankruptcy Court and served on (a) The Great Atlantic and Pacific Tea Company, Inc., 2 Paragon Drive, Montvale, New Jersey 07645 (Attn: Christopher W. McGarry and Matthew Bennett); (b) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C. and Garrett A. Fail, Esq.); (c) Hilco, 5 Revere Dr. Suite 320, Northbrook, IL 60062 (Attn: Gregory S. Apter) (collectively, the "**Debtor Notice Parties**")  and (d) the attorneys for the Creditors' Committee, Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn:  Robert J. Feinstein, Esquire, and Bradford J. Sandler, Esquire), so that it is actually received by the Debtor Notice Parties and the Creditors' Committee on or before **September 25, 2015 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

9. If any Objections are timely filed and served by the Objection Deadline, a hearing (the "**Hearing**") on the Bid Protections will be scheduled before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

10. Objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

11. If no Objections are timely filed and served by the Objection Deadline, the Bid Protections shall be deemed fully and finally authorized by the Bankruptcy Court under the terms of the Discrete Procedures Order and no further notice or Bankruptcy Court approval shall be required or necessary.

Dated: September 18, 2015
      New York, New York

                                    /s/ Garrett A. Fail
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York  10153
                                    Telephone:  (212) 310-8000
                                    Facsimile:  (212) 310-8007
                                    Ray C. Schrock, P.C.
                                    Garrett A. Fail

                                    *Attorneys for Debtors*
                                    *and Debtors in Possession*

# Exhibit A

## Bidding Procedures

WEIL:\95465438\3\50482.0005

# BIDDING PROCEDURES

## Overview

On July 19, 2015, The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

On August 11, 2015, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an order (the "**Discrete Procedures Order**"),[1] approving the Discrete Sale and Lease Rationalization Procedures attached to the Discrete Procedures Order as Exhibit 1 (the "**Discrete Procedures**") which, among other things, authorized the Debtors to (i) hold an auction in connection with the sale of one or more of the Additional Stores[2], (ii) establish any rules for such auction that the Debtors determine, in consultation with the Consultation Parties, are appropriate to promote a spirited and robust auction, and (iii) designate a Stalking Horse and offer Bid Protections; provided that the Bid Protections shall not exceed 3% of the cash portion of the Stalking Horse's Bid.

On September 18, 2015, the Debtors filed a *Notice of Auction Pursuant to Discrete Sale and Lease Rationalization Procedures* (the "**Auction Notice**") designating a bidder ("**Bidder**") as a stalking horse bidder with respect to the following Additional Stores (the "**Applicable Stores**"):

|    | Store | Banner | City | Address | State |
|----|-------|--------|------|---------|-------|
| 38 | 36711 | Food Emporium | New York | 1331 1st Avenue | NY |
| 40 | 36732 | Food Emporium | New York | 810 8th Avenue | NY |
| 43 | 36742 | Food Emporium | New York | 1066 3rd Avenue | NY |

The Applicable Stores are subject to higher or better offers submitted in accordance with the terms of these Bidding Procedures.  These Bidding Procedures describe, among other things:  (A) the procedures for bidding on one or more of the Applicable Stores; (B) the conduct of the auction with respect to the Applicable Stores (the "**Auction**"); and (C) the ultimate selection of the Successful Bidder(s) (as defined below) and Bankruptcy Court approval thereof.

The Debtors reserve the right to extend any of the deadlines or other dates set forth in these Bidding Procedures without further order of the Bankruptcy Court, subject to providing any notice required by the Discrete Procedures.

---

[1] A copy of the *Order Approving Discrete Sale and Lease Rationalization Procedures* [Docket No. 496] may be found at:  http://cases.primeclerk.com/aptea.

[2] Capitalized terms used in this Overview but not otherwise defined shall have the meanings ascribed to them in the Discrete Procedures.

On August 11, 2015, the Court approved the Global Bidding Procedures attached as Exhibit 1 to the *Order Approving (A) Global Bidding Procedures, (B) Bid Protections Granted to Certain Stalking Horse Purchasers, (C) the Form and Manner of Notice of Auctions, Sale Transactions and Sale Hearing, (D) the Assumption and Assignment Procedures, and (E) the Date for Auctions, if Necessary, and Sale Hearings* [Docket No. 495] (the "**Global Procedures**"). Under the Global Procedures, the Debtors will conduct a Global Auction on **October 1 and October 2, 2015**. The Global Procedures are incorporated herein by reference and, except as otherwise provided herein, the same rules and deadlines governing the Global Auction shall govern the Auction for the Applicable Stores. Regardless of whether the Debtors receive a Qualified Bid for any of the Applicable Stores from a bidder other than Bidder, the Applicable Stores will be individually auctioned at the Global Auction. Any bidder that is determined to be a Qualified Bidder for the Global Auction under the Global Procedures will be deemed to be a Qualified Bidder for purposes of the Auction of the Applicable Stores. With respect to each Applicable Store, if at the Auction the Debtors do not receive a Qualified Bid (as defined below) from a bidder other than Bidder, Bidder shall be the Successful Bidder for such Applicable Store.

### Determination and Announcement of Baseline Bids

In consultation with the Consultation Parties, the Debtors shall make a determination regarding the highest or best Qualified Bid (as defined in and submitted in accordance with the Global Procedures) to serve as the starting point at the Auction for each of the Applicable Stores (each, a "**Baseline Bid**" and such bidder a "**Baseline Bidder**"). On **September 25, 2015, at 5:00 p.m. (Eastern Time)** (the "**Designation Deadline**"), the Debtors shall file notice of the Baseline Bid for each of the Applicable Stores on the Court's docket and publish such notice on the website of their claims and noticing agent and in the Data Room.

In accordance with the Global Procedures, between the date hereof and the Auction, the Debtors may discuss, negotiate or seek clarification of any Qualified Bid from a Qualified Bidder. Without the written consent of the Debtors, a Qualified Bidder may not modify, amend or withdraw its Qualified Bid, except for proposed amendments to increase the purchase price or otherwise improve the terms of the Qualified Bid for the Debtors, during the period that such Qualified Bid remains binding as specified herein; provided that any Qualified Bid may be improved at the Auction, as set forth in the Global Procedures.

Except as may be provided in an Asset Purchase Agreement with Bidder, the Debtors are under no obligation to (A) select any Baseline Bid, (B) consummate or pursue any transaction with respect to one or more of the Applicable Stores, or (C) conduct the Auction, whether before or after selecting a Baseline Bid. Notwithstanding anything to the contrary contained herein, the Debtors may elect, in their reasonable discretion, and after consultation with the Consultation Parties, to adjourn the Auction and/or to consummate a sale transaction with Bidder with respect to one or more of the Applicable Stores without holding the Auction.

### The Sale Motion and Sale Order

In accordance with the Discrete Procedures, the Debtors will file a motion (the "**Sale Motion**") seeking entry of order(s) authorizing and approving, *inter alia*, the applicable

sale transaction(s) to the Successful Bidder(s) with respect to the Applicable Stores (each, a "***Sale Order***"). Each Sale Order shall authorize and approve the applicable sale transaction to the Successful Bidder (defined below) for each of the Applicable Stores.

The Sale Motion shall set forth the date of the hearing(s) before the Bankruptcy Court to consider entry of the Sale Order(s). In the Debtors' reasonable discretion (after consultation with the Consultation Parties and the Successful Bidder(s)), any Sale Hearing may be adjourned or rescheduled without notice or with limited and shortened notice to parties, including by (A) an announcement of such adjournment at the Sale Hearing or at the Auction or (B) the filing of a notice of adjournment with the Bankruptcy Court prior to the commencement of the Sale Hearing.

### Auction Procedures

The Debtors will conduct the Auction for the Applicable Stores at the Global Auction on **October 1 and October 2, 2015, beginning at 9:30 a.m. (Eastern Time) each day, at the offices of Weil, Gotshal & Manges LLP; 767 Fifth Avenue, New York, New York 10153**.

Any party that has been determined by the Debtors to be a "Qualified Bidder" as defined in and in accordance with the Global Bidding Procedures will be eligible to participate at the Auction for the Applicable Stores; provided that the Debtors may require the Qualified Bidder to increase its Deposit (as defined in and submitted in accordance with the Global Procedures) to equal the amount of five percent (5%) of the proposed purchase price for the Applicable Store(s) on which the Qualified Bidder wishes to bid.

At the Auction, Qualified Bidders (including Bidder) will be permitted to increase their bids. For each Baseline Bid, bidding will start at the purchase price and terms proposed in the applicable Baseline Bid, and will proceed thereafter in increments of 2% of the applicable Baseline Bid (a "**Minimum Overbid Amount**"); provided that if Bidder is the Baseline Bidder with respect to any of the Applicable Stores and has not already received a Breakup Fee with respect to such store, the initial Minimum Overbid Amount shall be 5%. If Bidder bids at the Auction for an Applicable Store, Bidder will be entitled to a "credit" in the amount of the applicable Breakup Fee to be counted towards its bid such that the cash and other consideration proposed by Bidder plus the Breakup Fee "credit" must exceed the most recent bid by at least the Minimum Overbid Amount.

The Debtors may adopt rules, after consultation with the Consultation Parties, for the Auction at any time that the Debtors reasonably determine to be appropriate to promote a spirited and robust auction pursuant to the Discrete Procedures and are not inconsistent with these Bidding Procedures. At the start of the Auction, the Debtors shall describe the terms of the applicable Baseline Bid. Any rules adopted by the Debtors will not unilaterally modify any of the terms of any Asset Purchase Agreement with Bidder (as may be consensually modified at any Auction) without the consent of Bidder. Any rules developed by the Debtors will provide that all bids in a particular Auction will be made and received in one room, on an open basis, and all other bidders participating in that Auction will be entitled to be present for all bidding with the understanding that the true identity of each bidder will be fully disclosed to all other bidders

3

participating in that Auction and that all material terms of each Qualified Bid submitted in response to the Baseline Bid or to any successive bids made at the Auction will be fully disclosed to all other bidders throughout the entire Auction. Each Qualified Bidder will be permitted what the Debtors reasonably determine to be an appropriate amount of time to respond to the previous bid at the Auction.

Except as otherwise set forth in an Asset Purchase Agreement with Bidder, the Debtors reserve the right to and may, after consultation with the Consultation Parties, reject at any time before entry of the relevant Sale Order any bid that, in the Debtors' judgment, is: (A) inadequate or insufficient; (B) not in conformity with the requirements of the Bankruptcy Code, the Discrete Procedures, these Bidding Procedures or the terms and conditions of the applicable sale transaction; or (C) contrary to the best interests of the Debtors and their estates. In doing so, the Debtors may take into account the factors set forth in the Global Procedures regarding the form and content of Qualified Bids and the Debtors' review of bids. No attempt by the Debtors to reject a bid under this paragraph will modify any rights of the Debtors or Bidder under an Asset Purchase Agreement (as may be consensually modified at any Auction).

Prior to the conclusion of the Auction, the Debtors, after consultation with the Consultation Parties, will: (A) review and evaluate each bid made at the Auction on the basis of financial and contractual terms and other factors relevant to the sale process, including those factors affecting the speed and certainty of consummating a sale transaction; (B) determine the highest or best offer for each Applicable Store (each, a "***Successful Bid***"); (C) determine which Qualified Bid is the next highest or best bid for each Applicable Store (each, the "***Back-Up Bid***"); and (D) notify all Qualified Bidders participating in the Auction, prior to its conclusion, the successful bidder for each Applicable Store (the "***Successful Bidder***"), the amount and other material terms of the Successful Bid and the identity of the party that submitted the Back-Up Bid for such Applicable Store (the "***Back-Up Bidder***").

With respect to each Applicable Store, if at the Auction the Debtors do not receive a Qualified Bid from a bidder other than Bidder, Bidder shall be the Successful Bidder for such Applicable Store.

Each Qualified Bidder shall be required to confirm, both before and after the Auction, that it has not engaged in any collusion with respect to the submission of any bid, the bidding or the Auction.

### Post-Auction Process

A Successful Bidder shall, within one (1) business day after the close of the Auction, submit to the Debtors fully executed revised documentation memorializing the terms of the Successful Bid. Promptly following the submission of such documentation, the Debtors shall file with the Bankruptcy Court notice of the Successful Bid and Successful Bidder. The Successful Bid may not be assigned to any party without the consent of the Debtors after consultation with the Consultation Parties.

The Back-Up Bid shall remain open and irrevocable until the earliest to occur of (A) ninety (90) days after the completion of the Auction, but in no event later than January 31,

4

2016 (B) the consummation of the transaction with the Successful Bidder, or (C) the release of such bid by the Debtors (such date, the "**Back-Up Bid Expiration Date**").  If the transaction with a Successful Bidder is terminated prior to the Back-Up Bid Expiration Date, the Back-Up Bidder shall be deemed the Successful Bidder and shall be obligated to consummate the Back-Up Bid as if it were the Successful Bid.

At a Sale Hearing, the Debtors will present a Successful Bid to the Bankruptcy Court for approval.

Unless otherwise required pursuant to the Debtors' fiduciary duties, the Debtors shall not consider any bids submitted after the conclusion of the Auction.

Deposits shall be treated and returned in accordance with the Global Bidding Procedures.

### Consent to Jurisdiction and Authority as Condition to Bidding

All bidders that participate in the Auction (including Bidder) shall be deemed to have (A) consented to the core jurisdiction of the Bankruptcy Court to enter any order or orders, which shall be binding in all respects, in any way related to the Discrete Procedures, these Bidding Procedures, the Auction, or the construction and enforcement of any agreement or any other document relating to the sale transaction, (B) waived any right to a jury trial in connection with any disputes relating to the Discrete Procedures, these Bidding Procedures, the Auction, or the construction and enforcement of any agreement or any other document relating to the sale transaction, and (C) consented to the entry of a final order or judgment in any way related to the Discrete Procedures, these Bidding Procedures, the Auction, or the construction and enforcement of any agreement or any other document relating to the sale transaction if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

### Reservation of Rights

The Debtors reserve the right, in their reasonable discretion and subject to the exercise of their business judgment, after consultation with the Consultation Parties, to alter or terminate these Bidding Procedures, to waive terms and conditions set forth herein with respect to all potential bidders, extend the deadlines set forth herein, alter the assumptions set forth herein, and/or to terminate discussions with any and all prospective acquirers or investors (except for Bidder) at any time and without specifying the reasons therefor, in each case to the extent not materially inconsistent with these Bidding Procedures and/or the Discrete Procedures Order; provided further that the Debtors' exercise of their discretion in evaluating bids and administering the bidding and auction process described herein does not permit, and shall not be construed as permitting, the Debtors to materially deviate from the procedures, terms, conditions and protections set forth in these Bidding Procedures and/or the Discrete Procedures Order.

5