WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                                            :
                                                                 :     **Chapter 11**
**THE GREAT ATLANTIC & PACIFIC TEA**                             :
**COMPANY, INC.,** *et al.*,                                     :     **Case No. 15-23007 (RDD)**
                                                                 :
            **Debtors.**[1]                                      :     **(Jointly Administered)**
                                                                 :
-------------------------------------------------------------------x

### NOTICE OF MOTION OF DEBTORS
### PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(a) FOR ENTRY OF
### AN ORDER EXTENDING THE AUTOMATIC STAY TO CERTAIN
### NON-DEBTOR PARTIES AND APPROVING PROCEDURES FOR MODIFICATION
### OF THE AUTOMATIC STAY UNDER CERTAIN CIRCUMSTANCES

            **PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**")

of The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"),

pursuant to 11 U.S.C. §§ 105(a) and 362(a) for Entry of an Order Extending the Automatic Stay

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corp. (7132); APW Supermarkets, Inc. (9509); Borman's Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

to Certain Non-Debtor Parties and Approving Procedures for Modification of the Automatic Stay Under Certain Circumstances, will be held before the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601 (the "**Bankruptcy Court**"), on **October 16, 2015 at 10:00 a.m. (Eastern Time)** (the "**Hearing**").

PLEASE TAKE FURTHER NOTICE that any responses or objections ("**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the Order Pursuant to 11 U.S.C. § 105(a) and Fed. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated July 20, 2015 (ECF No. 62), so as to be so filed and received no later than **October 9, 2015 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if an Objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

2

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon

default.

Dated:  September 25, 2015
        New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

WEIL:\95443765\15\50482.0005

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                                              :
                                                                   :        **Chapter 11**
**THE GREAT ATLANTIC & PACIFIC TEA**            :
**COMPANY, INC.,** *et al.*,                                :        **Case No. 15-23007 (RDD)**
                                                                   :
            **Debtors.**[1]                                     :        **(Jointly Administered)**
                                                                   :
-------------------------------------------------------------------x

## MOTION OF DEBTORS PURSUANT TO
## 11 U.S.C. §§ 105(a) AND 362(a) FOR ENTRY OF AN ORDER
## EXTENDING THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR
## PARTIES AND APPROVING PROCEDURES FOR MODIFICATION
## OF THE AUTOMATIC STAY UNDER CERTAIN CIRCUMSTANCES

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as

debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the

"**Debtors**" or "**A&P**") respectfully represent:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corp. (7132); APW Supermarkets, Inc. (9509); Borman's Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

**Preliminary Statement**

1.       The Debtors are parties to several hundred pending prepetition personal injury and other actions (the "**Prepetition Actions**").    Many of the Debtors' landlords, employees, vendors, and other third parties (collectively, the "**Non-Debtor Parties**") that either hold contractual or other indemnification or contribution claims against the Debtors, or that the Debtors have agreed to indemnify and defend, are co-defendants or third-party plaintiffs in the Prepetition Actions.  As such, the Debtors indirectly remain parties-in-interest in the Prepetition Actions that are stayed only as to the Debtors.  If the Prepetition Actions proceed, judgments against the Non-Debtor Parties may prejudice the Debtors, especially if the Debtors assume the relevant unexpired leases or executory contracts.  Such claims for which the Debtors would be responsible for paying in full would include the Non-Debtor Parties' attorneys' fees and costs.

2.       As this Court has found, claims against the Non-Debtor Parties essentially are claims against the Debtors and are subject to the automatic stay imposed by section 362(a) of the Bankruptcy Code (the "**Automatic Stay**").    Accordingly, the Debtors request entry of an order confirming the application of the Automatic Stay to the Non-Debtor Parties.  This would relieve the Debtors' estates of the administrative burdens and costs associated with the Prepetition Actions and afford the Debtors the necessary breathing room intended by the Automatic Stay.  Without the relief requested, the Debtors may be forced to participate in the Prepetition Actions to protect their interests and minimize their exposure, which would deprive the Debtors of one of the fundamental debtor protections.  Applying the Automatic Stay to the Non-Debtor Parties is consistent with the protection the Court afforded similarly-situated non-debtor parties in A&P's prior chapter 11 cases[2] as well as the Court's recent ruling in *In re*

---

[2] *See Order Extending the Automatic Stay and Claims Resolution Procedures to Certain Related Non-Debtor Parties*, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 23, 2011) (ECF No. 3085).

2

*Congregation Birchos Yosef.*[3]

3.    The Debtors are evaluating the most efficient and streamlined process to resolve all Prepetition Actions.    Any such process necessarily will take account of the assumption or rejection of relevant agreements, the value of the claims asserted in each Prepetition Action, and the availability of any insurance proceeds as a means of recovery.    If the Debtors can verify that any costs to the Debtors and any recovery obtained against their estates—either directly or indirectly through the Non-Debtor Parties—exclusively will be limited to the insurance proceeds available under the insurance policies maintained by or available to the Debtors, the Debtors may be willing to enter into stipulations with certain plaintiffs in the Prepetition Actions (the "**PI Claimants**") to modify the Automatic Stay to permit such PI Claimant to proceed with their Prepetition Actions.

### Background

4.    On July 19, 2015 (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").    The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

---

[3] *See In re Congregation Birchos Yosef*, 2015 WL 5012592 (Bankr. S.D.N.Y. Aug. 24, 2015).

WEIL:\95443765\15\50482.0005

6.    On July 24, 2015, the United States Trustee (the "**U.S. Trustee**") for Region 2 appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**").

7.    Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Christopher W. McGarry Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York*, sworn to on the Commencement Date (ECF No. 4).

## Jurisdiction

8.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

9.    Pursuant to sections 105(a) and 362(a) of the Bankruptcy Code, the Debtors seek entry of an order extending the Automatic Stay to the Non-Debtor Parties that either hold contractual or other indemnification or contribution claims against the Debtors, or that the Debtors have agreed to indemnify and defend.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit "A"** (the "**Proposed Order**").  A list identifying the Non-Debtor Parties and Prepetition Actions (the "**Non-Debtor Party List**") is annexed to the Proposed Order as **Exhibit "1."**[4]  The Debtors also seek authority to file a notice (the "**Stay Notice**") in the Prepetition Actions, advising the courts in these cases that the Automatic Stay has been extended to cover the Non-Debtor Parties pursuant to an Order of the

---

[4] The Debtors reserve the right to amend or supplement the Non-Debtor Party List to add any omitted or subsequently-identified Non-Debtor Party.  Additional Non-Debtor Parties will receive the same notice and objection periods as the Non-Debtor Parties listed on **Exhibit "1"** and as set forth in the Stay Procedures (as defined below).

Bankruptcy Court.  A proposed form of the Stay Notice is annexed to the Proposed Order as

**Exhibit "2."**

10.    In addition, the Debtors seek authority to establish procedures, as described more fully below, to enter into stipulations with certain PI Claimants, in the Debtors' sole discretion and reasonable business judgment, to modify the Automatic Stay to allow such PI Claimants to continue to pursue their claims against the Debtors and/or the Non-Debtor Parties, provided that any costs to and recoveries obtained against the Debtors, and any costs incurred by the Non-Debtor Parties are limited to any available third-party insurance proceeds.  This will prevent the conversion of prepetition litigation claims asserted by PI Claimants into postpetition administrative claims asserted against the Debtors by the Non-Debtor Parties.

**The Court Should Exercise its Broad Equitable<br>Powers to Extend the Automatic Stay to the Non-Debtor Parties**

11.    Enforcement of the Automatic Stay is a core aspect of the bankruptcy court's jurisdiction.  Section 362(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> (a)    Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title . . . operates as a stay, applicable to all entities, of –
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

12.    The legislative history of section 362 indicates that Congress intended for the scope of the Automatic Stay to be sweeping in order to effectuate its protective purpose on behalf of debtors:

5

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
>
> …
>
> The automatic stay is one of the most important protections provided by the Bankruptcy laws. Nevertheless, the Bankruptcy Courts must have the power to enjoin actions not covered by the automatic stay, in order that the bankruptcy case may proceed unembarrassed by multiple litigation.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 49 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840-41, 5973; *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503 (the Automatic Stay is "one of the most fundamental protections provided [to the debtor] by the bankruptcy laws."). The Automatic Stay also protects creditors from being harmed by other creditors' efforts to pursue claims against the debtor, or to deprive the debtor of the rights and benefits of the bankruptcy process. *See A.H. Robins Co. v. Piccinin (In re A.H. Robins Co.)*, 788 F.2d 994, 998 (4th Cir. 1986) (The purpose of the Automatic Stay "is to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor").

13.    Although the Automatic Stay directly applies to actions against a debtor, section 105(a) of the Bankruptcy Code confers broad equitable powers on bankruptcy courts to achieve the protections and promote the purposes of chapter 11. Specifically, section 105(a)

6

provides bankruptcy courts with broad authority to enjoin or stay actions that are not directly

subject to the Automatic Stay:

> *The court has ample . . . powers to stay actions not covered by the automatic stay.* Section 105 . . . grants the power to issue orders necessary or appropriate to carry out the provisions of title 11. The district court and the bankruptcy court as its adjunct have all the traditional injunctive powers of a court of equity.

S. Rep. No. 989, 95th Cong., 2d Sess. 51 (1978); H. Rep. No. 595, 95th Cong., 1st Sess. 341-42

(1977) (emphasis added); *see also* H. Rep. No. 95-595, 95th Cong., 1st Sess. 342-43 (1977); S.

Rep. No. 95-989, 95th Cong., 2d Sess. 51-52 (1978) (the effect of an exception to the Automatic

Stay under section 362(b) is not to make the action immune from injunction, and the court has

power, under section 105, to stay actions not covered by the Automatic Stay).

## A.     The Closeness in Identity Between the Debtors and the Non-Debtor Parties Warrants an Extension of the Automatic Stay

14.     Courts generally have extended the Automatic Stay to non-debtor parties

where "unusual circumstances" exist, such as the case where an "identity between the debtor and

the third party defendant [exists such] that the debtor may be said to be the real party defendant

and that a judgment against the third party defendant will in effect be a judgment or finding

against the debtor."  *In re A.H. Robins Co.*, 788 F.2d at 999; *see also Queenie, Ltd. v. Nygard*

*Int'l*, 321 F.3d 282, 288 (2d Cir. 2003) (extending the Automatic Stay to a non-debtor party due

to an immediate adverse economic impact on the debtor).

15.     Indeed, this Court recently approved an extension of the Automatic Stay to

non-debtor parties who have an identity of interest with the debtor.  *See Congregation Birchos*

*Yosef*, 2015 WL 5012592, at *3 ("Because of the principals' identity of interest here with the

Debtor, the automatic stay applies to protect them…").  This Court further stated that "[i]n a

context where every dollar counts, the automatic stay prevents unilateral races to dismember the

debtor and actions outside the bankruptcy court's supervision with their attendant diversion of resources and impairment of the debtor's value." *Id.* at *2.

16.    An identity of interest has been found to exist where "a suit against a third party who is entitled to absolute indemnity by the debtor on account any judgment that might result against them in the case." *Lomas Fin. Corp. v. N. Trust Co. (In re Lomas Fin. Corp.)*, 117 B.R. 64, 68 (S.D.N.Y. 1990) (quoting *In re A.H. Robins Co.*, 788 F.2d at 999); *see also N. Star Contracting Corp. v. McSpedon (In re N. Star Contracting Corp.)*, 125 B.R. 368, 370-71 (S.D.N.Y. 1991) ("[C]ourts have recognized that an identity of interest exists between a debtor and a third party non-debtor when a right to indemnification exists.  These courts reason that a special circumstance exists because a judgment against the non-debtor will affect directly the debtor's assets.").

17.    That is precisely the case here.  The Debtors either are obligated, or there is a dispute as to whether they are obligated, contractually, or otherwise, to indemnify the Non-Debtor Parties for any and all defense costs and judgments incurred in the Prepetition Actions up to the Debtors' self-insured retention of $750,000.00 (the "**SIR**").  Thus, any costs incurred by or judgment rendered against the Non-Debtor Parties up to the SIR could become indemnity obligations of the Debtors.   It is very possible that such claims could be converted to administrative expense or cure claims if the Debtors assume the relevant lease or contract. Under these circumstances, the existence of such an indemnification obligation presents a classic "identity-of-interest" recognized in this district as necessitating an extension of the Automatic Stay to cover non-debtor parties.  Accordingly, the Court should confirm the application of the Automatic Stay to the Non-Debtor Parties.

**B.      Extending the Automatic Stay to the Non-Debtor Parties Would Preserve Assets of the Debtors' Estates**

18.      In A&P's prior chapter 11 cases, this Court extended the Automatic Stay to various indemnified parties named as codefendants in personal-injury actions asserted against the Debtors. *In re the Great Atl. & Pac. Co., Inc.*, Case No. 10-24549 (Bankr. S.D.N.Y. Dec. 23, 2011) (ECF No. 3085).   The Court recognized that claims against such non-debtor parties "should be covered by the stay," as they are the "type of claim where [the plaintiff is] really looking to collect against the debtor." *In re the Great Atl. & Pac. Co., Inc.*, No. 10-24549, H'rg Tr. at 27:4-8 (Bankr. S.D.N.Y. Oct. 20, 2011) (ECF No. 2774) (denying a motion to lift the Automatic Stay for a personal-injury claimant to proceed against a landlord with indemnification rights against the debtors).

19.      Other courts in this district similarly have recognized the impact that continued litigation would have on a debtor's estate due to indemnification obligations of the debtor. *See In re N. Star Contracting Corp.*, 125 B.R. at 370-71; *E. Air Lines, Inc. v. Rolleston (In re Ionosphere Clubs, Inc.)*, 111 B.R. 423, 434 (Bankr. S.D.N.Y. 1990) ("Where, as here, a proceeding against [nondebtors] would adversely affect the debtor's estate, a court may enjoin the action as to all defendants pursuant to its authority under § 105 of the Code").[5]

20.      Here, all of the justifications for extending the Automatic Stay are applicable.  Allowing the Prepetition Actions to proceed in any stage of litigation could convert the prepetition claims of the PI Claimants into postpetition administrative expense claims against the Debtors if the underlying contracts or leases are assumed.   Such administrative expense

---

[5] Numerous other courts also have affirmed the aptness of using the broad discretionary powers available under section 105(a) of the Bankruptcy Code to extend the Automatic Stay and to enjoin actions against non-debtors. *See, e.g.*, *S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1146 n.3 (5th Cir. 1987); *Gillman v. Cont'l Airlines (In re Cont'l Airlines)*, 177 B.R. 475, 479 (D. Del. 1993); *W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.)*, 386 B.R. 17, 30 (Bankr. D. Del. 2008); *Rosetta Res. Operating LP v. Pogo Producing Co. (In re Calpine Corp.)*, No. 05-60200, 2007 WL 1302604, (Bankr. S.D.N.Y. Apr. 30, 2007); *Am. Film Techs. v. Taritero (In re Am. Film Techs.)*, 175 B.R. 847 (Bankr. D. Del. 1994).

claims would include defense costs and expenses incurred by Non-Debtor Parties.  The volume of claims and Prepetition Actions in various courts in various states would be a significant burden on the Debtors' diminishing resources.  Thus, allowing the Prepetition Actions to proceed against the Non-Debtor Parties would have a very tangibly adverse effect on the Debtors' estates.

21.     The Debtors should be afforded sufficient opportunity to evaluate whether they will assume or reject an executory contract or unexpired lease without being forced to make quick and rash decisions as to whether they will need to participate in litigation to protect their interests.  By extending the Automatic Stay to the Non-Debtor Parties, the Court will provide the Debtors with the "breathing spell" contemplated by section 362 and the opportunity to minimize administrative expenses that could frustrate their efforts to maximize creditor recoveries through a strategic sale process.  Extending the Automatic Stay to cover the Non-Debtor Parties is in the best interests of the Debtors, their creditors, and other parties in interest in these chapter 11 cases.

### Proposed Procedures for Entering into Stipulations to Modify the Automatic Stay

22.     The Debtors maintain two types of general liability insurance.  The first type carries an SIR both in and outside of bankruptcy whereby the first $750,000.00 threshold on a claim on a per-occurrence basis first must be satisfied by the Debtors before the insurance provider will pay any amount on account of such claim.  In some cases, the PI Claimants may be willing to waive recoveries from the Debtors and any relevant Non-Debtor Party in the Prepetition Action and proceed against insurance for damages incurred in excess of the SIR.  To fully protect the Debtors, however, this waiver equally must apply to claims against a Non-Debtor Party that are subject to contractual indemnification or contribution claims that either have been or could be asserted by the Non-Debtor Party against the Debtors.  Under these

10

circumstances, the Debtors may be willing to enter into a stipulation to modify of the Automatic Stay.

23.    Certain of the Debtors' store locations are covered by the second type of insurance, the "deductible" insurance policies.[6]  The deductible insurance policies do not require the fulfillment of an SIR in order for the insurer to "drop down" and provide coverage, and, therefore, the Debtors will not be required to pay defense costs or any portion of a recovery in connection with a PI Claimant's pursuit of a Prepetition Action arising from a covered accident at such locations.  The deductible insurance policies effectively provide "dollar-one" coverage such that a PI Claimant's proceeding with a Prepetition Action would not require use of funds belonging to the Debtors' estates.

24.    The Debtors currently are executing an extensive and time-sensitive sale process to sell substantially all of their assets.  After the bidding and auction phases of the process have concluded, the Debtors will have a clearer picture of which unexpired real property leases will be assumed and assigned, and which leases will be rejected.  To afford themselves of the breathing spell provided by the Automatic Stay, the Debtors seek to implement the following procedures (the "**Stay Procedures**") to modify the Automatic Stay where they will not incur cost or be liable to Non-Debtor Parties[7]:

> a.    Beginning on the date upon which the Court enters an order granting this Motion, and upon inquiry from a PI Claimant (an "**Inquiry**"), the Debtors and their counsel will analyze the PI Claimant's request to enter into a stipulation to modify the Automatic Stay to allow the PI Claimant to proceed with a Prepetition Action with any direct or indirect recovery against (and cost to) the Debtors or any Non-Debtor Party indemnification costs

---

[6] A list of the Debtors' store locations that are covered by "deductible" insurance policies is annexed to the Proposed Order as **Exhibit "4."**

[7] Any claims asserted in connection with a rejected lease will be resolved during the claims process.

WEIL:\95443765\15\50482.0005

exclusively limited to available insurance proceeds. An Inquiry must be accompanied by: (i) the name and brief description of the Prepetition Action (including a copy of any pleadings, photographs, interrogatory responses, and bills of particulars to the extent that these exist); (ii) the current status of the Prepetition Action; (iii) the amount of the claim asserted by the PI Claimant; (iv) any known applicable insurance policy of the Debtors and Non-Debtor Party and known status of such insurance coverage; and (v) any co-defendants or other parties named in the Prepetition Action and the nature of the claims asserted against these parties, and the nature of any cross-claims and/or third-party claims asserted between the co-defendants or other parties in the Prepetition Action. The Debtors may, in their sole discretion and reasonable business judgment, waive any of the foregoing requirements.

b.     If the Debtors agree, in their sole discretion and in their reasonable business judgment, that such PI Claimant may proceed with a Prepetition Action in a manner consistent with subparagraph (a) above, the Debtors will file with this Court, and serve upon:     (i) the Office of the U.S. Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn.: Brian Masumoto, Esq.); (ii) the attorneys for the Creditors' Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn.: Robert J. Feinstein, Esq.); 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Bradford J. Sandler, Esq.); (iii) the applicable insurance carrier; and (iv) any relevant Non-Debtor Party (collectively, the "**Reviewing Parties**"), a stipulation, agreement, and order (collectively, the "**Stay Stipulation**"). A proposed form of the Stay Stipulation is annexed to the Proposed Order as **Exhibit "3."** The Stay Stipulation provides that the PI Claimant must waive any and all rights of recovery against the Debtors and any Non-Debtor Party in the Prepetition Action up to the SIR (and any prepetition claim that may be recoverable) and will limit all recovery solely to the extent of available insurance proceeds. Non-Debtor Parties also may be required to waive any contractual, indemnification, contribution, or such other claims they may have against the Debtors in connection with the Prepetition Action and/or limit any recoveries on such claims to available insurance proceeds. For the avoidance of doubt, the foregoing shall not apply to PI Claimants whose claims are covered by the Debtors' deductible insurance policies.

c.     The Reviewing Parties will have seven (7) days after notice of a Stay Stipulation to review such stipulation and notify (i) the Debtors, Two Paragon Drive, Montvale, New Jersey 07645 (Attn.:

12

Matthew Bennett, Esq.) and (ii) counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York (Attn.: Ray C. Schrock, P.C., Garrett A. Fail, Esq., and Sunny Singh, Esq.) in writing, of any objection to the Stay Stipulation (the "**Stipulation Objection Deadline**").  If no objection is filed and served before the Stipulation Objection Deadline, the Stay Stipulation shall be deemed approved without further order of this Court.

d.    If an objection is filed by the Stipulation Objection Deadline and such objection cannot be resolved within five (5) days after the Stipulation Objection Deadline, the Debtors shall schedule the objection to be heard at the next available hearing date that is at least seven (7) business days after notice of such hearing.

e.    If the Debtors receive and do not respond to an Inquiry within thirty (30) calendar days, the PI Claimant may file a motion for relief from the Automatic Stay in the Bankruptcy Court.  If a PI Claimant files a motion for relief from the Automatic Stay without first serving an Inquiry upon the Debtors and complying with the foregoing procedures, the Debtors will serve a copy of the entered order establishing the Stay Procedures and will advise the PI Claimant that its motion automatically is adjourned until the PI Claimant has complied with the Stay Procedures.  The Debtors also are authorized to serve the order establishing the Stay Procedures to the court in which the Prepetition Action is pending.

f.    If the Debtors wish to supplement the Non-Debtor Party List to add any omitted or subsequently identified Non-Debtor Party (the "**Supplemental Non-Debtor Parties**"), the Debtors will file with this Court, and serve upon the Supplemental Non-Debtor Parties, a notice identifying the omitted or supplemental Prepetition Actions and a copy of the Order approving this Motion.  The Supplemental Non-Debtor Parties will have fourteen (14) days to object to the extension of the Automatic Stay to their Prepetition Action.  If no such objection is received, the Supplemental Non-Debtor Party shall be deemed subject to the Order approving this Motion and the Stay Procedures contained therein.

g.    The Automatic Stay and the Stay Procedures will additionally apply to any future actions commenced against a Non-Debtor Party, including the Debtors' landlords, that may have indemnification or contribution claims against the Debtors.  Before commencing any such actions, those PI Claimants will be required to comply with the Proposed Order and the Stay Procedures contained therein.

13

25.    The Stay Procedures are in the best interest of the Debtors' estates and their creditors.  They will save the Debtors the expense and time associated with responding to multiple motions to lift the Automatic Stay, as well as allow the Debtors to avoid negotiating settlements for several hundred Prepetition Actions.  As of the date hereof, several PI Claimants have filed motions to lift the Automatic Stay in order to proceed with their Prepetition Actions. Based on the high volume of calls and letters received by the Debtors and their counsel, the Debtors anticipate that potentially hundreds of PI Claimants will file similar motions in the near future.  Approval of the Stay Procedures will avoid inundating the Court with these motions and provide the Debtors with an opportunity to resolve claims of PI Claimants in a quick and cost effective manner.

26.    Based on the foregoing, the Debtors submit that the relief requested in this Motion is necessary and appropriate, is in the best interests of their estates, and should be granted in all respects.

## Reservation of Rights

27.    Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

## Notice

28.    Notice of this Motion has been provided in accordance with the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. Bankr. P. 1015(c), and 9007 Implementing Certain Notice and Case Management Procedures*, dated July 20, 2015 (ECF No. 62), including by overnight mail and email (where applicable) to each of the parties listed on Exhibit 1, the Debtors' insurance providers, and each of the Debtors' landlords.  The Debtors submit that, in

14

view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

29.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: September 25, 2015
       New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Attorneys for Debtors
and Debtors in Possession*

**Exhibit A**

**Proposed Order**

WEIL:\95443765\15\50482.0005

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                            :
                                                                 :     Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA                                 :
COMPANY, INC., *et al.*,                                         :     Case No. 15-23007 (RDD)
                                                                 :
                   Debtors.[1]                                   :     (Jointly Administered)
------------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(a) EXTENDING THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR PARTIES AND APPROVING PROCEDURES FOR THE MODIFICATION OF THE AUTOMATIC STAY UNDER CERTAIN CIRCUMSTANCES

Upon the motion (the "**Motion**")[2] of The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 362(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order extending the automatic stay imposed by section 362(a) of the Bankruptcy Code (the "**Automatic Stay**") to certain parties that hold contractual indemnification or contribution claims against the Debtors, or that the Debtors have agreed to indemnify and defend, in connection with alleged prepetition personal injury incidents (the "**Non-Debtor Parties**") and approving procedures for modification of the Automatic Stay under certain circumstances, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corp. (7132); APW Supermarkets, Inc. (9509); Borman's Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and Amended

Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b),

and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the

Motion having been given in accordance with *Order Pursuant to 11 U.S.C. § 105(a) and Fed.*

*Bankr. P. 1015(c), and 9007 Implementing Certain Notice and Case Management Procedures*,

dated July 20, 2015 (ECF No. 62) as provided in the Motion, and such notice having been

adequate and appropriate under the circumstances; and it appearing that no other or further notice

need be provided; and upon all of the proceedings had before the Court; and the Court having

found and determined that the relief sought in the Motion is in the best interests of the Debtors,

their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and there having been no objections

to the Motion; and the Debtors having filed a certificate of no objection pursuant to 28 U.S.C. §

1746 regarding the Motion; and after due deliberation and sufficient cause appearing therefor, it

is hereby

ORDERED that the Motion is granted to the extent set forth herein; and it is

further

ORDERED that the Automatic Stay hereby is extended to the Non-Debtor Parties

identified on **Exhibit "1"** annexed hereto (the "**Non-Debtor Party List**"); and it is further

ORDERED that, absent relief from the Automatic Stay or an order of this Court

confirming that the Automatic Stay does not apply, the PI Claimants hereby are prohibited from

the commencement or continuation, including the issuance or employment of process, of a

judicial, administrative, or other action or proceeding against the Debtors or the Non-Debtor

WEIL:\95443765\15\50482.0005

Parties that was or could have been commenced prior to the Commencement Date, as well as any

act to obtain possession of property of the Debtors' estates or property from the Debtors' estates

or to exercise control over property of the Debtors' estates including, but not limited to, filing a

motion to sever in the Prepetition Actions; and it is further

ORDERED that the Debtors promptly shall serve a copy of this Order on the

Non-Debtor Parties identified on the Non-Debtor Party List; and it is further

ORDERED that the proposed form of Stay Notice attached hereto as **Exhibit "2"**

is approved; and it is further

ORDERED that the Debtors are authorized to enter into Stay Stipulations with PI

Claimants in accordance with the following procedures (the "**Stay Procedures**"):

a.     Beginning on the date upon which the Court enters an order granting this Motion, and upon inquiry from a PI Claimant (an "**Inquiry**"), the Debtors and their counsel will analyze the PI Claimant's request to enter into a stipulation to modify the Automatic Stay to allow the PI Claimant to proceed with a Prepetition Action with any direct or indirect recovery against (and cost to) the Debtors or any Non-Debtor Party indemnification costs exclusively limited to available insurance proceeds.   An Inquiry must be accompanied by: (i) the name and brief description of the Prepetition Action (including a copy of any pleadings, photographs, interrogatory responses, and bills of particulars to the extent that these exist); (ii) the current status of the Prepetition Action; (iii) the amount of the claim asserted by the PI Claimant; (iv) any known applicable insurance policy of the Debtors and Non-Debtor Party and known status of such insurance coverage; and (v) any co-defendants or other parties named in the Prepetition Action and the nature of the claims asserted against these parties, and the nature of any cross-claims and/or third-party claims asserted between the co-defendants or other parties in the Prepetition Action.   The Debtors may, in their sole discretion and reasonable business judgment, waive any of the foregoing requirements.

b.     If the Debtors agree, in their sole discretion and in their reasonable business judgment, that such PI Claimant may proceed with a Prepetition Action in a manner consistent with subparagraph (a) above, the Debtors will file with this Court, and serve upon:     (i)

3

the Office of the U.S. Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn.: Brian Masumoto, Esq.); (ii) the attorneys for the Creditors' Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn.: Robert J. Feinstein, Esq.); 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Bradford J. Sandler, Esq.); (iii) the applicable insurance carrier; and (iv) any relevant Non-Debtor Party (collectively, the "**Reviewing Parties**"), a stipulation, agreement, and order (collectively, the "**Stay Stipulation**"). A proposed form of the Stay Stipulation is annexed to the Proposed Order as **Exhibit "3."** The Stay Stipulation provides that the PI Claimant must waive any and all rights of recovery against the Debtors and any Non-Debtor Party in the Prepetition Action up to the SIR (and any prepetition claim that may be recoverable) and will limit all recovery solely to the extent of available insurance proceeds. Non-Debtor Parties also may be required to waive any contractual, indemnification, contribution, or such other claims they may have against the Debtors in connection with the Prepetition Action and/or limit any recoveries on such claims to available insurance proceeds. For the avoidance of doubt, the foregoing shall not apply to PI Claimants whose claims are covered by the Debtors' deductible insurance policies.

c.      The Reviewing Parties will have seven (7) days after notice of a Stay Stipulation to review such stipulation and notify (i) the Debtors, Two Paragon Drive, Montvale, New Jersey 07645 (Attn.: Matthew Bennett, Esq.) and (ii) counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York (Attn.: Ray C. Schrock, P.C., Garrett A. Fail, Esq., and Sunny Singh, Esq.) in writing, of any objection to the Stay Stipulation (the "**Stipulation Objection Deadline**"). If no objection is filed and served before the Stipulation Objection Deadline, the Stay Stipulation shall be deemed approved without further order of this Court.

d.      If an objection is filed by the Stipulation Objection Deadline and such objection cannot be resolved within five (5) days after the Stipulation Objection Deadline, the Debtors shall schedule the objection to be heard at the next available hearing date that is at least seven (7) business days after notice of such hearing.

e.      If the Debtors receive and do not respond to an Inquiry within thirty (30) calendar days, the PI Claimant may file a motion for relief from the Automatic Stay in the Bankruptcy Court. If a PI Claimant files a motion for relief from the Automatic Stay without first serving an Inquiry upon the Debtors and complying with the

WEIL:\95443765\15\50482.0005

foregoing procedures, the Debtors will serve a copy of the entered order establishing the Stay Procedures and will advise the PI Claimant that its motion automatically is adjourned until the PI Claimant has complied with the Stay Procedures. The Debtors also are authorized to serve the order establishing the Stay Procedures to the court in which the Prepetition Action is pending.

f.    If the Debtors wish to supplement the Non-Debtor Party List to add any omitted or subsequently identified Non-Debtor Party (the "**Supplemental Non-Debtor Parties**"), the Debtors will file with this Court, and serve upon the Supplemental Non-Debtor Parties, a notice identifying the omitted or supplemental Prepetition Actions and a copy of the Order approving this Motion. The Supplemental Non-Debtor Parties will have fourteen (14) days to object to the extension of the Automatic Stay to their Prepetition Action. If no such objection is received, the Supplemental Non-Debtor Party shall be deemed subject to the Order approving this Motion and the Stay Procedures contained therein.

g.    The Automatic Stay and the Stay Procedures will additionally apply to any future actions commenced against a Non-Debtor Party, including the Debtors' landlords, that may have indemnification or contribution claims against the Debtors. Before commencing any such actions, those PI Claimants will be required to comply with the Proposed Order and the Stay Procedures contained therein.

ORDERED that the proposed form of the Stay Stipulation is approved; provided that the Debtors may agree to implement such modification to the form of the Stay Stipulation the Debtors deem necessary or advisable in the reasonable exercise of their business judgment; and it is further

ORDERED that nothing contained in this Order or in the Motion shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; and it further

5

ORDERED that the Debtors are authorized to take all steps necessary to carry out this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.


Dated: _____, 2015
           White Plains, New York

_____
UNITED STATES BANKRUPTCY JUDGE

WEIL:\95443765\15\50482.0005

**Exhibit 1**

**The Non-Debtor Party List**

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| 11110 Flatlands Avenue LLC | Basya Ziskina v.11110 Flatlands Avenue LLC And Pathmark Stores Inc., | 6081/11 | Supreme Court Of The State Of New York County Of Kings |
| 160 East 125th Street Owner LLC | Terrell Thomas v. 160 East 125th Street Owner LLC and A&P Real Property LLC d/b/a Pathmark | Case No. 14-cv-5421 (AT)(SN) | United States District Court,  Southern District of New York |
| 225 Mall LLC, Jeffrey Management Corp. | Jack Piccininni v. 225 Mall LLC, Jeffrey Management Corp. | 5123/2011 | Supreme Court, Nassau County |
| 255 Mall, LLC | Roberta Arenella v. The Great Atlantic & Pacific Tea Company, Inc., Waldbaum, Inc. and 255 Mall, LLC | 21843/13 | Supreme Court of the State of New York, County of Queens |
| 3500 Aramingo Ave, LLC, Forman Mills, Inc.,  and Lerner Heidenberg Properties, LLC | Elizabeth Reyes 416 West Jefferson St, Philadelphia, PA 19122 v. Pathmark Stores, Inc., 800 North 2nd Street, Suite 100, Harrisburg, PA 17102, and The Great Atlantic & Pacific Tea  Company, Inc., 2 Paragon Drive, Montvale, NJ 07645, and 3500 Aramingo Avenue, LLC, c/o Lerner Heidenberg Properties, 234 Closter Dock road, Closter, NJ 07624, and Forman Mills, Inc. c/o AAAgent Services, LLC, 125 Locust Street, Harrisburg, , 17101, and Lerner Heidenberg Properties, LLC a/k/a Heidenberg Properties, LLC, 234 Closter Dock Road, Closter, NJ 07624 | 150601122 | Court of Common Pleas Philadelphia County Civil Trial Division |
| 7 Matkids, LLC | Charlemae Vargas v .7 Matkids, LLC and Pathmark Supermarkets, Inc. | 5578/14 | Supreme Court of the State of New York County of Queens |
| 81-21 New Utrecht LLC. | Celina Torres v. The Great Atlantic & Pacific Tea Company, Inc., The Great Atlantic & Pacific Tea Company d/b/a Waldbaum's, 81-21 New Utrecht LLC. | 6508013/2015 | Supreme Court of the State of New York, County of Kings |
| AAG Management Inc. | Grace Marenghi v. AAG Management, Inc and The Great Atlantic and Pacific Tea Company, Inc., d/b/a Food Basics | 2861/12 | Supreme Court Of The State Of New York County Of Kings |
| Alecta Real Estate Usa, LLC | Nooria Efat v. Pathmark Stores, Inc. And Alecta Real Estate Usa, LLC | 9629-13 | Supreme Court Of The State Of New York County Of Queens |
| Alecta Real Estate Usa, LLC | Stacey Goldberg v. Alecta Real Estate USA, LLC v. Pathmark Stores | 5120/2011 | Supreme Court/Kings County |
| Amboy Plaza Realty, LLC and Harvest Real Estate Services, Inc. | Vicenta Clemente v. Waldbaums Supermarket, The Great Atlantic & Pacific Tea Company,  Amboy Plaza Realty, LLC and Harvest Real Estate Services, Inc. | 150468/15 | Supreme Court of the State of New York County of Richmond |
| Astoria Holding Corp. | Fran E. Karul-Reeder v. Waldbaums Supermarket, Inc., Waldbaums Fresh, Astoria Holding Corp. and The Great Atlantic & Pacific Tea Co. | 17372/14 | Supreme Court of the State of New York, County of Kings |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Astoria Holding Corp., Astoria Holding Corp. d/b/a Georgetown Shopping Center, Georgetown Shopping Center, | Vitaliy Diamondshtayn v. Astoria Holding Corp., Astoria Holding Corp. d/b/a Georgetown Shopping Center, Georgetown Shopping Center, The Great Atlantic & Pacific Tea Co. Inc., The Great Atlantic & Pacific Tea Co. Inc. d/b/a Waldbaums Supermarket | Index #: 21932/12 | Supreme Court, Kings County |
| Atlantic Center Fort Green Associates, LP | Brenda Towers v The Great Atlantic and Pacific Tea Corporation d/b/a Pathmark, Atlantic Center Fort Green Associates, LP | 24035/2012 | SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF KINGS |
| Atlantic Center Fort Greene Associates | Rentia Ann Roberts v. Atlantic Center Fort Greene Associates and The Great Atlantic & Pacific Tea Company, Inc. and Pathmark | 20621/13 | Supreme Court of The State of New York County Of Kings |
| Atlantic Center Fort Greene Associates | Brenda Tower vs. The Great Atlantic & Pacific Tea Co. D/b/a Pathmark and Atlantic Center Fort Greene Associates | 24035/12 | Supreme Court Of The State Of New York County Of Kings |
| B&B Mall Associates, Inc | Mary Fix And John Fix v. B&B Mall Associates, Inc And Heritage Commercial Services, The Great Atlantic And Pacific Tea Company, Inc., Heritage Commercial Services | 22868/12 | Supreme Court Of The State Of New York County Of Bronx |
| Benensen Belle Harbor, LLC | Eleanora Sikorska v. Benenson Belle Harbor, LLC | 150347/2012 | SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF NEW YORK |
| Benenson Belle Harbor, LLC | Elizabeth Corcoran v. The Great Atlantic & Pacific Tea Company d/b/a Waldbaum's, Waldbaum, Inc., and Benenson Belle Harbor, LLC | 15449/14 | Supreme Court of the state of New York, County of Queens |
| Benenson Capital Partners, LLC | Donato Sputo v. Benenson Howard Beach, LLC and The Great Atlantic & Pacific Tea Company, Inc. | 16616/13 | Supreme Court of the State of New York County of Queens |
| Benenson Howard Beach LLC | Kathy Mahoney v. Benenson Howard Beach LLC and The Great Atlantic and Pacific Tea Company, Inc. | 704291/2013 | Supreme Court of the State of New York County of Queens |
| BFE Van Houten LLC | Alex Santiago v. Food Basics and BFE Van Houten LLC c/o Trans Hudson | PAS-L-3139-14 | Superior Court of New Jersey, Passaic County |
| BFE Van Houten, LLC | Nelida Pardo v.The Great Atlantic & Pacific Tea Company, Inc., BFE Van Houten, LLC, Food Basics - Passaic | PAS-L-369-15 | Superior Court of the State of New Jersey, County of Passaic |
| BMI/Budget Maintenance Inc. a corporation, Domingo Luna, individually, and Jay Hutchins, individually | Brian Chiafon v. BMI/Budget Maintenance Inc. a corporation, Domingo Luna, individually, Jay Hutchins, individually, Pathmark Stores Inc a corporation | L-689 13 | Nj Superior Court, Union County |
| Bob Gessner and Christine Flynn | Rotondo, Anthony v. Great Atlantic & Pacific Tea Company, Incorporated, Bob Gessner, Christine Flynn, John Doe (1-10), Jane Doe (1-10) | L-8622-12 | Nj Superior Court, Essex County |
| Brandi Seda, Brandi Tedesco, and Renae M. Tedesco | Jin-Ru Liu Vs Brandi Seda, Brandi Tedesco, Renae M. Tedesco, Waldbaum, Inc | 20016/2013 | Supreme Court Of The State Of New York County Of Kings |
| Brandi Seda, Brandi Tedesco, Renae M. Tedesco, | Jin-Ru Liu v. Brandi Seda, Brandi Tedesco, Renae M. Tedesco, Waldbaum, Inc | 20016/2013 | Supreme Court Of The State Of New York County Of Kings |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Bridge Stuart and AAL Realty Corp. | Socorro Sosa  v. The Great Atlantic & Pacific Tea Co, Pathmark Stores, Bridge Stuart, Inc. a subsidiary of AAL Realty Corp. and AAL Realty Corp. | 158577/13 | Supreme Court of the State of New York County of New York |
| Bridge Stuart, Inc. | Nancy Castro v. Pathmark, Pathmark Stores, Inc. and The City of New York, Manhattan & Bronx Surface Transit Operating Authority & The New York City Transit Authority; Nancy Castro v. Bridge Stuart, Inc. | 151107/2012; 158399/2014 | Supreme Court of the State of New York County of New York |
| Brisbane Carle Place, LLC | Donald Simmons v. The Great Atlantic & Pacific Tea Company, Inc. Waldbaums and Brisbane Carle Place, LLC | 4906/2015 | Supreme Court Of The State Of New York County Of Nassau |
| Brisbane Carle Place, LLC and Brisbane Associates | Donald Simmons and Hilda Simmons v. Waldbaum, Inc. d/b/a Waldbaum's and Brisbane Carle Place LLC | 009906/15 | Supreme Court of the State of New York County of Nassau |
| Brooklyn Grocery Owners, LLC | Florence Leonidas v. The Great Atlantic & Pacific Tea Company, Inc., Food Basics, Inc., and Brooklyn Grocery Owners, LLC | 505652/2015 | Supreme Court of the State of New York County of Kings |
| Brooklyn Grocery Owners, LLC | Mary Eapen and Abraham Eapen v. Brooklyn Grocery Owners, LLC and Food Basics, Inc. | 18233/12 | Supreme Court of the State of New York, County of Kings |
| Bruckner Plaza Shopping Center LLC | Asia Miranda v. Bruckner Plaza Shopping Center LLC, Pathmark Stores, Inc. and The Great Atlantic & Pacific Tea Company, Inc. | 303191/14 | |
| Bruckner Plaza Shopping Center, LLC | Anthony A Ayala v. Pathmark Stores, Inc., D/B/A Pathmark of Bruckner Blvd., Bruckner Plaza Shopping Center, LLC and Burger King Corporation, Burger King Restaurant # 10450; Lalmir Sultanzada d/b/a Burger King Restaurant # 10450 and Lalmir Sultanzada, Individually | 300186/2012 | SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF BRONX |
| Bruckner Plaza Shopping Center, LLC | Nancy Ortiz v. Bruckner Plaza Shopping Center; Bruckner Plaza Shopping Center v. The Great Atlantic & Pacific Tea Company, Inc. and Pathmark Stores, Inc | 301622/2015, 83972/2015 | Supreme Court of the State of New York, County of Bronx |
| Cedarbrook Plaza, Inc. | Mona Cadeau v. Cedarbrook Plaza, Inc. a/k/a Cedarbrook Plaza Management a/k/a Cedarbrook Plaza and The Great Atlantic and Pacific Tea Company, Inc. a/k/a Pathmark | 2014-30135 | Court of Common Pleas, Montgomery County |
| Cedarbrook Plaza, Inc., Cedarbrook Plaza Management Company, Nassimi Realty LLC, Nassimi Realty Corporation, Nassimi Investments LLC, | Murtis Jones v. Pathmark Stores, Inc., The Great Atlantic & Pacific Tea Company, Inc., Cedarbrook Plaza, Inc., Cedarbrook Plaza Management Company, Nassimi Realty LLC, Nassimi Realty Corporation, Nassimi Investments LLC, and Blue Tree Landscaping, Inc. | 001654/2015 | Court of Common Pleas, County of Philadelphia |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Centereach Pathmark, KIMCO Centereach, LLC, KIMCO Realty Corporation, Milton Cooper, Centereach Associates, LLC and Centereach Mall Associates 605 LLC | David Cortez v. The Great Atlantic & Pacific Tea Co., Pathmark Stores, Inc., Pathmark Supermarket and Centereach Pathmark, KIMCO Centereach, LLC, KIMCO Realty Corporation, Milton Cooper, Centereach Associates, LLC and Centereach Mall Associates 605 LLC | 305716/2012 | Supreme Court, Bronx County |
| CHERRY STREET, LLC | Juan Ortega  v. Pathmark Stores, Inc., and Cherry Street LLC | 114074/11 | SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF NEW YORK |
| Cjam Associates, LLC | Sharon Russo Vs Cjam Assoicates, LLC And The Great Atlantic & Pacific Tea Co, D/B/A Pathmark | 01858/2012 | Supreme Court Of The State Of New York County Of Richmond |
| Cord Meyer Development LLC, | Martha Vado v Waldbaum Supermarket and Cord Meyer Development LLC v Dun-Well Maintenance Inc. | 004809/2009 | Supreme Court of the State of New York, County of Queens |
| Cord Meyer Development, LLC and Cord Meyer Development Company | Rose Lieberman v. Cord Meyer Development, LLC. Cord Meyer Development Company, Walbaums And The Great Atlantic & Pacific Tea Company | 706297/2013 | Supreme Court Of The State Of New York County Of Queens |
| Cord Meyer Development, LLC. and Cord Meyer Development Company | Margaret Barnes v. The Great Atlantic and Pacific Tea Company, Inc., Waldbaum's, Cord Meyer Development, LLC., and Cord Meyer Development Company | 700594/2014 | Supreme Court of the State of New York, County of Queens |
| Cross Path Realty | Grace Harris v. Cross Path Realty Co. a/k/a Cross-Path Realty Co. a/k/a Cross-Path Realty Co., L.P., The Great Atlantic & Pacific Tea Company, Inc., Pathmark Stores, Inc. and A&P Real Property, LLC | 501749/12 | Supreme Court of the State of New York County of Kings |
| Cross Path Realty Co. | Leon Harris v. Cross Path Realty Co., and Pathmark Stores Inc. | 7495-13 | Supreme Court of the State of New York County of Kings |
| Cross Path Realty Co. and KND Mangement Co., Inc. | Maria Correa v. Cross-Path Realty, LLC, The Great Atlantic & Pacific Tea Company, Inc., APW Supermarkets, Inc., and KND Mangaement Co., Inc. | 11714/13 | Supreme Court of the State of New York County of Queens |
| Cross-Path Realty LLC & Cross Path Realty Co., LP, | Janice Libow v. Walgreen Co., Blue Bay Diner, Inc., Ferrandino & Sons, Inc., Cross-Path Realty LLC and Cross Path Realty Co., L.P.,Waldbaums, Inc.,; The Great Atlantic & Pacific Tea Company, Inc., Waldbaums, Ferrandino & Sons, Inc. v. MRM Development Corp. | 700315/2011 | Supreme Court Of The State Of New York County Of Queens |
| Cross-Path Realty, LLC. | Theresa D'Angelo v. Cross-Path Realty, LLC Waldbaum, Inc. and The Great Atlantic & Pacific Tea Company, Inc., | 707909/2014 | SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF QUEENS |
| Daniel Rodgers | Marie Bridgemahon and Sade Bridgemahon v. Pathmark Stores, Inc., The Great Atlantic & Pacific Tea  Company, Inc. and Daniel Rodgers | 21643/2014E | Supreme Court Of The State Of New York County Of Bronx |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Daniel Rodgers | Marie Bridgemahon and Sade Bridgemahon v. Pathmark Stores, Inc., The Great Atlantic & Pacific Tea Company, Inc. and Daniel Rodgers | 21643/2014E | Supreme Court of the State of New York, County of Bronx |
| Dante Caterers, Dante Caterers Inc., Jackson Heights Shopping Center, Inc., and Muss Development, LLC | Marta Baez v. A&P Real Property, LLC Dante Caterers, Danta Caterers, Inc., Jackson Heights Shoping Center, Inc., and Muss Development, LLC. | 2056/2015 | Supreme Court of the State of New York, County of Queens |
| DDRM West Falls Plaza, LLC, L. Peres & Associates, Inc. and L. Peres & Associates, Inc. | Jeffrey Kot v. The Great Atlantic and Pacific Tea Company, DDRM West Falls Plaza, LLC, L. Peres & Associates, Inc. and L. Peres & Associates, Inc. v. Arctic Snow Removal, | BER-L-6478-14 | Superior Court of the State of New Jersey, Law Division: County of Bergen |
| Earl W. Kazis Associates, Inc. | Audrey Perkins v. Pathmark Stores, Inc.; 800 North Second Street Suite 100; Harrisburg, PA 17102 and The Great Atlantic & Pacific Tea Company; 800 North Second Street Suite 100; Harrisburg, PA 17102 and Earl W. Kazis Associates; 616 Avenue of the Americas; New York, New York 10013 | 2012-09528 | SUPREME COURT OF PENNSYLVANIA - COURT OF COMMON PLEAS |
| Earle W. Kazis and Earle W. Kazis Associates, Inc. | Nathaniel Bronner v. Earle W. Kazis and Earle W. Kazis Associates, Inc., and KA at Fairless Hills, LP and The Great Atlantic and Pacific Tea Company, d/b/a Pathmark | 2014-08979 | Court of Common Pleas Bucks County Civil Action |
| East Harlem Abyssinian Triangle Limited Partnership | Rafael Morales v. 160 East 125th Owner, LLC and The Great Atlantic and Pacific Tea Company a/k/a | 15001/15 | Supreme Court of the State of New York Count of Richmond |
| East Harlem Abyssinian Triangle Limited Partnership, Abyssinian Development Corporation, | Annie Williams v. Pathmark Stores, Inc., East Harlem Abyssinian Triangle Limited Partnership, Abyssinian Development Corporation, and A&P Realty Property, LLC. | 159363/2014 | Supreme Court of the State of New York, County of New York |
| East Harlem Abyssinian Triangle Limited Partnership, East Harlem Abyssinian Corporation, Abyssinian Development Corporation | Israel Reyes v. Pathmark Stores, Inc., East Harlem Abyssinian Triangle Limited Partnership, East Harlem Abyssinian Corporation, Abyssinian Development Corporation and Pathmark Stores, Inc. | 24276/2015E | Supreme Court of the State of New York, County of Bronx |
| Eastman Management Corp. | Rahiem Maldonado, Margaret Rosado, g/a/l for minor, Rahiem Maldonado v. Kenneth Sanders, Ramon Ricks and Great Atlantic and Pacific Tea, Co. d/b/a Pathmark, Eastman Management Corp. | MID-L6501-14 | Superior Court of New Jersey, Middlesex County |
| F.I Associate | Doris Zablidowsky v. The Great Atlantic & Pacific Tea Co., Pathmark, and F.I. Associates, . | 6604/13 | SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF KINGS |
| Fair Ridge Shopping Center, Ronald Realty Co LLC, | Ana Alvarez v. Fair Ridge Shopping Center, Ronald Realty Co LLC, Great Atlantic & Pacific Tea Company t/a A&P and/or Food Basics USA, Bryan Bethune d/b/a BMB Distributions, Inc., Canada Dry Bottling Company of NY | HUD-L-2968-14 | Superior Court of the State of New Jersey, Law Division:  County of Hudson |

Exhibit 1

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| FC Castle Center Associates II, Inc. | Uris Duncan v. Pathmark Stores, Inc., The Great Atlantic & Pacific Tea Company, Inc.,   A&P Real Property, LLC, and FC Castle Center Associates II, Inc. | 301880/14 | Supreme Court of the State of New York, County of Bronx |
| FC Castle Center Associates II, LLC | Uris Duncan  v. Pathmark Stores, Inc., The Great Atlantic & Pacific Tea Company, Inc., A&P Real Property, LLC and FC Castle Center Associates II, LLC, | 301880/14 | SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF BRONX |
| Fc Castle Center Associates Ii, LLC and Forest City Enterpris, Inc. | Chiara Meccia Affrunti And Salvatore Affrunti Vs Fc Castle Center Associates Ii, LLC., Forest City Enterprises, Inc., Pathmark Store, Inc., | 305350/11 | Supreme Court Of The State Of New York County Of Bronx |
| Federal Realty Investment Trust | Ann Compton and Kenneth Compton, married v. A&P Supermarket; The Great Atlantic & Pacific Tea Company; Federal Realty Investment Trust; et a | OCN-L-605-14 | Superior Court of New Jersey Law Division: Ocean City |
| Feinrose Properties | Gerald Matthews v. Pathmark and Feinrose Properties | 8161/2013 | Supreme Court of the State of New York, County of Queens |
| Ferry Plaza Shopping Center, Urstadt Biddle Properties, Inc., | Anna Marie Sanabria v. Ferry Plaza Shopping Center, Urstadt Biddle Properties, Inc. and The Great Atlantic & Pacific Tea Company t/a Pathmark, Rent A Rug Doctor and/or Rug Doctor | ESX-L-714614 | Superior Court of New Jersey, Essex County |
| Forest Mall LLC | Lourdes Fuller v. Forest Mall LLC, Pathmark Stores, Inc., Supermarkets General Corporation, The Great Atlantic and Pacific Tea Company, Inc., Staten Island Maintenance, Inc. | 103211/12 | SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF RICHMOND |
| Forman Mills/Forman Mills, Inc., Glenolden Stuart, Inc., John Mhaczan, SNB Service Group, and , Equity Retail Brokers, Inc. | Robin Pierce v. Forman Mills, Inc., Forman Mills, Glendolden Stuart, Inc., MacDade Boulevard Stuart, LLC f/k/a Glenolden Stuart, Inc., John Mhaczan, SNB Service Group and Equity Retail Brokers, Inc. | 00694 | Court of Common Pleas, Philadelphia County |
| Fox Hill II, Inc., and Kimco, Inc. | Lilly Trezza v. Pathmark Stores, Inc., The Great Atlantic & Pacific Tea Company, Inc., A&P Real Property, LLC, Fox Hill II, Inc., and Kimco, Inc. | Index #: 101004/2014 | Supreme Court, Richmond County |
| Francis Vilbig | Danielle Carey v. Pathmark of Nanuet and Francis Vilbig | 51787/04 | Supreme Court of the State of New York, County of Westchester |
| Frank Uhrin, Timothy Gorman and Russell Azzarello | Wright, James v. The Great Atlantic & Pacific Tea Company, inc., Frank Uhrin, Timothy Gorman and Russell Azzarello | L-7912-12 | Nj Superior Court, Essex County |
| Gator Monument Partners, and Supermarket General Corp. | Gloria Adams v. Pathmark Stores, Inc. The Great Atlantic & Pacific Tea Company, Gator Monument Partners, and Supermarket General Corp. | | Court of Common Pleas, Philadelphia County, Pennsylvania |
| Gelco Corp. and Diagne Abdou | Ife-Marilyn O'Berry v. Gelco Corp. and Diagne Abdou | 300936/12 | Supreme Court of the State of New York, County of Bronx |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Gould Long Island City Corp. | Latoya Williams v. Gould Long Island City Corp and Pathmark | 3623/2013 | Supreme Court of the State of New York, County of Queens |
| Gould Shirley Real Estate Corp. | Robyn Elaine Skinner v. The Great Atlantic & Pacific Tea Company, Inc. d/b/a/ "Pathmark", and Gould Shirley Real Estate Corp. | 04557-13 | Supreme Court of the State of New York County of Suffolk |
| Gould Shirley Real Estate Corp., Gould Investors L.P., Majestic Property Management Corp., Ace Wine & Liquor of Shirley, Inc., and , CNH Wine & Liquor Inc. | John Johnson and Tressa Johnson v. Gould Shirley Real Estate Corp., Gould Investors L.P., Majestic Property Management Corp., Majestic Island Corp., The Great Atlantic & Pacific Tea Company Inc., Pathmark Stores, Inc., Ace Wine & Liquor of Shirley, Inc., and CNH Wine & Liquor Inc. | 603111/2015 | Supreme Court of the State of New York, County of Suffolk |
| Grand St Realty | Tarsha Shivers v. The Great Atlantic & Pacific Tea Company, Pathmark Store, Pathmark Supermarket, Grand Street Realty, LLC | L2069-14 | Superior Court of New Jersey Law Division: Hudson County |
| Grand Street Realty, LLC | Renita Morrison Johnson v. Grand Street Realty, LLC; Supermarkets General Corporation, A Delaware Corporation T/A/ Pathmark | HUD-L-540-13 | Superior Court Of New Jersey Law Division:Hudson County |
| Grays Ferry Partners LP | Arlene Adams 1807 Manton Street Philadelphia, PA 19146 v. Grays Ferry Partners, LP, aka Grays Ferry Shopping Center Associates I 2 Nehsaminy Interplex, Suite 309 Trevose, PA and Ferry Development, LP, aka Ferry Development General, llc 9 Cricket Terrace Ardmore, PA 19003 and Great Atlantic & Pacific Tea Company aka Pathmark Stores, INC. 3021 Grays Ferry Ave, Philadelphia, PA 19139 | 140801413 | Court of Common Pleas of Philadelphia County |
| Grays Ferry Shopping Center Associates and Korman Services, LP | Theresa Pryor v. The Great Atlantic and Pacific Tea Co., and Korman Services, LP and Grays Ferry Shopping Center Associates | 2448 | Court of Common Pleas Philadelphia County |
| Grays Ferry Shopping Center Associates Inc., Grays Ferry Shopping Center Associates, L.P., Grays Ferry Partners LP, LIK Management individually and d/b/a Korman Commercial Properties, Inc. and d/b/a Grays Ferry Shopping Center, Korman Services, LP, Korman Services, Inc., Rosado Enterprises LLC individually and d/b/a McDonald's a/k/a Grays Ferry McDonald's, McDonald's Corporation | Jackson Blanding v. Grays Ferry Shopping Center Associates Inc., Grays Ferry Shopping Center Associates, L.P., Grays Ferry Partners LP, LIK Management individually and d/b/a Korman Commercial Properties, Inc. and d/b/a Grays Ferry Shopping Center, Korman Services, LP, Korman Services, Inc., The Great Atlantic & Pacific Tea Company individually and d/b/a Pathmark and Pathmark Stores, Inc., Pathmark Stores, Inc. individually and d/b/a Pathmark, Rosado Enterprises LLC individually and d/b/a McDonald's a/k/a Grays Ferry McDonald's, McDonald's Corporation | 367-2015 | Court of Common Pleas, Philadelphia County, Pennsylvania |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Greenburgh Shopping Center Associates, LLC, Greenburgh Shopping Center, | Florence McCue v. Greenburgh Shopping Center Associates, LLC, Greenburgh Shopping Center, The Great Atlantic & Pacific Tea Company and A&P Supermarket | 53331/2013 | Supreme Court, Westchester County |
| Greenwich Grocery Oweners, Benenson Greenwich Grocery LLC, | Katherine M. Davis and Andrew B. Davis v. Greenwich Grocery Owners, LLC, Benenson Greenwich Grocery, LLC, The Great Atlantic & Pacific Tea Company, Inc., and North Greenwich Landscaping LLC | FST-CV-13-6019224-S | Superior Court J.D. of Stamford/Norwalk at Stamford |
| Guido Motina and Gelco Corp. | Rosemond Reimmer v. Guido Motina and Gelco Corp. | HUD-L-5828-13 | Superior Court of New Jersey, Law Division: Hudson County |
| Hamilton Plaza Associates, L.P. | Mordechai Booskila v. The Great Atlantic & Pacific Tea Company, Inc., Pathmark Stores, Inc. and Hamilton Plaza Associates, L.P. | 506712/14 | Supreme Court of the State of New York, County of Kings |
| Hamilton Plaza Associates, L.P. | Mordechai Booksila v. The Great Atlantic and Pacific Tea Company, Inc., Pathmark Stores, Inc. and Hamilton Plaza Associates, L.P. | 600297/15 | Supreme Court of the State of New York, County of Kings |
| Hamilton Plaza Associates, L.P. c/o Michael E. Rosenberg | Mordechai Booskila v. The Great Atlantic & Pacific Tea Company, Inc., Pathmark Stores, Inc. and Hamilton Plaza Associates, L.P. | 506712/14 | Supreme Court of New York, County of Kings |
| Hamilton Plaza Associates, L.P., Hamilton Plaza Vision Center, Inc., and The Vending Company, Inc. | Mia Rosoboro, an infant by her Mother and Natural Guardian, Valerie Walker and Valerie Walker v. A&P Real Property, LLC, The Great Atlantic & Pacific Tea Company, Inc., Pathmark Stores, Inc., Hamilton Plaza Associates, L.P., Hamilton Plaza Vision Center, Inc. and The Vending Company, Inc. | 4439/15 | Supreme Court of the State of New York, County of Kings |
| Hoboken Foods Co. and Montclair-Grove, LLC a/ka Montclair Lackawanna Investros | Diane Guerino v. Pathmark, a corporation or business organization, Great Atlantic & Pacific Tea Co., Montclair-Grove, LLC a/k/a Montclair Lackawanna Investros, The Hoboken Foods Company d/b/a  Hoboken Gourment Company, April Realty Co. | ESX-L-505-14 | Superior Court of New Jersey Law Division - Essex  County |
| Hoffman Lindenhurst Grocery LLC | Patricia Hubertresnick v. The Great Atlantic & Pacific Tea Co., usm, inc., Waldbaums, Marsh USA, INC., Hoffman Lindenhurst Grocery LLC and New Audubon LLC | 25773/2014E | Supreme Court of the state of New York County of Bronx |
| Hoffman Lindenhurst Grocery, LLC. | Donna Mione vs Hoffman Lindenhurst Grocery LLC, Waldbaums, Inc and The Great Atlantic & Pacific Tea Company, Inc. | 600099/15 | Supreme Court of The State of New York County Of Suffolk |
| Inland Diversified Seaford Marrick, LLC | Rita A. Matalone and Andrew Matalone v.  Pathmark Stores, Inc. and Inland Diversified Seaford Marrick, LLC | 602183/2012 | Supreme Court of the State of New York, County of Nassau |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Inwood Realty Group, LLC/615 West 173rd Street Realty, LLC | Heidi Coombs and Kimberly Dean v. Blueberry Organic Frozen Yogurt LLC, Jason Lin, Dreamscape Design & Construction t/a Paul Kluhstief, Paul Kluhstief, Individually, Dreamscape Design & Construction LLC, Dreamscape Design & Construction Limited Liability Company, Northern Ecomechanical , LLC, Inwood Realty Group LLC, 615 West 173rd Street Realty LLC and Northern Plumbing & Heating, Inc. | PAS-L-2038-14 | Superior Court of New Jersey, Passaic County |
| J & F Associates | Fortunata Barbara v. The Great Atlantic and Pacific Tea Co., Parene Realty Company, LLC, Facility Source, and C&M Landscape Contractors d/b/a Xtreme Snow Pros | PAS-L-1116-15 | Superior Court of New Jersey, Passaic County |
| Jason E. Pacheco | Gloria Suarez v. The Great Atlantic & Pacific Tea Company Inc. d/b/a A&P Wines & Spirits and Jason E. Pacheco, permitee | | Superior Court, J.D. of New London at New London |
| JB Old Bridge Limited | Susan Dlugath v. The Great Atlantic and Pacific Tea Company A/k/a A&P and JB Old Bridge Limited | MID-L-7157-13 | Superiorn Court of New Jersey, Law Division: Middlesex County |
| Jim Neredith | Brian Litman 1325 Fanshawe St Philadelphia, PA 19111 v. The Great Atlantic & Pacific Tea Company d/b/a A&P 2 Paragon Dr Montvale NJ 07645 and Pathmark Stores, INC. 2101 Cottman Ave Philadelphia, PA 19149 and Jim Meredith 2101 Cottman Ave Philadelphia, PA 19149 | 140600510 | First Judicial District of Pennsylvania Court of Common Pleas of Philadelphia |
| Joseph Angelone | Susan Alloca v. Joseph Angelone and The Great Atlantic and Pacific Tea Co., D/B/A Waldbaum's | 2080/2013 | Supreme Court of the State of New York County of Kings |
| Joseph Klein Family LLC | Martha Carboy v. Pathmark Stores, Inc. and Joseph Klein Family LLC | 020156/2008 | Supreme Court of the State of New York, County of Nassau |
| Kelvin Wood s/h/a Kelvin "Doe" | Lamsiah Abdelmajid v. The Great Atlantic & Pacific Tea Company, Pathmark Stores, Inc., Kelvin "Doe" | 3579/13 | Supreme Court of the State of New York, County of Kings |
| Kenilworth-Grocery, Ll and Berenson Kenilworth, LLC | Evi Ferreira And Jose Ferreira, H/W v. A&P Supermarket, A&P Food Stores, Kenilworth-Grocery, LLC And Berenson Kenilworth, LLC., The Great Atlantic & Pacific Tea Co., Et Al | UNN-L-0590-12 | Superior Court Of New Jersey Law Division: Union County |
| Lapatka Associates, Inc. and Angelo Gordon and Company LP | Rosemary Kiessling and Robert Kiessling, her husband v. Great Atlantic and Pacific Tea Company/A&P, Oak Park Commons, LLC c/o Lapatka Associates, Inc., Angelo Gordon & Company, LP | MID-L-2544-14 | SUPERIOR COURT OF NEW JERSEY - LAW DIVISION:  MIDDLESEX COUNTY |
| Levin Properties, LP | Vera Greene v. A&P Supermarket, The Great Atlantic & Pacific Tea Company and Levin Properties, LP | MID-L-11277-14 | Superior Court of New Jersey, Middlesex County |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Libery Plaza Limited Partnership a/k/a Liberty Plaza Shopping Center, C-III Asset Management, LLC, The Mills Limited Partnership, and Simon Property Group, LP., and Fameco Management Services Associates, LP | Darryl Armour v. Pathmark, Pathmark Stores, Inc., Pathmark Sav-A-Center, Great Atlantic & Pacific Tea Company d/b/a Pathmark, Libery Plaza Limited Partnership a/k/a Liberty Plaza Shopping Center, C-III Asset Management, LLC, The Mills Limited Partnership, and Simon Property Group, LP., and Fameco Management Services Associates, LP | | Court of Common Pleas, Philadelphia County |
| Lyon Plaza LLC and Eastman Management | Valarie Benn v. The Great Atlantic & Pacific Tea Company, Inc., Pathmark Stores, Inc., Lyon Plaza, LLC, Eastman Management | ESX-L-4199-14 | Superior Court of New Jersey Essex County: Law Division |
| Lyons Plaza LLC | Sheria Hammock and James Hammock v. Pathmark Stores, Inc., Lyons Avenue Pathmark Sore #224 d/b/a Pathmark, The Great Atlantic & Pacific Tea Company, Lyons Plaza LLC | ESX-L-7353-09 | Superior Court of the State of New Jersey, County of Essex |
| M & K Real Estate Associates | Marie C. Guerrier v. Pathmark Stores, Inc. The Great Atlantic & Pacific Tea Co. and M & K Real Estate Associales, LLC | 17065/13 | Supreme Court of the State of New York County of Kings |
| M&K Real Estate Associates, LLC | Shirley Smith v. Great Atlantic and Pacific Tea Company, M&K Real Estate Associates, LLC | Index #: 1164/2015 | Supreme Court, Kings County |
| Majestic Property Management and Gould Investors, L.P. | Deborah Crosby v. Pathmark Stores, Inc., Majestic Property Management Corporation, The Great Atlantic& Pacific Tea Company, and Gould Investors, L.P. | 13-24105 | Supreme Court of the State of New York, County of Suffolk |
| Majestic Property Management Corp. and Gould Investors L.P. | Alice Kriete v. Pathmark Stores, Inc., The Great Atlantic & Pacific Tea Company, Inc., Majestic Property Management Corp. and Gould Investors L.P. | 601000/2014 | Supreme Court of the State of New York, County of Nassau |
| Manhattan Plaza Inc., and Related Management Company, LP | Robert Casey v Manhattan Plaza Inc., and Related Management Company, LP, Manhattan Plaza Inc., and Related Management Company, LP v. Great Atlantic and Pacific Tea Co., Inc. and The Great Atlantic & Pacific Tea Company, Inc. d/b/a The Food Emporium | 22802/2014E | Supreme Court of the State of New York, County of Bronx |
| Mattittuck Plaza, LLC | Irene E. Papamichael and Emannuel Papamichael v. Mattituck Plaza, LLC, The Great Atlantic and Pacific Tea Company, inc., APW Supermarkets, inc. And Waldbaum's Supermarket Store #263 | 700720-13 | Supreme Court of the state of New York County of Queens |
| Mattituck Plaza, LLC, Matituck Shopping Center, Inc., Alan A. Cardinale,  Cardinal Management, LLC | John Lehan v. The Great Atlantic & Pacific Tea Company, Inc. d/b/a Waldbaums, Waldbum, Inc., Mattituck Plaza, LLC, Mattituck Shopping Center, Inc., Alan A. Cardinale, Cardinal Management, LLC and CM Equities, LLC. | 16788-13 | Supreme Court of the State of New York, County of Suffolk |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Mattituck Plaza, LLC., Mattituck Shopping Center, Inc. Alan A. cardinal, Cardinal Management, LLC | John Lehan v. The Great Atlantic and Pacific Tea Company, Inc. d/b/a Waldbaums, Waldbaum, Inc., Mattituck Plaza, LLC., Mattituck Shopping Center, Inc. Alan A. cardinal, Cardinal Management, LLC and CM Equities, LLC | 13-16788 | Supreme Court of the State of New York County of Suffolk |
| Maurice M. Weill, Trustee Under Trust Indenture | Eric Robbs and Cynthia Sutton v. Rite Aid of New Jersey Inc. d/b/a Rite Aid Corporation d/b/a Rite Aid, Briarfield of Delaware, Inc., Kamelia Organization LLC, The Great Atlantic & Pacific Tea Company, Inc. a/k/a The Great Atlantic & Pacific Tea Company a/k/a The Great Atlantic & Pacific Tea Co. , Pathmark Stores Inc. a/k/a Weill M TR/Pathmark Inc. M-450 d/b/a Pathmark, C&M Landscape Contractors, Inc. a/k/a C&M Landscaping Contractors Inc. d/b/a Xtreme Snow Pros, FacilitySource LLC a/k/a Facility Source Inc. a/k/a FacilitySource, Maurice M. Weill, Trustee Under Trust Indenture, A&P Real Property LLC, National Liability & Fire Insurance | ESX-L-84940-2014 | Superior Court of New Jersey, Essex County |
| Maurice M. Weill, Trustee Under Trust Indenture, | Eric Robbs and Cynthia Sutton v. Rite Aid of New Jersey Inc. d/b/a Rite Aid Corporation d/b/a Rite Aid, Briarfield of Delaware, Inc., Kamelia Organization LLC, The Great Atlantic & Pacific Tea Company, Inc. a/k/a The Great Atlantic & Pacific Tea Company a/k/a The Great Atlantic & Pacific Tea Co. , Pathmark Stores Inc. a/k/a Weill M TR/Pathmark Inc. M-450 d/b/a Pathmark, C&M Landscape Contractors, Inc. a/k/a C&M Landscaping Contractors Inc. d/b/a Xtreme Snow Pros, FacilitySource LLC a/k/a Facility Source Inc. a/k/a FacilitySource, Maurice M. Weill, Trustee Under Trust Indenture, A&P Real Property LLC, National Liability & Fire Insurance | ESX-L-8494015 | Superior Court of the State of New Jersey, Law Division:  County of Essex |
| MCLean Plaza Associates | Maureen Brosnan v. The Great Atlantic and Pacific Tea Compnay d/b/a A&P and MCLean Plaza Associates | 306675/14 | Supreme Court of the State of New York, County of the Bronx |
| Merjer LLC | Denise Kraemer v. Merjer LLC and Waldbaum, Inc. and APW Supermarkets, Inc. | 601756/2014 | Supreme Court of the State of New York, County of Nassau |
| Michael Rosenberg as Trustee under the Michael Rosenberg Trust | Lisa Anderson v. Pathmark Stores, Inc., Michael Rosenberg as Trustee under the Michael Rosenberg Trust, and AAA Refrigeration Service, Inc. | 5877/2011 | Supreme Court, Kings County |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Milrock, Inc., AVR Realty Company, LLC | Walner Hosty v. Milrock, Inc., AVR Realty Company, LLC, Waldbaum, Inc., APW Supermarkets, Inc. d/b/a Waldbaums, and BDH Landscaping Corp., d/b/a Hazel Landscapes | 14-11916 | Supreme Court of the State of New York, County of Suffolk |
| Montclair-Lackawanna Investors, LP, Montclair-Grove, LLC | Joan Baptiste v. Pathmark Stores, Montclair-Lackawanna Investors, LP, Montclair-Grove, LLC, Right Retail LLC, E.A.A. Morse & Co., Inc. | ESX-L-3065-14 | Superior Court of New Jersey Law Division-Essex County |
| Morris Boothwyn Associates c/o The Morris Companies and Morris Construction Services, LLC | Ruth Moton and Charlie Moton v. The Great Atlantic and Pacific Tea Company, Inc., Morris Boothwyn Associates c/o The Morris Companies, Morris Construction Services, LLC | | Court of Common Pleas, Chester County |
| N. Providence, LLC, Urstadt Biddle Properties, Inc., UB New Providence, LLC, New Hope Centers | Katherine Damis v. The Great Atlantic and Pacific Tea Co., Inc., N. Providence, LLC, Urstadt Biddle Properties, Inc., UB New Providence, LLC, and M. Bruin Landscaping, Design & Construction, L.L.C. and , New Hope Centers | UNN-L-2976-14 | Superior Court of New Jersey, Union County |
| N.B.v.f. LLC, d/o Voronado Re. Trust, North Bergen VF, LLC | Nellie Evangelista v. N.B.v.F. LLC, d/o Voronado Re. Trust, Defendants and North Bergen VF, LLC v.  Food Basics and Waldbaum, LLC. | HUD-L-2731-14 | Superior Court of New Jersey Law Division: Hudson County |
| Nahardale Associates, Braun Management, Inc., Moses Marx, and Riverdale Holding | Audrey Coughlan and Fergus Coughlan v. Nahardale Associates, Braun Management Inc., Moses Marx, individually, and d/b/a A&P Grovery Store, Shopwell, Inc., The Great Atlantic & Pacific Tea Co. d/b/a A&P Supermarkets, H.M.R. Maintenance, Inc. and Riverdale Holding | 22335/2014 | Supreme Court of the State of New York, Bronx |
| Nakia Nivens, Michael Adracchi, Jeff Chessen, and Mohammed Yousaf | Chambers, Kathryn v. Pathmark Stores, Inc., Nakia Nivens, Michael Adracchi, Jeff Chessen, and Mohammed Yousaf | M-E-PSO-15-1032027-E | Ny City Commission On Human Rights |
| National Realty & Development Corp., Grand Street, Old Colony Square Center, | Keisha Jenkins-Coleman v. National Realty & Development Corp., Grand Street, Old Colony Square Center, Pathmark, and The Great Atlantic & Pacific Tea Company | HUD-L-2612-14 | Superior Court of the State of New Jersey, Law Division: County of Hudson |
| National Shopping Center Associates, LLC ,Oster Management, LLC | Barbara Blaine and Donald Blaine, Her Husband v. The Great Atlantic and Pacific Tea Company d/b/a A&P, National Shopping Center Associates, LLC , Oster Management, LLC Brown & Brown Metro, Inc, USM Inc., Marsh USA, Iinc, 2085 Realty Partners LLC, The Chadler Group, Inc, John Joseph Construction, Et al | MRS-L_1054-14 | Superior Court of New Jersey, Morris County |
| Neil Altschuler, Joan Altschuler, Faye Altschuler, Beatrice Altschuler, Bridge Stuart, Inc. | Petra Barbosa v. Neil Altschuler, Joan Altschuler, Faye Altschuler, Beatrice Altschuler, Bridge Stuart, Inc., a New York Corporation and Pathmark Stores, Inc. | 110536/2008 | Supreme Court, Bronx County |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| New Community Corporation a/k/a New Community Manor Renewal a/k/a New Community Manor Urban Renewal Corporation a/k/a New Community Manor HGS Urb Ren | Eloise Edwards and David L. Edwards, Her Spouse v. The Great Atlantic & Pacific Tea Company, Inc. d/b/a pathmark, New Community Corporation a/k/a New Community Manor Renewal a/k/a New Community Manor Urban Renewal Corporation a/k/a New Community Manor HGS Urb Ren | ESX-L-8017-13 | Superior Court Of New Jersey Law Division Essex County |
| New Community Corporation, New Community Manor Urban Renewal Corporation | Cheryl Parson v. New Community Corporation, New Community Manor Urban Renewal Corporation, The Great Atlantic and Pacific Tea Company d/b/a Pathmark Supermarket, ABC-XYZ Corporation (a series of fictitious names), John Doe-Richard Roe (A series of fictitious names), Liberty Mutual Insurance Company and DEF-GHI Insurance Company (a series of fictitious names), | ESX-L-7138-14 | Superior Court of the State of New Jersey, Law Division: County of Essex |
| New Community Manor HSG Urban Renewal | Willie Mae Cooper v. Pathmark Supermarket and New Community Manor HSG Urban Renewal | ESX-L-6146-14 | Superior Court of New Jersey, Hudson County |
| NW-Midland Park-Grocery LLC and GVD Commercial Properties | Frieda A. Battifarano and James Battifarano v. The Great Atlantic and Pacific Tea Co. t/a A&P of Midland Park, NW-Midland Park-Grocery, LLC, and GVD Commercial Properties | BER-L-4603-13 | Superior Court of New Jersey, Law Division: Bergen County |
| Oak Styles Developers, LLC and/or New Community Manor HSG Urban Renewal | Vanessa McClain v. Oak Styles Developers, LLC and/or New Community Manor HSG Urban Renewal and/or Pathmark Stores, Pepsi Bottling Company | ESX-L-8557-07 | Superior Court of the State of New Jersey, County of Essex |
| Ocean Norse Realty LLC | Josephine Tilelli v. The Great Atlantic and Pacific Tea Co., and Ocean Norse Realty, LLC., | 19815/13 | Supreme Court Of The State Of New York County Of Kings |
| Ocean Norse Realty, LLC | Noemi Cardenas v. The Great Atlantic & Pacific Tea Company d/b/a Waldbaums, Inc. and Ocean Norse Realty, LLC | 2709/2015 | Supreme Court of the State of New York, County of Kings |
| Ocean Norse Realty, LLC c/o Norse Realty Group, Inc., 3090 Ocean Avenue Realty Corp. c/o Capital One, N.A. | Alexander Berezovskiy v. Ocean Norse Realty, LLC, 3090 Ocean Avenue Realty Corp., Walgreen Co. d/b/a Duane Reade Pharmacy, Waldbaum, Inc. and Capital One Bank (USA), N.A. | 501467/15 | Supreme Court of the State of New York County of Kings |
| Ortley Beach Plaza Associates, Inc. | Dale Beley v. New Jersey Society for the Prevention of Cruelty to Animals (SPCA), State of New Jersey, Ortley Beach Plaza Associates, Inc., and The Great Atlantic & Pacific Tea Company, individually and d/b/a A&P of Ortley Beach, | OCN-L-2188-13 | Superior Court of New Jersey, Ocean County |
| Parene Realty Company, LLC | Fortunata Barbara v. The Great Atlantic and Pacific Tea Co., Parene Realty Company, LLC, Facility Source, and C&M Landscape Contractors d/b/a Xtreme Snow Pros | BER-L-8600-14 | Superior Court of New Jersey, Bergen County |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Paul Heroux, Merchants Automotive Group, Inc. | Natalina Zweeres v. Paul Heroux, Merchants Automotive Group, Inc. and The Great Atlantic & Pacific Tea Company, Inc. | | Superior Court, J.D. of New Haven at New Haven |
| Perbar Associates, LLC and Mclean Plaza Associates | Naureen Mian v. Perbar Associates, LLC, McLean Plaza Associates, The Great Atlantic and Pacific Tea Co.,  and A&P Supermarket | 70792/14 | Supreme Court of the State of New York Westchester County |
| Pete March | Patricia Vrabel v. The Great Atlantic and Pacific Tea Company, Inc. and Pete March | MON-L-4457-13 | Superior Court of New Jersey, Monmouth County |
| Phyllis Realty Company | Veronica Corcoran and David Corcoran v. APW Supermarkets, Inc., Waldbaum's, The Great Atlantic & Pacific Tea Company, Inc., and Phyllis Realty Company | 704827/2014 | Supreme Court of the State of New York, County of Queens |
| Phyllis Realty Coompany | Nancy Casimir v. The Great  Atlantic & Pacific Tea Co. d/b/a Waldbaums, Waldbaum, Inc., APW Supermarkets, Inc.,, A&P Real Property, LLC and Phyllis Realty Company | 15958/14 | Supreme Court Of The State Of New York County Of Queens |
| Piyush Patel | Arida, Samar v. The Great Atlantic & Pacific Tea Company, Inc. and Piyush Patel | L-3823-14 | Nj Superior Court, Passaic County |
| Posel Corporation, and Posel Enterprises | Layna Bumpus v. Pathmark Stores, Inc. c/o The Great Atlantic and Pacific Tea Company, Pathmark, Pathmark Corporation c/o Prentice Hall System, Amtrak c/o Posel Station Associates, Posel Corporation, Posel Enterprises | 150100084 | Court of Common Pleas, County of Philadelphia |
| Posel Station Associates | Malika Adamson v. Pathmark, Pathmark Stores Inc., The Great Atlantic & Pacific Tea Company, and Posel Station Associates, Pathare Stores Inc. | SC-15-01-12-4021 | Philadelphia Municipal Court First Judicial District of Pennsylvania |
| Prestige Properties & Development Co. Inc., Bay Plaza Community Center, LLC and SP Center LLC | Denise Fordham, v. Pathmark stores, inc., Prestige Properties & Development co. inc., Bay Plaza Community Center, LLC and SP Center LLC | 306234-2012 | Supreme Court of the state of New York County of Bronx |
| Prestige Properties & Development Co., Inc, Bay Plaza Community Center, LLC, and SP Center, LLC, | Freddie Lee Tillery v. Pathmark Stores, Inc., Prestige Properties & Development Co., Inc., Bay Plaza Community Center, LLC and SP Center, LLC; PRESTIGE PROPERTIES & DEVELOPMENT CO.,INC.,BAY PLAZA COMMUNITY CENTER LLC AND SP CENTER LLC,(INDEX#595631/14) VS ROBERT LANDSCAPING & CONSTRUCTION INC.,3RD PTY DEF. | 158248/2013 | Supreme Court of the State of New York, County of New York |
| R.B. Paterson | Mohamed Abdalla v. The Great Atlantic and Pacific Tea Co. " A&P",  Food Basics Store, R.B. Paterson | PAS-L-004879-13 | Superior Court of New Jersey, Passaic County |
| Rainbow Inc. | Annie Williams v. Rainbow, Inc., The City of New York and the New York City Department of Transportation | 159156/12 | Supreme Court of the State of New York County of New York |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Rainbow USA, Inc.,  East Harlem Abyssinian Triangle Limited Partnership | Margo Page v. Rainbow USA, Inc., Consolidated Edison, T. Moriarty & Son, Inc., Vales Construction Corp., The Great Atlantic & Pacific Tea Company, A&P Real Property, LLC, Pathmark Stores, Inc., and East Harlem Abyssinian Triangle Limited Partnership | 301231-15 | Supreme Court of the State of New York, County of Bronx |
| Reldon Enterprises | RICKY HOLMES, and REGINA HOLMES, his wife v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC.; PATHMARK; RELDON ENTERPRISES | CAM-L-3445-12 | Superior Court Of New Jersey Law Division Camden County |
| Reldon Enterprises, LLC | TASHIKA WILLIAMS v. PATHMARK STORES INC. and GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC. and RELDON ENTERPRISES, LLC | L-3731-13 | Superior Court Of New Jersey Law Division Camden County |
| Renee Tedesco | David Steinberg and Shirley Steinberg v. The Great Atlantic and Pacific Tea Company, Inc., Renee Tedesco and Waldbaum Inc. | 15301/14 | Supreme Court of the State of New York, County of Kings |
| Richard Rusko | Marie Wrona v. Richard Rusko | Docket # 15080611 | East Fishkill Town Court |
| Riocan Real Estate Investment Co., and Delaware 1851 Associate, LP | Joanna DeSimone and William DeSimone v. Great Atlantic & Pacific Tea Company, Superfresh Food Markets, Inc., Riocan Real Estate Investment Co., and Delaware 1851 Associate, LP | 002787/2015 | Court of Common Pleas, Philadelphia County, Pennsylvania |
| Rosmar Holding Company L.P. | Daniel McCarthy v. Rosmar Holding Company L.P., Pathmark Stores, Inc. and The Great Atlantic and Pacific Tea Co., Inc. | 14-24346 | Supreme Court of the State of New York, County of Suffolk |
| Route 513 @ Slicker, LLC, | Nancy Hogan and Clifford Hogan v.The Great Atlantic & Pacific Tea Company, Inc., Route 513 @ Slicker, LLC , and Aramark Uniform Services and Career Apparel, Inc. | L-237-13 | Superior Court Of New Jersey Law Division Hunterdon County |
| RSJ Group Corp. d/b/a Rosanjin Tribeca,  True World Foods New York LLC | Joseph Monaco and Carol Monaco v. The Great Atlantic & Pacific Tea Company, Inc., d/b/a The Food Emporium and RSJ Group Corp d/b/a Rosanjin Tribeca,  The Great Atlantic & Pacific Tea Company, Inc., d/b/a The Food Emporium and RSJ Group Corp. d/b/a Rosanjin Tribeca, Third-Party Plaintiffs v. True World Foods New York LLC | 150182-2013 | Supreme Court County of New York State of New York |
| Sacco of Massapequa, LLC | Carmela Delio and Louis Delio v. Sacco of Massapequa, LLC and The Great Atlantic and Pacific Tea Company | 600279/13 | Supreme Court of The City of New York County of Nassau |
| Sacco of Massapequa, LLC | Karen Santaniello and Vincent Santaniello v. Waldbaums, Inc. and Sacco of Massapequa, LLC | 12839/2012 | Supreme Court of the State of New York, County of Nassau |
| Sacco of Massapequa, LLC | Twalla Oliver v. Sacco of Massapequa, LLC | 703182/2015 | Supreme Court of the State of New York, County of Queens |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Samantha Wilson and Devin Demonte | Brianna Lasita, an infant by her mother and natural guardian Mary Lasita and Mary Lasita, individually v. The Great Atlantic &Pacific Tea Company d/b/a Waldbaums Supermarket, Samantha Wilson and Devin Demonte | 14-060331 | Supreme Court of the State of New York, County of Suffolk |
| Sand Merger Corp., | Nikki Milo, a minor by Bertha Podurgiel, her mother and natural guardian, Bertha Podurgiel individually v. Pathmark Stores, Inc. and Sand Merger Corp., | 100074/2013 | Supreme Court of the State of New York, County of Richmond |
| Selden Plaza LLC | Cynthia Giebfried v. Selden Plaza LLC, The Great Atlantic & Pacific Tea Company, Inc. and Waldbaum | 14-22045 | Supreme Court of the State of New York, County of Suffolk |
| Selden Plaza, LLC | Freddy Sobarzo and Barbara Sobarzo v. Selden Plaza, LLC, The Great Atlantic & Pacific Tea Company, INC, Universal Environmental Consulting, INC., USM, INC., and Emcor Group INC., | 03724/13 | Supreme Court of the state of New York County of Suffolk |
| Sheradel Realty Corp., Manlyn Development Group, Inc. | Mildred R. Lamar v. Food Basics Inc., The Great Atlantic & Pacific Tea Company, Sheradel Realty Corp., Manlyn Development Group, Inc. and Blue Water Painting Corp. | Index #: 509099/2014 | Supreme Court, Kings County |
| Sherilu Management | Nancy Mass  Porterfield v. Pathmark Stores, Inc.  and Sherilu Management | | Civil Court, State of New York, County of Queens |
| Tano Shopping Center, LTD | Tammy DeJesus v. A&P Supermarket and Tano Shopping Center, LTD | MID-L-2885-14 | Superior Court of New Jersey, Middlesex County |
| The Goldstein Group, LLC, 615 West 178th Street Realty, and Inwood Realty Group, LLC | Miriam Vitoulis v. The Great Atlantic & Pacific Tea Company, Inc. d/b/a A&P Foodstore  and The Goldstein Group, LLC, 615 West 178th Street Realty, and Inwood Realty Group, LLC | 031219/2013 | Supreme Court of the State of New York County of Rockland |
| The Stop & Shop Supermarket Company , LLC, Super Stop & Shop #0539, Sol Goodman Investments,  Jane Harriet Goldman, Allan Howard Goldman and Louisa Little as Co-Trustees of the Lillian Goldman Marital Trust Under the Will of Sol Goldman | Susan Meyer v. The Stop & Shop Supermarket Company , LLC, Super Stop & Shop #0539, Sol Goodman Investments,  Jane Harriet Goldman, Allan Howard Goldman and Louisa Little as Co-Trustees of the Lillian Goldman Marital Trust Under the Will of Sol Goldman and Pathmark Stores, Inc. | 6689/14 | Supreme Court of the State of New York County of Queens |
| The Voellm Family, LLC | Jerome Sacher v. The Great Atlantic and Pacific Tea Company, Inc. and The Voellm Family, LLC | 61792/13 | Supreme Court Of The State of New York County Of Suffolk |
| Thomas Voyez, Elvis Robles | Kastner, Chloe v. The Great Atlantic & Pacific Tea Company Inc. Thomas Voyez, Elvis Robles | 10175641 | Ny State Division of Human Rights |
| Tony Condo, Ken Stockel, Joan Perez | Andrea Hirschhorn v. Kellogg's Company, Pathmark Company, Tony Condo, Ken Stockel, Joe Castillo, Joan Perez, Ralph Robibbero and John Does 3-10 and Jane Does 11-20 | Docket No. L-000025-15 | Superior Court of New Jersey, Law Division: Monmouth County |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Tower Plaza Associates | William Ferguson v. The Great Atlantic& Pacific Tea Company d/b/a Pathmark and Tower Plaza Associates | HUD-L-1985-14 | Superior Court of New Jersey, Law Division - Hudson County |
| Trump Palace/Parc LLC | Vida E. Cohen vs. Trump Palace/Parc LLC, The Food Emporium, Shopwell, Inc., and The Great Atlantic Pacific Tea Company. | 150123/15 | Supreme Court of the State of New York, County of New York |
| UB Ironbound LP | Elsie Lisojo v. The Great Atlantic and Pacific Tea Co., and UB Ironbound LP; | ESX-L-3791-14 | Superior Court of New Jersey, Law Division: Essex County |
| UB Ironbound, L.P., Urstadt Biddle Properties | Monica Johnson v. The Great Atlantic and Pacific Tea Company, A&P, Pathmark, UB Ironbound, L.P. Urstadt Biddle Properties, INC | L5682-16 | Superior Court of New Jersey Law Division: Essex County |
| Under Woodbridge Plaza, and Levin Management | Valerie Franklin v. Pathmark, The Great Atlantic and Pacific Tea Co., Under Woodbridge Plaza, and Levin Management | MID-L-0160-14 | Superior Court of New Jersey, Middlesex County |
| UNION SQUARE RETAIL, L.P., UNION SQUARE-14th ST. ASSOCIATES, L.P., | JOHN McLELLAN v. THE GREAT ATLANTIC and PACIFIC TEA COMPANY, INC., d/b/a FOOD EMPORIUM,NEW YORK UNION SQUARE RETAIL L.P., UNION SQUARE-14TH St. ASSOCIATES, L.P., UNION SQUARE CAR PARK LLC, and One Union Square East Condominium, Zeckendorf Towers, Maxwell Kates, Inc. | 153665/2012 | Supreme Court Of The State Of New York County Of New York |
| Vernon Associates LLC | Diana Harris v. Vernon Associates LLC | 57917/2011 | Supreme Court, Westchester County |
| Voellm Family, LLC | Carmella Gallagher v. Pathmark Stores, Inc. And Voellm Family, LLC | 4780/11 | Supreme Court Of The State Of New York County Of Nassau |
| Waters Place Assoc. FC Castle Center Associates, LLC and FC Castle Center Associates, II, LLC | Giselle Cardona v. The City of New York, Waters Place Assoc., Consolidate Edison Company of New York, Inc., Pathmark Stores Inc., FC Castle Center Associates, LLC and FC Castle Center Associates, II, LLC | 302856/2009 | Supreme Court, Bronx County |
| Waters Place Associates, L.P. and FC Castle Center Associates, LLC | MICHAEL DONOFRIO v. WATERS PLACE ASSOCIATES, L.P., PAM SWEEPING, CORP., FC CASTLE CENTER ASSOCIATES, LLC., AND PATHMARK STORES, INC., | 22561/2012 | Supreme Court Of The State Of New York County Of Bronx |
| Waters Place Associates, L.P., FC Castle Center II, LLC and Liquor & Wine Warehouse, Inc. | Rosemarie Solo v. Waters Place Associates, L.P., FC Castle Center II, LLC, Liquor & Wine Warehouse, Inc., The Great Atlantic & Pacific Tea Company and Pathmark Stores, Inc. ; Liquor & Wine Warehouse, Inc. v. The Great Atlantic & Pacific Tea Company and Pathmark Stores, Inc. | 13663/2014 | SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF BRONX |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| WB/Stellar IP Owner, LLC,  Stellar IP, LLC/Independence Plaza Associates, LLC | Cindy Mishael v. Food Emporium, WB/Stellar IP Owner, LLC, Stellar IP, LLC/Independence Plaza Associates, LLC, Icon Patriot Parking, LLC c/c Malik Management, LLC, Patriot Parking Services, Inc. and Patriot Parking LLC | 155989/2012 | Supreme Court of the State of New York, County of New York |
| We App Ozone Park LLC c/o Winstanley Enterprises, LLC | Miguel Martinez v. We App Ozone Park LLC c/o Winstanley Enterprises, LLC, The Great Atlantic & Pacific Tea Co., A&P Real Property LLC and Pathmark Stores, Inc. d/b/a Pathmark Supermarkets | 302852/2015 | Supreme Court of the State of New York, County of Bronx |
| WE APP Ozone Park, LLC | Linda Mocie v. Pathmark Stores, LLC, The Great Atlantic & Pacific Tea Company , Inc, & WE APP Ozone Park, LLC | 25731/2011 | Supreme Court Of The State of New York, County of Queens |
| West 207 Grocery Owners LLC | Stephanie Ray v. The Great Atlantic & Pacific Tea Company Inc, d/b/a Pathmark, The Great Atlantic & Pacific Tea Company Inc., Pathmark Stores Inc. d/b/a Pathmark, Pathmark Stores, Inc. and West 207 Grocery Owners LLC | 306863/13 | Supreme Court of the State of New York, County of Bronx |
| West 207 Grocery Owners LLC | Deborah Booth-Lewis and Christopher Lewis v. West 207 Grocery Owners LLC and A&P Real Property LLC | 155957/2015 | Supreme Court of the State of New York, County of New York |
| West 207 Grocery Owners, LLC | Gloria J. Wilson and Calvin Wilson, Sr. v. West 207 Grocery LLC and Pathmark Stores, Inc., The Great Atlantic & Pacific Tea Company | 23672/2014 | Supreme Court of the State of New York, County of Bronx |
| West 207 Grocery Owners, LLC , AAG Management Inc., Faye Altschuler  and Beatrice Altschuler | Yesenia Ramos v. Pathmark Stores, Inc., West 207 Grocery Owners, LLC , AAG Management Inc., Faye Altschuler  and Beatrice Altschuler | 450825/15 | Supreme Court of the State of New York, County of Bronx |
| West 207 Grocery Owners, LLC, | Socorro Sosa v. West 207 Grocery Owners, LLC | 153158/2014 | Supreme Court of the State of New York County of New York |
| West Chelten LLC | Shirley Hooper v West Chelten LLC d/b/a Pathmark and West Chelten LLC and The Great Atlantic & Pacific Tea Company, Inc. | 140903060 | Court of Common Pleas Philadelphia County |
| Wheatley Plaza Associates L.P. | Kenneth Gaynor and Kimberly Gaynor v. Pathmark Stores, Inc. and Wheatley Plaza Associates L.P. | 14/001779 | Supreme Court of the State of New York County of Nassau |
| Wick Shopping Plaza Associates | Kim Zeiss, v. Pathmark Stores, INC., Wick Shopping Plaza Associates | MID-L-7703-13 | Superior Court of New Jersey Law Division Middlesex County |

| Non-Debtor Party | Case Caption | Case Number | Court or Agency |
|---|---|---|---|
| Wildwood Grocery Owners, LLC | Eugene W. Suplick v. Wildwood Grocery Owners, LLC, Super Fresh Food Markets, Inc., a wholly owned subsidiary of The Great Atlantic and Pacific Tea Company, Inc. which operates a Super Fresh Market at 2400 Delaware Avenue, North Wildwood, New Jersey (Improperly pleaded as The Great Atlantic & Pacific Tea Company and Super Fresh Food Markets, Inc.)  v. Facility Source LLC, ABC Corp. 1-10, Zurich American Insurance Companies, DEF Corp. 10-20 | 1-503-14 | Superior Court of New Jersey. Cape May County |

**Exhibit 2**

**Proposed Stay Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re                                    :

                                         :        **Chapter 11**

**THE GREAT ATLANTIC & PACIFIC TEA**     :

**COMPANY, INC.,** *et al.,*             :        **Case No. 15-23007 (RDD)**

                                         :

                    **Debtors.**[1]      :        **(Jointly Administered)**

----------------------------------------------------------------x

## NOTICE OF ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(a) EXTENDING THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR PARTIES

**PLEASE TAKE NOTICE** that on [_____], the Bankruptcy Court for the

Southern District of New York (the "**Bankruptcy Court**") entered an Order Pursuant to 11

U.S.C. §§ 105(a) and 362(a) extending the automatic stay imposed by section 362(a) of the

Bankruptcy Code in the above chapter 11 cases  (the "**Order**").  A copy of the Order is annexed

hereto as **Exhibit "A**."

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Order, the

proceeding captioned [_____] (the "**Action**") has been stayed as to both [_____] ("**A&P**") and

[_____], which stay may be modified by the Bankruptcy Court as set forth in the Order.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (2947); Montvale-Para Holdings, Inc. (6664); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc. (3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599).  The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases.  The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

**PLEASE TAKE FURTHER NOTICE** that, during the effectiveness of the automatic stay, both A&P and [_____] are not required to submit any response, answer, or other pleading in connection with the Action, and the Action may not continue against either A&P or [____].

Dated: _____, 2015
       New York, New York

 

                                         _____
                                         WEIL, GOTSHAL & MANGES LLP
                                         767 Fifth Avenue
                                         New York, New York  10153
                                         Telephone:  (212) 310-8000
                                         Facsimile:  (212) 310-8007
                                         Ray C. Schrock, P.C.
                                         Garrett A. Fail

                                       *Attorneys for Debtors*
                                         *and Debtors in Possession*

WEIL:\95443765\15\50482.0005

**Exhibit 3**

**Proposed Form of Stay Stipulation**

WEIL:\95443765\15\50482.0005

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
**In re**                                                      :
                                                               :        **Chapter 11**
**THE GREAT ATLANTIC & PACIFIC TEA**         :
**COMPANY, INC.,** *et al.*,                          :        **Case No. 15-23007 (RDD)**
                                                               :
                        **Debtors.**                     :        **(Jointly Administered)**
-------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among [_____] (the "**Debtor[s]**" or "**A&P**"), [_____] (the "**Non-Debtor Party**"), and [_____] (the "**PI Claimant**").  The Debtor, the Non-Debtor Party, and the PI Claimant collectively are referred to in this Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**."  The Parties hereby stipulate and agree as follows:

### RECITALS

A. WHEREAS, on July 19, 2015 (the "**Commencement Date**"), the Debtor and certain of its affiliates (collectively, the "**Chapter 11 Entities**") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Chapter 11 Entities are continuing to operate their business and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  WHEREAS, on [___], the PI Claimant commenced an action styled as [_____] (the "**Prepetition Action**") that currently is pending in [_____] against A&P and the Non-Debtor Party.  The Prepetition Action involves claims asserted by the PI Claimant arising out of a certain alleged injury that occurred on property leased and operated by the Debtor.

C.  WHEREAS, on [_____], the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a) and 362(a) Extending the Automatic Stay to Certain Non-Debtor Parties* [Dkt. No. ___] (the "**Order**").  By entry of the Order, the Bankruptcy Court approved certain procedures (the "**Stay Procedures**") pursuant to which the Debtors may enter into stipulations with PI Claimants to modify the automatic stay (the "**Automatic Stay**") under certain circumstances.

D.  WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code and the Stay Procedures for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.    This Stipulation, Agreement, and Order shall have no force or effect unless and until the Stay Objection Deadline (as defined in the Motion) has passed without an objection (the "**Effective Date**").

2.    Upon the Effective Date, the Automatic Stay solely shall be modified to the extent necessary to permit the PI Claimant to continue the Prepetition Action solely to obtain recovery

WEIL:\95443765\15\50482.0005

from any available insurance proceeds [in excess of the Debtors' self-insured retention obligation of $750,000.00 (the "**SIR**")]; <u>provided</u>, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against A&P or any of the other Chapter 11 Entities or any Non-Debtor Party that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.    As of the Effective Date, the PI Claimant hereby agrees to waive any right to recovery in the Prepetition Action against A&P, the Chapter 11 Entities, and the Non-Debtor Party [up to the SIR], as well as any prepetition claim (as defined in section 101(5) of the Bankruptcy Code) that may be recoverable, and exclusively shall be limited to obtaining any recovery in the Prepetition Action from insurance proceeds in excess of the SIR.

4.    As of the Effective Date, the Non-Debtor Party hereby agrees to waive any right to recovery for contractual, indemnity, and contribution claims against A&P and the remaining Chapter 11 Entities arising from or related to the Prepetition Action.

5.    All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the releases in Paragraph 3. Section 1542 of the California Civil Code reads as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY**

3

**AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

6.       Nothing contained herein shall be construed as a waiver by the Chapter 11 Entities of their right to object to any and all proofs of claim relating to any Prepetition Action that may be filed by a PI Claimant in the chapter 11 cases of the Chapter 11 Entities.

7.       The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities, any of their non-debtor affiliates, or the Non-Debtor Party regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

8.       This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9.       The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

10.      This Stipulation, Agreement and Order may be executed  in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

11.      This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

WEIL:\95443765\15\50482.0005

12.    Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date.

13.    This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

14.    The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

*[Signature Page to Follow]*

5

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

**DEBTOR:**

By: _____
Name:
Title:
Date:

**PI CLAIMANT:**

By: _____
Name:
Title:
Date:

**NON-DEBTOR PARTY:**

By: _____
Name:
Title:
Date:

**Exhibit 4**

**Deductible Store Locations**

| Date Added | Store # | Oracle # | Key # | Location | City, State |
|---|---|---|---|---|---|
| 2/25/2001 | 19243 | 1243 | 19-243 | 282 Elm Street | New Canaan, CT |
| 2/25/2001 | 70606 | 3406 | 32-606 | 614-632 Clinton Avenue | Hoboken, NJ |
| 2/27/2004 | 70456 | 3486 | 34-456 | 152 Route 94 | Blairstown, NJ |
| 2/27/2004 | 70260 | 3572 | 27-260 | 167 Main Street & Jagger Lane | Southampton, NY |
| 2/27/2004 | 59502 | 3604 | 59-502 | 465 Getty Ave. | Paterson, NJ |
| 2/25/2001 | 70620 | 3620 | 34-620 | 137 Lake Street | Midland Park, NJ |
| 2/25/2001 | 70626 | 3626 | 34-626 | 990 Shrewsbury Avenue | Tinton Falls, NJ |
| 2/27/2004 | 70769 | 3669 | 36-769 | 87 Main Street | Hastings-on-Hudson, NY |
| 2/27/2004 | 70677 | 3677 | 34-677 | 117 Franklin Turnpike | Mahwah, NJ |
| 2/27/2004 | 70688 | 3688 | 34-688 | 148 Center Grove Road | Randolph, NJ |
| 2/25/2001 | 70695 | 3695 | 32-695 | 396 Demarest Avenue | Closter, NJ |
| 2/25/2001 | 70479 | 3710 | 36-479 | 2160 Lemoine Avenue | Fort Lee, NJ |
| 2/25/2001 | 70500 | 3725 | 36-500 | 288 Elm Street | New Canaan, CT |
| 2/27/2004 | 70740 | 3740 | 36-740 | 160 W. Putnam Ave. | Greenwich, CT |
| 2/25/2001 | 70867 | 3867 | 32-867 | 801 Kenilworth Avenue | Kenilworth, NJ |
| 2/27/2004 | 70908 | 3908 | 34-908 | Route 35 & 37 (5 Ortley Plaza) | Ortley Beach, (Seaside Heights) NJ |
| 2/27/2004 | 70474 | 5474 | 25-474 | 2400 Delaware Ave (26th Street) | Wildwood, NJ |
| 2/25/2001 | 70477 | 5477 | 25-477 | 800 West Avenue & 9th Street | Ocean City, NJ |
| 2/25/2001 | 70236 | 7236 | 27-236 | 60 Wall Street | Huntington, NY |
| 2/25/2001 | 70251 | 7251 | 27-251 | 60 East Hoffman Avenue | Lindenhurst, NY |
| 2/27/2004 | 70270 | 7270 | 27-270 | 153-01 10th | Whitestone, NY |
| 2/25/2001 | 70616 | 7616 | 27-616 | 112-15 Beach Channel Drive | Belle Harbor, NY |
| 2/25/2001 | 70434 | 7639 | 77-434 | 1530 Front Street | East Meadow, NY |
| 2/27/2004 | 59503 | 7646 | 59-503 | 2185 Coyle Street | Brooklyn, NY |
| 2/25/2001 | 70651 | 7651 | 27-651 | 15601 Cross Bay Blvd, Cross Bay Plaza | Howard Beach, NY |
| 2/27/2004 | 70658 | 7658 | 27-658 | 85 W. Park Ave | Long Beach, NY |

| 2/27/2004 | 70465 | 7688 | 77-465 | 702 Hicksville Road | Massapequa, NY |
|---|---|---|---|---|---|
| 10/19/2010 | 70668 | 3668 | 34-668 | 560 Valley Road | Wayne, NJ |
| 10/19/2010 | 70766 | 3766 | 36-766 | 777 White Plains Road | Eastchester (Scarsdale), NY |
| 3/19/2013 | 70949 | 3949 | 70949 | 49 Old Highway 22 | Clinton, NJ |
| 3/19/2013 | 70763 | 9763 | 70763 | 1886 Pleasantville Road | Briarcliff Manor, NY |
| 3/19/2013 | 72175 | 6175 | 72175 | 895 Paulison Avenue | Clifton, NJ |
| 10/19/2010 | 72186 | 6186 | 72-186 | 281-295 Ferry Street | Newark, NJ |
| 4/21/2011 | 72450 | 6450 | 72450 | 10 South Ave | Garwood, NJ |
| 4/21/2011 | 72556 | 6556 | 72556 | 4160 Monument Ave | Philadelphia, PA |
| 10/19/2010 | 72582 | 6582 | 72-582 | 1256 Indian Head Road | Toms River, NJ |
| 3/19/2013 | 72610 | 6610 | 72610 | 410 W. 207th St | New York (Inwood), NY |
| 8/4/2010 | 72678 | 6678 | 72-678 | 2730 Arthur Kill Road | Staten Island, NY |
| 5/19/2015 | 72297 | 6297 | 72297 | 130 MIDLAND AVENUE | Port Chester ny |

Total                                                                                          39