**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                         :
                                                              :          **Chapter 11**
**THE GREAT ATLANTIC & PACIFIC TEA**            :
**COMPANY, INC.,** *et al.,*                        :          **Case No. 15-23007 (RDD)**
                                                              :
          **Debtors.**[1]                             :          **(Jointly Administered)**
                                                              :
-----------------------------------------------------------------x

**SUPPLEMENTAL ORDER PURSUANT TO 11 U.S.C. § 327(e), FED. R. BANKR. P. 2014
AND LOCAL RULE 2014-1 AUTHORIZING THE DEBTORS TO RETAIN AND
EMPLOY GIBBONS P.C. AS SPECIAL CONFLICTS <u>COUNSEL TO THE DEBTORS
<em>NUNC PRO TUNC</em>TO APRIL 2, 2018</u>**

Upon the supplemental application, by notice of presentment dated May 8 2018 (the

"**Application**")[2] of The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates,

as debtors and debtors in possession in the above-captioned chapter 11 cases, pursuant to 11

U.S.C. § 327(e) and Fed. R. Bank. P. 2014 (the "**Bankruptcy Rules**") and Local Rule 2014-1,

for entry of a supplemental order authorizing the Debtors to retain and employ Gibbons P.C. as

special conflicts counsel for the Debtors in these chapter 11 cases effective *nunc pro tunc* to

April 2, 2018, as more fully set forth in the Application; and this Court having jurisdiction to

consider this Application and the relief requested pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334

as a core proceeding under 28 U.S.C. § 157; and consideration of the Application and the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 19 Spear Road, Suite 310, Ramsey, New Jersey 07446.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

requested being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application

having been given in accordance with the Case Management Order; and such notice having been

adequate and appropriate; and it appearing that no other or further notice is needed; and upon the

Duffy Affidavit in support of the Application; and the Court being satisfied based on the

representations made in the Application and in the Duffy Affidavit, that Gibbons is a

"disinterested person" as such term if defined in section 101(14) of the Bankruptcy Code, as

modified by section 1007(b) of the Bankruptcy Code, and, as required by section 327(e) of the

Bankruptcy Code, neither represents nor holds any interests adverse to the Debtors or their

estates in the matters upon which Gibbons is to be engaged; and the Court having found and

determined that the relief sought in the Application is in the best interests of the Debtors, their

estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

   **ORDERED** that the Application is granted to the extent set forth herein; and it is further

   **ORDERED** that the Debtors are authorized pursuant to section 327(e) of the Bankruptcy

Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1, to employ and retain Gibbons as

Special Conflicts Counsel *nunc pro tunc* to April 2, 2018, in connection with these chapter 11

cases and, in particular, in connection with that certain adversary proceeding currently pending

before this Court which is styled *The Great Atlantic & Pacific Tea Company, Inc. et al., v.

PepsiCo, Inc., et al.* and numbered 18-08245 (RDD), upon the terms and for the purposes set

forth in the Application, and to pay fees and reimburse expenses to Gibbons on the terms set

forth in the Application; and it is further

2

**ORDERED** that the terms of employment set forth in the Application and Affidavit are reasonable terms and conditions of employment and are approved; and it is further

**ORDERED** that Gibbons shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases; and it is further

**ORDERED** that Gibbons shall file interim and final fee applications for allowance of its compensation and expenses incurred after April 2, 2018 in accordance with the applicable procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *Order Pursuant to 11 U.S.C. §§ 105(a), 330, 331, Fed. R. Bankr. P. 2016, and Local Rule 2016-1 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 765), and such other procedures as may be fixed by orders or guidelines of this Court; and it is further

**ORDERED** that Gibbons shall include in its fee applications, among other things, time records setting forth, in summary format, a description of the services rendered by each professional, and the amount of time spent by each such individual in rendering legal services on behalf of the Debtors; and it is further

**ORDERED** that Gibbons shall provide at least 10 business days' notice to the Debtors, the U.S. Trustee, and any Official Committee before any increases in the rates set forth herein are implemented and shall file such notice with the Court, provided, that the U.S. Trustee shall retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code; and it is further

**ORDERED** that to the extent the Debtors request that Gibbons perform additional services outside of the scope of this Application, the Debtors shall seek further application for an order of approval by the Court for any such additional services; and it is further

**ORDERED** that notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that the Debtors are authorized to take all action necessary to carry out this Order; and it is further

**ORDERED** that notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Local Rules are satisfied by such notice; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: May 29, 2018
         White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE