Presentment Date and Time: **May 22, 2019 at 10:00 a.m. (Eastern Time)**
Objection Deadline: **May 21, 2019 at 12:00 p.m. (Eastern Time)**
Hearing Date and Time (Only if Objection Filed): **To Be Determined**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                     :
                                                          :    **Chapter 11**
**THE GREAT ATLANTIC & PACIFIC TEA**                      :
**COMPANY, INC.,** *et al.*,                              :    **Case No. 15-23007 (RDD)**
                                                          :
                        Debtors.[1]                       :    **(Jointly Administered)**
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION,**
**AGREEMENT AND ORDER BETWEEN DEBTORS**
**AND KIN-MALL PROPERTIES, LLC RESOLVING**
**CURE DISPUTE AND ESTABLISHING CURE AMOUNT**

**PLEASE TAKE NOTICE** that on **May 22, 2019 at 10:00 a.m. (Eastern Time)**, the attached Stipulation, Agreement and Order Between Debtors and Kin-Mall Properties, LLC Resolving Cure Dispute and Establishing Cure Amount (the "**Stipulation, Agreement and Order**") will be presented to the Honorable Robert D. Drain, in the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 800 D Lake Street, Ramsay, New Jersey 07446.

States Bankruptcy Court for the Southern District of New York, located at 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**") for approval and signature.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Stipulation, Agreement and Order shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*, dated July 20, 2015 (ECF No. 62), so as to be so filed and received no later than **May 21, 2019 at 12:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if a written Objection is timely filed and served, a hearing will be held on a date to be determined to consider the Stipulation, Agreement and Order before the Honorable Robert D. Drain in the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Stipulation, Agreement and Order is not received by the Objection Deadline, the Bankruptcy Court may enter an order granting the relief sought without further notice.

Dated: May 16, 2019
      New York, New York

                    /s/ Sunny Singh
                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007
                    Ray C. Schrock, P.C.
                    Garrett A. Fail
                    Sunny Singh

                    *Attorneys for Debtors and*
                    *Debtors in Possession*

**Stipulation, Agreement and Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA | : |
| COMPANY, INC., *et al.*, | : Case No. 15-23007 (RDD) |
| | : |
| Debtors.[1] | : (Jointly Administered) |

------------------------------------------------------------------------- X

### STIPULATION, AGREEMENT, AND ORDER
### BETWEEN DEBTORS AND KIN-MALL PROPERTIES, LLC
### RESOLVING CURE DISPUTE AND ESTABLISHING CURE AMOUNT

This stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") is entered into by and among The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Kin-Mall Properties, LLC (the "**Landlord**"). The Debtors and the Landlord may be referred to herein individually as a "**Party**" and, collectively, as the "**Parties**." The Parties hereby stipulate and agree as follows:

### RECITALS

A. On July 19, 2015 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors continue to operate their businesses and manage

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc. (3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 19 Spears Road, Suite 310, Ramsey, New Jersey 07446.

6173792 v2

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  On September 11, 2015, the Landlord filed an objection (the "**Cure Objection**") (**ECF No. 893**) in the Debtors' chapter 11 cases asserting an outstanding cure amount of $417,808.30 (the "**Alleged Cure Claim**") in connection with the assumption and assignment of the lease for the premises located at 25 Kinnelon Road, Kinnelon, NJ (the "**Lease**").

C.  The Cure Objection was adjourned provided that the Debtors reserve the amount of the Alleged Cure Claim pending further reconciliation between the Parties or, if necessary, a determination by the Bankruptcy Court (the "**Cure Reserves**").

D.  Following negotiations, the Parties have consensually resolved the Cure Objection and Alleged Cure Claim on the terms and conditions set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, AND UPON COURT APPROVAL, SHALL BE ORDERED THAT:**

## AGREEMENT

1.  The Landlord shall have an allowed cure claim in the amount of $80,000 (the "**Agreed Cure Claim**").

2.  Within five (5) business days following receipt by Debtors' counsel of an electronic copy of this Stipulation executed by counsel to the Landlord, Debtors shall submit this Stipulation to the Bankruptcy Court to be "so ordered." Within three (3) business days following the date of the approval of this Stipulation, Agreement, and Order by the Bankruptcy Court, the Debtors shall make or cause to be made a payment of the Agreed Cure Claim to the Landlord.

3.	Upon payment of the Agreed Cure Claim from the Cure Reserves (or from any other account subject to reimbursement from the Cure Reserves), (i) the Cure Objection shall be deemed resolved, (ii) all of the claims (as defined in the Bankruptcy Code) asserted or that could have been asserted under or in connection with the Lease by the Landlord against the Debtors shall be deemed waived, released, and discharged with prejudice, without the necessity of any further action by the Debtors or any other party, and (iii) the Debtors may release to themselves any sums in excess of the Agreed Cure Claim held in the Cure Reserves on account of the Alleged Cure Claim.

4.	Upon payment of the Agreed Cure Claim, claim numbers 2550 and 8710 shall be deemed fully satisfied and expunged from the claims register.

5.	This Stipulation, Agreement, and Order sets forth the entire agreement between the Parties hereto and fully supersedes any and all prior agreements and understandings, oral or written, between the Parties hereto pertaining to the subject matter hereof.

6.	Each Party agrees that no promise or representation not expressly contained in this Stipulation, Agreement, and Order has been made by any other Party or its agents, employees, representatives, or attorneys. Each Party further acknowledges that it is not entering into this Agreement on the basis of any such promise or representation, express or implied.

7.	This Stipulation, Agreement, and Order may not be modified, amended, or vacated other than by a signed writing executed by the Parties.

8.	This Stipulation, Agreement, and Order is binding upon and for the benefit of the Parties and their respective managers, members, owners, shareholders, directors, officers, principals, employees, agents, representatives, heirs, executors, successors, and assigns.

9.  Each person who executes the Stipulation, Agreement, and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation, Agreement, and Order on behalf of such Party.

10. This Stipulation, Agreement, and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Evidence of execution of this Stipulation, Agreement, and Order may be exchanged by facsimile or by electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the Party as a signed original.

11. This Stipulation, Agreement, and Order shall be effective upon approval by the Bankruptcy Court.  If this Stipulation, Agreement, and Order is not approved by the Bankruptcy Court, then the terms of this Stipulation, Agreement, and Order, other than this paragraph, shall not be binding on any of the Parties.  Nothing contained herein is or shall be deemed an admission of any kind by any Party.

12. The Parties irrevocably and unconditionally agree that the Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement, and enforce the provisions of this Stipulation, Agreement, and Order.

Dated: May 16, 2019

By: /s/ George R. Hirsch
George R. Hirsch
SILLS CUMMIS & GROSS, P.C.
101 Park Avenue 28th Floor
New York, New York 10178
Telephone: (212) 643-7000
Facsimile: (212) 643-6500

*Attorneys for Landlord*

Dated: May 16, 2019

By: /s/ Sunny Singh
Ray C. Schrock, P.C.
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

SO ORDERED THIS
__ DAY OF _____, 2019

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

56173792 v2