PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Robert J. Feinstein
Bradford J. Sandler

*Counsel for the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*, | Case No. 15-23007 (RDD) |
| | (Jointly Administered) |
| Debtors.[1] | |

**NINTH CERTIFICATION REGARDING
SETTLEMENT OF PREFERENCE CLAIMS**

I, Andrew W. Caine, hereby certify that the following is true and correct:

1. I am a partner with the law firm of Pachulski Stang Ziehl & Jones LLP, with offices located at 780 Third Avenue, 34th Floor, New York, New York 10017. I am duly admitted to practice law in, among other places, the State of California, the United States District Court for the Central, Eastern, Northern and Southern Districts of California, and am admitted *pro hac vice* to represent the Official Committee of Unsecured Creditors (the "Committee") in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is 48 Bi-State Plaza, PMB 282, Old Tappan, New Jersey 07675.

the above-captioned cases.

2.  I am authorized to submit this certification in furtherance of the Order Granting Motion to Approve and Authorize Procedures for Compromising and Settling Preference Claims (the "Order") [Docket No. 3641], entered on June 2, 2017, authorizing the Committee to settle Preference Claims pursuant to the following procedures (the "Procedures"):

> a.  Subject to approval of the Review Parties,[2] the Debtors' estates are authorized to settle De Minimis Claims for which the Disputed Amount does not exceed $50,000 without further Court approval or notice to any party.
>
> b.  Where Preference Claims for which the Disputed Amount is greater than $50,000, but does not exceed $250,000, subject to approval of the Review Parties, the Debtors' estates are authorized to settle such claims without further Court approval or notice to any party as long as the settled amount is 50% or more of the Disputed Amount.
>
> c.  Where Preference Claims for which the Disputed Amount is (i) greater than $50,000, but does not exceed $250,000 and the settled amount is less than 50% of the Disputed Amount, and (ii) greater than $250,000, and equal to or less than $500,000 and the settled amount is 50% or more of the Disputed Amount, subject to approval of the Review Parties, the Debtors' estates are authorized to compromise these Preference Claims after giving not less than ten (10) days' written notice of the proposed settlement, which notice shall include a concise summary of the facts underlying the Preference Claim and the terms of the settlement, to parties in interest in accordance with the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. Bankr. P. 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 62] (the "Case Management Order"). If any party serves an objection prior to the expiration of the ten (10) day notice period and such objection cannot be consensually resolved, then the Debtors' estates shall schedule a hearing to seek Court approval to enter into the settlement at issue in accordance with the Case Management Order. The Debtors' estates are authorized to include multiple proposed settlements in a single motion.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion to Approve Motion of The Official Committee of Unsecured Creditors Seeking the Entry of An Order Approving and Authorizing Procedures for Compromising and Settling Preference Claims* [Docket No. 3607].

2

    d. Where Preference Claims for which the Disputed Amount is greater than $500,000 or involves a Preference Claim of an insider of the Debtors, the Debtors' estates shall seek Court approval of such settlement on notice to parties in interest in accordance with the Case Management Order, and the Debtors' estates shall not be authorized to consummate any such settlement unless and until it is approved by the Court. The Debtors' estates are authorized to include multiple proposed settlements in a single motion.

*See* Order at 2-3.

3. The Order provides that "the Committee shall keep a record of all settlements pursuant to the foregoing procedures and periodically, but no later than every three months, file a certification on the docket of this case that each such settlement, where no separate Court order authorized such settlement, conformed to these procedures." Order at 4.

4. On August 28, 2017, the Committee filed the *First Certification Regarding Settlement of Preference Claims* [Docket No. 3789].

5. On November 28, 2017, the Committee filed the *Second Certification Regarding Settlement of Preference Claims* [Docket No. 3914].

6. On February 28, 2018, the Committee filed the *Third Certification Regarding Settlement of Preference Claims* [Docket No. 4007].

7. On May 29, 2018, the Committee filed the *Fourth Certification Regarding Settlement of Preference Claims* [Docket No. 4086].

8. On August 28, 2018, the Committee filed the *Fifth Certification Regarding Settlement of Preference Claims* [Docket No. 4166].

9. On November 27, 2018, the Committee filed the *Sixth Certification Regarding Settlement of Preference Claims* [Docket No. 4253].

10. On February 28, 2019, the Committee filed the *Seventh Certification Regarding Settlement of Preference Claims* [Docket No. 4313].

11. On May 28, 2019, the Committee filed the *Eighth Certification Regarding Settlement of Preference Claims* [Docket No. 4363].

12. As of the date hereof, the Review Parties have settled Preference Claims against the following parties:[3]

    a. Alan S. Goodman, Inc.

    b. Allied Beverage Group, LLC and International Vintners

    c. American BD

    d. A.A.A. Refrigeration Service, Inc.

    e. Amneal Pharmaceuticals, LLC

    f. Analytical Bio Treatment

    g. Aurobindo Pharma U.S.A., Inc.

    h. Baker's Express, LLC

    i. Big Geyser Inc.

    j. Bob Maresca Provisions

    k. Calandra Enterprises

    l. Camber Pharmaceuticals, Inc.

    m. Canada Dry-Delaware

    n. Canada Dry-Pleasantville

    o. Canada Dry NY

    p. Canada Dry of Wilmington

    q. Cedars Mediterranean Foods

---

[3] The following list is cumulative and comprises all parties against whom the Review Parties have settled Preference Claims as of the date hereof.

r. Celenatano Provisions, Inc.

s. Chris Mara LLC.

t. CMC Food, Inc.; Hillandale Farms East, Inc.

u. Corepharma, LLC

v. Danfos, LLC d/b/a Danfoss Automatic Controls

w. Daro Distribution, Inc.

x. Decopac

y. Del Monte Foods, Inc.

z. Dietz & Watson, Inc.

aa. Dora's Naturals, Inc.

bb. Dr. Pepper Snapple Group, Inc.

cc. Eder Bros, Incorporated

dd. Family Food Distributors

ee. FGX International Inc.

ff. Finest Brand Food

gg. Fischer-Thompson Beverages

hh. General Mills

ii. Gladson Interactive

jj. Global Green USA Ltd.

kk. Gotham Technology Group LLC

ll. Goya Foods, Inc.

mm. Gracekennedy Foods (USA) LLC, d/b/a La Fe

nn. Gruma Corporation d/b/a Mission Foods Corp.

5

oo. Haddon House Food Products

pp. Hartley & Parker Limited, Incorporated

qq. Herr Foods

rr. Hostess Brands, LLC

ss. IBM Corporation

tt. International Vintners

uu. JDA Software, Inc.

vv. John Palermo, Inc.

ww. K A S E Provisions Ltd.

xx. LaMi Products, LLC

yy. M. Fazio Provisions, Inc.

zz. Manhattan Beer Distributors

aaa. Mercatus USA Inc.

bbb. Merrill Communications LLC

ccc. Nebraskaland, Inc.

ddd. Nestle Ice Cream (Nestle USA, Inc.)

eee. Nestle Waters North America Inc.

fff. Newsday LLC

ggg. Omni Global Sourcing Solutions Inc.

hhh. PAR Pharmaceutical, Inc.

iii. Paul K. Guillow, Inc.

jjj. Pepsi-Cola Bottling of NY

kkk. Pepsi-Cola Newburgh Bottling Co., Inc.

lll. PRGX USA Inc.

mmm. Prognos, Inc.

nnn. Qualitest Pharmaceuticals

ooo. R&R Marketing

ppp. Schmidt Baking Company, Incorporated

qqq. Schreiber Foods Inc.

rrr. Southeastern Pennsylvania Transportation Authority (SEPTA)

sss. Sorrento Cheese (Lactalis American Group Inc.)

ttt. Square Enterprises Corp.

uuu. Stantec Consulting Services Inc.

vvv. Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, Ltd.

www. Tolt Solutions, Inc.

xxx. Towers Watson Pennsylvania Inc.

yyy. Tropical Cheese Industries

zzz. Vestcom Retail Solutions

13. On behalf of the Review Parties, I hereby certify that each of the settlements involving the parties set forth in paragraph 11 above conforms to the Procedures approved by the Court in the Order.

I declare under penalty of perjury that the foregoing is true and correct and this certification was executed this 28th day of August, 2019 at Los Angeles, California.

_____
Andrew W. Caine

DOCS_NY:39561.1 00263/003