Robert J. Feinstein
Bradford J. Sandler
PACHULSKI STANG ZIEHL &
    JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
E-Mail: rfeinstein@pszjlaw.com
      bsandler@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15-23007 (LGB)<br><br>(Jointly Administered) |

**SUMMARY COVER SHEET TO THE SEVENTEENTH**
**APPLICATION OF PACHULSKI STANG ZIEHL & JONES**
**LLP FOR INTERIM ALLOWANCE OF COMPENSATION FOR**
**PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT**
**OF ACTUAL AND NECESSARY EXPENSES INCURRED AS COUNSEL**
**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**<u>FOR THE PERIOD FROM MARCH 1, 2022 THROUGH OCTOBER 31, 2022</u>**

In accordance with the Local Rules for the Southern District of New York, Pachulski Stang Ziehl & Jones LLP ("<u>PSZJ</u>" or the "<u>Firm</u>"), counsel for the Official Committee of Unsecured Creditors (the "<u>Committee</u>") for the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"), submits this summary (this "<u>Summary</u>") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "<u>Application</u>")[1] for the period from March 1, 2022 through October 31, 2022 (the "<u>Application Period</u>").

---

[1] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Application.

PSZJ submits the Application as an interim fee application in accordance with the *Order Pursuant to 11 U.S.C. §§ 105(a), 330, 331, Fed. R. Bankr. P. 2016, and Local Rule 2016-1 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated September 1, 2015* [Docket No. 765] (the "Interim Compensation Order").

| | |
|---|---|
| Name of applicant | Pachulski Stang Ziehl & Jones LLP |
| Name of client | Official Committee of Unsecured Creditors |
| Time period covered by this application | March 1, 2022 - October 31, 2022 |
| Total compensation sought this period | $23,608.50 |
| Total expenses sought this period | $158.58 |
| Petition date | July 19, 2015 |
| Retention date | Effective July 24, 2015 |
| Date of order approving employment | September 22, 2015 |
| Total compensation approved by interim order to date | $3,434,659.20 |
| Total expenses approved by interim order to date | $73,743.11 |
| Total allowed compensation paid to date | $2,744,854.03[2] |
| Total allowed expenses paid to date | $73,546.21 |
| Blended rate in this application for all attorneys | $1,445.00 |
| Blended rate in this application for all timekeepers | $708.96 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $0.00 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not | $0.00 |
| Number of professionals included in this application | 1 |
| Number of professionals billing fewer than 15 hours to the case during this period | 1 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | Yes.  The total fees sought in this Application using rates disclosed in the retention application is $9,552.00. |

---

[2] PSZ&J inadvertently listed the total allowed compensation paid as $2,802,586.34 in its 15th Interim Application. That number actually represented the total allowed compensation and expenses paid to date at the time of filing. The total allowed compensation paid to date is currently $2,744,854.03 and the total allowed expenses paid to date is $73,546.21.

DOCS_NY:46791.1 00263/002

This is a:        __ Monthly    x  Interim    __ Final Application.

Dated:  December 7, 2022
        New York, New York            PACHULSKI STANG ZIEHL & JONES LLP

                                      */s/ Robert J. Feinstein*
                                      Robert J. Feinstein
                                      Bradford J. Sandler
                                      780 Third Avenue, 34th Floor
                                      New York, NY 10017
                                      Telephone: (212) 561-7700
                                      Facsimile:  (212) 561-7777
                                      Email:  rfeinstein@pszjlaw.com
                                              bsandler@pszjlaw.com

                                      *Counsel for the Official Committee of Unsecured
                                      Creditors*

Robert J. Feinstein
Bradford J. Sandler
PACHULSKI STANG ZIEHL &
    JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
E-Mail: rfeinstein@pszjlaw.com
       bsandler@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., | Case No. 15-23007 (LGB) |
| Debtor. | (Jointly Administered) |

**SEVENTEENTH APPLICATION OF PACHULSKI
STANG ZIEHL & JONES LLP FOR INTERIM ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED AS
COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM MARCH 1, 2022 THROUGH OCTOBER 31, 2022**

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE:

Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), attorneys for the

Official Committee of Unsecured Creditors (the "Committee") of the debtor and debtor in

possession in the above-captioned case (the "Debtor"), hereby submits its Seventeenth interim

fee application (the "Application") for the period from March 1, 2022 through October 31, 2022

(the "Application Period") in accordance with the *Order Pursuant to 11 U.S.C. §§ 105(a), 330,*

*331, Fed. R. Bankr. P. 2016, and Local Rule 2016-1 Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* dated September 1, 2015

[Docket No. 765] (the "Interim Compensation Order").  In support of the Application, PSZJ

submits the declaration of Robert J. Feinstein (the "Feinstein Declaration") attached hereto as

**Exhibit A** and incorporated herein by reference.  In further support of the Application, PSZJ

respectfully states as follows:

### Preliminary Statement

1.      PSZJ requests (a) interim allowance and payment of compensation in the

amount of $23,608.50 for fees on account of reasonable and necessary professional services

rendered to the Committee by PSZJ during the Application Period; and (b) reimbursement of

actual and necessary costs and expenses in the amount of $158.58.  PSZJ reserves the right to

apply in the future for reimbursement of actual and necessary costs and expenses, if any,

incurred by members of the Committee in connection with their service as members of the

Committee during the Application Period.

2.      On March 19, 2021, the Debtor, together with the Committee, filed the

*Joint Motion of Debtors and Creditors' Committee for Entry of an Order Authorizing Final

Resolution of Debtors' Cases and Granting Related Relief* [Docket No. 4726].  On May 13,

2021, the Court entered the *Order Authorizing Final Resolution of the Debtors' Cases and

Granting Related Relief* [Docket No. 4810].

### Jurisdiction and Basis for Relief

3.      The United States Bankruptcy Court for the Southern District of New

York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 330 and 331 of title

11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the

2

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1(a) of the Local

Rules for the Southern District of New York (the "Local Rules"), the *Amended Guidelines for*

*Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*

(the "Local Guidelines"), and the Interim Compensation Order.

### Background

6.        On July 19, 2015 (the "Petition Date"), the Debtor and certain of its

affiliates commenced with this Bankruptcy Court voluntary cases under chapter 11 of the

Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its

property as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No trustee or examiner has been appointed in the chapter 11 case.

7.        On July 24, 2015, the Office of the United States Trustee (the "UST")

appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  The Committee

consists of: (i) 1199SEIU Health Care Employees Pension Fund; (ii) Basser-Kaufman, Inc.;

(iii) C&S Wholesale Grocers, Inc.; (iv) CBA Industries, Inc.; (v) McKesson Corporation;

(vi) Pension Benefit Guaranty Corporation; and (vii) United Food and Commercial Workers

International Union.

8.        On September 1, 2015, the Court entered the Interim Compensation Order,

which sets forth the procedures for interim compensation and reimbursement of expenses for all

retained professionals in this case.

**A.        PSZJ Retention**

9.        On August 28, 2015, the Committee filed the *Application of the Official*

*Committee of Unsecured Creditors of the Debtors to Retain and Employ Pachulski Stang Ziehl &*

*Jones LLP as Counsel Nunc Pro Tunc to July 24, 2015* [Docket No. 676].  On September 22,

2015 the Court entered an *Order Authorizing and Approving the Employment of Pachulski Stang*

3

*Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to July 24, 2015* (the "<u>Retention Order</u>") [Docket No. 1059]. The Retention Order authorized PSZJ to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

10.    On December 23, 2015, PSZJ filed the *Declaration of Robert J. Feinstein in Furtherance of Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to July 24, 2015* [Docket No. 2161], which disclosed hourly rate changes for PSZJ professionals effective January 1, 2016.

11.    On October 28, 2016, the Committee filed the *Application of the Official Committee of Unsecured Creditors to Amend Retention of Pachulski Stang Ziehl & Jones LLP as Counsel* [Docket No. 3280] (the "<u>Application to Amend</u>"). On November 17, 2016, the Court entered an *Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors of the Debtors*, signed on November 16, 2016 [Docket No. 3314] (the "<u>Amended Retention Order</u>"), modifying the retention terms of PSZ&J and authorizing PSZ&J to pursue avoidance actions under sections 544, 547, 549, and 550 (the "<u>Avoidance Actions</u>") on a partial contingency fee basis effective as of November 16, 2016.

12.    Specifically, the Amended Retention Order authorizes compensation payable to PSZ&J, subject to Court approval and in accordance with section 330 of the Bankruptcy Code, on (A) the greater of (i) thirty-three percent (33%) of the gross recovery to the estates from each Avoidance Action; or (ii) (a) an hourly basis charged at fifty (50) percent of PSZ&J's standard hourly rates then in effect for work expended in pursuing an Avoidance

4

Action, plus (b) reimbursement of all actual and necessary expenses.[1]  The Amended Retention

Order also provides that the Prepetition PIK Notes Secured Parties and Prepetition Convertible

Notes Secured Parties shall pay the fees incurred in the pursuit of any Avoidance Action to a

maximum amount of 33% of the cash recovery from each Avoidance Action (the "Lender Paid

Percentage"), and to the extent the fees of such Avoidance Action exceed this amount, the estates

shall pay the difference between the amount due under paragraph 10(a) of the Application to

Amend and the Lender Paid Percentage.  Reimbursement of expenses for the pursuit and

settlement of the Avoidance Actions shall be payable first from the recovery of such Avoidance

Action, and second from the estates.

13.    PSZJ bills its time and expenses for services provided under the Retention

Order to matter 002 ("Matter 002") and bills its time and expenses for services related to

Avoidance Actions provided under the Amended Retention Order to matter 003 ("Matter 003").

14.    On January 25, 2017, PSZJ filed the *Declaration of Robert J. Feinstein in*

*Furtherance of Order Authorizing and Approving the Employment of Pachulski Stang Ziehl &*

*Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to July*

*24, 2015* [Docket No. 3417], which disclosed hourly rate changes for PSZJ professionals

effective January 1, 2017.

15.    On December 21, 2017, PSZJ filed the *Declaration of Robert J. Feinstein*

*in Furtherance of Order Authorizing and Approving the Employment of Pachulski Stang Ziehl &*

*Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to July*

*24, 2015* [Docket No. 3956] (the "2018 Supplemental Declaration"), which disclosed hourly rate

---

[1] PSZ&J will seek allowance and payment of the contingency fee portion in connection with the pursuit of Avoidance Actions and related expenses in later application(s).  This Application only covers the reduced hourly rate component of the fees incurred in Matter 003 during the Application Period in accordance with the Amended Retention Order.

5

changes for PSZJ professionals effective January 1, 2018.

16.    On January 23, 2018, PSZJ filed the *Amended Declaration of Robert J. Feinstein in Furtherance of Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to July 24, 2015* [Docket No. 3982], which amended the 2018 Supplemental Declaration.

17.    On January 8, 2019, PSZJ filed the *Declaration of Robert J. Feinstein in Furtherance of Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to July 24, 2015* [Docket No. 4272], which disclosed hourly rate changes for PSZJ professionals effective January 1, 2019.

18.    On July 22, 2020, PSZJ filed the *Supplemental Declaration of Robert J. Feinstein in Furtherance of Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to July 24, 2015* [Docket No. 4599], which disclosed hourly rate changes for PSZJ professionals effective March 1, 2020.

19.    On June 24, 2021, PSZJ filed the *Supplemental Declaration of Robert J. Feinstein in Furtherance of Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to July 24, 2015* [Docket No. 4843], which disclosed hourly rate changes for PSZJ professionals effective January 1, 2021.

20.    On May 2, 2022, PSZJ filed the *Supplemental Declaration of Robert J. Feinstein in Furtherance of Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro*

*Tunc to July 24, 2015* [Docket No. 5077], which disclosed hourly rate changes for PSZJ

professionals effective January 1, 2022.

### B.    Compensation Paid and Its Source

21.    All services for which PSZJ requests compensation were performed for or

on behalf of the Committee.  PSZJ has received no payment and no promises for payment from

any source other than the Debtor for services rendered or to be rendered in any capacity

whatsoever in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZJ and any other person other than the partners of PSZJ for the sharing

of compensation to be received for services rendered in this case.  PSZJ has not received a

retainer in this case.

### C.    Monthly Fee Statements for the Application Period

22.    PSZJ has filed and served the following monthly fee statement (the "Prior

Monthly Statement") for the period March 1, 2022 through October 31, 2022, pursuant to the

Interim Compensation Order.[2]  To date, no objections to the Prior Monthly Statement has been

filed.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid |
|---|---|---|---|---|---|
| 11/30/22 Docket No. 5177 | 03/01/22 – 10/31/22 | $23,608.50 | $43.94 | Pending | Pending |

### Statement of Services Rendered and Time Expended

23.    Pursuant to the Local Guidelines, the Firm has classified all services

performed for which compensation is sought for this period into one of several major categories.

The Firm attempted to place the services performed in the category that best relates to the service

---

[2] PSZJ's invoices containing a complete itemization of all time records and expenses for PSZJ's professionals and paraprofessionals for the Application Period were attached to the Prior Monthly Statement.

DOCS_NY:46791.1 00263/002

provided.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.

24.    **Exhibit B** sets forth a timekeeper summary that includes the respective names, positions, department, bar admissions, hourly billing rates and aggregate hours spent by each PSZJ professional and paraprofessional that provided services to the Committee during the Application Period.  The rates charged by PSZJ for services rendered to the Committee are the same rates that PSZJ charges generally for professional services rendered to its non-bankruptcy clients.

25.    **Exhibit C** sets forth a task code summary that includes the aggregate hours per task code spent by PSZJ professionals and paraprofessionals in rendering services to the Committee during the Application Period.

26.    **Exhibit D** sets forth a disbursement summary that includes the aggregate expenses, organized by general disbursement categories, incurred by PSZJ in connection with services rendered to the Committee in Matter 002 during the Application Period.

27.    **Exhibit E** is a chart setting forth the Customary and Comparable Compensation Disclosures.

<u>**Services Rendered and Disbursements Incurred During the Application Period**</u>

<u>**(Matter .002)**</u>

A.    <u>**Case Administration**</u>

28.    Time billed to this category relates to work regarding administration of this case.  During the Application Period, the Firm: (a) ) conferred regarding case status (b) maintained a memorandum of critical dates and discussed the same; and (c) addressed wind down issues.

Fees:    $7,697.00        Hours:        9.60

8

**B.**    **Claims Administration/Objection**

29.    Time billed to this category relates to work regarding claims administration and claims objections.  During the Application Period, the Firm: (i) reviewed and analyzed pleadings in connection with McKesson's summary judgment motion; and (ii) addressed claims issues.

Fees:  $2,167.50        Hours:        1.50

**C.**    **Compensation of Professionals / Compensation of Professionals (Others)**

30.    Time billed to this category relates to work regarding the compensation of professionals.  During the Application Period, the Firm reviewed and analyzed fee applications and invoices relating to other professionals.

Fees:  $1,589.50        Hours:        1.10

**D.**    **PSZ&J Compensation**

31.    Time billed to this category relates to: (i) preparation of the Firm's monthly fee statements for the period October 2020 through February 2022, its sixteenth interim fee application, amended monthly fee statements, amended interim fee application and correspondence regarding the same.

Fees:  $9,553.50        Hours:        19.30

32.    The nature of work performed by PSZJ is fully set forth in the invoices attached to the Prior Monthly Statements.  These are PSZJ's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZJ for the Committee during the Application Period is $23,608.50.

33.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and

9

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZJ has reviewed the requirements

of the Local Rules, the Local Guidelines, and the Interim Compensation Order, and believes that

this Application complies with such rule and order.

## **Actual and Necessary Expenses Incurred by PSZJ**

34.    As summarized in **Exhibit D** attached hereto, PSZJ has incurred a total of

$158.58 in expenses on behalf of the Committee during the Application Period for which it seeks

reimbursement.

35.    PSZJ customarily charges $0.10 per page for photocopying expenses and

$0.10 per page for scanning and printing charges.  PSZJ's photocopying machines automatically

record the number of copies made when the person that is doing the copying enters the client's

account number into a device attached to the photocopier.  PSZJ summarizes each client's

photocopying charges on a daily basis.

36.    PSZJ charges $1.00 per page for out-going facsimile transmissions.  There

is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZJ's calculation of the actual costs incurred by PSZJ for the

machines, supplies and extra labor expenses associated with sending telecopies and is reasonable

in relation to the amount charged by outside vendors who provide similar services.  PSZJ does

not charge the Committee for the receipt of faxes in this Case.

37.    With respect to providers of on-line legal research services (*e.g.*, LEXIS

and Westlaw), PSZJ charges the standard usage rates these providers charge for computerized

legal research.  PSZJ bills its clients the actual amounts charged by such services, with no

premium.  Any volume discount received by PSZJ is passed on to the client.

38.      PSZJ believes the foregoing rates are the market rates that the majority of

law firms charge clients for such services.  In addition, PSZJ believes that such charges are in

accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's

Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other

charges.

### Reservation of Rights

39.      It is possible that some professional time expended or expenses incurred

by PSZJ or Committee member expenses incurred during the Application Period are not

reflected in this Application.  PSZJ reserves the right to include such amounts in future fee

applications.

### Notice

40.      Pursuant to the Interim Compensation Order, notice of the Application has

been served upon: (i) the Debtor c/o The Great Atlantic & Pacific Tea Company, Inc., 19 Spear

Road, Suite 310, Ramsey, NJ 07446; (ii) the attorneys for the Debtor, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Garrett A.

Fail, Esq., and Sunny Singh, Esq.); (iii) the U.S. Trustee, 201 Varick Street, Suite 1006, New

York, New York 10014 (Attn.: Brian Masumoto, Esq.); and (iv) the attorneys for Fortress Credit

Corp., as agent for the DIP Lender, Jones Day, 250 Vesey Street, New York, New York 10281-

1047 (Attn.: Scott J. Greenberg, Esq.) (collectively, the "Notice Parties").  PSZJ submits that no

other or further notice need be provided.

### No Prior Request

41.      No prior application for the relief requested herein has been made to this

or any other court.

11

WHEREFORE, PSZJ respectfully requests that this Court enter an order:

(a) allowing PSZJ (i) interim compensation for services rendered and expenses incurred during

the Application Period in the amount of $23,608.50 of fees on account of reasonable and

necessary professional services rendered to the Committee by PSZJ and (ii) reimbursement of

actual and necessary costs and expenses in the amount of $158.58; (b) authorizing the Debtor to

pay the unpaid balance of such amounts to PSZJ; and (c) granting any other relief that this Court

deems necessary and appropriate.


Dated:   December 7, 2022
         New York, New York                PACHULSKI STANG ZIEHL & JONES LLP

                                           */s/ Robert J. Feinstein*
                                           Robert J. Feinstein
                                           Bradford J. Sandler
                                           780 Third Avenue, 34th Floor
                                           New York, NY 10017
                                           Telephone: (212) 561-7700
                                           Facsimile:  (212) 561-7777
                                           Email:   rfeinstein@pszjlaw.com
                                                    bsandler@pszjlaw.com

                                           *Counsel for the Official Committee of Unsecured
                                           Creditors*

DOCS_NY:46791.1 00263/002

**EXHIBIT A**

**<u>Feinstein Declaration</u>**

Robert J. Feinstein
Bradford J. Sandler
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., | Case No. 15-23007 (LGB) |
| Debtor. | (Jointly Administered) |

**DECLARATION OF ROBERT J. FEINSTEIN IN SUPPORT OF**
**SEVENTEENTH APPLICATION OF PACHULSKI STANG ZIEHL**
**& JONES LLP FOR INTERIM ALLOWANCE OF COMPENSATION**
**FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT**
**OF ACTUAL AND NECESSARY EXPENSES INCURRED AS COUNSEL**
**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD FROM MARCH 1, 2022 THROUGH OCTOBER 31, 2022**

I, Robert J. Feinstein, declare under penalty of perjury pursuant to 28 U.S.C.

§ 1746 and pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-

of the Local Rules for the Bankruptcy Court for the Southern District of New York that the

following is true and correct:

1.      I am a partner with the law firm of Pachulski Stang Ziehl & Jones LLP

("PSZJ" or the "Firm"), with offices located at 780 Third Avenue, 34th Floor, New York, New

York 10017.  I am duly admitted to practice law in, among other places, the State of New York

and the United States District Court for the Southern District of New York.

2.      I have personally reviewed the information contained in the Application, and believe its contents to be true and correct to the best of my knowledge, information and belief.  In addition, I believe that the Application complies with the Local Rules for the Southern District of New York and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*.

3.      All services for which PSZJ requests compensation were performed for or on behalf of the Committee.  PSZJ has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZJ and any other person other than the partners of PSZJ for the sharing of compensation to be received for services rendered in this case.  PSZJ has not received a retainer in this case.

4.      PSZJ makes the following disclosures pursuant to the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013*.

5.      The Court authorized the Committee to retain PSZJ as their attorneys in this chapter 11 case pursuant to the *Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to July 24, 2015* [Docket No. 1059] entered on September 22, 2015. The billing rates in this Application are higher than those disclosed and approved at retention.

6.      One professional and two paraprofessionals are included in this Application.  One professional and one paraprofessional billed fewer than 15 hours during the Application Period.

2

7.      In accordance with the U.S. Trustee Guidelines, PSZJ responds to the questions identified therein as follows:

**Question 1**:  Did PSZJ agree to any variations from, or alternatives to, PSZJ's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

**Answer**:  No.

**Question 2**:  Are the fees sought in the Application higher by 10% or more as compared to the fees budgeted for the Compensation Period?  If so, did PSZJ discuss the reasons for the variation with the client?

**Answer**:  No.

**Question 3**:  Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

**Answer**:  No.

**Question 4**:  Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?

**Answer**:  No.

**Question 5**:  Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

**Answer**:  No.

**Question 6**:  Does the Application include any rate increases since PSZJ's retention in this case?

**Answer**:  Yes.  On May 2, 2022, PSZJ filed the *Declaration of Robert J.*

*Feinstein in Furtherance of Order Authorizing and Approving the Employment of*

*Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of*

*Unsecured Creditors Nunc Pro Tunc to July 24, 2015* [Docket No. 5077], which

disclosed hourly rate changes for PSZJ professionals effective January 1, 2022.

The increased rates are annual adjustments that reflect, among other things, the

individual's capabilities and years of experience and other internal and external

economic conditions.  The hourly rates are PSZJ's standard hourly rates for work

of this nature, and are set at a level designed to fairly compensate PSZJ for the

work of its attorneys and paraprofessionals and to cover fixed and routine

overhead expenses.  PSZJ submits that its rates are consistent with market rates

and reasonable based on the customary compensation charged by comparably

skilled practitioners in cases other than cases under the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.

Dated:  December 7, 2022                       */s/ Robert J. Feinstein*
                                                Robert J. Feinstein

DOCS_NY:46791.1 00263/002

**EXHIBIT B**

**Timekeeper Summary**

| NAME OF PROFESSIONAL | TITLE | YEAR ADMITTED | YEAR OF PARTNERSHIP | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Bradford J. Sandler | Partner | 1996 | 2010 | $1,445.00 | 7.50 | $10,837.50 |
| La Asia S. Canty | Paralegal | N/A | N/A | $495.00 | 21.30 | $10,543.50 |
| Patricia J. Jeffries | Paralegal | N/A | N/A | $495.00 | 4.50 | $2,227.50 |
| **Total** | | | | | **33.30** | **$23,608.50** |

**EXHIBIT C**

**Task Code Summary**

**Matter 002**

| Code | Description | Hours | Amount |
|------|-------------|-------|--------|
| AC | Avoidance Actions | 1.00 | $1,445.00 |
| AD | Asset Disposition | 0.30 | $433.50 |
| AP | Appeals | 0.20 | $289.00 |
| CA | Case Administration | 9.60 | $7,697.00 |
| CO | Claims Administration/Objections | 1.50 | $2,167.50 |
| CPO | Compensation of Professionals / Compensation of Professionals/Others | 1.10 | $1,589.50 |
| OP | Operations | 0.10 | $144.50 |
| PC | PSZ&J Compensation | 19.30 | $9,553.50 |
| RPO | Ret. of Professionals/Other | 0.10 | $144.50 |
| SL | Stay Litigation | 0.10 | $144.50 |
| **Total** | | **33.30** | **$23,608.50** |

DOCS_NY:46791.1 00263/002

**EXHIBIT D**

**Disbursement Summary**

**Matter 002**

| Expenses (by Category) | Amounts |
|---|---|
| Federal Express | $78.82 |
| Pacer | $0.90 |
| Reproduction Expense | $36.16 |
| Reproduction/ Scan Copy | $42.70 |
| **Total** | **$ 158.58** |

**EXHIBIT E**

**<u>Customary and Comparable Compensation Disclosures</u>**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS**

(*See* Guidelines C.3. for definitions of terms used in this Exhibit.)

| CATEGORY OF TIMEKEEPER<br><br>(using categories already maintained by the firm) | BLENDED HOURLY RATE | |
|---|---|---|
| | BILLED OR COLLECTED<br><br>Firm or offices for preceding year, excluding bankruptcy* | BILLED<br><br>In this fee application |
| Sr./Equity Partner/Shareholder | $1,050.00 | $1,445.00 |
| Of Counsel | $950.00 | $    0.00 |
| Associate (4-6 years since first admission) | $750.00 | $    0.00 |
| Paralegal / Other | $450.00 | $  495.00 |
| Case Management Assistants | $300.00 | $    0.00 |
| All timekeepers aggregated | $950.00** | $708.96 |

\* Represents approximate blended hourly rate. Non-estate work for PSZ&J represents a *de minimis* amount of the Firm's revenues as the Firm's engagements are primarily on behalf of debtors, official committees, and other estate-billed constituencies. For fiscal year ending 2019, non-estate work represented approximately 4-5% of the Firm's revenues, and in 2020, non-estate work represented approximately 5-7% of the Firm's revenues. It is expected that non-estate work in 2021 will represent approximately 5-8% of the Firms' revenues.

\*\*Represents an estimate for the aggregate blended hourly rate for all timekeepers on non-estate work.

Case Name:          The Great Atlantic & Pacific Tea Company, Inc., et al.
Case Number:        15-23007 (LGB)
Applicant's Name:   Pachulski Stang Ziehl & Jones LLP
Date of Application: 12/07/2022
Interim or Final:   Interim

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., | Case No. 15-23007 (LGB) |
| | (Jointly Administered) |
| Debtor. | |

## <u>CERTIFICATE OF SERVICE</u>

STATE OF NEW YORK      )
                            )
COUNTY OF NEW YORK   )

     I, La Asia S. Canty, am over the age of eighteen years, am employed by Pachulski Stang Ziehl & Jones LLP.  I am not a party to the within action; my business address is 780 Third Avenue, 34th Floor, New York, New York 10017-2024.

     On December 7, 2022, I caused to be served a true and correct copy of the *Seventeenth Application of Pachulski Stang Ziehl & Jones LLP for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred as Counsel for the Official Committee of Unsecured Creditors for the Period From March 1, 2022 Through October 31, 2022* via First Class US Mail upon the parties set forth on the service list annexed hereto.

     I declare under penalty of perjury, under the laws of the State of New York and the United States of America that the foregoing is true and correct.

     Executed on December 2, 2022 at New York, New York.

                                       */s/ La Asia S. Canty*
                                       La Asia S. Canty

## SERVICE LIST

The Great Atlantic & Pacific Tea Company, Inc.
19 Spear Road, Suite 310
Ramsey, NJ 07446

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock, P.C.
 Garrett A. Fail, Esq.
 Sunny Sing, Esq.
767 Fifth Avenue
New York, NY 10153

Office of the U.S. Trustee
for the Southern District of New York
Attn: Brian Masumoto, Esq.
        Richard Morrisey, Esq.
201 Varick Street, Suite 1006
New York, NY 10014

Jones Day
Fortress Credit Corp.
Attn: Scott J. Greenberg Esq.
250 Vesey Street,
New York, New York 10281-1047